John D. Fiero (CA Bar No. 136557)
[*Pro Hac Vice Application Pending*]
Gail S. Greenwood (CA Bar No. 169939)
[*Pro Hac Vice Application Pending*]
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail:   jfiero@pszjlaw.com
          ggreenwood@pszjlaw.com

GHANDI DEETER BLACKHAM
SHARA L. LARSON, ESQ.
Nevada Bar No. 7786
Email: shara@ghandilaw.com
725 S. 8th St., Suite 100
Las Vegas, Nevada 89101
Tel: (702) 878-1115

[Proposed] Special Litigation Counsel to
Kavita Gupta, Chapter 11 Trustee

Electronically filed: October 28th, 2020

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In re:

**DESERT OASIS APARTMENTS, LLC,**

Debtor.

Case No.: bk-s-18-12456-gs

Chapter 11

Hearing Date: December 10, 2020
Hearing Time: 9:30 a.m.

### APPLICATION OF THE CHAPTER 11 TRUSTEE FOR ORDER APPROVING EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS SPECIAL LITIGATION COUNSEL

Kavita Gupta, the duly appointed Chapter 11 Trustee in the above-captioned bankruptcy case (the "**Trustee**"), hereby applies to the Court (the "**Application**") for entry of an order pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") authorizing the Trustee's retention and employment of the Pachulski Stang Ziehl & Jones LLP ("**PSZJ**" or the "**Firm**")[1] as special litigation counsel for the above-captioned estate to investigate and object to the

---

[1] The *pro hac vice* applications of John D. Fiero and Gail S. Greenwood have been filed with this Court. It is anticipated that orders approving the *Verified Petition for Permission to Practice in this Case Only by Attorney Not Admitted to the Bar of this Court* will be entered within 14 days of this filing.

DOCS_SF:104374.3 68700/001

Claim (defined below) on an hourly basis effective as of October 15, 2020.

The location and telephone number of the Firm is:

<u>Pachulski Stang Ziehl & Jones LLP</u>
150 California Street, 15th Floor
San Francisco, California 94111
Tel: (415) 236-7000

## I.

## **JURISDICTION**

1. The Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application is properly in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief sought herein are sections 327(a) and 328 of the Bankruptcy Code and Rule 2014(a) of the Bankruptcy Rules.

## II.

## **BACKGROUND**

**The Bankruptcy Cases.**

3. On or about April 30, 2018, Bradley J. Busbin, as Trustee of the Gonzales Charitable Remainder Unitrust One, filed involuntary chapter 7 bankruptcy petitions against Desert Oasis Apartments, LLC (the "**Debtor**") (case number 18-12456-gs) and three other debtors, Desert Land, LLC ("**Desert Land**") (case number 18-12454-gs), Desert Oasis Investments, LLC ("**Desert Investments**") (case number 18-12457-gs), and SkyVue Las Vega, LLC ("**SkyVue**") case number 18-12458-gs) (the Debtor, Desert Land, Desert Investments, and SkyVue collectively, the "**Desert Entities**").

4. The involuntary bankruptcies were initiated as a result of a judgment in favor of the petitioning creditor and against each of the Desert Entities in the amount of approximately $13 million entered by the United States District Court for the District of Nevada on or about April 25, 2018.

5. On May 23, 2018, along with certain first day motions, the Desert Entities filed a *Motion to Substantively Consolidate Cases* [Docket Nos. 8-10] of the Desert Entities. On the same

date, the Desert Entities also filed a *Motion for Conversion of Cases to Chapter 11* [Docket Nos. 11-12]. On May 29, 2018, the Desert Entities filed amended versions of each of the foregoing motions. [Docket Nos. 28-32].

6. At a hearing on June 26, 2018, at 2:30 p.m., the Court made findings and conclusions on the record and denied without prejudice the motion to substantively consolidate the cases. By order entered June 29, 2018, the Court converted the cases of each of the Desert Entities to chapter 11. [Docket No. 65].

7. By order entered July 6, 2018, the Court denied substantive consolidation and directed the joint administration of the Debtor's case with that of Desert Land, Desert Investments, and SkyVue under lead case number 18-12454. *See* Order entered July 6, 2018 [Docket No. 90; and Docket No. 94, Omnibus Notice of Entry of Orders].

8. By order entered March 21, 2019, the Court granted the motion filed by petitioning creditor Busbin to appoint a chapter 11 trustee for cause under Bankruptcy Code section 1104. On March 27, 2019, the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee for the Bankruptcy Estates of Desert Land, LLC, Desert Oasis Apartments, LLC, and Desert Oasis Investments, LLC* [Docket No. 522], by which the Trustee was appointed as chapter 11 trustee in each of the cases of the Debtor, Desert Land, and Desert Investments.

9. Immediately after her appointment, the Trustee actively pursued sales of the estates' real property. On June 30, 2020, the Trustee sold the Debtor's real property for $15.6 million [Docket No. 1264].

10. The Trustee is conducting a claims analysis and she will file a liquidating plan in the near future.

**The Claim by Desert Land Against the Debtor.**

11. On June 15, 2020, the United States Trustee filed a Notice of Appointment of Jeffrey I. Golden as Successor Chapter 11 Trustee for the Bankruptcy Estate of Desert Land, LLC [Desert Land Docket No. 1265] by which Mr. Golden became trustee of the estate of Desert Land.

12. On September 23, 2020, Mr. Golden on behalf of Desert Land filed proof of claim number 3-1 (the "**Claim**") against the Debtor in the amount of "at least $78,000,000" based on an

DOCS_SF:104374.3 68700/001

alleged account stated of approximately $4.5 million and "the amount of non-insider claims against Desert Land based on substantive consolidation and alter ego causes of action."

13. The Trustee disputes the Claim, including the alleged account scheduled by David Gaffin, the manager of the Debtor, for the benefit of Desert Land in 2018. Moreover, the Debtor and Desert Land are not substantively consolidated. The Trustee disputes that substantive consolidation is warranted or that sufficient facts exist to conclude that the Debtor and Desert Land and/or any other alleged affiliated entities acted as a single unitary entity, such that the Debtor is or was the alter ego of Desert Land. The Trustee seeks to employ special counsel to investigate and object to the Claim.

## III.

## RELIEF REQUESTED

By this Application, the Trustee seeks to employ and retain PSZJ pursuant to 11 U.S.C. sections 327(a) and 328 as the estate's special litigation counsel, on a reduced hourly fee basis described below to represent the Trustee in connection with the investigation and objection to the Claim.

## IV.

### THE COURT SHOULD AUTHORIZE THE TRUSTEE TO RETAIN PSZJ AS SPECIAL LITIGATION COUNSEL

**A.    The Trustee's Decision to Retain PSZJ.**

The Trustee seeks to retain PSZJ to investigate and object to the Claim because PSZJ is qualified and experienced in similar matters. PSZJ should be retained because: (i) the Firm has experience litigating complex matters, including substantive consolidation of debtors and alter ego disputes on both sides of the equation, and (ii) the Firm has extensive experience in bankruptcy and multi-debtor reorganizations. Based on current pandemic procedures, the Trustee expects that travel for court appearances and/or depositions will be minimal, particularly since Trustee Golden and his counsel are located in California. As discussed in further detail below, the Firm is highly qualified to handle the anticipated litigation associated with the Claim.

**B.    PSZJ Is Qualified To Represent The Trustee.**

The Trustee seeks authority to retain PSZJ as special litigation counsel to investigate and object to the Claim. PSZJ has extensive experience representing both plaintiffs and defendants in complex, high stakes litigation around the country. PSZJ's website, www.pszjlaw.com, describes many of the firm's cases. PSZJ's successes include judgments and settlements on behalf of the chapter 11 trustees in the Ezri Namvar and Namco Capital Group cases, companies that raised hundreds of millions of dollars from private investors to purchase real estate. The investors filed involuntary petitions based on debts in excess of $500 million, and the Firm acted as special litigation counsel to resolve and recover significant fraudulent transfers conveyed to third parties and under factual circumstances involving broad allegations of alter ego. In addition, the Firm has successfully opposed substantive consolidation of debtors in numerous cases in the Ninth Circuit and across the country.

The Trustee has selected PSZJ because of its breadth of experience and knowledge in representing plaintiffs in complex, high stakes commercial litigation. John D. Fiero will be the primary attorney in charge of this representation for PSZJ. Other highly qualified attorneys in the Firm, including Gail S. Greenwood, will assist him. More detailed statements of the professional experience of Mr. Fiero and Ms. Greenwood are attached collectively as Exhibit A hereto. The Trustee believes that PSZJ's retention is in the best interest of the estate.

**C.    PSZJ Is Disinterested and Does Not Hold or Represent and Adverse Interest.**

To the best of the Trustee's knowledge and as described in the supporting Declaration of John D. Fiero (the "**Fiero Declaration**"), submitted herewith, PSZJ is "disinterested" as that term is defined in 11 U.S.C. section 101(14) in that it has no connection with the Trustee, the Debtor, the creditors, any other party-in-interest herein, their respective attorneys or professionals, the United States Trustee or any person employed in the Office of the United States Trustee. Except as disclosed in the Fiero Declaration, PSZJ also does not hold, or represent any entity having an adverse interest to the Debtor or the estate. PSZJ also does not employ any person who is related to a judge of this Court. Accordingly, PSZJ is qualified to represent the Trustee and serve as special litigation counsel.

**D.    PSZJ's Compensation.**

The Trustee proposes to pay PSZJ on a reduced hourly fee basis and to reimburse the Firm for its expenses. Specifically, the Trustee has agreed to pay PSZJ an hourly rate based on the lower of (a) the attorneys' actual hourly rates for the case, or (b) $800 per hour for all attorney timekeepers. PSZJ has also agreed not to increase its attorneys' hourly rates for the duration of its representation. John Fiero's hourly rate is $950 per hour; Gail Greenwood's hourly rate is $825 per hour. The rates of other PSZJ attorneys who may assist with the litigation range between $650 and $995 per hour. The standard rate of PSZJ paralegals who may assist with the litigation is $425 per hour. The Proposed Order is attached as Exhibit B hereto.

PSZJ will be reimbursed for all actual out-of-pocket expenses. No retainer has been paid to PSZJ in connection with the proposed engagement.

**WHEREFORE**, the Trustee respectfully requests that this Court approve the employment of PSZJ as special litigation counsel under Bankruptcy Code sections 327(a) and 328 to perform the legal services described in the Fiero Declaration, effective October 15, 2020.

Dated:  October 28, 2020

By  _/s/ Kavita Gupta_
Kavita Gupta, Chapter 11 Trustee not individually

DOCS_SF:104374.3 68700/001

# **EXHIBIT A**

(Professional Biographies)

DOCS_SF:104374.3 68700/001

# EXHIBIT A





150 California Street
15th Floor
San Francisco, CA
94111-4500

# John D. Fiero

Tel: 415.263.7000    |    jfiero@pszjlaw.com

**EDUCATION**

University of Massachusetts (B.A. 1985)

Hastings College of the Law, University of California (J.D., *cum laude*, 1988)

**BAR AND COURT ADMISSIONS**

1988, California

Mr. Fiero serves as a co-chair of the firm's Committee Practice Group and maintains a national practice representing debtors, committees, acquirers, and other significant parties in interest in complex reorganizations and financially distressed situations, both in and out of court.

Mr. Fiero is a graduate of the University of Massachusetts at Amherst and received his J.D. from Hastings College of the Law, where he was associate note editor for the *Hastings Journal of Communications and Entertainment Law*.

Mr. Fiero is a co-chair of the 2018 California Bankruptcy Forum. Every year since 2004, he has been named a Super Lawyer by *San Francisco Magazine.* He is also credited for his "highly constructive approach" in *Chambers USA*'s list of leading bankruptcy and restructuring lawyers and has been named every year since 2013 for his work in bankruptcy and creditor-debtor rights law by *Best Lawyers in America*. Mr. Fiero is admitted to practice in California and is resident in our San Francisco office.

## Representations

Chapter 11 debtors: Tintri (Delaware); NewZoom Inc. (San Francisco); Arlie & Co. (Eugene, Oregon); ManagedStorage International (Delaware); Heller Ehrman LLP (San Francisco); Tri Valley Growers (Oakland); Webvan (Delaware)

Creditors' committees: Chinos Holdings (J.Crew) (Virginia); Munchery Inc. (San Francisco); Imperial Toy (San Jose); PopExpert (San Francisco); Yellow Cab Cooperative (San Francisco); Rdio, Inc. (San Francisco); Deerfield Ranch Winery (Santa Rosa); Event Rentals (Delaware); BR Festivals (Santa Rosa); IntraOp Medical Corporation (San Jose); Orchard Supply Hardware (Delaware); Trident Microsystems (Delaware); Carinalli (Santa Rosa); Humboldt Creamery LLC (Santa Rosa); Pacific Lumber Company (Corpus Christi); The Billing Resource (San Jose); Prediwave Corporation (Oakland);



John D. Fiero (Cont.)

Crescent Jewelers (Oakland); Northpoint Communications (San Francisco); Adesta Communications (Omaha); Western Integrated Networks (WinFirst) (Denver); Metricom (San Jose)

Chapter 7 debtor in Beamreach Solar (San Jose)

Buyer in Achaogen chapter 11 case (Delaware)

## Professional Affiliations

Trustee, UC Hastings College of the Law Foundation

Member, United States Bankruptcy Court for the Northern District of California Bench-Bar Liaison Committee (2006 - 2009)

Chair, American Bar Association Real Property Section Litigation and Dispute Resolution Committee (1998-2000)

## Programs and Lectures

Bar Association of San Francisco, California Bankruptcy Forum, International Women's Insolvency & Restructuring Confederation, American Bar Association, American Bankruptcy Institute

## Publications

Music Festival Insolvencies: What Happens When the Music Stops?
37 ABI Journal 48 (No. 4 April 2018), April 2018

Properly Structured Private Equity Fund Avoids Pension Withdrawal Liability
Pachulski Bulletin #11, December 2012

Creditor's Self-Interest Precludes Fee Reimbursement From the Estate
September 2012





150 California Street
15th Floor
San Francisco, CA
94111-4500

# Gail S. Greenwood

Tel: 415.263.7000    |    ggreenwood@pszjlaw.com

**EDUCATION**

Amherst College (B.A., *magna cum laude*, 1988)

University of California School of Law, Los Angeles (J.D. 1993).

**BAR AND COURT ADMISSIONS**

California, 1994

Ms. Greenwood specializes in bankruptcy-related litigation. She has over eighteen years' experience in civil litigation and bankruptcy, including representation of chapter 11 trustees, debtors, creditors, and creditors' committees in significant business bankruptcies. Ms. Greenwood has won summary judgments in the prosecution of multimillion-dollar breach-of-fiduciary-duty claims and defense of multimillion-dollar preference and fraudulent-transfer claims. She has also successfully prosecuted state-court fraud and alter-ego claims against a series of ever-changing private entities.

Ms. Greenwood is a *magna cum laude* graduate of Amherst College and received her J.D. from UCLA School of Law, where she was editor of the *Environmental Law Journal*. She is listed in the 2019 edition of *Best Lawyers in America* for her work in Bankruptcy and Creditor Debtor Rights / Insolvency and Reorganization Law. She is admitted to practice in California and is a resident of our San Francisco office.

## Representations

Creditors' committees and liquidating trustees: Liberty Asset Management, Rdio Inc., Fox & Hound/Champps, ERG Intermediate Holdings, The Billing Resource, Clement and Ann Marie Carinalli, Humboldt Creamery, At Home

Chapter 11 debtors: SFX Entertainment, NewZoom Inc., Heller Ehrman LLP

## Professional Affiliations

Member, Bar Association of San Francisco Commercial Law & Bankruptcy Committee (2008-)

Member, International Women's Insolvency & Restructuring Confederation (IWIRC) (Membership Chair, 2019; Events co-chair, 2018; Secretary, 2016-17)

# **EXHIBIT B**

(Proposed Order)

DOCS_SF:104374.3 68700/001

John D. Fiero (CA Bar No. 136557)
[*Pro Hac Vice Application Pending*]
Gail S. Greenwood (CA Bar No. 169939)
[*Pro Hac Vice Application Pending*]
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
Telephone: 415/263-7000
E-mail: jfiero@pszjlaw.com
          ggreenwood@pszjlaw.com

Shara L. Larson, Esq.
Nevada Bar No. 7786
GHANDI DEETER BLACKHAM
725 S. 8th St., Suite 100
Las Vegas, Nevada 89101
Tel: (702) 878-1115
Email: shara@ghandilaw.com

[Proposed] Special Litigation Counsel to
Kavita Gupta, Chapter 11 Trustee

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: bk-s-18-12456-gs |
| **DESERT OASIS APARTMENTS, LLC,** | Chapter 11 |
| Debtor. | Hearing Date: December 10, 2020<br>Hearing Time: 9:30 a.m. |

**PROPOSED
ORDER APPROVING APPLICATION OF THE CHAPTER 11 TRUSTEE TO EMPLOY
PACHULSKI STANG ZIEHL & JONES LLP AS SPECIAL LITIGATION COUNSEL**

DOCS_SF:104429.1 33085/001

1  Kavita Gupta, the duly appointed Chapter 11 Trustee in the above-captioned bankruptcy case (the "**Trustee**"), filed an *Applicaton for Order Approving Employment of Pachulski Stang Ziehl & Jones LLP as Special Litigation Counsel* (the "**Application**") pursuant to Bankruptcy Code sections 327(a) and 328 and Federal Rule of Bankruptcy Procedure 2014(a), which came on for hearing before the Court at the above-referenced date and time. All appearances were duly noted on the record.

The Court having reviewed the Application and all matters submitted therewith; no objections having been filed; notice of the Applicaton having been proper; it appearing that Pachulski Stang Ziehl & Jones LLP ("**PSZJ**") neither holds nor represents any interest adverse to the esate in the matters on which it is to be employed as special litigation counsel, that PSZJ is disinterested, that the employment of PSZJ is in the best interests of the estate; the Court having made additional findings and conclusions on the record pursuant to Bankruptcy Rule 7052; and good cause appearing therefore,

**IT IS HEREBY ORDERED** that:

1. The Application is GRANTED inits entirety.

2. The Trustee is hereby authorized to retain PSZJ as special litigation counsel pursuant to Bankruptcy Code sections 327(a) and 328 *nunc pro tunc* to October 15, 2020, with compensation to be paid as set forth in the Application.

**IT IS SO ORDERED.**

Submitted by:

GHANDI DEETER BLACKHAM

By: /s/ Shara L. Larson
    Shara L. Larson, Esq.
    725 S. 8th St., Suite 100
    Las Vegas, Nevada 89101
          --and—
PACHULSKI STANG ZIEHL & JONES LLP
John D. Fiero/ Gail S. Greenwood
150 California Street, 15th Floor
San Francisco, CA  94111
*Special Litigation Counsel to
Kavita Gupta, Chapter 11 Trustee*

DOCS_SF:104429.1 33085/001

**RULE 9021 CERTIFICATION**

In accordance with LR 9021, an attorney submitting this document certifies that the Order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement set forth in LR 9021 (b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

/s/ Shara L. Larson
Shara L. Larson, Esq.

# # #

DOCS_SF:104429.1 33085/001