Terri H. Didion, Assistant United States Trustee  
State Bar No. CA 133491  
Edward M. McDonald Jr., Trial Attorney  
State Bar No. NY 4126009  
*edward.m.mcdonald@usdoj.gov*  
**UNITED STATES DEPARTMENT OF JUSTICE**  
Office of the United States Trustee  
300 Las Vegas Boulevard, So., Ste. 4300  
Las Vegas, NV 89101  
Tel.: (702) 388-6600, Ext. 234  
Fax: (702) 388-6658  

Attorneys for the United States Trustee for Region 17  
    TRACY HOPE DAVIS

E-Filed: November 25, 2020

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>DESERT OASIS APARTMENTS, LLC,<br><br>                           Debtor. | Case No: BK-S-18-12456-GS<br>Chapter 11<br><br>Date: December 10, 2020<br>Time: 9:30 a.m.<br>Place: Telephonic, GS Courtroom |

**OBJECTION AND RESERVATION OF RIGHTS OF THE UNITED STATES TRUSTEE TO THE APPLICATION OF THE CHAPTER 11 TRUSTEE FOR ORDER APPROVING EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS SPECIAL LITIGATION COUNSEL**

To the Honorable GARY SPRAKER, United States Bankruptcy Judge:

Tracy Hope Davis, the United States Trustee for Region 17 ("United States Trustee"), by and through her undersigned counsel, hereby files her objection (the "Objection") to the *Application of the Chapter 11 Trustee for Order Approving Employment of Pachulski Stang Ziehl & Jones LLP as Special Litigation Counsel* [ECF No. 187] (the "Application") filed by Chapter 11 Trustee Kavita Gupta for the estate of the debtor in the above captioned case ("Trustee Gupta").[1]

---

[1] The United States Trustee requests that the Court take judicial notice of the pleadings and documents filed in these cases, pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201. To the extent that the objection contains factual assertions predicated upon statements made by Trustee Gupta or her agents, attorneys, professionals, or employees, the United States Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 801(d)(2).

1

# INTRODUCTION

The United States Trustee objects to the Trustee's Application to employ Pachulski Stang Ziehl & Jones LLP ("PSZJ") as Special Litigation Counsel and requests that the Court deny the Application to the extent that it seeks compensation pursuant to Section 328(a) rather than Section 330. The Trustee has not met her burden of showing that limiting review of PSZJ's fees to the standards set forth in Section 328 terms is appropriate and in the best interests of the estate. The Application lacks evidence, as opposed to conclusory statements, required to satisfy that burden. Accordingly, the Application should be denied.

In addition, the conflicts check conducted by PSZJ is insufficient to establish that PSZJ does not have any of the connections set forth in FRBP 2014(a).

Consistent with her independent duties, the United States Trustee reserves all her rights with respect to this matter, including, but not limited to her right to take any appropriate action under Title 11 of the United States Code, the Federal Rules of Bankruptcy Procedure, and the local rule of the United States Bankruptcy Court.[2]

The Objection is supported by the following memorandum of points and authorities and any argument the Court may permit on the Objection.

# MEMORANDUM OF POINTS AND AUTHORITIES

## BACKGROUND FACTS

1. On April 30, 2018, certain petitioning creditors filed an involuntary petition against the captioned debtor Desert Oasis Apartments, LLC (the "Debtor") under Chapter 7. [*See* ECF No. 1].

---

Unless otherwise noted: "Section" refers to a section of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"); "FRBP" refers to the Federal Rules of Bankruptcy Procedure; and, "ECF No." refers to the bankruptcy docket for case number 18-12456-GS.

[2] Prior to the hearing on the Application, counsel for the United States Trustee will attempt to resolve these issues with Trustee Gupta and her counsel.

2

2. On April 30, 2018, petitioning creditors also filed involuntary petitions against three affiliates of the Debtor, Desert Land, LLC, Desert Oasis Investments, LLC, and SkyVue Las Vegas, LLC. *See In re Desert Land, LLC*, Case No. 18-12454-GS (Bankr. D. Nevada)("Desert Land Case"); *In re Desert Oasis Investments, LLC*, Case No. 18-12457-GS (Bankr. D. Nevada)("DOI Case"); and *In re SkyVue Las Vegas, LLC*, Case No. 18-12458-GS (Bankr. D. Nevada)("SkyVue Case") (collectively with the Debtor, the "Affiliated Debtors").

3. On June 29, 2018, the Court entered an order granting the Debtor's motion to convert this case to one under Chapter 11 and an order for relief. [*See* ECF Nos. 65 & 65-1].[3]

4. On July 6, 2018, the Court entered an order jointly administering the Affiliated Debtors' cases. [*See* Desert Land Case, ECF No. 90].

5. On March 27, 2019, Trustee Kavita Gupta was appointed and was subsequently approved as the Chapter 11 trustee for the Debtor, Desert Land, LLC and Desert Oasis Investments, LLC. [*See* Desert Land Case, ECF Nos. 522 & 528]. On March 27, 2019, Trustee Brian Shapiro was appointed and was subsequently approved as the Chapter 11 trustee for SkyVue Las Vegas, LLC. [*See* Desert Land Case, ECF Nos. 523 & 529].

6. On April 9, 2019, the Court entered an order severing the SkyVue Case from joint administration with the other Affiliated Debtors' cases. [*See* Desert Land Case, ECF No. 541].

7. On June 15, 2020, Kavita Gupta resigned as Chapter 11 trustee in the Desert Land Case and Trustee Jeffrey Golden was appointed and was subsequently approved as the Chapter 11 trustee for Desert Land, LLC. [*See* Desert Land Case, ECF Nos. 1265 & 1281].

8. On August 17, 2020, the Court entered an order terminating joint administration of the Affiliated Debtors' cases. [*See* Desert Land Case, ECF No. 1439].

9. Debtor's Section 341 meeting of creditors was held and concluded on August 27, 2018. [*See* ECF No. 103].

---

[3] The Desert Land Case was converted to Chapter 11 by an order entered on June 28, 2018. [*See* Desert Land Case, ECF No. 79]. The DOI Case was converted to Chapter 11 by an order entered on June 29, 2018. [*See* DOI Case, ECF No. 48]. The SkyVue Case was converted to Chapter 11 by an order entered on June 29, 2018. [*See* SkyVue Case, ECF No. 51].

3

10. The United States Trustee has not appointed an official unsecured creditors committee in this case. [*See generally* case docket].

11. On October 28, 2020, Trustee Gupta filed the Application, which is supported by the declaration of John D. Fiero, Esq. ("Fiero Declaration"), and seeks to employ PSZJ as Trustee Gupta's special litigation counsel pursuant to Section 327(a) and 328. [*See* ECF Nos. 187 & 188].

12. The Fiero Declaration discloses that PSZJ only ran conflicts checks on the Affiliated Debtors, Kavita Gupta and Jeffrey Golden. [*See* ECF No. 188, p. 4 of 5; ¶10].

13. The Application seeks to have PSZJ's compensation approved under Section 328. [*See* ECF No. 187, p. 1 of 15; lines 22-23]. The Application specifically seeks the approval of the hourly rates of the professionals working on this case, with attorneys' rates ranging between $650 and $995, but capped at $800, and paralegals billing at $425. [*See* ECF No. 187, p. 6 of 15; section D].

## ARGUMENT

**A.** ***PSZJ's Conflicts Check is Insufficient to Determine Whether PSZJ Has Connections Covered by FRBP 2014(a)***

14. The Trustee, with the court's approval, may employ as estate professionals one or more attorneys, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the Trustee in carrying out her duties. *See* 11 U.S.C. § 327(a).[4]

15. These attorneys owe a fiduciary duty to the Trustee. *See, e.g. Zamora v. Virtue (In re Cont'l Coin Corp.)*, 2009 U.S. Dist. LEXIS 74392 at *25 (C.D. Cal. Aug. 21, 2009).

16. An application to employ an estate professional must disclose:

---

[4] Although styled as an application to employ special counsel, the Application seeks relief pursuant to Section 327(a), not Section 327(e), therefore GDB must provide evidence that it is disinterest and neither holds nor represents an interest adverse to the estate, instead of the standard under Section 327(e), which simply requires a showing that the attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed. *Compare* 11 U.S.C. § 327(a) *with* 11 U.S.C. § 327(e). [*See also* ECF No. 187, p. 1 of 15; line 23].

4

> [T]o the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

17. "[A] professional employed under 11 U.S.C. § 327(a) is under a continuing obligation to supplement its 2014 statement if circumstances change." *See In re Olsen Indus.*, 222 B.R. 49, 59 (Bankr. D. Del. 1997).

18. The Fiero Declaration discloses that PSZJ only conducted conflicts checks on the Affiliated Debtors themselves, Kavita Gupta and Jeffrey Golden. [ECF No. 188, p. 4 of 5; ¶10].

19. Based on the Fiero Declaration, PSZJ has failed to conduct conflicts checks on the creditors in the Affiliated Debtors' cases or the professionals employed by Trustee Gupta and Trustee Golden.

20. Accordingly, PSZJ has failed to do the requisite research to allow it to determine whether it has any of the connections that are covered by FRBP 2014(a), including, but not limited to, creditors and the professionals of parties in interest.

**B.** *The Proponent of the Application Fails to Carry the Burden of Establishing the Reasonableness of the Terms and Conditions for Retention and Compensation included in the Application and Supporting Declaration*

21. While Section 327 addresses employment of professionals, 11 U.S.C. §§ 328 and 330 address compensation of those professionals after they have been employed under Section 327. Section 330 authorizes the bankruptcy court to award the retained professional reasonable compensation "based on an after-the-fact consideration of 'the nature, the extent, and the value of such services, taking into account all relevant factors.'" *In re Smart World Technologies, LLC*, 552 F.3d 228, 232 (2d Cir. 2009) (quoting Section 330(a)).

22. Section 328 operates differently and "permits a professional to have the terms and

5

conditions of its employment pre-approved by the bankruptcy court, such that the bankruptcy court may alter the agreed-upon compensation only 'if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.'" *In re Circle K Corp.*, 279 F.3d 669, 671 (9th Cir. 2002); *In re Smart World Technologies, LLC*, 552 F.3d at 232 (noting that "section 328(a) permits a bankruptcy court to forgo a full post-hoc reasonableness inquiry if it pre-approves the "employment of a professional person under section 327 ... on any reasonable terms and conditions of employment" (quoting Section 328(a)). Thus, pre-approval of compensation pursuant to Section 328 is not lightly permitted. *Owens v. United States Trustee (In re Owens)*, 2014 Bankr. LEXIS 3346 at *7 (B.A.P. 9th Cir. August 6, 2014).

23. Section 328 only provides the possible basis for approval of terms of compensation. *See generally In re Circle K Corp.*, 279 F.3d 669, 671 (9th Cir. 2002).

24. "The differences between §§ 328 and 330 affect the timing and process of the court's review of fees." *In re Citation Corp.*, 493 F.3d 1313, 1318 (11th Cir. 2007). Under Section 328, "the bankruptcy court reviews the fee at the time of the agreement and departs from the agreed fee only if some unanticipated circumstance makes the terms of that agreement unfair. Under Section 330, the court reviews the fees after the work has been completed and looks specifically at what was earned, not necessarily at what was bargained for at the time of the agreement." *Id*.

25. The burden of proof to establish the terms and conditions of employment – including the imposition of Section 328(a) – is on the applicant. *Nischwitz v. Miskovic (In re Airspect Air, Inc.)*, 385 F.3d 915, 921 (6th Cir. 2004) (quoting *Zolfo*, 50 F.3d at 262). To meet its burden, the firm must provide specific evidence to establish that "the terms and conditions are in the best interest of the estate." *In re Gillett Holdings, Inc.*, 137 B.R. 452, 455 (Bankr. D. Colo. 1991); *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002); *In re Potter*, 377 B.R. 305, 307-08 (Bankr. D. N.M. 2007) ("The trustee seeking to employ a professional under 11 U.S.C. § 328 bears the burden of showing that the provisions of the proposed employment are reasonable.").

6

26. Here, Trustee Gupta is seeking to have PSZJ's fee structure approved pursuant to 11 U.S.C. §328. [*See* ECF No. 187, p. 1 of 15; lines 22-23].

27. Both the Application and the Fiero Declaration fail to establish the reasonableness of the terms and conditions of compensation for which Trustee Gupta seeks Court approval.

28. Pre-approval of a professional's terms of compensation as reasonable should not be granted lightly given that the Court may not revisit the issue at the compensation stage unless such terms prove to have been improvident in light of developments not capable of being anticipated at the time the terms or rates were fixed. *See* 11 U.S.C. § 328(a); *see also Friedman Enters. v. B.U.M. Int'l, Inc. (In re B.U.M. Int'l, Inc.)*, 229 F.3d 824, 829 (9th Cir. 2000) ("There is no question that a bankruptcy court may not conduct a § 330 inquiry into the reasonableness of the fees and their benefit to the estate if the court already has approved the professional's employment under [ ] § 328.").

29. Approving an arrangement under Section 328 removes the standard of reasonable compensation based on an after-the-fact consideration of "the nature, the extent, and the value of such services, taking into account all of the relevant factors" under Section 330, and instead replaces it with a standard that severely constrains the Court's authority to only disallow compensation that is "improvident in light of developments not capable of being anticipated at that time." 11 U.S.C. §328(a). The Court should not allow PSZJ to bypass a full post-hoc reasonableness inquiry if employment is approved under 11 U.S.C. §327.

30. Trustee Gupta has not met her burden of proof to demonstrate why or how the terms, conditions, and structure PSZJ's compensation are reasonable under 11 U.S.C. §328(a) and should be approved at the outset of PSZJ's representation of Trustee Gupta instead of being subject to review once PSZJ seeks compensation, including at the end of the case once the Court and parties-in-interest can better assess PSZJ's performance. A professional's requested invocation of Section 328(a) is neither mandatory nor automatic, regardless of the proposed compensation scheme. A professional should not automatically expect approval of its retention under Section 328 just because it asks for it. According, the Court should deny the request for Section 328 relief.

7

**CONCLUSION**

31. As discussed above, employment approved under Section 328 is to be granted lightly. The Trustee has not met her burden of showing that limiting review of PSZJ's fees to the standards set forth in Section 328 terms is appropriate and in the best interests of the estate.

32. In addition, PSZJ has failed to do an adequate conflicts check that would allow it to determine whether it had any of the connections that it is required to disclose pursuant to FRBP 2014(a).

33. For the reasons set forth herein, the Application should be denied.

34. The United States Trustee reserves all her rights under the Bankruptcy Code and Rules, including to object to any fee applications filed by or on behalf of PSZJ as Special Counsel to the Trustee.

**WHEREFORE**, the United States Trustee respectfully requests that the Court deny the Application.

Dated: November 25, 2020

                        **TRACY HOPE DAVIS**
                        **UNITED STATES TRUSTEE, REGION 17**

By:   */s/ Edward M. McDonald Jr.*
        Edward M. McDonald Jr., Esq.,
        Trial Attorney