Terri H. Didion, Assistant United States Trustee  E-Filed: February 25, 2021
State Bar No. CA 133491
Edward M. McDonald Jr., Trial Attorney
State Bar No. NY 4126009
edward.m.mcdonald@usdoj.gov
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
300 Las Vegas Blvd., So., Ste. 4300, Las Vegas, NV 89101
Cell: (202) 603-5222
Attorneys for the United States Trustee for Region 17
    TRACY HOPE DAVIS

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re:<br><br>DESERT OASIS APARTMENTS, LLC,<br><br>                               Debtor. | Case No: BK-S-18-12456-GS<br>Chapter 11<br><br>Date:  March 11, 2021<br>Time:  1:30 p.m.<br>Place: Telephonic, GS Courtroom |
|---|---|

**OBJECTION AND RESERVATION OF RIGHTS OF THE U.S. TRUSTEE TO CHAPTER 11 TRUSTEE KAVITA GUPTA'S JOINT PLAN OF LIQUIDATION**

To the Honorable Gary Spraker, United States Bankruptcy Judge:

Tracy Hope Davis, the United States Trustee for Region 17 ("U.S. Trustee"), by and through her undersigned counsel, hereby files her objection (the "Objection") and reserves her rights to object to confirmation of *Chapter 11 Trustee Kavita Gupta's Joint Plan of Liquidation* [DOA Case, ECF No. 239; DOI Case, ECF No. 116] (the "Plan") filed by Desert Oasis Apartments, LLC ("DOA") and Desert Oasis Investments, LLC ("DOI") (collectively, "Debtors").[1]

---

[1] Unless otherwise noted: "Section" refers to a section of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"); "FRBP" refers to the Federal Rules of Bankruptcy Procedure; "FRE" refers to the Federal Rules of Evidence; and, "DOA Case, ECF No." refers to documents filed in *In re Desert Oasis Apartments, LLC*, Case No. 20-12456 (the "DOA Case") and, "DOI Case, ECF No." refers to documents filed in *In re Desert Oasis Investments, LLC*, Case No. 20-124576 (the "DOI Case"). The U.S. Trustee requests that the Court take judicial notice of the pleadings and documents filed in these cases, pursuant to FRBP 9017 and FRE 201. To the extent that the objection contains factual assertions predicated upon statements made by Chapter 11 Trustee Kavita Gupta, or her agents, attorneys, professionals, officers, directors or employees, the U.S. Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under FRBP 9017 and FRE 801(d)(2).

1

# INTRODUCTION

The Court should sustain the objection of the United States Trustee to confirmation of the Plan for several reasons.  First, the Plan is a liquidating plan which contains a *de facto* discharge provision that is not permissible pursuant to Section 1141(d)(3) of the Bankruptcy Code. Second, the Plan's treatment of the Desert Land claim violates Sections 507, 1122 and 1129(a)(1) of the Bankruptcy Code.  The Plan also improperly classifies the statutory claim of the United States Trustee in contravention of 28 U.S.C. § 1930(a)(6).  In view of the aforementioned objections to the Plan, fails to meet the requirements of section 1129 of the Bankruptcy Code and the Court should deny confirmation.

To the extent that the Joint Plan is amended or supplemented, the U.S. Trustee reserves all her rights with respect to this matter, including, but not limited to her right to take any appropriate action under the Bankruptcy Code, the FRBP, and the local rules of the U.S. Bankruptcy Court.

The Objection is supported by the following memorandum of points and authorities and any argument the Court may permit on the Objection.

## MEMORANDUM OF POINTS AND AUTHORITIES

## BACKGROUND FACTS

1. On March 30, 2018, four involuntary Chapter 7 petitions were filed against alleged debtor Desert Land, LLC ("Desert Land")[2], DOA, DOI, and SkyVue Las Vegas, LLC ("SkyVue").[3]

2. Desert Land, DOA and DOI owned approximately 38.5 acres of real property on the south end of the Las Vegas Strip. [*See* DOA, ECF No. 243, p. 16 of 44].  SkyVue owns 99.5% of Desert Land and DOA.  Desert Owns 100% of DOI. [*See* Desert Land, ECF No. 30, p 1 of 3].

3. On June 28, 2018, Desert Land was converted to a voluntary Chapter 11 case. [*See* Desert Land Case, ECF No. 79].  On June 29, 2018, DOA, DOI, and SkyVue were

---

[2] *See In re Desert Land, LLC*, Case No. 18-12454-GS (Bankr. D. Nevada) (the "Desert Land Case").
[3] *See In re SkyVue Las Vegas, LLC*, Case No. 18-12458-GS (Bankr. D. Nevada) (the "SkyVue Case").

2

converted to voluntary Chapter 11 cases. [*See* DOA Case, ECF No. 65; DOI Case, ECF No. 48; and SkyVue Case, ECF No. 51]. On July 6, 2018, the Court order that the four cases be jointly administered. [*See* Desert Land Case, ECF No. 90; DOA Case, ECF No. 89; DOI Case, ECF No. 61; and, SkyVue Case, ECF No. 58].

4. The Section 341 meeting in the four cases were held and concluded on August 27, 2018. [*See* Desert Land Case, ECF Nos. 126, 195; DOA Case, ECF No. 103; DOI Case, ECF No. 49, 71; and, SkyVue Case, ECF No. 67].

5. No official committee of unsecured creditors was appointed in any of the four cases. [*See generally* case docket Desert Land Case, DOA Case, DOI Case, and SkyVue Case].

6. On March 21, 2019, the Court entered an order directing the appointment of a Chapter 11 or Chapter 11 trustees for the four estates. [*See* Desert Land Case, ECF No. 519].

7. On March 27, 2019, the U.S. Trustee appointed Kavita Gupta ("Trustee Gupta") as the Chapter 11 Trustee for the Desert Land, DOA and DOI estates. [*See* Desert Land Case, ECF No. 522]. On April 2, 2019, the Court approved the appointment of Trustee Gupta. [*See* Desert Land Case, ECF No. 528].

8. On March 27, 2019, the U.S. Trustee appointed Brian Shapiro ("Trustee Shapiro") as the Chapter 11 Trustee for the SkyVue estate. [*See* Desert Land Case, ECF No. 523]. On April 2, 2019, the Court approved the appointment of Trustee Shapiro. [*See* Desert Land Case, ECF No. 529]. On August 21, 2020, the Court converted the SkyVue Case to Chapter 7. [*See* SkyVue Case, ECF No. 176].

9. On June 15, 2020, the U.S. Trustee appointed Jeffrey I. Golden as the Chapter 11 Trustee for the Desert Land Case, due to the resignation of Trustee Gupta. [*See* Desert Land Case, ECF No. 1265]. On June 18, 2020, the Court approved the appointment of Trustee Golden. [*See* Desert Land Case, ECF No. 1281].

10. On August 17, 2020, the Court entered an order terminating joint administration. [*See* Desert Land Case, ECF No. 1439].

11. On July 26, 2020, the Court entered an order approving the sale of Desert Land's real estate through a $75 million credit bid to the Shotgun Creek creditors. [*See* Desert Land Case, ECF No. 1395].

12. On June 15, 2020, the Court approved the sale of DOA's real estate to ED-DEN Investment Co. LLC for $15,600,000.00. [*See* DOA Case, ECF No. 108].

13. On June 22, 2020, the Court approved the sale of DOI's real estate to The Three Affiliated Tribes of the Fort Berthold Indian Reservation for $12,000,000.00. [*See* Desert Land Case, ECF No. 1293].

14. DOA's and DOI's Plan was filed on January 26, 2021. [*See* DOA Case, ECF No. 239; DOI Case, ECF No. 116]. Their Joint Disclosure Statement was filed on January 28, 2021. [*See* DOA Case, ECF No. 243; DOI Case, ECF No. 120]. On January 28, 2021, the Court entered an order conditionally approving the Disclosure Statement and setting a combined hearing on final approval of the Disclosure Statement and Confirmation of the Plan for March 11, 2021, with objections due by February 25, 2021. [*See* DOA Case, ECF No. 244; DOI Case, ECF No. 121].

15. The Plan is styled as a Plan of Liquidation. [*See* DOA Case, ECF No. 239; DOI Case, ECF No. 116].

16. Notwithstanding the Debtors' position that this is a liquidating plan, the Plan contains provisions that extinguish claims, except for what is provide through the Plan:

> 8.1 Upon Entry of the Confirmation Order, all debts of DOA and DOI will be deemed fixed and adjusted pursuant to the Plan and DOA and DOI will have no further liability on account of claims or interests except as set forth in the Plan. All payments and all distributions made by the Disbursing Agent under the Plan will be in full and final satisfaction, settlement and release of all Claims; provided, however, that nothing contained in the Plan will be deemed to constitute or result in a discharge of the Debtors under Section 1141(d)(3).
>
> 8.2 Upon entry of the Confirmation Order, the provisions of the Plan shall be binding upon DOA and DOI, any person or entity acquiring property under the Plan, and any creditor or interest holder, whether or not the claim or interest of such creditor or

>
> interest holder is impaired under the Plan and whether or not such creditor or interest holder has accepted the Plan.

[*See* DOA Case, ECF No. 239, DOI Case, ECF No. 116, each at pp. 22-23; Plan §§ 8.1-8.2].

17.  In addition, the Plan provides for an injunction of indeterminant length preventing creditors from taking action against the Debtors except to enforce the Plan:

> 6.1 Vesting of Property/Continuation of Estates. Notwithstanding Section 1141(b), no property of DOA or DOI and/or the Estates shall re-vest in DOA or DOI as of the Effective Date. The estates created by operation of Section 541(a) shall continue, and all assets of DOA and DOI and/or their respective Estates shall be deemed to be property of their respective bankruptcy estates until distributed in accordance with this Plan. The provisions of Section 362(a) shall continue in full force and effect following entry of the Confirmation Order, and stay any person from taking any act, commencing any suit, or enforcing any right, which has the effect of asserting, liquidating, or enforcing any claim against any property of the Estates that arose prior to entry of the Confirmation Order. The sole recourse of a creditor holding a claim that arose prior to entry of the Confirmation Order shall be an action in the Bankruptcy Court seeking to enforce its rights under this Plan.

[*See* DOA Case, ECF No. 239, DOI Case, ECF No. 116, each at pp. 16-17; Plan § 6.1].

18.  The Plan defines administrative claims to includes fees payable pursuant to 28 U.S.C. § 1930, sets an administrative bar date that is 45 days after entry of an order confirming plan, and defines administrative claims as subject to an allowance process.  [*See* DOA Case, ECF No. 239, DOI Case, ECF No. 116, each at pp. 3-4; Plan §§ 1.2—1.5].

19.  The Plan provides for payments of U.S. Trustee fees:

> 3.3 U.S. Trustee Fees: The Disbursing Agent shall pay in cash in full on the Effective Date any statutory fees under 28 U.S.C. §1930(a)(6) then owing and unpaid to the U.S. Trustee. After the Effective Date, the Disbursing Agent shall pay a quarterly fee to the U.S. Trustee, for deposit into the U.S. Treasury, for each quarter (including any fraction thereof) until the Chapter 11 Cases are converted, dismissed, or closed by entry of a final decree, pursuant to 28 U.S.C. §1930(a)(6). The U.S. Trustee Fees incurred by the DOA Estate shall be paid solely from assets of the DOA Estate, and U.S. Trustee Fees incurred by the DOI Estate shall be paid solely from assets of the DOI Estate.

[*See* DOA Case, ECF No. 239, DOI Case, ECF No. 116, each at pp. 9-10; Plan § 3.3].

20.  The Plan contains six classes:  (1) Class 1 is the secured claim of Northern Trust against DOA; (2) Class 2 is the Gonzales Trust claim against DOA; (3) Class 3 is a claim by the

5

Gonzales Trust against DOI; (4) Class 4 is an unsecured claim by Juniper Loan Servicing, Inc. against DOI; (5) Class 5 is an unsecured claim by Desert Land against DOA; and, (6) Class 6 are membership interests in DOA and DOI. [*See* DOA Case, ECF No. 239, DOI Case, ECF No. 116, each at pp. 8-9; Plan §§ 2.1—2.6].

21. DOA originally scheduled Desert Land with an unsecured claim for $4.5 million, which was not scheduled as disputed, unliquidated or contingent. [*See* Desert Land Case, ECF No. 104, p. 19 of 54; #3.6]. On April 23, 2020, DOA amended its schedules to remove this claim. [*See* Desert Land Case, ECF No. 1080, pp. 7-8 of 10]. The original deadline to file proofs of claim was November 20, 2018. [*See* Desert Land Case, ECF No. 126]. Trustee Golden filed a proof of claim, as amended, for Desert Land against DOA on September 23, 2020. [*See* DOA, Claims Register, POC No. 3]. Trustee Golden asserts that this proof of claim is timely filed pursuant to a tolling agreement negotiated between him and Trustee Gupta. [*See* Desert Land Case, ECF No. 250, p. 11 of 23; ECF No. 251, pp. 2-3 of 154; ¶5].

22. The Plan designates Kavita Gupta as the disbursing agent at a rate of $550 an hour. [*See* DOA Case, ECF No. 239, DOI Case, ECF No. 116, each at pp. 6 (Plan § 1.20) and 19 (Plan § 6.10)].

## **ARGUMENT**

23. Section 1129(a) of the Bankruptcy Code sets forth a series of requirements that a plan proponent must meet in order to obtain confirmation of a plan of reorganization. First among these is section 1129(a) (1), which requires the plan to comply with the applicable provisions of the Bankruptcy Code. In addition, Section 1129(a) (2) requires a plan proponent to comply with the requirements of the Bankruptcy Code.

24. Before the Court can confirm a plan filed under Chapter 11, the Court must find that the plan and the plan's proponent have complied with the requirements of Section 1129(a), and, if not all impaired classes have voted to accept the plan, that the Plan meets the requires of Section 1129(b). *See* 11 U.S.C. § 1129.

*The Plan appears to grant DOA and DOI de facto discharges*

25. Both the Plan and Disclosure Statement make clear that the Joint Plan is a plan of liquidation. [*See* DOA Case, ECF Nos. 239 and 243, DOI Case, ECF Nos. 116 and 120].

26. The Plan specifies that the Debtors shall not receive a bankruptcy Discharge. [*See* DOA Case, ECF No. 239, DOI Case, ECF No. 116, each at p. 22; Plan § 8.1].

27. Debtors have sold all their assets. [*See* DOA Case, ECF No. 108, Desert Land Case, ECF No. 1293].

28. The Debtors are both listed as a "Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))" on their voluntary petitions and their names indicates that they are limited liability companies. [*See* Desert Land Case, ECF No. 104, p. 2 of 54; item #6; ECF No. 105, p. 2 of 33; item #6]. As corporate debtors, DOA and DOI would not be entitled to Chapter 7 discharges. *See* 11 U.S.C. §§ 101(9)(A) and 727(a)(1).

29. Section 1141(d)(3) provides that:

> The confirmation of a plan does not discharge a debtor if—
>
> (A) the plan provides for the liquidation of all or substantially all of the property of the estate;
>
> (B) the debtor does not engage in business after consummation of the plan; and
>
> (C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

*See* 11 U.S.C. § 1141(d)(3).

30. "Under § 1141(d)(3), a corporate or partnership debtor that is both liquidating and discontinuing its business does not receive a discharge when its plan is confirmed." *Teamsters Pension Trust Fund v. Malone Realty Co.*, 82 B.R. 346, 349 (E.D. Pa. 1988), citing *In re Novelty & Toy Co., Inc*., 22 B.R. 77 (Bankr. Ala. 1982); 5 Collier on Bankruptcy, para. 1141.01[4][a] (15th ed. 1987).

31. Because the Debtors are not entitled to a discharge through this Plan, injunctions that prevent the post-confirmation prosecution of claims against the Debtors operate as a

7

discharge and are therefore inappropriate. *See In re Bigler LP*, 442 B.R. 537, 545-46 (Bankr. S.D. Tex. November 24, 2010).

32. The Ninth Circuit of Appeals has held that "[a] discharge under section 524(a)(2) does not void *ab initio* a liability. Rather, section 524 constructs a legal bar to its recovery. A discharge is in effect a special type of permanent injunction." *In re American Hardwoods*, 885 F.2d 621, 626 (9th Cir. 1989).

33. The Ninth Circuit reads 11 U.S.C. § 524(e) to limit the Bankruptcy Court's authority to enter injunctions under the Bankruptcy Code's more general source of equitable power set forth in Section 105(a) of the Bankruptcy Code. *See Resorts Int'l, Inc. v. Lowenschuss (In re Lowenschuss)*, 67 F.3d 1394, 1402 (9th Cir. 1995) ("Noting that section 105 does not authorize relief inconsistent with more specific law, we concluded the specific provisions of section 524 displace the court's equitable powers under section 105 to order permanent relief [against a non-debtor] sought by [the debtor].").

34. Accordingly, the provisions in the Plan that extinguish claims, except for what creditors will receive under the Plan, and continue the stay indefinitely appear to grant DOA and DOI a *de facto* discharge in contravention of the Code. Therefore, the *de facto* discharge in Plan §§ 8.1 and 8.2 should be stricken.

35. The U.S. Trustee objects to any permanent injunction in the Plan and objects to the injunction provided for in Plan § 6.1 to the extent that it applies any longer than is necessary to complete the payments provided for under the Plan. [*See* DOA Case, ECF No. 239, DOI Case, ECF No. 116, each at pp. 16-17; Plan § 6.1].

36. Because the Plan does not comply with Section 1141(d)(3), it fails to meet the requirements for confirmation under Section 1129(a)(1) and confirmation should be denied.

*The Plan defines Quarterly Fees as administrative claims, which require allowance*

37. The U.S. Trustee objects to the Plan to the extent it seeks to subject quarterly fees to an allowance procedure by grouping such fees into the definition of "Administrative Claim" as set forth in the Plan.

38. Fees assessed pursuant to 28 U.S.C. § 1930(a)(6) are not synonymous with administrative expenses allowed pursuant to 11 U.S.C. § 503(b). "Quarterly fees payable to the U.S. Trustee <u>are assessed</u> against Chapter 11 estates pursuant to § 1930(a)(6) of Chapter 123 of Title 28." *U.S. Trustee v. Hirsch (In re Ehrman)*, 184 B.R. 362, 363-64 (D. Ariz. July 3, 1995)(emphasis added). *See also U.S. Trustee v. Endy (In re Endy)*, 104 F.3d 1154, 1157 (9th Cir. 1997)(holding that quarterly fees had a higher priority than Chapter 11 administrative expenses in the case of a conversion to Chapter 7); *Huisinga v. Carter (In re Juhl Enters.)*, 921 F.2d 800, 803 (8th Cir. 1990)("Nothing in the statutes indicates that the Trustee's quarterly fees are synonymous with § 503(b) administrative expenses.).

39. Therefore, if the Plan is confirmed, the confirmation order should make clear that quarterly fees are assessed fees that do not require allowance and will be paid for periods when these cases remain open, in Chapter 11, and have not been converted or dismissed. In addition, the confirmation order should provide that the Debtors will continue to file periodic reports until these cases are closed.

*<u>The Desert Land Claim should be treated as an allowed claim until the Court sustained an objection to it</u>*

40. A claim, proof of which is filed under Section 501, is deemed allowed unless a party in interest objects. *See* 11 U.S.C. § 502(a). A proof of claim in Chapter 11 is deemed filed if it appears in the schedules filed under Section 521(a)(1) and is not scheduled as disputed, contingent or unliquidated. *See* 11 U.S.C. § 1111(a). Holders of allowed claims under Section 502 may accept or reject a plan. *See* 11 U.S.C. § 1126(a).

41. Until well after the deadline to file proofs of claim, DOA's schedules listed a claim held by Desert Land for $4.5 million, which was not scheduled as disputed, unliquidated or contingent. Trustee Golden filed a proof of claim, purportedly within the time set by a tolling agreement.

42. The Disclosure Statement provides that Trustee Gupta suspended her objection to the Desert Land Claim because the Court orally ruled that the Desert Land Case should be

9

dismissed.  [*See* DOA Case, ECF No. 243, p. 23 of 44].[4]  Therefore, Class 5 should be deemed allowed, unless and until the Court sustains any objection brought against it.

43. To the extent that the Plan seeks to bar creditors in Class 5 from accepting or rejecting the Plan pursuant to Section 1126(a) without having objected to Class 5 claim under Section 502(a) then the Plan fails to comply with Section 1129, and confirmation should be denied.

44. The U.S. Trustee reserves all rights to object to any amendments or supplements to the Plan.

**WHEREFORE**, the U.S. Trustee respectfully requests that the Court deny confirmation of the Plan unless the Debtors make changes to the Plan to address the issues set forth above.

Dated: February 25, 2021

                              **TRACY HOPE DAVIS**
                              **UNITED STATES TRUSTEE, REGION 17**

                By:    */s/ Edward M. McDonald Jr.*
                         Edward M. McDonald Jr., Esq.,
                         Trial Attorney

---

[4] The DOA Case docket indicates that Trustee Gupta has objected to eleven "trade debt claims" in an omnibus claim objection filed on August 17, 2020, which was sustained by the Court on October 5, 2020. [*See* DOA Case, ECF Nos. 119-120 and 168]. None of the "Trade debt claims" were held by Desert Land. [*See* ECF Nos. 119 and 168].  In addition, Trustee Gupta has filed objections to claims held by Citation Financial, Compass Investments Holding, LLC, and Tivoli Motel, Inc. [*See* ECF Nos. 129, 132 and 135]. However, Trustee Gupta has not yet filed an objection to the Desert Land claim. [*See generally* DOA Case docket].