John D. Fiero (CA Bar No. 136557)
Gail S. Greenwood (CA Bar No. 169939)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA  94111-4500
Telephone: 415/263-7000
E-mail:jfiero@pszjlaw.com
          ggreenwood@pszjlaw.com

Shara L. Larson (NV Bar No. 7786)
GHANDI DEETER BLACKHAM
725 S. 8th St., Suite 100
Las Vegas, Nevada 89101
Tel:  (702) 878-1115
Email:  shara@ghandilaw.com

Special Litigation Counsel to
Kavita Gupta, Chapter 11 Trustee for Desert Oasis
Apartments, LLC

Electronically filed on: February 25, 2021

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

**DESERT OASIS APARTMENTS, LLC,**

Debtor.

Case No.: bk-s-18-12456-gs

Chapter 11

Hearing Date:  March 11, 2021
Hearing Time: 1:30 p.m.

**TRUSTEE'S RESPONSE TO DESERT LAND, LLC'S MOTION FOR AN ORDER ALLOWING ITS CLAIM FOR PURPOSES OF PLAN CONFIRMATION ETC. PURSUANT TO RULE 3018(a)**

## I.

## INTRODUCTION

Kavita Gupta, solely in her capacity as the chapter 11 trustee ("Trustee") for Desert Oasis

Apartments, LLC (the "Debtor") and not individually, responds to the motion filed by Desert Land,

LLC ("Desert Land") captioned, "*Motion for an Order Allowing Its Claim at $4.5 Million for*

*Purposes of Plan Confirmation, Voting, and Any Distribution Reserve, Pursuant to Rule 3018(a);*

*Reservation of Right to Conduct Discovery; Memorandum of Points and Authorities*" ("3018

Motion") [Docket Nos. 250-255].  The Debtor's Joint Plan of Liquidation ("Plan") and Disclosure

Statement expressly provide that Desert Land is entitled to vote on the plan notwithstanding the fact

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

that its claim against the Debtor is disputed. The Plan also makes clear that an appropriate pro rata reserve will be established pending the outcome of the Trustee's anticipated objection to the Desert Land claim.

The 3018 Motion is utterly unnecessary and amounts to a self-serving attempt to argue issues that are not before the Court. There is no dispute that Desert Land's chapter 11 trustee ("Trustee Golden") is entitled to vote on the Plan. ***In fact, Trustee Golden submitted his vote to reject the Plan on February 24, 2021***. Considering Desert Land's ability to vote on the Plan and the fact that Trustee Golden has in fact submitted his vote, there is no need for the Court to temporarily allow Desert Land's claim for any purpose. Moreover, there is no basis for the Court to consider over 200 pages of documents and argument relating to the purported merits of the Desert Land claim, much less for the Court to permit discovery and further briefing relating to the claim.

The 3018 Motion should be denied on the grounds that: (1) any order regarding voting will be moot on the scheduled hearing date because Trustee Golden has submitted his vote to reject the Plan; and (2) the Court lacks jurisdiction to enter an advisory opinion where there is no dispute before the Court. The Trustee strenuously disputes Desert Land's characterization of its claim, particularly as it relates to her investigation of the claim. The Trustee will timely object to Desert Land's claim pursuant to Bankruptcy Rule 3007 in the event that Trustee Golden successfully appeals the order dismissal of the Desert Land case or the Desert Land claim is not withdrawn after the dismissal. Until then, Desert Land is entitled to vote, Trustee Golden has submitted his vote and there is no need for the Court to enter any order under Bankruptcy Rule 3018. Finally, under no circumstances should Desert Land's entitlement to vote be confused as a concession regarding the merits of its claim.

## II.

## RELEVANT FACTS

1.    The Plan [Docket No. 239] states at page 7 that Desert Land's claim against the Debtor in the amount of $4.5 million is an impaired Class 5 claim. Article 10 at page 22 of the Plan describes Voting Classes: "Class 2, Class 3, Class 4, and ***Class 5 are impaired and shall be entitled to vote to accept or reject this Plan***." (Emphasis added).

2.      The Disclosure Statement [Docket No. 243] includes a chart at page 6, summarizing each class/creditor, whether it is impaired/voting, and its treatment under the Plan. ***Desert Land is listed under Class 5 as impaired and entitled to vote.*** Page 10 of the Disclosure Statement clearly states that creditors and equity holders that are *impaired* by the Plan are entitled to vote, and that such classes of claims are further described on page 21. Page 21 of the Disclosure Statement describes each class of claims and specifies that Class 5 consists of the disputed claim held by Desert Land against the Debtor in the amount of $4.5 million, which is impaired.

3.      The Disclosure Statement confirms at page 2, note 2 (Executive Summary), page 19 (DL's Disputed and Potentially Subordinated $4.5 Million Claim), and page 26 (Class 5 - DL's Disputed Claim Against DOA) that the Trustee has suspended the claim objection process with respect to the Desert Land claim pending dismissal of the Desert Land case, which this Court granted on December 10, 2020, in order to reduce administrative expenses in this case. In the event that Trustee Golden successfully appeals the dismissal order or the Desert Land claim is not withdrawn after dismissal of the Desert Land case, the Trustee or disbursing agent will file an objection pursuant to the Plan terms and take all other appropriate actions. The Disclosure Statement and Plan each state that the disbursing agent shall maintain sufficient reserves to pay all claims that have been or may be allowed.

4.      The Debtor served a ballot and voting materials on the impaired classes, including Desert Land, consistent with the Plan and Disclosure Statement. The deadline for voting and objections to the Plan is February 25, 2021.

5.      On February 11, 2021, Desert Land filed its 3018 Motion, including a supporting declaration and request for judicial notice containing voluminous documents. Desert Land did not seek an order shortening time for hearing. The 3018 Motion is scheduled for hearing on March 11, 2021.

6.      On February 23, 2021, counsel for the Trustee spoke with two attorneys from the Brutzkus Gubner firm (counsel for Trustee Golden) in an effort to resolve the 3018 Motion without a hearing. Trustee's counsel offered to put on the record that (a) the Plan gives Trustee Golden the right to vote in Class 5; and (b) a reserve sufficient to treat any future allowed Class 5 claim *pari*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

*passu* with the Gonzales Class 2 claim will be maintained under the Plan until the Class 5 claim is either allowed or disallowed by an order of the Bankruptcy Court. Trustee Golden declined to withdraw the 3018 Motion.

7. On February 24, 2021, Trustee Golden submitted a completed ballot on behalf of Desert Land, rejecting the Plan. A copy of the ballot is attached as <u>Exhibit A</u>.

**II.**

**<u>LEGAL ARGUMENT</u>**

**A.** **<u>Bankruptcy Rule 3018(a) Governs Temporary Claim Allowance for Plan Voting Purposes as to Which There Is No Dispute.</u>**

Bankruptcy Rule 3018(a) governs the temporary allowance of claims for voting purposes: "Notwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting the plan." Fed. R. Bankr. P. 3018(a). The Rule is meant to address the potential for abuse where claim objections have been filed and are pending at the time of voting. *See generally* 9 Collier on Bankruptcy ¶ 3018.01[5] (temporary allowance appropriate when objection filed too late to be heard prior to confirmation hearing; court discretion to allow for voting purposes).

Here, there is no dispute that Desert Land is entitled to vote regarding the Plan. Indeed, Trustee Golden ***has already voted to reject the Plan***. *See* <u>Exhibit A</u>. In addition to having submitted his vote, Trustee Golden acknowledges that no objection to the claim has been filed (3018 Motion at 2), the Disclosure Statement expressly states that the Trustee suspended the objection to the Desert Land claim as of December 10, 2020 pending the dismissal of the Desert Land case, and Trustee Golden clearly understood the explicit voting provisions of the Plan and Disclosure Statement. Yet, Trustee Golden brings the motion pursuant to Rule 3018 "premised on the fact that the DL Claim is a material asset of Desert Land's bankruptcy estate." *Id.* The 3018 Motion is a transparent and improper attempt to stave off the dismissal of the Desert Land case and/or to create a one-sided record for an appeal of the dismissal order. *See, e.g.,* 3018 Motion at footnote 2 ("At a further status conference in the Desert Land Case on the motion to dismiss, currently scheduled for March 11, 2021, Trustee Golden will advocate for reconsideration of the Court's tentative ruling, including on

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

the grounds that unsecured creditors holding material claims did not indicate support for dismissal and that it is in the best interests of creditors that the Desert Land Case be converted to chapter 7 rather than dismissed."). Rule 3018(a) cannot be invoked for the mere sake of argument where court relief is unnecessary.

**B.**      **Desert Land's Entitlement to a Temporarily Allowed Claim for Voting Purposes Is Moot Because Trustee Golden Has Already Voted and the Deadline for Voting Will Have Lapsed.**

Even assuming that a viable dispute existed regarding temporary allowance of Desert Land's claim, which is not the case, the relief of a temporary claim allowance is moot because Trustee Golden has already voted on the Plan (Exhibit A) and the Court is scheduled to hear the 3018 Motion after the deadline for voting has passed.

The mootness doctrine requires dismissal of a matter if there is no live controversy for which relief can be granted. The Ninth Circuit explains mootness as follows:

> A case becomes moot whenever it loses its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law. The question is not whether the precise relief sought at the time… [the case] was filed is still available. The question is whether there can be any effective relief.

*Siskiyou Reg. Educ. Project v. U.S. Forest Serv.,* 565 F.3d 545, 559 (9th Cir. 2009) (quoting *Cantrell v. City of Long Beach,* 241 F.3d 674, 678 (9th Cir. 2001) (internal citations omitted; affirming dismissal of appeal as moot where there was no need for further court proceedings in connection with challenge to mining regulation). A case is moot if an event has terminated what was once a live controversy. *See, e.g., Paher v. Cegavske,* 2020 U.S. Dist. LEXIS 136875 at *2 (D. Nev. July 31, 2020) (challenge to Secretary of State's plan for mail-in voting for June 2020 primary dismissed as moot; "The Primary came and went… [T]he Court finds that it can no longer exercise its limited jurisdiction over the case and will accordingly dismiss it as moot.").

In this case, the Court cannot grant effective relief in response to the 3018 Motion because, among other matters, Trustee Golden has submitted his vote rejecting the Plan. Moreover, even if he had not submitted his vote, the hearing is scheduled on March 11, 2021, *after* the February 25, 2021 deadline for Desert Land to vote on the Plan. If there was any real question as to whether Trustee Golden needed temporary allowance of the Desert Land claim in order to vote, he could and should

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

have sought relief on shortened time before February 25, 2021. Desert Land's entitlement to a temporarily allowed claim pursuant to Rule 3018(a) will be moot, such that the Court lacks jurisdiction to enter an order thereon.

## C.    The Court Lacks Jurisdiction to Enter an Advisory Opinion Regarding the Merits of the Desert Land Claim.

Federal courts lack jurisdiction to enter advisory opinions. *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975) ("The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy."); *Chafin v. Chafin,* 568 U.S. 165, 172 (2013) ("Federal courts may not decide questions that cannot affect the rights of litigants in the case before them or give opinion[s] advising what the law would be upon a hypothetical state of facts;" internal quotations omitted). A justiciable dispute must satisfy two requirements (1) the case must present "an honest and actual antagonistic assertion of rights by one party against another," and (2) the court must be empowered to issue a decision that grants relief and is more than advisory. *Ctr. for Biological Diversity v. U.S. Forest Serv.,* 925 F. 3d 1041, 1047-48 (9th Cir. 2019).

For example, the prohibition against advisory opinions precludes relief based on "clarification" of the automatic stay. *In re Family Health Servs.,*130 B.R. 314, 317 (9th Cir. BAP 1991) (supplemental order regarding clarification of the automatic stay did not resolve specific dispute and constituted impermissible advisory opinion; order vacated). Similarly, courts cannot provide guidance on issues that are not presently before them. *See, e.g., In re Elias,* 215 B.R. 600, 604 (9th Cir. BAP 1997) (state court's request for guidance on viability of attorney lien after bankruptcy dismissal deemed advisory; bankruptcy court lacked jurisdiction to decide questions posed). Likewise, the prohibition against advisory opinions precludes relief regarding issues that are unripe. *See, e.g., Clark v. City of Seattle,* 899 F.3d 802, 808-10 (9th Cir. 2018) (Uber/Lyft drivers' complaint regarding preemption of city ordinance dismissed as unripe where alleged injury was speculative).

The Court lacks jurisdiction to enter an advisory opinion regarding the merits of the Desert Land claim, which are not before the Court for purposes of voting and plan confirmation. First, there is no antagonistic assertion of rights between the parties. Second, Rule 3018 does not provide

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

the Court with the right (or obligation) to address the merits of Desert Land's claim. *See Ctr. for Biological Diversity, supra.* The 3018 Motion purportedly seeks clarification regarding an issue that is undisputed – i.e., that Desert Land is entitled to temporary allowance of its claim for purposes of voting to accept or reject the Plan. Trustee Golden is not entitled to an advisory opinion regarding the substance of the claim, much less the extraordinary relief suggested of (a) temporary allowance "not subject to subordination, setoff or recoupment," or (b) discovery "in the event any party… disputes any fact that is material to this Motion." 3018 Motion, Points & Authorities, at 17.

Simply put, Trustee Golden is impermissibly seeking to preemptively allow the Desert Land claim before an objection has been filed and is squarely before the Court. The Court should deny the 3018 Motion for lack of jurisdiction on the grounds that the relief requested is unavailable under Rule 3018 (or otherwise, including Bankruptcy Code section 105) and contrary to the prohibition against advisory opinions.

**D.    The Trustee's Objection to the Desert Land Claim (and the Myriad Disputed Facts Alleged by Trustee Golden) Are Not Presently Before the Court.**

After confirmation, the Trustee intends to object to Desert Land's claim consistent with the terms of the Plan. *See* Plan at p. 11, § 4.5 (DL's Disputed Claim Against DOA).[1] However, at this moment, the Trustee's claim objection and the innumerable disputed facts alleged by Trustee Golden in the 3018 Motion are not presently before the Court.

Briefly stated, as explained in the Disclosure Statement, the Trustee and her professionals investigated the alleged intercompany "account stated" in favor of Desert Land and determined that it was a mistaken accounting entry. This was brought to the attention of David Gaffin and Howard Bulloch, and Mr. Gaffin, with advice of counsel, properly amended the schedules of both the Debtor and Desert Land under penalty of perjury.

The Court has ordered dismissal of the Desert Land case. Following dismissal, the Trustee anticipates that the proof of claim filed by Trustee Golden on Desert Land's behalf will be withdrawn as Mr. Gaffin, the manager of Desert Land, amended the schedules of both the Debtor

---

[1] The Trustee reserves the right to object to the Desert Land proof of claim on any and all bases that she deems appropriate irrespective of statements made in the 3018 Motion and response(s) thereto.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

and Desert Land to eliminate the claim. So long as it appears that dismissal is likely, the Trustee has suspended the claim objection process and intends to conserve resources for the benefit of the Debtor's creditors as set forth in multiple provisions of the Disclosure Statement. The 3018 Motion is not in response to any alleged concern regarding a "last minute" claim objection. 3018 Motion, Points & Authorities, at 12. Nor is it in response to any alleged concern regarding Desert Land's entitlement to vote, particularly since Trustee Golden has submitted his vote rejecting the Plan. *See* Exhibit A. If the Desert Land case is not promptly dismissed, the Trustee will object to Desert Land's claim and fully address the facts demonstrating that the claim is without merit, as are Trustee Golden's spurious claims regarding alleged professional misconduct. Until that time, the 3018 Motion should be rejected as an attempt to create a record in the absence of a justiciable controversy.

### III.

### CONCLUSION

Because there is no controversy regarding plan voting and Trustee Golden has submitted his vote rejecting the Plan, this Court lacks jurisdiction to enter an advisory opinion regarding the merits of Desert Land's claim, and any relief regarding temporary allowance of the claim for voting purposes will be moot. For the foregoing reasons, the Trustee requests that the Court deny the 3018 Motion.

Dated:  February 25, 2021

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ John D. Fiero*
John D. Fiero
Gail S. Greenwood
150 California Street, 15th Floor
San Francisco, CA  94111-4500

Special Litigation Counsel to
Kavita Gupta, Chapter 11 Trustee

-and-

GHANDI DEETER BLACKHAM
Shara L. Larson
725 S. 8th St., Suite 100
Las Vegas, Nevada 89101

[Proposed] Local Special Litigation Counsel to
Kavita Gupta, Chapter 11 Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# EXHIBIT A

1  Kevin W. Coleman (CA SBN 168538)
   Admitted *pro hac vice*
2  Christopher H. Hart (CA SBN 184117)
   Admitted *pro hac vice*
3  NUTI HART LLP
   411 30TH Street, Suite 408
4  Oakland, CA 94609-3311
   Telephone: 510-506-7152
5  Email: kcoleman@nutihart.com
          chart@nutihart.com
6
   Talitha Gray Kozlowski (NV SBN 9040)
7  GARMAN TURNER GORDON LLP
   7251 Amigo Street, Suite 210
8  Las Vegas, NV 89119
   Telephone: 725-777-3000
9  Email: tgray@gtg.legal
10
   Counsel for Kavita Gupta,
11 Chapter 11 Trustee

12              **UNITED STATES BANKRUPTCY COURT**

13                    **DISTRICT OF NEVADA**

14 In re:                              Case No.: BK-S-18-12456 GS

15 DESERT OASIS APARTMENTS, LLC,       Chapter 11

16          Debtor.                    Confirmation Hearing:
                                       Date:  March 11, 2021
17                                     Time:  1:30 p.m.

18

19     **CLASS 5 BALLOT FOR ACCEPTING OR REJECTING CHAPTER 11 TRUSTEE
           KAVITA GUPTA'S JOINT PLAN OF LIQUIDATION**

20

21   **(Estate of Desert Land, LLC's Claim in Desert Oasis Apartments, LLC)**

           Chapter 11 Trustee Kavita Gupta (the "Trustee"), filed *Chapter 11 Trustee Kavita Gupta'*
22 *Joint Plan of Liquidation* ("Plan") on January 25, 2021.  The *Disclosure Statement to Accompany*
   *Chapter 11 Trustee Kavita Gupta' Joint Plan of Liquidation* (the "Disclosure Statement") has been
23 conditionally approved, and provides information to assist you in deciding how to vote your ballot.

24         The Confirmation Hearing is scheduled to commence on March 11, 2021, at 1:30 p.m.

25         **You should review the Disclosure Statement and the Plan before you vote.  You may
   wish to seek legal advice concerning the Plan and your classification and treatment under
26 the Plan.  Only the Holder of the Class 5 Claim (Estate of Desert Land, LLC) is Impaired
   and is entitled to vote with regard to the Class 5 Claim.  If you are the Holder of the Class 5
27 Claim, Chapter 11 Trustee Kavita Gupta encourages you to vote and return this Ballot as
   instructed.**

28

                                           1
                                 Ballot (Class 5)

NUTI HART LLP
411 30TH STREET, SUITE 408
OAKLAND, CA 94609-3311
TELEPHONE: 510.506.7152

This Ballot must be completed and executed below by a person authorized to act on behalf of the Holder of the Class 5 Claim. The Ballot may be returned to the Trustee via first class mail, overnight mail, or hand delivery to:

Nuti Hart LLP
Attn: DOA-DOI Ballots
411 30th Street, Suite 408
Oakland, CA 94609

Alternatively, you may also return this Ballot via scanning the executed Ballot into pdf format and emailing it to: admin@nutihart.com

IF YOUR COMPLETED AND EXECUTED BALLOT IS NOT RECEIVED BY THE TRUSTEE ON OR BEFORE 5:00 P.M. (PACIFIC TIME), ON FEBRUARY 25, 2021, AND SUCH DEADLINE IS NOT EXTENDED, YOUR VOTE WILL NOT COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

**ACCEPTANCE OR REJECTION OF THE PLAN**

The undersigned is the holder of a Class 5 Claim against Desert Oasis Apartments, LLC in the unpaid amount of:

Four And A Half Million    Dollars ($    4,500,000    ).

CHECK <u>ONE</u> BOX ONLY:

[ ]    I VOTE TO ACCEPT THE PLAN        [X]    I VOTE TO REJECT THE PLAN

Dated:    February 23, 2021

**Print or Type**

Name: Jeffrey I. Golden, not individually but as chapter 11 Trustee of Desert Land, LLC, Case No. BK-S-18-12454-gs

Signature: _____

Title: Chapter 11 Trustee of Desert Land, LLC
Address: c/o Brutzkus Gubner, Attn. Jerrold L. Bregman, Esq.
5445 DTC Parkway, Suite 800
Denver, CO 80111

NUTI HART LLP
411 30TH STREET, SUITE 408
OAKLAND, CA 94609-3311
TELEPHONE: 510.506.7152

2

Ballot (Class 5)