1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 3



*Bruce A. Markell*

Honorable Bruce A. Markell
United States Bankruptcy Judge

Entered on Docket
December 30, 2011

Lenard E. Schwartzer
Nevada Bar No. 0399
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
*Attorneys for Debtor and Debtor in Possession*

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| In re: | Case No. BK-S-11-17208-BAM |
|---|---|
| **DESERT OASIS APARTMENTS, LLC,** | Chapter 11 |
| Debtor. | **ORDER CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION AS AMENDED** |
| | Hearing Date: December 16, 2011<br>Hearing Time: 9:30 a.m. |

The *Debtor's Amended Plan Of Reorganization* [Docket # 89], attached hereto as Exhibit "A", as amended by the *Amendment* [Docket # 148], attached hereto as Exhibit "B", and the *Stipulation as to Treatment of Tom Gonzales* [Docket # 180], attached hereto as Exhibit "C" (collectively, the "Plan"), having come before this Court pursuant to Notice as required by law; Lenard E. Schwartzer of the Schwartzer & McPherson Law Firm having appeared for the Debtor, Karol D. Denniston, Jeffrey S. Rugg, and Rebecca J. Winthrop of Brownstein Hyatt Farber Schreck, LLP, having appeared for the Lender, and Janet L. Chubb and Louis M. Bubala III of Armstrong Teasdale LLP and J. Randall Jones of Kemp, Jones & Coulthard having appeared for Tom Gonzales; the Court having reviewed the pleadings and the evidence and having heard the

*SCHWARTZER & McPHERSON LAW FIRM*
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1

1  testimony of the witnesses and arguments and representations of counsel; the Court having

2  approved the Gonzales Order (as hereafter defined) on December 5, 2011 and reconsidered the

3  Gonzales Order in light of Wells Fargo Bank, N.A.'s Supplemental Brief Regarding Stipulation as

4  to Treatment of Tom Gonzales in Debtor's Plan of Reorganization [Docket # 197]; the Court

5  having made its findings and conclusions on the record pursuant to Rule 7052 and FRCP 52; and

6  having found good cause, it is

7        **ORDERED** that the Plan is confirmed; and it is further

8        **ORDERED** that the ORDER GRANTING STIPULATION AS TO TREATMENT OF

9  TOM GONZALES IN DEBTOR'S PLAN OF REORGANIZATION [Docket # 188], entered on

10 December 5, 2011 (the "Gonzales Order"), is reaffirmed.

11 Submitted by:                                    Approved / ~~Disapproved~~ by:

12 /s/ Lenard E. Schwartzer                         /s/ Rebecca J. Winthrop
    Lenard E. Schwartzer, Esq.                      Karol D. Denniston, Esq.
13 Schwartzer & McPherson Law Firm                  Jeffrey S. Rugg, Esq.
    2850 South Jones Blvd., Suite 1                 Rebecca J. Winthrop, Esq.
14 Las Vegas, NV 89146                              Brownstein Hyatt Farber Schreck, LLP
    Attorneys for Debtor and Debtor in Possession   100 N. City Parkway, #1600
15                                                   Las Vegas, NV 89106
16                                                   Attorneys for Wells Fargo Bank, N.A.

17 Approved / ~~Disapproved~~ by:

18  /s/ Louis M. Bubala III
    Janet L. Chubb, Esq.
19 Louis M. Bubala III, Esq.
    Armstrong Teasdale LLP
20 50 W. Liberty St., Ste 950
    Reno, NV 89501
21 Attorneys for Tom Gonzales

22

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

2

1   In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that:

2

3   _____   The court has waived the requirement set forth in LR 9021 (b)(1).
        _____   No party appeared at the hearing or filed an objection to the motion.

4     X     I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or

5           disapproved the order, or failed to respond, as indicated above.
        _____   I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order

6           with the motion pursuant to LR 9014(g), and that no party has objected to the form or

7           content of the order.

8   /s/  Lenard E. Schwartzer
    Lenard E. Schwartzer, Esq.

9   *Attorneys for Debtor and Debtor in Possession*
                                    # # #

10

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    3

# EXHIBIT "A"

LENARD E. SCHWARTZER (NV Bar No. 0399)
JEANETTE E. MCPHERSON (NV Bar No. 5423)
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone:     (702) 228-7590
Facsimile:     (702) 892-0122
Email:         bkfilings@s-mlaw.com

Counsel for Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-S-11-17208-BAM |
| **DESERT OASIS APARTMENTS, LLC,** | Chapter 11 |
| Debtor. | |
| | Hearing Date: |
| | Hearing Time: |
| | Place:         Courtroom #3 |

*(left margin, vertical text)* SCHWARTZER & MCPHERSON LAW FIRM  2850 South Jones Boulevard, Suite 1  Las Vegas, Nevada 89146-5308  Tel: (702) 228-7590 · Fax: (702) 892-0122

## DESERT OASIS APARTMENT, LLC'S AMENDED PLAN OF REORGANIZATION

### ARTICLE I

### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of DESERT OASIS APARTMENT, LLC (the "Debtor"). The Debtor owns the real property and improvements located in Las Vegas, NV described as Assessor's Parcel Number 162-28-310-001 (the "Property"). The Property consists of approximately 6.4 acres located on the south side of Mandalay Bay Road approximately 800 feet east of Las Vegas Boulevard. On the Property is an apartment complex consisting of 128 one- and two-bedroom units. Approximately, 92%-95% of the apartment units are occupied by tenants ("Tenants"). The Property is worth approximately $6,500,000 and is subject to a loan in the approximate amount of $3,076,000 now held by Wells Fargo Bank, N.A., as trustee for the Registered Holders of JPMorgan Chase Commercial Mortgage Pass-Through Certificates, Series 2004-FL1 (the "Bank") which has matured.

The current owner obtained title to the Property in August of 1999.

This Plan provides for one class of priority claims; one class of secured claims; one class of unsecured claims; and one class of equity security holders. **Under the Plan, the rights of Tenants are unimpaired.** The Bank will receive distributions which the proponent of this Plan has valued at 100 cents on the dollar. The Plan proposes to pay the Bank in full over a period of 10 years using the rental income from the Tenants to pay market rate interest of 4.5% per annum and principal amortized over 25 years and a balloon payment at the end of 10 years obtained through sale or refinancing when the mortgage markets become more normal. Tenants with priority claims for deposits will be paid 100% in the normal course of operation of the apartment complex. Under the Plan, the unsecured claim of Tom Gonzales is unimpaired. Under the Plan, the unsecured creditors, except insiders, will be paid over eleven months without interest. Under the Plan, insiders will agree to subordinate their claims to the claims of other unsecured creditors. This Plan also provides for the 100% payment of all other administrative, including fees payable to the Office of the United States Trustee, and priority claims upon confirmation.

All creditors and equity security holders should refer to Articles III through V of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

| | | |
|---|---|---|
| 2.01 | <u>Class 1</u>. | All allowed claims entitled to priority under § 507 of the Code. |
| 2.02 | <u>Class 2</u>. | The claim of the Bank, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.03 | <u>Class 3</u>. | The claim of Tom Gonzales. |
| 2.04 | <u>Class 4</u>. | All unsecured claims allowed under § 502 of the Code. |
| 2.05 | <u>Class 5</u>. | Equity interests in the Debtor. |

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

## ARTICLE III

### TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,

### U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    <u>Unclassified Claims.</u>  Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02    <u>Administrative Expense Claims.</u>   Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the Effective Date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    <u>Priority Tax Claims.</u>   Each holder of a priority tax claim will be paid on the Effective Date of this Plan, in cash.

3.04    <u>United States Trustee Fees.</u>  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

### ARTICLE IV

### TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority Claims | unimpaired | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan as defined in Article VIII, or the date on which such claim is allowed by a final non-appealable order. |

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

| | | |
|---|---|---|
| Class 2 – Secured Claim of Bank (approximately $3,100,000) | impaired | Class 2 is impaired by this Plan. The Bank will be paid its claim in full, including principal, accrued interest and costs and reasonable attorneys' fees. This amount shall be paid with interest at the rate of 4.5% per annum from the Effective Date. Beginning on 1st day of the 1st month following the Effective Date, the Bank shall be paid an amount necessary to amortize its claim over 25 years together with interest. In addition payments for insurance and real estate taxes will be escrowed. The balance of the Claim shall be all due and payable in 10 years from the Effective Date. There will be no pre-payment penalty. The loan will be assumable. The Bank shall retain its lien on the Property with the same priority it held of the date of the Debtor's Petition. |
| Class 3 – Tom Gonzales ($10,000,000) | unimpaired | Class 3 is unimpaired by this Plan. Tom Gonzales will be paid the Parcel A Transfer Fee pursuant to the terms of the Desert Land Plan of Reorganization. That payment is due when, and only when, there is a Parcel A Transfer as defined in that plan. This claim is unsecured. This claim is subject to setoffs and counterclaims by the Debtor. |
| Class 4 - General Unsecured Creditors | impaired | Class 4 is impaired by this Plan. Non-Insider General Unsecured Creditors will be paid in full, without interest from the rent collected from the Tenant. Beginning on 1st day of the 1st month following the Effective Date, Class 4 will be paid $3,000 per month pro rata for approximately 9 months. Desert Land, LLC, Citation Financial, LLC and Compass Investments Holdings, LLC have agreed to subordinate their claims to the claims of other unsecured creditors and will be paid only after all other unsecured creditors are paid in full and reasonable reserves for maintenance and repair of the Property have been funded. |
| Class 5- Equity Security Holders of the Debtor | unimpaired | Class 5 is unimpaired by this Plan. Equity Security Holders (the members of the Debtor) will retain their equity interest in the Debtor. |

# ARTICLE V

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed

1    filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has

2    been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

3        5.02   Delay of Distribution on a Disputed Claim.   No distribution will be made on account

4    of a disputed claim unless such claim is allowed by a final non-appealable order.

5        5.03   Settlement of Disputed Claims.   The Debtor will have the power and authority to settle

6    and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal

7    Rules of Bankruptcy Procedure.

8                              **ARTICLE VI**

9          **PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

10       6.01   Assumed Executory Contracts and Unexpired Leases.

11           (a)    The Debtor assumes the following executory contracts and/or unexpired leases

12   effective upon the:

13           ▪   Leases with Tenants.

14           ▪   Westcorp Management Group - property management

15           (b)    The Debtor will be conclusively deemed to have rejected all executory

16   contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the

17   date of the order confirming this Plan, upon the effective date of this Plan. A proof of a claim arising

18   from the rejection of an executory contract or unexpired lease under this section must be filed no later

19   than thirty (30) days after the date of the order confirming this Plan.

20

21                             **ARTICLE VII**

22               **MEANS FOR IMPLEMENTATION OF THE PLAN**

23       The means for implementation of this Plan is the rents paid by Debtor's existing and future

24   Tenants. The Debtor will sell or refinance the Property within 120 months following the Effective

25   Date.  The proceeds from such sale or refinance shall be used to fund the balloon payment to the Bank

26   as set forth in the Plan. If the Property is sold, the Debtor and its affiliates which own the adjacent

27   land will pay the Parcel A Transfer fee to Gonzales from the sales proceeds.

28

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**ARTICLE VIII**

**GENERAL PROVISIONS**

8.01    <u>Definitions and Rules of Construction</u>.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan. Additionally, the following definitions apply:

a.    The "Bank" shall mean Wells Fargo Bank, N.A., as trustee for the Registered Holders of JPMorgan Chase Commercial Mortgage Pass-Through Certificates, Series 2004-FL1.

b.    The "Property" shall mean the real property and improvements thereon located in Las Vegas, NV described as Assessor's Parcel Number 162-28-310-001 (the "Property") consisting of approximately 6.4 acres  located on the south side of Mandalay Bay Road and approximately 800 feet east of Las Vegas Boulevard.

c.    The "Tenants" shall mean the tenants who rent apartment units on the Property.

d.    The "Effective Date" of this Plan is the fifteenth business day following the date of the entry of the order of confirmation.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

e.    The "Desert Land Plan of Reorganization" is that plan of reorganization that was confirmed in the case of *In re Desert Land, LLC*, Case No. BK-S-02-16202-RCJ by an order entered April 13, 2003 as amended by decisions of the Bankruptcy Appellate Panel for 9th Circuit and the Court of Appeals for the 9th Circuit.

f.    The "Parcel A Transfer Fee" is the fee provided to be paid to Tom Gonzales in the Desert Land Plan of Reorganization when, and only when, there is a Parcel A Transfer as defined in the Desert Land Plan of Reorganization.

8.02    <u>Severability</u>.    If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.03    <u>Binding Effect</u>.    The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel. (702) 228-7590 · Fax. (702) 892-0122

8.04    <u>Captions</u>.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.05    <u>Controlling Effect</u>.   Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Nevada govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.06    <u>Governance</u>.  The Debtor will maintain its current form of governance and its current managers until such managers are replaced as provided in its existing Operating Agreement.

8.07    <u>Revesting of Assets in the Debtor</u>.  Upon confirmation of the Plan, all property of the estate of the Debtor shall be revested in the Debtor, pursuant to 11 U.S.C. § 1141(c), which shall retain such property as the Reorganized Debtor free and clear of all claims and interests of the creditors, except as set forth in the Plan.

8.08    <u>Disbursing Agent</u>.  The Debtor will serve as disbursing agent and shall make all payments required under the Plan.  The disbursing agent may employ or contract with other entities to assist in or to perform the distribution of the property and shall serve without bond.

8.09    <u>Request for Application of 11 U.S.C. § 1129(b)</u>. The Debtor, as Plan proponent, will request the Court to find that the provisions for dissenting classes provide for fair and equitable treatment of said creditors, and to confirm its Plan notwithstanding the requirements of § 1129(a)(8) as to such classes.

8.10    <u>Post-Confirmation Management of the Debtor</u>.  The Debtor shall be managed post-confirmation by its current manager, David Gaffin.

8.11    <u>Post-Confirmation Litigation</u>. The Debtor anticipates post-confirmation litigation with Tom Gonzales over the enforcement of the terms of the Plan of Reorganization entered in the Desert Land, LLC Chapter 11 case, as amended by the decisions of the Bankruptcy Appellate Panel for the 9th Circuit and the Court of Appeals for the 9th Circuit, and except for collection matters that may occur in the normal course of the Debtor's business, and the determination of certain claims.  The Debtor reserves the right to prosecute any objections to claims.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

8.12   <u>Post-Confirmation Default</u>.  In the event the Debtor becomes delinquent in duty or obligation under the Plan, the affected creditor or creditors may provide written notice of such default to the Debtor and its counsel at the following addresses:

Lenard E. Schwartzer, Esq.  
Schwartzer & McPherson Law Firm  
2850 S. Jones Blvd, Ste. 1  
Las Vegas, NV 89146-5308  

Desert Oasis Apartments, LLC  
10181 Park Run Drive, Ste. 200  
Las Vegas, NV 89145

The Debtor shall thereafter have fifteen (15) business days from receipt of said notice in which to cure the default.  In the event such default remains uncured, the affected creditor or creditors may bring the matter before the Bankruptcy Court.  At any hearing, the Bankruptcy Court may consider the reason for the default and the ability of the Debtor to bring the payment(s) current in a reasonable period of time.  The Bankruptcy Court may also consider conversion of the case to a Chapter 7 of the Code or dismissal if the same is in the best interests of creditors.

8.13   <u>Federal Income Tax Consequences of the Plan</u>. The Plan will have limited tax consequences.  The Debtor, as a limited liability company, has elected to be treated as a partnership for federal income tax purposes and, therefore, does not pay federal income tax.  The Plan does not call for forgiveness of any debt.  Creditors are advised to discuss with their own tax advisor any tax effect to the creditor of such payments.

8.14   <u>Injunction</u>.  From and after the Effective Date, and except as provided in the Plan and the Confirmation Order, all entities that have held, currently hold, or may hold a Claim, are permanently enjoined from taking any of the following actions on account of any such Claims: (i) commencing or continuing in any manner any action or other proceeding against the Debtor, or its Property; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order against the Debtor or the Reorganized Debtor, or their respective property; (iii) creating, perfecting or enforcing any lien or encumbrance against the Debtor or the Reorganized Debtor, or their respective property; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability, or obligation due to the Debtor or the Reorganized Debtor, or their

SCHWARTZER & McPHERSON LAW FIRM  
2850 South Jones Boulevard, Suite 1  
Las Vegas, Nevada 89146-5308  
Tel: (702) 228-7590 ~ Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  respective property; or (v) commencing or continuing any action, in any manner or any place, that
2  does not comply with or is inconsistent with the provisions of the Plan or the Bankruptcy Code.

3      8.15   <u>Exculpation</u>.  From the Petition Date through the Effective Date, the Debtor and its
4  managers, attorneys, agents and employees shall not have any liability to the Debtor or any other
5  claimants or creditors, or other parties in interest in the Bankruptcy Case for any act or omission in
6  connection with or arising out of the Bankruptcy Case, including, without limitation, prosecuting
7  confirmation of the Plan, confirmation of the Plan, and the administration of the estate, the Plan or the
8  property to be distributed under the Plan, except for gross negligence or willful misconduct, and in all
9  respects, such persons will be entitled to rely on the advice of counsel with respect to their duties and
10 responsibilities with respect to the Chapter 11 Case and the Plan.

11     8.16   <u>Post-petition Employment of Counsel</u>.  Following the Effective Date, the Debtor may
12 continue to employ counsel for necessary legal services.  Counsel may be paid from the Debtor
13 without further order of the Court.

14     8.17   <u>Closing Case</u>.  The estate shall be deemed to be fully administered upon the
15 commencing of distributions to the Class 1 creditor and the case may be closed.

### ARTICLE IX

### <u>DISCHARGE</u>

18     <u>Discharge.</u>  The Debtor shall be discharged from any debt that arose before confirmation of the
19 Plan, subject to the occurrence of the effective date.

20                          Respectfully submitted,

21                          Desert Oasis Apartments, LLC
                            By___/s/David Gaffin_____
22                                David Gaffin, Manager
                                  The Plan Proponent
23
   Prepared by:
24
   SCHWARTZER & McPHERSON LAW FIRM
25
   By:_____
26 Lenard E. Schwartzer, Esq.
   *Counsel for the Debtor and Debtor in Possession*
27 *And Plan Proponent*

28

# EXHIBIT "B"

Lenard E. Schwartzer
Nevada Bar No. 0399
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

*Attorneys for Debtor and Debtor in Possession*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| In re: | Case No. BK-S-11-17208-BAM |
| **DESERT OASIS APARTMENTS, LLC,** | Chapter 11 |
| Debtor. | **AMENDMENT TO DESERT OASIS APARTMENTS, LLC'S AMENDED PLAN OF REORGANIZATION** |
|  | Date: December 2, 2011 Time: 9:30 a.m. |

DESERT OASIS APARTMENTS, LLC (the "Debtor" and "Debtor in Possession"),

proposes to amend §6.01(a) of its Amended Plan of Reorganization [Docket No. 89] to provide

that the following lease will be assumed:

The Lease of the laundry rooms to WASH Mutlifamily Laundry Systems,

successor in interest to Web Service Company, Inc. which expires May 11, 2011.

A copy of the Lease is attached hereto as Exhibit "A".

There are no defaults by either party under this lease and therefore no cure amounts.

Dated this 14th day of November, 2011.

SCHWARTZER & MCPHERSON LAW FIRM

By: _____
Lenard E. Schwartzer, Esq.
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
*Attorneys for Debtor and Debtor in Possession*

# EXHIBIT "A"

Sales Rep: KW/mp
Location #: NV 70-00-204
Doc ID: 1-IOHCF

# L E A S E

This LEASE AGREEMENT is entered into this day, MAY 12, 2008, by and between DESERT OASIS APARTMENTS, LLC, A NEVADA LIMITED LIABILTY COMPANY (hereinafter referred to as "Lessor"), and Web Service Company, LLC (hereinafter referred to as "Lessee"). Lessor does hereby lease to Lessee, and Lessee does hereby accept, the exclusive possession of all common laundry room(s) located on the real property and improvements of 128 units, located at 5316 SOUTH DANVILLE LANE, LAS VEGAS, NEVADA 89139, and commonly known as OASIS APARTMENTS, which real property and improvements are herein referred to as the "property." Lessor warrants and represents that only 0 residential units on the property are plumbed with their own washer or dryer connections.

1.   Representation of Owner or Agent.  Lessor does hereby warrant and represent that it is the owner of the property, or the authorized agent thereof, acting with full authority to enter into this Lease, and further, said owner or representative thereof warrants and represents that there is no other lease, license, or other instrument granting the same or similar right in and to the laundry room(s) on the property.

2.   Exclusive Use and Possession of Leased Premises.  Lessor does hereby grant, convey, and transfer to Lessee the exclusive use and possession of all now existing and hereafter created common laundry room(s) on the property, which room(s) is/are described as encompassing approximately 500 square feet, for its use as a laundry room(s) [said room(s) is/are hereinafter referred to as the "Leased Premises"].

3.   Quiet Enjoyment.  Lessee may use, occupy, and possess the Leased Premises, as set forth above, to the exclusion of all others, and enjoy the quiet and peaceful enjoyment thereof.

4.   Term.  The term of this Lease shall be for a period of SEVEN (7) year(s), commencing on MAY 12, 2008.

5.   Rent.  Lessee agrees to pay Lessor as Rent, for the use and possession of the Leased Premises, an amount equal to the greater of $5.00 per month or SIXTY-THREE PERCENT (63%) of the Lessee's gross income from the Leased Premises, less any applicable gross receipts, sales, use, value added, or similar excise taxes.

6.   Equipment.  Lessee shall be permitted to place personal property and equipment in the Leased Premises, and the title to such property shall remain at all times that of the Lessee, and at the conclusion of the term of this Lease, or any extension thereof; Lessee shall be permitted to remove such personal property and equipment remaining on the Leased Premises.

7.   Insurance.  Lessee shall insure against liability for bodily injury and property damage caused by Lessee up to the amount of $10,000,000 per occurrence and annual aggregate. Lessee shall hold Lessor harmless from claims of liability caused by the negligent acts or omissions of Lessee insured by the above policy.

8.   Utilities and Maintenance.  Lessor does hereby agree that it will provide all utility service necessary for proper operation and maintenance of laundry equipment which the Lessee deems fit to place within the Leased Premises; that Lessor shall perform all necessary janitorial and maintenance services for the Leased Premises, including but not limited to, maintaining the Leased Premises in good repair and cleanliness, and the Lessee hereby grants to the Lessor a revocable license to come onto the Leased Premises to perform such services. Lessor warrants that the Leased Premises comply with all federal, state, and local requirements. The Lessee shall not be responsible for property damage or personal injury due to lack of or inadequacy of a floor drain in the Leased Premises.

52-0323  Rev. 10/05/2007                     Page 1 of 2

REC'D JUN 26 2008

(5316 SOUTH DANVILLE LANE, LAS VEGAS, NEVADA 89119)
MAY 12, 2008

9.  **Assignment or Transfer.**  This Lease shall be binding upon the parties hereto, their respective heirs, personal representatives, successors, assigns, or transferees. If any litigation results in connection with this Lease, the successful party shall be entitled to reasonable attorneys' fees.

10.  **Home Office Approval.**  This Lease, and any modification and/or addendum(s) to this Lease, shall require written approval of Lessee's Home Office before becoming effective, and shall immediately become effective upon such approval, with or without notification to Lessor.

11.  **Non-Competition Clause.**  Lessor agrees that during the term of this Lease, Lessor shall not furnish, provide, lease, rent, or in any manner cause to be installed, or enter into any agreement with anyone other than Lessee to furnish, provide, lease, rent, or in any manner cause to be installed any washers and/or dryers in any residential unit ("unit") and/or common laundry facility on the property. Lessor agrees that washer and/or dryer connections shall not be added in any unit. Any breach of this paragraph shall result in Lessee being immediately entitled to damages of $6.67, multiplied by the number of units in which a breach occurred, multiplied by the number of months remaining on this Lease at the time of each breach. Additionally, a breach of any portion of this paragraph by Lessor shall entitle Lessee to terminate this Lease at Lessee's option.

12.  **Validity of Provisions.**  The invalidity or illegality of any provision shall not affect the remainder of this Lease. No delay on the part of any party in exercising any right herein shall be deemed to be a waiver thereof, nor shall any waiver of a right preclude any further exercise thereof.

13.  Lessee to replace the existing laundry equipment with new Whirlpool machines within sixty (60) days after Lessee's Home Office signature approval of this Lease. Initial washer price to be $1.00. Initial dryer price to be $.75.

14.  In the event of an impending sale or demolition of the property, DESERT OASIS APARTMENTS, LLC, A NEVADA LIMITED LIABILTY COMPANY shall have the option to terminate this Lease with at least 30 days prior written notice to Lessee.

Lessee: WEB SERVICE COMPANY, LLC

District Sales Manager

APPROVED:      WEB SERVICE CO., LLC, LESSEE
HOME OFFICE:  3690 REDONDO BEACH AVE.
                       REDONDO BEACH, CA 90278

By:

Its:     Assistant Secretary

Date:  6/17/08

Lessor:  DESERT OASIS APARTMENTS, LLC, A
            NEVADA LIMITED LIABILITY
            COMPANY

By:  JOHN EDWARDS

Its:  MANAGING MEMBER  Property Manager

Date:  May 12, 2008

PAY RENT TO:
Name:    DESERT OASIS APARTMENTS, LLC.
            DBA THE OASIS APTS.
Address: 5316 DANVILLE LN., APT. C
            LAS VEGAS, NV 89119
Tax ID:  33-0324029

52-0323  Rev. 10/05/2007                    Page 2 of 2

# EXHIBIT "C"

LOUIS M. BUBALA III, ESQ.
Nevada Bar No. 8974
ARMSTRONG TEASDALE LLP
50 W. Liberty St., Ste. 950
Reno, NV 89501
Telephone: (775) 322-7400
Facsimile: (775) 322-9049
Email: lbubala@armstrongteasdale.com

Counsel for Tom Gonzales

**ELECTRONICALLY FILED ON December 1, 2011**

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>DESERT OASIS APARTMENTS, LLC,<br><br>    Debtor. | Case No. BK-S-11-17208-BAM<br><br>Chapter 11<br><br>**STIPULATION AS TO TREATMENT OF TOM GONZALES IN DEBTOR'S PLAN OF REORGANIZATION** |

Tom Gonzales ("Mr. Gonzales") and Desert Oasis Apartments, LLC ("Debtor") stipulate as follows:

1.      Mr. Gonzales filed a complaint against Desert Oasis Apartments, LLC, and other defendants, asserting that his right to a $10 million payment (the "Parcel A Transfer Fee") has been triggered and the payment is due. *Gonzales v. Desert Land, LLC*, Case No. A-11-633175-C (8th Jud. Dist. Ct. filed Jan. 13. 2011). Mr. Gonzales' rights and claims are further detailed in the complaint and underlying documentation. The complaint was subsequently removed to U.S. Bankruptcy Court as Adversary Proceeding No. 11-05015-GWZ (Bankr. D. Nev.) and the reference withdrawn to U.S. District Court as Case No. 3:11-cv-00613-RCJ-VPC (D. Nev.).

2.      After Mr. Gonzales filed his complaint, Debtor filed a Chapter 11 bankruptcy petition. *In re Desert Oasis Apartments, LLC*, Case No. BK-S-11-17208 (Bankr. D. Nev., filed May 10, 2011).

3.      Debtor filed an amended plan of reorganization (Ct. Dkt. #97, filed Sept. 2, 2011) (the "Plan"). Debtor classified Mr. Gonzales' claim as the sole claim in Class 3. Debtor described the Class 3 treatment as follows:

Case 11-17208-bam    Doc 2080    Entered 12/30/11 08:02:04    Page 22 of 24

> Class 3 is unimpaired by this Plan. Tom Gonzales will be paid the
> Parcel A Transfer Fee pursuant to the terms of the Desert Land Plan of
> Reorganization. That payment is due when, and only when, there is a
> Parcel A Transfer as defined in that plan. This claim is unsecured.
> This claim is subject to setoffs and counterclaims by the Debtor.

*Id.* at 24.

4.    Debtor moved for confirmation of its Plan (Ct. Dkt. #122, filed Oct. 26, 2011).

Debtor states in its motion:

> The Plan leaves Gonzales legal, equitable and contractual rights
> unaltered which means he is unimpaired. The Plan does not determine
> his legal, equitable, and contractual right to demand, at this time,
> payment of the Parcel A Transfer fee. That will be determined by
> Judge Jones in Case 3:11-cv- 00613-RCJ –VPC. The Plan does not
> determine his legal, equitable, and contractual right to a lien on the
> Property. That is to be determined in the two pending adversary
> proceedings. The Plan does not determine the validity of Desert Oasis
> counterclaim. That will be determined by Judge Jones in Case 3:11-cv-
> 00613-RCJ –VPC.

*Id.* at 15:5-11.

5.    Mr. Gonzales objected to Debtor's Plan (Ct. Dkt. #146, filed Nov. 11, 2011).

6.    In opposition to a motion to stay the confirmation hearing, Debtor responded that:

> At the confirmation hearing, the Debtor will show that Gonzales' lien
> claim is without merit, Gonzales' claim for immediate payment is
> without merit, and that in the unlikely event that Gonzales is entitled to
> payment, the parties responsible for payment have sufficient assets to
> make that payment without the Debtor's property.

(Ct. Dkt. #153 at 3:8-11, filed Nov. 18, 2011).

7.    Mr. Gonzales filed a Proof of Claim on September 7, 2011.

8.    Debtor filed an objection to Mr. Gonzales' Proof of Claim of November 30, 2011.

9.    As a resolution of Debtors' treatment of Mr. Gonzales' rights as part of Debtor's

bankruptcy case, Debtor and Mr. Gonzales have agreed to the following treatment.

10.    All rights of Mr. Gonzales pass through this bankruptcy case unimpaired and

unmodified, and they shall be determined by the U.S. District Court in *Gonzales v. Desert Land, LLC*

*(In re Specialty Trust, Inc.)*, Case No. 3:11-cv-00613-RCJ-VPC (D. Nev.) or any other subsequent

court should the parties seek later judicial determination after the determination of the U.S. District

Court. The U.S. District Court's determinations shall include whether payment of the Parcel A

1 Transfer Fee has been triggered, and whether the Parcel A Transfer Fee is secured and the priority of

2 such secured claim.

3       11.      All rights of Debtor against Mr. Gonzales pass through this bankruptcy case

4 unimpaired and they shall be determined by the U.S. District Court in *Gonzales v. Desert Land, LLC*

5 *(In re Specialty Trust, Inc.)*, Case No. 3:11-cv-00613-RCJ-VPC (D. Nev.) or any other subsequent

6 court should the parties seek later judicial determination after the determination of the U.S. District

7 Court. The U.S. District Court's determinations shall include but not be limited to the claims of the

8 Debtor and its affiliates for slander of title and interference with prospective economic advantage.

9       12.      U.S. District Court Chief Judge Robert C. Jones held a hearing on November 28,

10 2011, and granted the Motion to Dismiss by defendant Wells Fargo Bank, N.A. (in its capacity as

11 stated in the complaint), and the Motion for Summary Judgment by defendants Specialty Trust, Inc.,

12 Specialty Mortgage Corp., and Specialty Strategic Financing Fund, LP. Debtor and Mr. Gonzales

13 agree that Judge Jones held that Mr. Gonzales did not have a senior lien on the Parcel A property

14 owned by the Debtor and its affiliates and, therefore, these defendants had priority over Mr. Gonzales

15 as to the property in which they had as collateral. Debtor and Mr. Gonzales do not agree whether

16 Judge Jones held whether Mr. Gonzales has a interest in the property. The U.S. District Court has

17 not yet entered its written order. A final transcript of the Judge's ruling is not available. Therefore,

18 Mr. Gonzales and Debtor agree that this Stipulation and the findings, holdings or orders in the U.S.

19 Bankruptcy Court shall not alter their rights in the proceeding before U.S. District Court.

20       13.      Mr. Gonzales also continues to assert that the Parcel A Transfer Fee is due, and

21 Debtor continues to assert that the fee is not due. The issue, as noted above, shall be determined in

22 the proceeding before U.S. District Court.

23       14.      Notwithstanding the disagreements between Debtor and Mr. Gonzales to be

24 determined in U.S. District Court, Debtor and Mr. Gonzales stipulate that the Bankruptcy Court shall

25 determine, for purposes of finding the Debtor's Plan to be feasible, that it is more likely than not that

26 (a) Mr. Gonzales has no lien on the Debtor's real property, and (b) the Parcel A Transfer Fee is not,

27 at this time, due to be paid. This stipulation shall have no binding effect on the proceeding in U.S.

28

District Court or any other subsequent court should the parties seek later judicial determination after the determination of the U.S. District Court.  Debtor and Mr. Gonzales still may present any and all evidence, authority and argument on these issues in U.S. District Court without prejudice or regard to this stipulation.

15.    To the extent Debtor objects to Mr. Gonzales' claim, the determination of Mr. Gonzales' claim and Debtor's rights shall be made in the proceeding in U.S. District Court.

16.    Any findings or holdings by the U.S. Bankruptcy Court in this case as it pertains to Mr. Gonzales' rights are not final judgments and are not entitled to be used in the U.S. District Court or any other subsequent court should the parties seek later judicial determination after the determination of the U.S. District Court under the doctrines of issue preclusion, including the doctrines of direct estoppel and collateral estoppel, or the doctrine of claim preclusion, also known as *res judicata*.

17.    Mr. Gonzales and Debtor also are contemporaneously stipulating with CT Investment Management Co., LLC (in its capacity as previously specified in this case) regarding the admissibility of certain documents for the confirmation hearings.  Such stipulation is to admissibility only in this case and shall not bind the parties as to admissibility or substance in the U.S. District Court proceeding or any other subsequent proceeding as identified in Paragraphs 11 to 16.

18.    Mr. Gonzales preserves all arguments regarding the U.S. Bankruptcy Court's power or authority to make decisions regarding his state-law rights under *Stern v. Marshall*, 564 U.S. ___, 131 S. Ct. 2594 (2011).

///

///

///

4

Case 11-17208-bam    Doc 2080    Entered 12/30/11 08:02:04    Page 25 of 24

1        19.       This stipulation shall be incorporated by reference as part of the order confirming

2   Debtor's amended plan of reorganization.

3        20.       Mr. Gonzales withdraws his objection to confirmation of Debtor's Plan.

4   Dated this 1st day of December, 2011      ARMSTRONG TEASDALE LLP

5                                         By:_____/s/Louis M. Bubala III_____

6                                         LOUIS M. BUBALA III, ESQ.

                                        Counsel to Tom Gonzales

7

8   Dated this 1st day of December, 2011      SCHWARTZER & MCPHERSON LAW FIRM

9                                         By:_____/s/ Lenard E. Schwartzer_____

                                        LENARD SCHWARTZER, ESQ.

10                                       Counsel to Desert Oasis Apartments, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28