FENNEMORE CRAIG, P.C.
Cathy L. Reece *(AZ Bar No. 005932)*
Anthony W. Austin (NV Bar No. 010850)
2394 E. Camelback Rd., Ste. 600
Phoenix, AZ 85016-3429
Telephone:  (602) 916-5343
Facsimile:  (602) 916-5543
Email: creece@fclaw.com
       aaustin@fclaw.com

*Attorneys for The Northern Trust Company*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>DESERT OASIS APARTMENTS, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No.:  BK-S-18-12456-GS<br><br>Hearing Date:   OST Requested<br>Hearing Time:   OST Requested |

### THE NORTHERN TRUST COMPANY'S MOTION TO ALLOW VOTE ON CHAPTER 11 TRUSTEE KAVITA GUPTA'S JOINT PLAN OF LIQUIDATION

The Northern Trust Company ("Northern Trust"), the secured lender of Desert Oasis Apartments LLC, hereby submits this motion to authorize it to vote on Chapter 11 Trustee Kavita Gupta's Joint Plan of Liquidation [DE 239] (the "Plan").  As detailed herein, Northern Trust's claim is not disputed and is improperly deemed unimpaired under the Plan.  Accordingly, in an abundance of caution, Northern Trust seeks relief to allow the attached Ballot in Class 1 which was timely delivered to the Trustee.[1]

### I.    The Plan improperly deems Northern Trust's claim unimpaired

Importantly, the Trustee has not and does not object to Northern Trust's claims in this case.  Northern Trust holds a allowed secured claim in this bankruptcy and therefore would otherwise be entitled to vote on the Plan.  However, the Trustee asserts in the Plan that Northern Trust is not impaired and, therefore, deemed to have accept the Plan.  The Trustee in the same breadth acknowledges that Northern Trust's claim is not treated

---

[1] Because Northern Trust is separately classified and is the sole creditor in Class 1, the amount authorized to be voted is immaterial.

pursuant to the terms of its agreement. See [DE 243] fn. 6. Accordingly, Northern Trust's claims are impaired.

Impairment is defined, in relevant part, in Section 1124(1), which provides that "a class of claims or interests is impaired under a plan unless, with respect to each claim or interest of such class, the plan ... leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest." In the Ninth Circuit impairment is defined very broadly and includes "any alteration of the rights ... even if the value of the rights is enhanced." *In re L & J Anaheim Assocs.*, 995 F.2d 940, 942 (9th Cir.1993); *In re Val-Mid Associates, L.L.C.*, 2013 WL 139278, at *2 (Bankr. D. Ariz. 2013). In cases like this one, "claims are presumed to be impaired (and thus generally entitled to vote on the plan) unless one of the conditions in 11 U.S.C. § 1124 are met." *In re Seasons Apartments, Ltd. P'ship*, 215 B.R. 953, 958 (Bankr. W.D. La. 1997).

To escape the obvious alteration of Northern Trust's rights, the Trustee essentially asserts that Section 1124(1) is applicable and blames the Bankruptcy Code and the Court as opposed to the Plan for the impairment. But the Trustee's reliance on *In re PG&E Corporation* misses the mark. 610 B.R. 308, 315 (Banrk. N.D. Cal. 2019). In *PG&E*, the court agreed that the imposition of the Federal Rate of Interest by Section 726(a)(5) for unsecured creditors in a solvent case was not something dictated by the plan. *Id*. However, here, the Plan itself impairs Northern Trust's claims and, therefore, *PG&E* is inapplicable.

The Plan interjects itself into Northern Trust's rights in several ways. First, the Plan requires the approval of an opposing party before repayment of Northern Trust's fees and costs. See Article 4.1.3. No such requirement is found in the loan documents of Northern Trust or the Bankruptcy Code. Second, the Plan caps Northern Trust's fee and cost recovery. See Article 4.1.2. No such limitation is placed on Northern Trust in the loan documents. Third, the Plan effectively strips Northern Trust's liens off the sales proceeds and limits it to the amount of the fee claim reserve. The Plan then provides to make substantial payments to administrative claims and others diminishing the amounts

1  due to creditors. Accordingly, the Plan limits the recovery of Northern Trust on its claims
2  if a "Reversal Event" occurs through payment to the Disbursement Agent of $132,000.00
3  and payment of fees and costs for Trustee and her counsel from the collateral of Northern
4  Trust. See Articles 3.1-4. Finally, the Plan fails to require the Gonzales Trust to look to
5  other collateral and sources of repayment should a Reversal Event occur and instead
6  forces Northern Trust to bear the entirety of payment to the Gonzales Trust. None of
7  these items are mandated by the Bankruptcy Code but rather imposed on Northern Trust
8  for the benefit of the Trustee, her professionals, and the Gonzales Trust.

9  Impairment is broad and despite the Trustee's attempts to avoid the issue, the Plan
10 impairs Northern Trust's rights. Accordingly, Northern Trust is entitled to vote on the
11 Plan.

12 **II.    Northern Trust should be allowed to vote on the Plan**

13 Because the Trustee seeks to disenfranchise Northern Trust from voting on the
14 Plan, Northern Trust, pursuant to Section 502(a) and Rule 3018(a), moves for an order
15 authorizing Northern Trust to vote on the Plan. Unlike other motions to allow claims for
16 voting the issue is not whether Northern Trust holds an allowed claim but whether the
17 Trustee improperly claims Northern Trust is unimpaired.

18 Pursuant to Section 502(a), Northern Trust holds an allowed claim in this
19 bankruptcy. Northern Trust timely filed its proof of claim and no party has objected to the
20 claim. Further, this Court has conclusively determined Northern Trust's allowed claim
21 when it entered its judgment in the Adversary and order requiring the Trustee to pay the
22 sale proceeds to Northern Trust. [DE128]. Accordingly, pursuant to Section 1126(a),
23 Northern Trust is entitled to vote on the Plan. The only issue preventing Northern Trust
24 from exercising its rights to vote on the Plan is the Trustee's hollow attempt to assert
25 Northern Trust is unimpaired.

26 As noted above (and in the contemporaneously filed objection to confirmation), the
27 Trustee, through the Plan, impairs Northern Trust's rights, seeks to pay out Northern
28 Trust's collateral without an order of surcharge, caps its potential recovery, and forces

FENNEMORE CRAIG

- 3 -

18032739.2

Northern Trust to be the effective guarantor of payment on the Gonzales Trust's claim. It cannot be seriously argued that Northern Trust is unimpaired but nevertheless the Trustee makes such a claim. Accordingly, Northern Trust requests the right to vote on the Plan despite the Trustee's claims with respect to the impairment of Northern Trust's claims.

### III.    The Plan improperly combines two estates not jointly administered.

Despite the fact that the Apartments and Investment cases are not jointly administered and share no assets, the Trustee proposes a combined plan premised on joint administration. Such a plan has a decided benefit of utilizing the Gonzales Trust's claims in each case to serve as accepting classes based upon a yet undisclosed settlement. However, given the separate estates there is no basis for such a joint plan.

The Plan as formulated separately classifies the Gonzales Trust's unsecured claim from all other unsecured creditors. There is no justification in the Plan or Disclosure Statement for this classification. If the Trustee is required to utilize two plans and this Court determines that the Gonzales Trust must be classified with other unsecured creditors, Northern Trust's vote takes on crucial importance. *In re Transwest Resort Properties, Inc.*, 881 F.3d 724 (9th Cir. 2018) (impaired accepting class determined on a plan basis, not on a debtor-by-debtor basis) If Northern Trust is allowed to vote its rejection ballot and the Gonzales Trust is classified with other unsecured creditors there would be not impaired accepting class and the Plan could not be confirmed. Accordingly, the issue of Northern Trust's vote is one that will bear directly on confirmation of the Plan.

### IV.    Conclusion

For the reasons set forth herein, the Trustee improperly classifies Northern Trust as an unimpaired creditor. The Trustee's unsupported attempt to claim Northern Trust is unimpaired and thereby disenfranchise a creditor that was likely to object and vote against the Plan is not appropriate or supported. Accordingly, Northern Trust requests the Court allow Northern Trust to vote on the Plan.

| | |
|---|---|
| Dated:   February 25 2021 | **FENNEMORE CRAIG, P.C.**<br><br>By: */s/ Anthony W Austin*<br>     Cathy L. Reece (AZ Bar No. 005932)<br>     Anthony W. Austin  (010850)<br>     *Counsel for The Northern Trust Company* |

COPY of the foregoing served by E-mail/ECF Notice this XXX day of February, 2021 upon:

Lenard E. Schwartzer
Schwartzer & McPherson Law Firm
bkfilings@s-mlaw.com
*Attorneys for Debtor*

Edmund M. McDonald
Edmund Gee
U.S Trustee's Office-LV-11,11
Edward.m.mcdonald@usdoj.gov
Edmund.gee@usdoj.gov

Jamie P. Dreher
Downey Brand LLP
jdreher@downeybrand.com
reno@downeybrand.com
*Attorneys for the Gonzales Trust*

Mark Wray
Law Office of Mark Wray
mwray@markwraylaw.com
tmoore@markwraylaw.com
Fischerlawcal@aol.com
*Attorneys for the Gonzales Trust*

Kevin W. Coleman
Kimberly S. Fineman
Christopher Hart
Nuti Hart, LLP
kcoleman@nutihart.com
kfineman@nutihart.com
chart@nutihart.com
*Attorneys for Kavita Gupta, Trustee*

| | |
|---|---|
| 1 | |
| 2 | Talitha B. Gray Kozlowski<br>GTG, LLP |
| 3 | tgray@gtg.legal |
| 4 | *Attorneys for Kavita Gupta, Trustee* |
| 5 | Jerrold L. Bregman |
| 6 | jbregman@bg.law<br>ecf@bg.law |
| 7 | *Attorneys for Trustee Jeffrey I. Golden* |
| 8 | |
| 9 | <u>*/s/ Gidget Kelsey*</u> |

*/s/ Gidget Kelsey*

FENNEMORE CRAIG

- 6 -

18032739.2

# EXHIBIT A

Kevin W. Coleman (CA SBN 168538)
Admitted *pro hac vice*
Christopher H. Hart (CA SBN 184117)
Admitted *pro hac vice*
NUTI HART LLP
411 30^(TH) Street, Suite 408
Oakland, CA 94609-3311
Telephone: 510-506-7152
Email: kcoleman@nutihart.com
         chart@nutihart.com

Talitha Gray Kozlowski (NV SBN 9040)
GARMAN TURNER GORDON LLP
7251 Amigo Street, Suite 210
Las Vegas, NV 89119
Telephone: 725-777-3000
Email: tgray@gtg.legal

Counsel for Kavita Gupta,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re:<br><br>DESERT OASIS APARTMENTS, LLC,<br><br>Debtor. | Case No.: BK-S-18-12456 GS<br><br>Chapter 11<br><br>Confirmation Hearing:<br>Date: March 11, 2021<br>Time: 1:30 p.m. |
|---|---|

**CLASS 1 BALLOT FOR ACCEPTING OR REJECTING CHAPTER 11 TRUSTEE KAVITA GUPTA'S JOINT PLAN OF LIQUIDATION**

**(The Northern Trust's Claim in Desert Oasis Apartments, LLC)**

Chapter 11 Trustee Kavita Gupta (the "Trustee"), filed *Chapter 11 Trustee Kavita Gupta' Joint Plan of Liquidation* ("Plan") on January 25, 2021. The *Disclosure Statement to Accompany Chapter 11 Trustee Kavita Gupta' Joint Plan of Liquidation* (the "Disclosure Statement") has been conditionally approved, and provides information to assist you in deciding how to vote your ballot.

The Confirmation Hearing is scheduled to commence on March 11, 2021, at 1:30 p.m.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Only the Holder of the Class 1 Claim (The Northern Trust) is Impaired and is entitled to vote with regard to the Class 1 Claim. If you are the Holder of the Class 1 Claim, Chapter 11 Trustee Kavita Gupta encourages you to vote and return this Ballot as instructed.**

1
Ballot (Class 1)

**This Ballot must be completed and executed below by a person authorized to act on behalf of the Holder of the Class 1 Claim. The Ballot may be returned to the Trustee via first class mail, overnight mail, or hand delivery to:**

Nuti Hart LLP
Attn: DOA-DOI Ballots
411 30th Street, Suite 408
Oakland, CA 94609

**Alternatively, you may also return this Ballot via scanning the executed Ballot into pdf format and emailing it to:** admin@nutihart.com

**IF YOUR COMPLETED AND EXECUTED BALLOT IS NOT RECEIVED BY THE TRUSTEE ON OR BEFORE 5:00 P.M. (PACIFIC TIME), ON FEBRUARY 25, 2021, AND SUCH DEADLINE IS NOT EXTENDED, YOUR VOTE WILL NOT COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN.**

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

**ACCEPTANCE OR REJECTION OF THE PLAN**

The undersigned is the holder of a Class 1 Claim against Desert Oasis Apartments, LLC in the amount of:

Five million, three hundred thousand dollars (if disgorged) - $5,300,000.00[1]

**CHECK ONE BOX ONLY:**

[ ]   I VOTE TO ACCEPT THE PLAN          [**X**]    I VOTE TO REJECT THE PLAN

Dated:  February 25, 2021

**Print or Type**

**THE NORTHERN TRUST COMPANY**

By: *Jonathan Ukeiley*

Jonathan Ukeiley, Vice President

2398 E. Camelback Rd., Ste. 1100

Phoenix, AZ 85016

---

[1] Northern Trust is the sole creditor in Class 1 accordingly the amount of the claim is immaterial. However, if the Reversal Event occurs and Northern Trust is forced to disgorge funds it has received then the full amount of its claim in the approximate amount of $5,300,000.00 would be entitled to vote.

2
Ballot (Class 1)

NUTI HART LLP
411 OAKLAND
30TH STREET, SUITE 408
TELEPHONE: 510.506.7152