1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2



200012 15
.00933

Recordation Requested by:
First American Title Company
Ref: # _884 232 363_

After recordation, return to:

Jones Vargas
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, Nevada 89109
Attention: Michael E. Buckley, Esq.

APN#'s _162-18-301-004,017, 011, 007, 008, 012, 026_
_162-18-301-001,162-28 310-001_

### DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FILING

**THIS DOCUMENT IS ALSO A FIXTURE FILING IN ACCORDANCE WITH THE NEVADA UNIFORM COMMERCIAL CODE.**

This DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FILING (this **"Deed of Trust"**) is made as of the 7th day of December, 2000, by DESERT LAND LLC, a Nevada limited liability company and DESERT OASIS APARTMENTS, LLC, a Nevada limited liability company (individually and collectively, **"Trustor"**), whose address is 7475 West Sahara Avenue, Suite 100, Las Vegas, Nevada 89117, to FIRST AMERICAN TITLE COMPANY OF NEVADA (**"Trustee"**), for the benefit of TOM GONZALES, an unmarried man (**"Lender"**), whose address is c/o Allison, MacKenzie, Hartman, Soumbeniotis & Russell, Ltd., P.O. Box 646/402 North Division Street, Carson City, Nevada 89703, Attention: Joan C. Wright, Esq.

### RECITALS

A.    Lender has agreed, subject to the terms and conditions of that certain Loan Agreement dated of even date herewith (the **"Loan Agreement"**), between Trustor, as borrower, and Lender, to make a loan (the **"Loan"**) to Borrowers. The Loan is evidenced by that certain Promissory Note Secured by Deed of Trust of even date herewith executed by Trustor in the original principal amount of Forty One Million Five Hundred Thousand Dollars ($41,500,000) (which note, together with all notes issued in substitution or exchange therefor and all amendments thereto, is hereinafter referred to as the **"Note"**), providing for payments as set forth in the Note, with the balance thereof due and payable on June 12, 2002 (said date, any later date to which the maturity date may be extended in accordance with the Note, or any earlier date on which the entire unpaid principal amount shall be paid or required to be paid in full, whether by prepayment, acceleration or otherwise is hereinafter called the **"Maturity Date"**). The terms and provisions of the Loan Agreement and Note are hereby incorporated by reference in this Deed of Trust.

Long Form Deed of Trust 3 wpd



B        Lender wishes to secure (i) the prompt payment of the Note, together with all interest and other amounts, if any, due in accordance with the terms of the Note, as well as the prompt payment of any additional indebtedness accruing to Lender on account of any future payments, advances or expenditures made by Lender pursuant to the Note, the Loan Agreement, this Deed of Trust or any other agreement, document, or instrument securing the payment of the indebtedness evidenced by the Note (such documents together with any modifications, renewals, extensions or replacements thereof, are hereinafter collectively referred to as the **"Loan Documents"**); (ii) the prompt performance of each and every covenant, condition, and agreement contained in the Loan Documents, and (iii) the payment of any and all other debts, claims, obligations, demands, monies, liabilities and indebtedness of any kind or nature now or hereafter owing, arising, due or payable from Trustor, when the document evidencing the same specifically recites the recording information appearing on this Deed of Trust and that it is intended to be secured hereby. All payment obligations of Trustor (as defined in the Loan Agreement) to Lender are hereinafter sometimes collectively referred to as the **"Indebtedness,"** and all other obligations of Trustor to Lender are hereinafter sometimes collectively referred to as the **"Obligations"**.

NOW, THEREFORE, TO SECURE the repayment of the Indebtedness and the performance of the Obligations  Trustor has executed this Deed of Trust and does hereby irrevocably grant, bargain, sell, transfer, set over, convey and assign, to Trustee, IN TRUST, WITH THE POWER OF SALE, and right of entry and possession, under and subject to the terms and conditions hereof, for the benefit and security of Lender, Trustor's interest in all of the following described property and all proceeds thereof (which property is hereinafter sometimes collectively referred to as the **"Property"**)

A        The real estate described on <u>Exhibit A</u> attached hereto, together with any after acquired title in and to any of the property shown on Exhibit A as having been conveyed to the County of Clark or any other governmental authority (the **"Land"**).

B        All of the following (collectively, the **"Improvements"**): all buildings, improvements and fixtures of every kind or nature situated on the Land, to the extent not owned by tenants of the Property, all machinery, appliances, equipment, furniture and all other personal property of every kind or nature located in or on, or attached to, or used or to be used in connection with the Land, buildings, structures, improvements or fixtures; all building materials and goods procured for use or in connection with the foregoing, and all additions, substitutions and replacements to any of the foregoing,

C        To the extent assignable, all plans, specifications, architectural renderings, drawings, soil test reports, other reports of examination or analysis of the Land or the Improvements;

D        All easements, rights-of-way, water rights, air rights and appurtenances in any way belonging, relating or appertaining to any of the Land or Improvements, or which hereafter shall in any way belong, relate or be appurtenant thereto (**"Appurtenances"**).

E        All agreements affecting the use, enjoyment or occupancy of the Land and/or Improvements now or hereafter entered into (the **"Leases"**) and all rents, prepayments, termination

Long Form Deed of Trust 3 wpd                                    -2-

Description: Clark,NV Document - Year.Date.DocID 2000.1215.933 Page: 2 of 23
Order: 2 Docs Comment:



payments, royalties, profits, issues and revenues from the Land and/or Improvements from time to time accruing under the Leases (the **"Rents"**), reserving to Trustor, however, so long as no "Event of Default" (hereinafter defined) has occurred hereunder, a revocable license to receive and apply the Rents in accordance with the terms and conditions of Section 8 of this Deed of Trust;

F    All claims, demands, judgments, insurance proceeds, tax refunds, tax rebates or credits, rights of action, awards of damages, compensation, and settlements hereafter made resulting from or relating to (i) the taking of the Land or the Improvements or any part thereof under the power of eminent domain, (ii) any damage (whether caused by such taking, by casualty or otherwise) to the Land, Improvements or Appurtenances or any part thereof, or (iii) the ownership or operation of the Property.

G    To the extent assignable, all management contracts, permits, certificates, licenses, approvals, contracts, entitlements and authorizations, however characterized, issued or in any way furnished for the acquisition, construction, development, operation and use of the Land, Improvements and/or Leases, including building permits, environmental certificates, licenses, certificates of operation, warranties and guaranties;

H    All accounts, contract rights, general intangibles, chattel paper, documents, instruments, inventory, goods, equipment and all books and records relating to the foregoing;

I    Any monies on deposit with or for the benefit of Lender, including deposits for the payment of real estate taxes.

J    All proceeds, products, replacements, additions, substitutions, renewals and accessions of and to the Land, Improvements, Appurtenances or any other property of the types described in the preceding granting clauses, and

K    Any and all after-acquired right, title or interest of Trustor in and to any property of the types described in the preceding granting clauses.

TO HAVE AND TO HOLD the Property and all parts thereof, together with the rents, issues, profits and proceeds thereof, unto Trustee, its successors, substitutes and assigns, forever, subject, however, to the terms, covenants, and conditions herein.

Trustor covenants and agrees with Lender as follows:

1.    **Payment of Indebtedness; Performance of Obligations.**

Trustor shall promptly pay when due the Indebtedness and shall promptly perform all Obligations

Long Form Deed of Trust 3 wpd                    -3-

Description: Clark,NV Document - Year.Date.DocID 2000.1215.933 Page: 3 of 23
Order: 2 Docs Comment:



## 2. Taxes and Other Obligations.

Trustor shall pay, when due, and before any interest, collection fees or penalties shall accrue, all taxes, assessments, fines, impositions and other charges and obligations, which may become a lien on or charge against the Property (collectively **"Charges"**). Trustor shall have the right to contest, in good faith by appropriate proceedings, the amount or validity of any such Charges, so long as: (a) Trustor has given prior written notice to Lender of Trustor's intent to so contest or object to any such Charges; (b) such contest stays the enforcement or collection of the Charges or any lien created; and (c) Trustor provides Lender with evidence reasonably satisfactory to Lender that Trustor has adequate reserves to pay such charges in the event of a determination adverse to Trustor

Should Trustor fail to make any of such payments, Lender may, at its option and at the expense of Trustor, pay the amounts due for the account of Trustor. Upon the request of Lender, Trustor shall immediately furnish to Lender all notices of amounts due and receipts evidencing payment. Trustor shall promptly notify Lender of any lien on all or any part of the Property and shall promptly discharge any unpermitted lien or encumbrance.

## 3. Insurance and Condemnation.

(a) Insurance.

(i) Trustor shall keep the Improvements insured, and shall maintain general liability coverage and such other coverages requested by Lender, by carrier(s), in amounts and in form at all times satisfactory to Lender, which carrier(s), amounts and form shall not be changed without the prior written consent of Lender.

(ii) In case of loss or damage by fire or other casualty, Trustor shall give immediate written notice thereof to the insurance carrier(s) and to Lender. Lender is authorized and empowered, and Trustor hereby irrevocably appoints Lender as its attorney-in-fact (such appointment is coupled with an interest), at its option, to make or file proofs of loss or damage and to settle and adjust any claim under insurance policies which insure against such risks, or to direct Trustor, in writing, to agree with the insurance carrier(s) on the amount to be paid in regard to such loss

(iii) Provided no Event of Default then exists and Trustor certifies as to same, the net insurance proceeds (after deduction of Lender's reasonable costs and expenses, if any, in collecting the same) shall be made available for the restoration or repair of the Property if, in Lender's reasonable judgment (a) restoration or repair and the continued operation of the Property is economically feasible, (b) the value of Lender's security is not reduced, (c) the casualty loss is $500,000 or less; (d) the loss does not occur in the six (6) month period preceding the stated Maturity Date and Lender's independent consultant certifies that the restoration of the Property can be completed at least ninety (90) days prior to the Maturity Date; and (e) Trustor deposits with Lender from time-to-time an amount, in cash, which Lender, in its sole discretion, determines is necessary, in addition to the net insurance proceeds to pay in full the cost of the restoration or repair

Long Form Deed of Trust 3.wpd                    -4-

Description: Clark,NV Document - Year.Date.DocID 2000.1215.933 Page: 4 of 23
Order: 2 Docs Comment:



(Trustor's deposit shall be disbursed prior to any disbursement of insurance proceeds held by Lender)  Any excess proceeds remaining after completion of such repair shall be distributed first to Trustor to the extent Trustor has deposited funds with Lender for such repair with the balance applied against the Indebtedness. Notwithstanding the foregoing, it shall be a condition precedent to any disbursement of insurance proceeds held by Lender hereunder that Lender shall have approved (x) all plans and specifications for any proposed repair or restoration, (y) the construction schedule and (z) the architect's and general contractor's contract for all restoration that exceeds $500,000 in the aggregate  Lender may establish other conditions it deems reasonably necessary to assure the work is fully completed in a good and workmanlike manner free of all liens or claims by reason thereof, and in compliance with all applicable laws, rules and regulations.  At Lender's option, the net insurance proceeds shall be disbursed pursuant to a construction escrow acceptable to Lender  If an Event of Default then exists, or any of the conditions set forth in clauses (a) through (f) of this Section 3 (a)(iii) have not been met or satisfied, the net insurance proceeds shall be applied to the Indebtedness in such order and manner as Lender may elect, whether or not due and payable, with any excess paid to Trustor.

(b) Condemnation

(i) Trustor shall within three (3) business days of its receipt of notice thereof, notify Lender of any action or proceeding relating to any condemnation or other taking, whether direct or indirect, of the Property, or part thereof, and Trustor shall, after consultation with and subject to Lender's approval, appear in and prosecute any such action or proceeding.  Upon Trustor's failure to act in accordance with Lender's prior approval, Trustor authorizes Lender, at Lender's option, as attorney-in-fact for Trustor (such appointment as attorney-in-fact is coupled with an interest), to commence, appear in and prosecute, in Lender's or Trustor's name, any action or proceeding relating to any condemnation or other taking of the Property, and to settle or compromise any claim in connection with such condemnation or other taking.  The proceeds of any award, payment or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyances in lieu of condemnation, are hereby assigned to and shall be paid to Lender and in accordance with the provisions of Section 3 (b)(ii) below.  Lender is authorized (but is under no obligation) to collect any such proceeds.

(ii) Lender may, in its sole discretion, elect to (y) apply the net proceeds of any condemnation award (after deduction of Lender's reasonable costs and expenses, if any, in collecting the same) in reduction of the Indebtedness in such order and manner as Lender may elect, whether due or not or (z) make the proceeds available to Trustor for the restoration or repair of the Property. Any implied covenant in this Deed of Trust restricting the right of Lender to make such an election is waived by Trustor. In addition, Trustor hereby waives the provisions of any law prohibiting Lender from making such an election.  If the net proceeds of the condemnation award are made available to Trustor for restoration or repair, the net proceeds of the condemnation award shall be disbursed upon satisfaction of and in accordance with the terms and conditions set forth in Section 3 (a) (iii) above

Long Form Deed of Trust 3 wcc

-5-

Description: Clark,NV Document - Year.Date.DocID 2000.1215.933 Page: 5 of 23
Order: 2 Docs Comment:

2000 12 15
.00933

### 4.   Preservation and Maintenance of Property

Trustor shall  (a) not commit waste or permit impairment or deterioration of the Property; (b) not abandon the Property, (c) keep the Property in good repair (consistent with its condition on the date hereof) and restore or repair promptly, in a good and workmanlike manner, all or any part of the Property to the equivalent of its original condition, or such other condition as Lender may approve in writing, upon any damage or loss thereto; (d) comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property; (e) provide for management of the Property by a property manager reasonably satisfactory to Lender pursuant to a contract in form and substance reasonably satisfactory to Lender; and (f) give notice in writing to Lender of and, unless otherwise directed in writing by Lender, appear in and defend any action or proceeding purporting to affect the Property, the security granted by the Loan Documents or the rights or powers of Lender.  Neither Trustor nor any tenant or other person shall remove, demolish or alter any improvement on the Land except when incident to the replacement of fixtures, equipment, machinery and appliances with items of like kind.

### 5.   Protection of Lender's Security.

If (a) Trustor fails to pay the Indebtedness or to perform the Obligations, (b) any action or proceeding is commenced which affects or could affect the Property or Lender's interest therein, including any loss, damage, cost, expense or liability incurred by Lender with respect to (i) any environmental matters relating to the Property or (ii) the preparation of the commencement or defense of any action or proceeding or any threatened action or proceeding affecting the Loan Documents or the Property, then Lender, at Lender's option, may make such appearances, disburse such sums and take such action as Lender deems necessary, in its sole discretion, to protect the Property or Lender's interest therein, including entry upon the Property to take such actions Lender determines appropriate to preserve, protect or restore the Property.  Any amounts disbursed by Lender pursuant to this Section 5 (including reasonable attorneys' fees, costs and expenses), together with interest thereon at the **"Default Rate"** (as defined in the Note) from the date of disbursement, shall become additional Indebtedness of Trustor secured by the lien of this Deed of Trust and the other Loan Documents and shall be due and payable on demand.  Nothing contained in this Section 5 shall require Lender to incur any expense or take any action hereunder.

### 6.   Environmental Matters.

(a)  No Hazardous Materials on Property.  Trustor represents and warrants to the best of its knowledge after all appropriate inquiry, and covenants that, except as disclosed in any environmental assessment delivered to Lender (**"Report"**), there are no, nor will there be, for so long as any of Trustor's Indebtedness remains outstanding, any Hazardous Materials (as defined below) generated, released, stored, buried or deposited over, beneath, in or upon the Property or on or beneath the surface of adjacent property, except as such Hazardous Materials may be used, stored or transported in connection with the permitted uses of the Property and then only to the extent permitted by law after obtaining all necessary permits and licenses therefor. **"Hazardous Materials"** shall mean and include any pollutants, flammables, explosives, petroleum (including crude oil) or any fraction thereof, radioactive materials, hazardous wastes, dangerous or toxic substances or related

Description: Clark,NV Document - Year.Date.DocID 2000.1215.933 Page: 6 of 23
Order: 2 Docs Comment:

2000 12 15
.00933

materials, including, substances defined as or included in the definition of toxic or hazardous substances, wastes, or materials under any federal, state or local laws, ordinances, regulations or guidances which relate to pollution, the environment or the protection of public health and safety, or limiting, prohibiting or otherwise regulating the presence, sale, recycling, generation, manufacture, use, transportation, disposal, release, storage, treatment of, or response or exposure to, toxic or hazardous substances, wastes or materials. Such laws, ordinances and regulations are hereinafter collectively referred to as the **"Hazardous Materials Laws."**

(b)  Compliance with Laws    Trustor shall, and Trustor shall cause all employees, agents, tenants, contractors and subcontractors of Trustor and any other persons from time to time present on or occupying the Property to, keep and maintain the Property in compliance with, and not cause or knowingly permit the Property to be in violation of, any applicable Hazardous Materials Laws. Neither Trustor nor any employees, agents, tenants, contractors or subcontractors of Trustor or any other persons occupying or present on the Property shall use, generate, manufacture, store or dispose of on, under or about the Property or transport to or from the Property any Hazardous Materials, except as such Hazardous Materials as may be used, stored or transported in connection with the permitted uses of the Property and then only to the extent permitted by law after obtaining all necessary permits and licenses therefor.

(c)  Hazardous Materials Claims.    Trustor shall immediately advise Lender in writing of:  (i) any notices received by Trustor (whether such notices are from the Environmental Protection Agency, or any other federal, state or local governmental agency or regional office thereof) of the violation or potential violation of any applicable Hazardous Materials Laws occurring on or about the Property; (ii) any and all enforcement, cleanup, removal or other governmental or regulatory actions instituted, completed or threatened pursuant to any Hazardous Materials Laws; (iii) all claims made or threatened by any third party against Trustor or the Property relating to damage, contribution, cost recovery compensation, loss or injury resulting from any Hazardous Materials (the matters set forth in clauses (i), (ii) and (iii) above are hereinafter referred to as **"Hazardous Materials Claims"**); and (iv) Trustor's discovery of any occurrence or condition on any real property adjoining or in the vicinity of the Property that could cause the Property or any part thereof to be subject to any Hazardous Materials Claims. Lender shall have the right but not the obligation to join and participate in, as a party if it so elects, any legal proceedings or actions initiated in connection with any Hazardous Materials Claims and Trustor shall pay to Lender, upon demand, all attorneys' and consultants' fees incurred by Lender in connection therewith.

(d)  Indemnity    Trustor shall be solely responsible for, and shall indemnify, defend and hold harmless Lender, its directors, officers, employees, agents, successors and assigns from and against, any claim, demand, lawsuit, loss, damage, cost, expense or liability directly or indirectly arising out of or attributable to the use, generation, storage, release, threatened release, discharge, disposal or presence of Hazardous Materials on, under or about the Property (whether occurring prior to or during the term of the Loan or otherwise and regardless of by whom caused, whether by Trustor or any predecessor in title or any owner of land adjacent to the Property or any other third party, or any employee, agent, tenant, contractor or subcontractor of Trustor or any predecessor in title or any such adjacent land owner or any third person) including, without limitation: (i) claims of third parties (including governmental agencies) for injury or death to any person or for damage or

Long Form Deed of Trust.wpd                                    -7-



destruction of any property, (ii) claims for response costs, clean-up costs, costs and expenses of removal and restoration, including fees of attorneys and experts, and costs of determining the existence of Hazardous Materials and reporting same to any governmental agency; (iii) any and all other claims for expenses or obligations, including attorneys' fees, costs, and other expenses; (iv) any and all penalties threatened, sought or imposed on account of a violation of any Hazardous Materials Laws, (v) all fees of any consultants, attorneys and engineering firms retained in connection with monitoring the obligations of Trustor under this Deed of Trust; and (vi) any loss occasioned by diminution in the value of the Property which results from any of the foregoing.

(e) <u>Other Hazardous Materials Laws</u>. Trustor hereby represents, warrants and certifies to the best of its knowledge, based on due inquiry, that except as disclosed in the Report, there are no underground storage tanks located on, under or about the Property that are subject to the notification requirements under Section 9002 of the Solid Waste Disposal Act, as now or hereafter amended (42 U.S.C. § 6991)

(f) <u>Removal of Hazardous Materials</u>. Trustor, at its sole cost and expense, shall, with due care, in a safe manner and in accordance with all applicable laws, detain the spread of, ameliorate and remove from the Property any Hazardous Materials contamination located on or beneath the Property and monitor or cause to be monitored the levels of Hazardous Materials on, under or about the Property or in the ground water in accordance with the terms and procedures required by any federal, state or local governmental agency having jurisdiction including, without limitation, any Regional Water Quality Control Board and the Environmental Protection Agency.

7. **Actions**

Trustor shall warrant title and appear in and defend any claim or any action or other proceeding purporting to affect title or other interests relating to any part of the Property, the security of this Deed of Trust or the rights of Lender, and give Lender prompt written notice of any such claim, action or proceeding Lender may, at the expense of Trustor, appear in and defend any such claim, action or proceeding and any claim, action or other proceeding asserted or brought against Lender in connection with or relating to any part of the Property or this Deed of Trust.

8. **Leases; Assignment of Rents.**

All Leases shall be on the form of lease previously approved by Lender. Trustor shall not be authorized to enter into any ground lease of the Property without Lender's prior written approval

Trustor shall comply with and observe Trustor's obligations as landlord under all Leases. Trustor, at Lender's request, shall furnish Lender with executed copies of all Leases.

Trustor absolutely and unconditionally assigns and transfers to Lender, all of Trustor's right, title and interest in and to the Rents, provided, however, so long as there shall not have occurred an Event of Default. Trustor shall have the right to collect all Rents, and shall hold the same, in trust, to be applied first to the payment of all impositions, levies, taxes, assessments and

Long Form Deed of Trust 3 wpd                                    -8-

Description: Clark,NV Document - Year.Date.DocID 2000.1215.933 Page: 8 of 23
Order: 2 Docs Comment:



other charges upon the Property, second to maintenance of insurance policies upon the Property required hereby, third to the expenses of Property operations, including maintenance and repairs required hereby, fourth to the payment of that portion of the Indebtedness then due and payable, and fifth, the balance, if any, to or as directed by Trustor. If an Event of Default has occurred, Trustor's right to collect and secure the Rents shall cease and Lender shall have the sole right, with or without taking possession of the Property to collect all Rents.

9. **Trustor and Lien Not Released.**

Without affecting the liability of Trustor or any other person liable for the payment of the Indebtedness, and without affecting the lien or charge of this Deed of Trust as security for the payment of the Indebtedness, Lender may from time to time and without notice to any junior lien holder or holder of any right or other interest in and to the Property: (a) release any person so liable; (b) waive or modify and provision of this Deed of Trust or the other Loan Documents or grant other indulgences, (c) release all or any part of the Property; (d) take additional security for any obligation herein mentioned. (e) subordinate the lien or charge of this Deed of Trust; (f) consent to the granting of any easement, or (g) consent to any map or plan of the Property.

10. **Nevada Uniform Commercial Code Security Agreement.**

(a) This Deed of Trust shall constitute a security agreement pursuant to the Nevada Uniform Commercial Code (the "**Code**") for any portion of the Property which, under applicable law, may be subject to a security interest pursuant to the Code (such portion of the Property is hereinafter called the "**Personal Property**"), and Trustor hereby grants to Lender a security interest in the Personal Property. Any reproduction of this Deed of Trust or of any other security agreement or financing statement shall be sufficient as a financing statement. In addition, Trustor agrees to execute and deliver to Lender any financing statements, as well as extensions, renewals and amendments thereof, and reproductions of this Deed of Trust in such form as Lender may require to perfect a security interest with respect to the Personal Property. Trustor hereby authorizes and empowers Lender and irrevocably appoints Lender its agent and attorney-in-fact to execute and file, on Trustor's behalf, all financing statements and refilings and continuations thereof as Lender deems necessary or advisable to create, preserve and protect such lien. Trustor shall pay all costs of filing such financing statements and any extensions, renewals, amendments and releases thereof, and shall pay all reasonable costs and expenses of any record searches for financing statements as Lender may reasonably require. Without limitation of the foregoing, if an Event of Default occurs, Lender shall be entitled immediately to exercise all remedies available to it under the Code.

(b) Any party to any contract subject to the security interest granted herein shall be entitled to rely on the rights of Lender without the necessity of any further notice or action by Trustor. Lender shall not by reason of this Deed of Trust or the exercise of any right granted hereby be obligated to perform any obligation of Trustor with respect to any portion of the Personal Property nor shall Lender be responsible for any act committed by Trustor, or any breach or failure to perform by Trustor with respect to any portion of the Personal Property.

Long Form Deed of Trust 3 wpd                               -9-

Description: Clark,NV Document - Year.Date.DocID 2000.1215.933 Page: 9 of 23
Order: 2 Docs Comment:

200012 '5
.00933

(c) Trustor shall not, without the prior written consent of Lender, sell, assign, transfer, remove or permit to be removed from the Property any of the Personal Property. So long as no Event of Default exists, Trustor may sell or otherwise dispose of the Personal Property when obsolete, worn out, inadequate, unserviceable or unnecessary for use in the operation of the Property, but only upon replacing the same with other Personal Property at least equal in value and utility to the disposed Personal Property. Any replacement or substituted Personal Property shall be subject to the security interest granted herein.

(d) To the extent permitted by law, Trustor and Lender agree that with respect to all items of Personal Property which are or will become fixtures on the Land, this Deed of Trust, upon recording or registration in the real estate records of the proper office, shall constitute a "fixture filing" within the meaning of the Code. Trustor is the record owner of the Land.

## 11. Transfers of the Property or Beneficial Interest in Trustor; Assumption.

Trustor shall not (a) create any new ownership interest in Trustor, or (b) except as permitted by the Loan Agreement, transfer (i) all or any part of the Property, or any interest therein, or (ii) any ownership interest in Trustor (including any interest in the profits, losses or cash distributions in any way relating to the Property or Trustor) without Beneficiary's prior written consent. Intestate transfers or transfers by devise shall not constitute a transfer for the purposes of the foregoing provisions.

## 12. Events of Default; Acceleration of Indebtedness.

The occurrence of any Event of Default (as hereinafter defined) shall be a default hereunder. Upon the occurrence of an Event of Default, Beneficiary may declare the entire principal balance of the Note then outstanding (if not then due and payable) and all other obligations of Trustor hereunder to be due and payable immediately. Subject to any applicable provisions of law, upon any such declaration, the principal of the Note, accrued and unpaid interest, and all other amounts to be paid under the Note or secured hereby shall become and be immediately due and payable, anything in this Deed of Trust to the contrary notwithstanding. The occurrence of any one or more of the following, whatever the reason therefor, shall constitute an "Event of Default" hereunder:

a       The occurrence of an "Event of Default" as that term is defined in the Note or in the Loan Agreement.

b       Trustor shall fail to pay, upon demand by Beneficiary, any amount due pursuant to this Deed of Trust; or

c       Trustor shall fail to perform or observe any term, covenant or agreement contained in this Deed of Trust on its part to be performed or observed, other than the failure to make a payment covered by subsection (a), and such failure shall continue uncured as of thirty (30) calendar days after Beneficiary gives written notice of such failure to Trustor; provided, however, that if Trustor has commenced to cure the default within said 30-day period and is diligently pursuing such cure, but the default is of such a nature that it cannot be cured within 30 days, then the cure

Long Form Deed of Trust 3.wpd                    -10-

Description: Clark,NV Document - Year.Date.DocID 2000.1215.933 Page: 10 of 23
Order: 2 Docs Comment:

200012 15
C0933

period shall be extended for the number of days necessary to complete the cure, but in no event shall the total cure period be longer than 60 days (the cure period set forth in this subsection (c) shall not apply to any other Event of Default); or

       d.     In the event the Property or any part thereof or any interest therein, shall be sold, assigned, transferred, conveyed, pledged, mortgaged or further encumbered or otherwise alienated by Trustor, whether voluntarily or involuntarily or by operation of law, without beneficiaries prior written consent which may be given or withheld in its sole discretion; or

       e.     If this Deed of Trust, at any time after its execution and delivery and for any reason other than the agreement of Beneficiary or the satisfaction in full of all indebtedness and obligations of Trustor to Beneficiary, ceases to be in full force and effect or is declared to be null and void by a court of competent jurisdiction; or Trustor or any trustee, officer, director, shareholder, manager, member or partner of any entity comprising Trustor claims that this Deed of Trust is ineffective or unenforceable, in whole or in part, or denies any or further liability or obligation under any it, unless all indebtedness and obligations of Trustor thereunder have been fully paid and performed, or

       f     Any governmental agency condemns, seizes, or appropriates all or a substantial portion of the Property, or

       g.     The lien or security interest created by this Deed of Trust, at any time after the execution and delivery hereof and for any reason other than the agreement of Beneficiary or the satisfaction in full of all indebtedness and obligations of Trustor to Beneficiary, ceases or fails to constitute a valid, perfected and subsisting lien and security interest of the priority required by the Loan Agreement in and to the Property, subject only to the exceptions contained in Beneficiary's title insurance policy insuring the lien of this Deed of Trust; or

       h.     Trustor shall be in default of the terms or provisions of any lien, security interest or other encumbrance having priority over the lien and security interest of this Deed of Trust.

All notices and cure periods described herein shall not be applicable to any event which with the giving of notice, the passage of time or both would constitute an Event of Default, if such event has occurred as of the date on which Lender commences a nonjudicial foreclosure proceeding with respect to another Event or Events of Default. Such event shall constitute an independent Event of Default hereunder

     Upon the occurrence of an Event of Default at the option of Lender, the Indebtedness shall become immediately due and payable without notice to Trustor and Lender shall be entitled to all of the rights and remedies provided in the Loan Documents or at law or in equity. Each remedy provided in the Loan Documents is distinct and cumulative to all other rights or remedies under the Loan Documents or afforded by law or equity, and may be exercised concurrently, independently, or successively, in any order whatsoever.

Description: Clark,NV Document - Year.Date.DocID 2000.1215.933 Page: 11 of 23
Order: 2 Docs Comment:

2CQC12 15
C0933

## 13. Entry; Foreclosure.

(a)   Surrender Possession   Upon the occurrence of an Event of Default, Trustor, upon demand of Lender, shall forthwith surrender to Lender the actual possession of the Property, or to the extent permitted by law, Trustee or Lender, or their officers or agents or a receiver appointed by a court of competent jurisdiction, may enter and take possession of all or any part of the Property, and may exclude Trustor and its agents and employees wholly therefrom, and may have joint access with Trustor to the books, papers and accounts of Trustor. If Trustor shall for any reason fail to surrender or deliver the Property or any part thereof after such demand by Lender, Lender, Trustee or such receiver may obtain a judgment or decree conferring on Lender or Trustee or such receiver the right to immediate possession of the Property or requiring the delivery of the Property to Lender, Trustee or such receiver, and Trustor specifically consents to the entry of such judgment or decree. Upon every such entering upon or taking of possession, Lender may hold, store, use, operate, manage and control the Property and conduct the business thereof, and Lender or such receiver may take any action required by applicable law or which Lender or such receiver believes necessary to enforce compliance with the environmental provisions contained herein or in the other Loan Documents, and negotiate with governmental authorities with respect to the Property's environmental compliance and remedial measures in connection therewith. Lender and such receiver and their representatives shall have no liability for any loss, damage, injury, cost or expense resulting from any action or omission which was taken or omitted in good faith.

(b)   Pursue Remedies   When the Indebtedness or any part thereof shall become due, whether by acceleration or otherwise, Lender may, either with or without entry or taking possession as herein provided or otherwise, proceed by suit or suits at law or in equity or by any other appropriate proceeding or remedy to: (a) enforce payment of the Note or the performance of any term, covenant, condition or agreement of Trustor under any of the Loan Documents; (b) foreclose the lien hereof for the Indebtedness or part thereof by power of sale, commencement of action or otherwise, as more particularly described in Section 13(c) below or otherwise and sell the Property as an entirety or otherwise, as Lender may determine; and/or (c) pursue any other right or remedy available to it under or by the law and decisions of the State in which the Land is located. Notwithstanding any statute or rule of law to the contrary, the failure to join any tenant or tenants of the Property as party defendant or defendants in any foreclosure action or the failure of any such order or judgment to foreclose their rights shall not be asserted by Trustor as a defense in any civil action instituted to collect (a) the Indebtedness, or any part thereof or (b) any deficiency remaining unpaid after foreclosure and sale of the Property.

(c)   Trustee's Sale   Should Lender elect to foreclose by exercise of the power of sale contained herein, Lender shall notify Trustee and shall, if required, deposit with Trustee the Note, the original or a certified copy of this Deed of Trust, and such other documents, receipts and evidences of expenditures made and secured hereby as Trustee may require

(i) Upon receipt of such notice from Lender, Trustee shall cause to be recorded and delivered to Trustor such notice of default as may then be required by law and by this Deed of Trust. Trustee shall, without demand on Trustor, after lapse of such time as may then be required by law and after recordation of such notice of default and after notice of sale has been given as

Description: Clark,NV Document - Year.Date.DocID 2000.1215.933 Page: 12 of 23
Order: 2 Docs Comment:

required by law, sell the Property at the time and place of sale fixed by it in said notice of sale, either as a whole or in separate lots or parcels or items as Trustee shall deem expedient, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United State payable at the time of sale   Trustee shall deliver to the purchaser or purchasers at such sale its good and sufficient deed or deeds conveying the property so sold, but without any covenant or warranty, express or implied   The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof   Any person, including, without limitation, Trustor, Trustee or Lender, may purchase at such sale, and Trustor hereby covenants to warrant and defend the title of such purchaser or purchasers

(ii) Trustee may postpone the sale of all or any portion of the Property from time to time in accordance with the laws of the State in which the Land is located.

(iii) To the fullest extent allowed by law, Trustor hereby expressly waives any right which it may have to direct the order in which any of the Property shall be sold in the event of any sale or sales pursuant to this Deed of Trust

(d)    Mixed Collateral   Upon the occurrence of an Event of Default under this Deed of Trust, Lender, pursuant to the appropriate provisions of the Code, shall have an option to proceed with respect to both the real property portion of the Property and the Personal Property in accordance with its rights, powers and remedies with respect to such real property, in which event the default provisions of the Code shall not apply   Such option shall be revocable by Lender as to all or any portion of the Personal Property at any time prior to the sale of the remainder of the Property.  In such event Lender shall designate Trustee to conduct the sale of the Personal Property in combination with the sale of the remainder of the Property.  Should Lender elect to sell the Personal Property or any part thereof which is real property or which Lender has elected to treat as real property or which may be sold together with the real property as provided above, Lender or Trustee shall give such notice of default and election to sell as may then be required by law.  The parties agree that if Lender shall elect to proceed with respect to any portion of the Personal Property separately from such real property, five (5) days' notice of the sale of the Personal Property shall be reasonable notice. The reasonable expenses of retaking, holding, preparing for sale, selling and the like incurred by Lender shall include, but not be limited to, reasonable attorneys' fees, costs and expenses, and other expenses incurred by Lender.

(e)    Rescission of Notice of Sale   Lender may from time to time rescind any notice of default or notice of sale before any Trustee's sale as provided above in accordance with the laws of the of the State in which the Land is located   The exercise by Lender of such right of rescission shall not constitute a waiver of any breach or default then existing or subsequently occurring, or impair the right of Lender to execute and deliver to Trustee, as above provided, other declarations or notices of default to satisfy the obligations of this Deed of Trust, or otherwise affect any provision, covenant or condition of any Loan Document or any of the rights, obligations or remedies of Trustee or Lender hereunder or thereunder

(f)    Rights and Remedies Cumulative   Trustee and Lender shall have all powers, rights and remedies under applicable law whether or not specifically or generally granted or described in this

-13-

Description: Clark,NV Document - Year.Date.DocID 2000.1215.933 Page: 13 of 23
Order: 2 Docs Comment:



Deed of Trust   Nothing contained herein shall be construed to impair or to restrict such powers, rights and remedies or to preclude any procedures or process otherwise available to trustees or beneficiaries under deeds of trust in the State in which the Land is located. Trustee and Lender, and each of them, shall be entitled to enforce the payment and performance of the Indebtedness or the Obligations and to exercise all rights and powers under this Deed of Trust or under any other Loan Document or other agreement of any laws now or hereafter in force, notwithstanding the fact that some or all of the Indebtedness and the Obligations may now or hereafter be otherwise secured, whether by Deed of Trust, mortgage, pledge, lien, assignment or otherwise. Neither the acceptance of this Deed of Trust nor its enforcement, whether by court action or pursuant to the power of sale or other powers contained herein, shall prejudice or in any manner affect Trustee's or Lender's right to realize upon or enforce any other rights or security now or hereafter held by Trustee or Lender. Trustee and Lender, and each of them, shall be entitled to enforce this Deed of Trust and any other rights or security now or hereafter held by Lender or Trustee in such order and manner as they or either of them may in their absolute discretion determine.  No remedy herein conferred upon or reserved to Trustee or Lender is intended to be exclusive of any other remedy contained herein or by law provided or permitted, but each shall to the extent permitted by law be cumulative and in addition to every other remedy given hereunder or now or hereafter existing at law or in equity. Every power or remedy given by any of the Loan Documents to Trustee or Lender, or to which either of them may be otherwise entitled, may be exercised, concurrently or independently, from time to time and as often as may be deemed expedient by Trustee or Lender, and either of them may pursue inconsistent remedies  By exercising or by failing to exercise any right, option or election hereunder, Lender shall not be deemed to have waived any provision hereof or to have released Trustor from any of the obligations secured hereby unless such waiver or release is in writing and signed by Lender.  The waiver by Lender of Trustor's failure to perform or observe any term, covenant or condition referred to or contained herein to be perform or observed by Trustor shall not be deemed to be a waiver of such term, covenant or condition or of any subsequent failure of Trustor to perform or observe the same or any other such term, covenant or condition referred to or contained herein, and no custom or practice which may develop between Trustor and Lender during the term hereof shall be deemed a waiver of or in any way affect the right of Lender to insist upon the performance by Trustor of the obligations secured hereby in strict accordance with the terms hereof or of any other Loan Document

### 14. **Expenditures and Expenses.**

In any action to foreclose the lien hereof or otherwise enforce Lender's rights and remedies hereunder, there shall be allowed and included as additional Indebtedness all expenditures and expenses which may be paid or incurred by or on behalf of Lender including repair costs, payments to remove or protect against liens, attorneys' fees, costs and expenses, receivers' fees, costs and expenses, appraisers' fees, engineers' fees, accountants' fees; outlays for documentary and expert evidence, stenographers' charges, stamp taxes, publication costs, and costs (which may be estimates as to items to be expended after entry of an order or judgment) for procuring all such abstracts of title, title searches and examination, title insurance policies, and similar data and assurances with respect to title as Lender may deem reasonably necessary either to prosecute any action or to evidence to bidders at any sale which may be had pursuant to an order or judgment the true condition of the title to, or the value of, the Property.  All expenditures and expenses of the

Long Form Deed of Trust 3 doc                                    -14-

Description: Clark,NV Document - Year.Date.DocID 2000.1215.933 Page: 14 of 23
Order: 2 Docs Comment:



nature mentioned in this Section 14 and such costs, expenses and fees as may be incurred or as may be owing by Lender in the protection of the Property and the maintenance of the lien of this Deed of Trust, including the reasonable fees, costs and expenses of any attorneys employed by Lender in any litigation or proceeding affecting this Deed of Trust, the Note, the other Loan Documents or the Property, including probate, appellate and bankruptcy proceedings, or in preparations for the commencement or defense of any action or proceeding or threatened action or proceeding shall be immediately due and payable to Lender, with interest thereon at the Default Rate, and shall be secured by this Deed of Trust. In addition to the foregoing award of attorney's fees and costs, Lender shall be entitled to its attorneys' fees and costs incurred in any post-judgment proceedings to collect or enforce any judgment or order relating to this Deed of Trust, the Note secured hereby or the other Loan Documents. This provision is separate and several and shall survive the merger of this provision into any judgment.

### 15. Application of Proceeds of Foreclosure Sale.

After deducting all costs, fees and expenses of Trustee and of this Deed of Trust, including, without limitation, costs of evidence of title and actual and customary attorneys' fees of Trustee and Lender in connection with a sale as provided in Section 13(c)(i) above the, proceeds of any foreclosure sale of the Property shall be distributed and applied in the order of priority set forth in the Note with the remainder, if any, to be distributed to the person or persons legally entitled thereto.

### 16. Appointment of Receiver.

If an Event of Default is continuing or if Lender shall have accelerated the Indebtedness, Lender, upon application to a court of competent jurisdiction, whether in conjunction with Lender's commencement of judicial proceedings to foreclose the lien hereof, or pursuant to other proceedings, shall be entitled as a matter of strict right, without notice, and without regard to the occupancy or value of the Property or any other security for the Indebtedness or the insolvency of any party bound for its payment, to the appointment, of a receiver to take possession of and to operate the Property or any portion thereof, and to collect and apply the Rents, and Trustor hereby irrevocably consents to such appointment and waives notice of any application therefor. In addition, Lender shall have the right to appoint a receiver to the fullest extent permitted by applicable law. The receiver shall have all of the rights and powers to the fullest extent permitted by law. The receiver shall have the right to apply Rents to cleanup, remediation or other response action concerning the release or threatened release of Hazardous Materials, whether or not such actions are pursuant to an order of any federal, state or local governmental agency.

### 17. Future Advances.

This Deed of Trust is given to secure not only the existing Indebtedness, but also future advances (whether such advances are obligatory or are made at the option of Lender, or otherwise) made by Lender under the Note or this Deed of Trust, to the same extent as if such future advances were made on the date of the execution of this Deed of Trust. The total amount of indebtedness that

Long Form Deed of Trust 3 wpd                              -15-

Description: Clark,NV Document - Year.Date.DocID 2000.1215.933 Page: 15 of 23
Order: 2 Docs Comment:



may be so secured may decrease or increase from time to time, but all Indebtedness secured hereby shall in no event exceed five (5) times the aggregate face amount of the Note.

It is the intention of Trustor and Lender that this Deed of Trust is an "instrument" (as defined in Section 106 330 of the Nevada Revised Statutes ("NRS"), as amended and recodified from time to time) which secures "future advances" (as defined in NRS Section 106.320) and which is governed pursuant to NRS Section 106.300 through 106.400. It is the intention of the parties that the Indebtedness include that obligation of the Trustor to repay future advances of "principal" (as defined in NRS Section 106.345) in an amount up to the amount set forth above, and that the lien of this Deed of Trust secures the obligation of Trustor to repay all such future advances with the priority set forth in NRS Section 106.370(1).

### 18. Trustee Provisions.

(a)    From time to time upon written request of Lender and presentation of this Deed of Trust for endorsement and without affecting the personal liability of any person for payment of the Indebtedness or performance of the Obligations, Trustee may, without liability therefor and without notice reconvey all or any part of the Property; consent to the making of any map or plat thereof; join in granting any easement thereon; join in any declaration of covenants and restrictions; or join in any extension agreement or any agreement subordinating the lien or charge hereof. Trustee or Lender may from time to time apply in any court of competent jurisdiction for aid and direction in the execution of the trusts hereunder and the enforcement of the rights and remedies available hereunder, and Trustee or Lender may obtain orders or decrees directing or confirming or approving acts in the execution of such trusts and the enforcement of such remedies. Trustee has no obligation to notify any party of any pending sale or any action or proceeding unless held or commenced and maintained by Trustee under this Deed of Trust. Trustor shall pay to Trustee reasonable compensation and reimbursement for services and expenses in the enforcement of the trusts created hereunder, including reasonable attorney's fees. Trustor shall indemnify Trustee and Lender against all losses, claims, demands and liabilities which either may incur, suffer or sustain in the execution of the trusts created hereunder or in the performance of any act required or permitted hereunder or by law.

(b) From time to time, by a writing signed by Lender, Lender may appoint another trustee to act in the place and stead of Trustee or any successor, with the same effect as if originally named Trustee herein

### 19. Waiver of Homestead and Redemption.

Trustor hereby waives all right of homestead exemption in the Property. Trustor hereby waives all right of redemption on behalf of Trustor and on behalf of all other persons acquiring any interest or title in the Property subsequent to the date of this Deed of Trust, except decree or judgment creditors of Trustor

### 20. Governing Law; Severability.

Long Form Deed of Trust 3 wpd                          -16-

Description: Clark,NV Document - Year.Date.DocID 2000.1215.933 Page: 16 of 23
Order: 2 Docs Comment:

2009.12.15
.00933

This Deed of Trust shall be governed by and construed in accordance with the laws of the State of Nevada  The invalidity, illegality or unenforceability of any provision of this Deed of Trust shall not affect or impair the validity, legality or enforceability of the remainder of this Deed of Trust, and to this end, the provisions of this Deed of Trust are declared to be severable.

### 21. Notice.

Notices shall be given under this Deed of Trust in conformity with the terms and conditions of the Loan Agreement and in conformity with applicable law.

### 22. Successors and Assigns Bound; Joint and Several Liability; Agents; Captions.

The covenants and agreements contained in the Loan Documents shall bind, and the rights thereunder shall inure to, the respective successors and assigns of Lender and Trustor, subject to the restriction on transfer provisions of Section 11 hereof. All covenants and agreements of Trustor shall be joint and several  In exercising any rights under the Loan Documents or taking any actions provided for therein, Lender may act through its employees, agents or independent contractors as authorized by Lender  The captions and headings of the paragraphs of this Deed of Trust are for convenience only and are not to be used to interpret or define the provisions hereof.

### 23. Release.

Upon payment of all sums secured by this Deed of Trust, Lender shall release this Deed of Trust  Trustor shall pay Lender's reasonable costs incurred in releasing this Deed of Trust and any financing statements related hereto

[signatures on following pages]

Long Form Deed of Trust 3 wpd                 -17-



200012 15
.00933

Trustor has executed this Deed of Trust or has caused the same to be executed by its duly authorized representatives as of the date first above written.

Trustor:

**DESERT LAND, LLC,**
a Nevada limited liability company

By: _____
Howard Bulloch, Manager

By: _____
David B. Gaffin, Manger


**DESERT OASIS APARTMENTS, LLC**
a Nevada limited liability company

By: _____
Howard Bulloch, Manager

By: _____
David B. Gaffin, Manger


STATE OF NEVADA

COUNTY OF CLARK

This instrument was acknowledged before me on _____, 2000 by Howard Bulloch, as Manager of Desert Land, LLC a Nevada limited liability company.


Signature of Notary _____

(Seal if any)



NOTARY PUBLIC
STATE OF NEVADA
County of Clark
Sharon G. Silverberg
Appt No 97-2883-1
Appt Expires Sept. 1, 2001

Long Form Deed of Trust 3 wpd                    -18-

200012 15
.00933

STATE OF NEVADA

COUNTY OF CLARK

This instrument was acknowledged before me on _December 6_, 2000 by David Gaffin, as Manager of Desert Land, LLC a Nevada limited liability company.

Signature of Notary _____

(Seal if any)



STATE OF NEVADA

COUNTY OF CLARK

This instrument was acknowledged before me on _December 6th_, 2000 by Howard Bulloch, as Manager of Desert Oasis Apartments, LLC a Nevada limited liability company.



Signature of Notary _____

(Seal if any)

STATE OF NEVADA

COUNTY OF CLARK

This instrument was acknowledged before me on _December 6_, 2000 by David Gaffin, as Manager of Desert Oasis Apartments, LLC a Nevada limited liability company.

Signature of Notary _____

(Seal if any)

Long Form Deed of Trust 3.wpd                    -19-


200013 15
.00933

## EXHIBIT "A"

PARCEL I:

GOVERNMENT LOT 114 IN SECTION 28, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.B. & M., BLM.

EXCEPTING THEREFROM THAT PORTION OF LAND CONVEYED TO THE COUNTY OF CLARK BY DEED RECORDED APRIL 8, 1974 IN BOOK 415 OF OFFICIAL RECORDS, CLARK COUNTY NEVADA RECORDS, AS DOCUMENT NO. 374308.

PARCEL II:

GOVERNMENT LOT 114 IN SECTION 28, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.B. & M., BLM.

EXCEPTING THEREFROM THAT PORTION OF LAND CONVEYED TO THE COUNTY OF CLARK BY DEED RECORDED MARCH 22, 1974 IN BOOK 411 OF OFFICIAL RECORDS, CLARK COUNTY NEVADA RECORDS, AS DOCUMENT NO. 370076 AND BY DEED RECORDED JUNE 23, 1964 IN BOOK 549 OF OFFICIAL RECORDS, CLARK COUNTY NEVADA RECORDS, AS DOCUMENT NO. 441952 AND BY DEED RECORDED JUNE 23, 1964 IN BOOK 549 OF OFFICIAL RECORDS, CLARK COUNTY NEVADA RECORDS, AS DOCUMENT NO. 441951.

PARCEL III:

GOVERNMENT LOT 114 IN SECTION 28, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.B. & M., BLM.

PARCEL IV:

GOVERNMENT LOT 114 IN SECTION 28, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.B. & M., BLM

EXCEPTING THEREFROM THE WESTERLY 12.26 FEET.

ALSO EXCEPTING THEREFROM THAT PORTION OF LAND CONVEYED TO THE COUNTY OF CLARK BY DEED RECORDED APRIL 23, 1974 IN BOOK 419 OF OFFICIAL RECORDS, CLARK COUNTY NEVADA RECORDS, AS DOCUMENT NO. 378541.

PARCEL V:

GOVERNMENT LOT 111 IN SECTION 28, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.B. & M., BLM

EXCEPTING THEREFROM THAT PORTION OF LAND CONVEYED TO THE COUNTY OF CLARK BY DEED RECORDED APRIL 23, 1974 IN BOOK 419 OF OFFICIAL RECORDS, CLARK COUNTY NEVADA RECORDS, AS DOCUMENT NO. 378542 AND DEED RECORDED JANUARY 30, 1989 IN BOOK 890130 OF OFFICIAL RECORDS, CLARK COUNTY NEVADA RECORDS, AS DOCUMENT NO. 00449.

20001215
.00933

PARCEL VI:

GOVERNMENT LOT 102 IN SECTION 26, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.B. & M., BLM.

EXCEPTING THEREFROM THAT PORTION OF LAND CONVEYED TO THE COUNTY OF CLARK BY DEED RECORDED MAY 7, 1964 IN BOOK 535 OF OFFICIAL RECORDS, CLARK COUNTY NEVADA RECORDS, AS DOCUMENT NO. 431059.

PARCEL VII:

GOVERNMENT LOT 95 IN SECTION 26, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.B. & M., BLM.

EXCEPTING THEREFROM THAT PORTION OF LAND CONVEYED TO THE COUNTY OF CLARK FOR ROAD PURPOSES BY DEED RECORDED JULY 13, 1988 IN BOOK 880713 OF OFFICIAL RECORDS, CLARK COUNTY NEVADA RECORDS, AS DOCUMENT NO. 00715.

PARCEL VIII:

GOVERNMENT LOT 104 IN SECTION 26, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.B. & M., BLM.

PARCEL IX:

GOVERNMENT LOT 94 IN SECTION 26, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.B. & M., BLM.

PARCEL X:

GOVERNMENT LOT 98 IN SECTION 26, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.B. & M., BLM.

EXCEPTING THEREFROM THAT PORTION OF LAND CONVEYED TO CLARK COUNTY BY DEED RECORDED NOVEMBER 5, 1981 IN BOOK 1484 OF OFFICIAL RECORDS, CLARK COUNTY NEVADA RECORDS, AS DOCUMENT NO. 1443019 AND BY DEED RECORDED AUGUST 31, 1989 IN BOOK 890831 OF OFFICIAL RECORDS, CLARK COUNTY NEVADA RECORDS, AS DOCUMENT NO. 01307 AND RECORDED NOVEMBER 5, 1981 IN BOOK 1484 OF OFFICIAL RECORDS, CLARK COUNTY NEVADA RECORDS, AS DOCUMENT NO. 1443020.

PARCEL XI.

PARCEL XIA:

ALL OF THAT REAL PROPERTY SITUATED IN THE NORTHWEST QUARTER (NW 1 4 OF THE SOUTHWEST QUARTER  SW 1/4) OF SECTION 26, TOWNSHIP 21 SOUTH, RANGE 61 EAST, MOUNT DIABLO BASE AND MERIDIAN, DESCRIBED AS FOLLOWS:

200001215
.00933

COMMENCING AT THE NORTHWEST CORNER OF GOVERNMENT LOT 126 AND GOING
SOUTH A DISTANCE OF 80.00 FEET TO A POINT ON THE
EASTERLY RIGHT OF WAY LINE OF LAS VEGAS BOULEVARD SOUTH WHICH IS
THE TRUE POINT OF BEGINNING OF THE HEREIN DESCRIBED PARCEL; THENCE
CONTINUING SOUTH EAST ON THE NORTH LINE OF GOVERNMENT
LOT 126 AND A DISTANCE OF 648.64 FEET TO THE NORTHEAST CORNER
OF GOVERNMENT LOT 126 MARKED BY A 2 1/2" IRON PIPE, THENCE SOUTH
EAST ALONG THE EAST LINE OF GOVERNMENT LOT 32, A DISTANCE
OF 128.12 FEET TO THE SOUTHEAST CORNER OF GOVERNMENT LOT 32 MARKED
BY A 1 1/2" IRON PIPE, THENCE NORTH 89°55'10" WEST ON THE SOUTH
LINE OF GOVERNMENT LOT 32, A DISTANCE OF 229.54 FEET TO A POINT
MARKED WITH A 1/2" REBAR WITH CAP NO. 2002, THENCE NORTH 0°22'07"
WEST A DISTANCE OF 6.68 FEET TO A POINT MARKED WITH A 1/2" REBAR
WITH CAP NO. 2002, THENCE NORTH 89°55'26" WEST A DISTANCE OF 119.00
FEET TO A POINT ON THE EASTERLY RIGHT OF WAY LINE OF LAS VEGAS
BOULEVARD SOUTH MARKED WITH A 1/2" REBAR WITH CAP NO. 2002, THENCE
NORTH WEST A DISTANCE OF 62.67 FEET TO THE TRUE POINT OF
BEGINNING.

PARCEL XIB:

BEING A PORTION OF THE NORTH HALF (N 1/2) OF THE SOUTHWEST QUARTER
(SW 1/4) OF SECTION 28, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.B.
BEING THAT NORTH FEET OF GOVERNMENT LOT 126 WHICH LIES
EASTERLY OF AND OUTSIDE OF A LINE 37 FEET RIGHT OF AND PARALLEL
WITH THE CENTERLINE OF US 91 STATE ROUTE 604 , SAID CENTERLINE
MORE FULLY DESCRIBED AS FOLLOWS, TO WIT:

BEGINNING AT A POINT ON THE CENTERLINE OF US 91 (STATE ROUTE 604),
AT HIGHWAY ENGINEER STATION "A" 829+59.00 P.O.T.; THENCE NORTH
WEST, ALONG SAID CENTERLINE, A DISTANCE OF 4,140.50 FEET
TO HIGHWAY ENGINEER STATION "A" 871+00.00 P.O.T. SAID CENTERLINE IS
PERTINENT TO BUT NOT LIMITED TO THE ABOVE DESCRIBED PARCEL.

PARCEL XII:

PARCEL XIIA:

GOVERNMENT LOTS THIRTY 30 , THIRTY-ONE (31), THIRTY-THREE (33 ,
AND ONE HUNDRED TWENTY-FIVE 125, IN SECTION 28, TOWNSHIP 21 SOUTH,
RANGE 61 EAST M.D.B.& M.

EXCEPTING THEREFROM THE WEST EIGHTY (80) FEET OF GOVERNMENT LOT ONE
HUNDRED TWENTY FIVE 125 AS CONVEYED TO THE COUNTY OF CLARK BY
DEEDS RECORDED SEPTEMBER 7, 1962, IN BOOK 365 OF OFFICIAL RECORDS,
CLARK COUNTY, NEVADA, AS DOCUMENT NO. 316400, AND RECORDED
SEPTEMBER 7, 1962, IN BOOK 365 OF OFFICIAL RECORDS, CLARK COUNTY,
NEVADA, AS DOCUMENT NO. 31.411, AND RECORDED OCTOBER 22, 1962, IN
BOOK 394 OF OFFICIAL RECORDS, CLARK COUNTY, NEVADA, AS DOCUMENT NO.
318400.



200012 15
.00933

PARCEL XIIB:

TOGETHER WITH THAT PORTION OF U.S. 91 (STATE ROUTE 604) ADJOINING
SAID LOT 125 AS VACATED BY STATE OF NEVADA IN A QUITCLAIM DEED
RECORDED FEBRUARY 13, 1986, IN BOOK 860213 OF OFFICIAL RECORDS,
CLARK COUNTY, NEVADA RECORDS AS DOCUMENT NO. 00972.

PARCEL XIII:

ALL OF THAT PROPERTY AS SHOWN ON THE RECORDED AMENDED PLAT OF THE
OASIS, A CONDOMINIUM SUBDIVISION, ON FILE IN BOOK 31 OF PLATS, PAGE
72, IN OFFICE OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA.

CLARK COUNTY, NEVADA
JUDITH A. VANDEVER, RECORDER
RECORDED AT REQUEST OF:
FIRST AMERICAN TITLE COMPANY OF

12-15-2000 10:41    JSB        23

BOOK: 20001215    INST:    00933
OFFICIAL RECORDS

FEE:        29.00    RPTT:            .00

Description: Clark,NV Document - Year.Date.DocID 2000.1215.933 Page: 23 of 23
Order: 2 Docs Comment:

20001220
.00922

Recordation Requested by:
First American Title Company
Ref: # _860154 565_

After recordation, return to:

Jones Vargas
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, Nevada 89109
Attention: Michael E. Buckley, Esq.

APN#'s _162-28-301-001 +002_



---

## AMENDMENT TO DEED OF TRUST

This AMENDMENT TO DEED OF TRUST (this **"Amendment"**) is made as of the _18_ day of _December_, 20_00_, by DESERT LAND LLC, a Nevada limited liability company (**"Desert Land"**) and DESERT OASIS APARTMENTS, LLC, a Nevada limited liability company (individually and collectively, **"Trustor"**), whose address is 7475 West Sahara Avenue, Suite 100, Las Vegas, Nevada 89117, and TOM GONZALES, an unmarried man (**"Lender"**), whose address is c/o Allison, MacKenzie, Hartman, Soumbeniotis & Russell, Ltd., P.O. Box 646/402 North Division Street, Carson City, Nevada 89703, Attention: Joan C. Wright, Esq.

### RECITALS

A.    Trustor is indebted to Lender in the principal amount of $41,500,000 (the **"Loan"**), pursuant to the terms and conditions of that certain Loan Agreement dated December 7, 2000 (the **"Loan Agreement"**), between Trustor and Lender. The Loan is evidenced by that certain Promissory Note Secured by Deed of Trust dated December 7, 2000 executed by Trustor in the original principal amount of $41,500,000 (the **"Note"**) and secured by that certain Deed of Trust, Security Agreement, Assignment of Lease and Rents and Fixture Filing dated as of December 6, 2000 (the **"Deed of Trust"**) and recorded in the Official records of the Clark County, Nevada Recorder in Book _20001215_, as Instrument No. _00935_.

B.    Pursuant to the terms of the Loan Agreement, Trustor agreed to encumber certain additional real property (herein the **"Additional Land"**), more particularly described in **Exhibit A** attached hereto and incorporated herein by this reference, upon acquisition of such property by Desert Land. Desert Land has acquired the Additional Land and the parties desire to amend the Deed of Trust for the purpose of making the Additional Land and related fixtures, personal property, rents and leases subject to the Deed of Trust.

Tive5 Deed of Trust Amend.wpd

20001220
.00922

<u>Agreement</u>

Trustor and Beneficiary hereby agree as follows:

1.    <u>Amendment</u>.  The definition of the term "Land" in Paragraph A. of the description of the "Property" on page 2 of the Deed of Trust is amended to include the Additional Land.

2.    <u>Confirmation of Deed of Trust</u>.  Except as specifically modified herein, each and every term, covenant and condition of the Deed of Trust as amended is hereby ratified and shall remain in full force and effect.

3.    <u>Successors and Assigns</u>.  This Amendment shall be binding upon and inure to the benefit of the parties hereto, their legal representatives, successors and permitted assigns.

4.    <u>Further Assurances</u>.  Trustor shall execute and deliver such additional documents as may reasonably be required by Beneficiary to fully effectuate the intent of this Amendment.

5.    <u>Counterparts</u>.  This Amendment may be executed in any number of counterparts, each of which shall be deemed to be an original, and all of such counterparts shall constitute one Amendment.   Delivery of this Amendment may be accomplished by facsimile transmission of this Amendment.  In such event, the parties hereto shall promptly thereafter deliver to each other executed counterpart originals of this Amendment.

6.    <u>Entire Agreement</u>.  This Amendment and the documents executed and delivered pursuant hereto and pursuant to the Loan Agreement in connection with the Additional Land constitute the entire agreement between the parties and may be amended only by signing in writing on behalf of each party.

7.    <u>Interpretation</u>.   The headings of the articles, sections, paragraphs and subdivisions of this Amendment are for convenience and reference only, are not to be considered a part hereof and shall not limit or expand or otherwise affect any of the terms hereof.

Tivoli Deed of Trust Amend.wpd                    -2-

Description: Clark,NV Document - Year.Date.DocID 2000.1220.922 Page: 2 of 8
Order: 2 Docs Comment:

20001220
.00922

IN WITNESS WHEREOF, Trustor and Beneficiary have executed this Amendment the day and year first above written.

Trustor:

**DESERT LAND, LLC,**
a Nevada limited liability company

By: _Howard Bulloch_
Howard Bulloch, Manager

By: _David B. Gaffin_
David B. Gaffin, Manger

**DESERT OASIS APARTMENTS, LLC**
a Nevada limited liability company

By: _Howard Bulloch_
Howard Bulloch, Manager

By: _David B. Gaffin_
David B. Gaffin, Manger

Beneficiary:

_____
Tom Gonzales

Tivok Deed of Trust Amend.wpd                    -3-

Description: Clark,NV Document - Year.Date.DocID 2000.1220.922 Page: 3 of 8
Order: 2 Docs Comment:

2000 12 20
.00922

IN WITNESS WHEREOF, Trustor and Beneficiary have executed this Amendment the day and year first above written.

Trustor:

**DESERT LAND, LLC,**
a Nevada limited liability company

By: _____
Howard Bulloch, Manager

By: _____
David B. Gaffin, Manger


**DESERT OASIS APARTMENTS, LLC**
a Nevada limited liability company

By: _____
Howard Bulloch, Manager

By: _____
David B. Gaffin, Manger


Beneficiary:

_____
Tom Gonzales

Twoil Deed of Trust Amend.wpd                    –3–

2000 12 20
.00922

STATE OF NEVADA

COUNTY OF CLARK

This instrument was acknowledged before me on _December 6_, 2000 by
Howard Bulloch, as Manager of Desert Land, LLC a Nevada limited liability company.

Signature of Notary _____

(Seal if any)



STATE OF NEVADA

COUNTY OF CLARK

This instrument was acknowledged before me on _December 6_, 2000 by
David Gaffin, as Manager of Desert Land, LLC a Nevada limited liability company.

Signature of Notary _____

(Seal if any)



STATE OF NEVADA

COUNTY OF CLARK

This instrument was acknowledged before me on _December 6_, 2000 by
Howard Bulloch, as Manager of Desert Oasis Apartments, LLC a Nevada limited liability
company.

Signature of Notary _____



(Seal if any)

-4-

20001220
.00922

STATE OF NEVADA

COUNTY OF CLARK

This instrument was acknowledged before me on _December 6_, 2000 by
David Gaffin, as Manager of Desert Oasis Apartments, LLC a Nevada limited liability
company.

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
Sharon G. Silverberg
Appt. No. 97-2993-1
My Appt. Expires Sept. 1, 2001

Signature of Notary _____

(Seal if any)

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
Sharon G. Silverberg
Appt. No. 97-2993-1
My Appt. Expires Sept. 1, 2001

STATE OF NEVADA

COUNTY OF CLARK

This instrument was acknowledged before me on _____,2000 by
Tom Gonzales.

Signature of Notary _____

(Seal if any)

Tivoli Deed of Trust Amend.wpd                    -5-

Description: Clark,NV Document - Year.Date.DocID 2000.1220.922 Page: 6 of 8
Order: 2 Docs Comment:

2000.12.20
.00922

STATE OF NEVADA

COUNTY OF CLARK

This instrument was acknowledged before me on _____, 2000 by David Gaffin, as Manager of Desert Oasis Apartments, LLC a Nevada limited liability company.

Signature of Notary _____

(Seal if any)

STATE OF California

COUNTY OF Contra Costa

This instrument was acknowledged before me on __13 DEC__, 2000 by Tom Gonzales.

Signature of Notary _____

(Seal if any)

CHRISTINE ANN JORDANOV
Commission # 1265279
Notary Public - California
Contra Costa County
My Comm. Expires Jun 23, 2004

Description: Clark,NV Document - Year.Date.DocID 2000.1220.922 Page: 7 of 8
Order: 2 Docs Comment:

# EXHIBIT "A"



20001220
.00922

LV-860159-SGS

DESCRIPTION

ALL THAT REAL PROPERTY SITUATED IN THE COUNTY OF CLARK, STATE OF
NEVADA, BOUNDED AND DESCRIBED AS FOLLOWS:

PARCEL I A:

GOVERNMENT LOT TWENTY-FOUR (24) AND LOT ONE HUNDRED TWENTY-TWO
(122) IN SECTION 28, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.M.

EXCEPTING FROM SAID LOT 122 THE WEST 80 FEET. AS CONVEYED TO THE
STATE OF NEVADA, DEPARTMENT OF HIGHWAYS BY DEED RECORDED NOVEMBER
28, 1962 IN BOOK 402 OF OFFICIAL RECORDS, CLARK COUNTY NEVADA, AS
DOCUMENT NO. 324194.

FURTHER EXCEPTING THE INTEREST IN AND TO THE NORTH FORTY (40) FEET
OF SAID LAND CONVEYED TO CLARK COUNTY FOR ROADS, UTILITIES, OTHER
PUBLIC AND INCIDENTAL PURPOSES BY DEED RECORDED SEPTEMBER 19, 1972
AS DOCUMENT NO. 223960, CLARK COUNTY, NEVADA RECORDS.

PARCEL I B:

THAT PORTION OF U.S. HIGHWAY 91 AS VACATED BY NEVADA DEPARTMENT OF
TRANSPORTATION IN AN ORDER OF VACATION RECORDED JANUARY 21, 1982,
IN BOOK 1513 OF OFFICIAL RECORDS, CLARK COUNTY, NEVADA RECORDS AS
DOCUMENT NO. 1472121.

FURTHER EXCEPTING THE INTEREST IN AND TO THE NORTH FORTY (40) FEET
OF SAID LAND CONVEYED TO CLARK COUNTY FOR ROADS, UTILITIES, OTHER
PUBLIC AND INCIDENTAL PURPOSES BY DEED RECORDED SEPTEMBER 19, 1972
AS DOCUMENT NO. 223960, CLARK COUNTY, NEVADA RECORDS.

PARCEL II:

GOVERNMENT LOT TWENTY-FIVE (25) IN SECTION 28, TOWNSHIP 21 SOUTH,
RANGE 61 EAST, M.D.M.

EXCEPTING THEREFROM THE INTEREST IN AND TO THE NORTHERLY FORTY
(40.00) FEET AND THE EASTERLY THIRTY (30.00) FEET THEREOF AS
CONVEYED TO THE COUNTY OF CLARK, STATE OF NEVADA FOR ROADS,
UTILITIES AND INCIDENTAL PURPOSES BY DEED RECORDED DECEMBER 22,
1972, AS DOCUMENT NO. 247802, OFFICIAL RECORDS.

* * * * * * * * * *

IJH

CLARK COUNTY, NEVADA
JUDITH A. VANDEVER, RECORDER
RECORDED AT REQUEST OF:

FIRST AMERICAN TITLE COMPANY OF

12-20-2000 10:06   STX        8
OFFICIAL RECORDS
BOOK: 20001220 INST:   00922

FEE:    14.00 RPTT:        .00

- 6 -