MARK WRAY, #4425
mwray@markwraylaw.com
LAW OFFICES OF MARK WRAY
608 Lander Street
Reno, Nevada 89509
(775) 348-8877
(775) 348-8351 – Fax

JOHN DAVID FISCHER (CA Bar No. 76401 - *admitted pro hac vice*)
OF COUNSEL

Attorneys for Creditor BRADLEY J. BUSBIN, TRUSTEE

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re

DESERT OASIS APARTMENTS, LLC,

Debtor.

Case No. BK-S-18-12456-GS

Chapter 11

Hearing Date: March 11, 2021
Hearing Time: 1:30 p.m.

## BUSBIN'S REPLY TO NORTHERN TRUST'S OBJECTION TO DISCLOSURE STATEMENT AND PLAN

In *The Northern Trust Company's Objection to Disclosure Statement for Chapter 11 Trustee Kavita Gupta's Joint Plan of Liquidation and Confirmation of the Joint Plan of Liquidation* [ECF No. 266] ("Objection"), The Northern Trust Company ("Northern Trust") objects to the proposed plan on the alleged ground that the reserve for attorneys fees and costs of Northern Trust should be increased from $75,000 to $500,000. Creditor Brad Busbin, Trustee of the Gonzales Charitable Remainder Unitrust One ("Busbin")

1

requests that the Court overrule this objection because a reserve of $75,000 is reasonable and a reserve of $500,000 is unreasonable.

Mr. Busbin also joins in the *Objection to The Northern Trust Company's Motion to Allow Vote on Chapter 11 Trustee Kavita Gupta's Joint Plan of Liquidation* [ECF No. 282] and the *Memorandum of Points and Authorities in Support of Confirmation Chapter 11 Trustee Kavita Gupta's Joint Plan of Liquidation, and Omnibus Response to Objections to Plan Confirmation* [ECF No. 129] filed March 4, 2021 by Trustee Kavita Gupta, Desert Oasis Apartments, LLC Trustee.

The sole matter that Mr. Busbin is addressing in this reply is the amount that should be reserved for Northern Trust's attorneys fees and costs.

There is no law cited in Northern Trust's Objection as to setting the amount of the reserve. The amount of the reserve therefore is within the Court's discretion based on the surrounding circumstances. *United States v. Energy Res. Co.*, 495 U.S. 545, 549, 110 S. Ct. 2139, 2142 (1990) (bankruptcy courts, as courts of equity, have broad authority to modify creditor-debtor relationships).

At this time, the Desert Oasis Apartments have been sold and Northern Trust has received payment in full of its asserted debt, including interest, late charges, attorneys fees and miscellaneous charges. Since Northern Trust's claim has been allowed and paid, with interest and all the extras, the only remaining stake that Northern Trust has in this bankruptcy case is recovering additional attorneys fees and costs for filing additional papers with this Court and with the appellate courts.

2

After payment of the claim of Northern Trust, the current balance in the account of Chapter 11 Trustee Gupta is $9.2 million, according to the Trustee's filings with the Court for the March 11, 2021 hearing.

In its *Order Directing Trustee to Disburse Proceeds to Northern Trust Company* entered August 28, 2020, the Court directed that the amount of the reserve to be established for Northern Trust's attorneys fees and costs was to be set by subsequent court order. In the proposed Chapter 11 plan, Trustee Kavita Gupta has proposed a reserve of $75,000.

Northern Trust's Objection states: "Currently, Northern Trust's unpaid fees July 20 and August 2020 (which is before the closing of the sale of the property owned by Apartments) total approximately $100,000." *Objection, 3:16-18*. Northern Trust argues that a $75,000 reserve therefore is inadequate.

Mr. Busbin is at a loss to comprehend how the alleged attorneys fees for July and August reached the $100,000 plateau. In those two months, Northern Trust and the Shotgun Entities responded to two motions in the adversary proceeding of Busbin v. Shotgun Creek Investments, LLC, et al., Adv. No. 19-01108-gs, and filed no motions in either the adversary or the main case.

Yet despite what appears to be fairly limited activity, Northern Trust allegedly incurred $100,000 in fees and costs in those two months. Mr. Busbin cannot ascertain what services allegedly were rendered to reach this figure, because Northern Trust will not allow Mr. Busbin to see its billings, even in redacted form. Mr. Busbin has asked the Court in the past to allow him to inspect the attorneys fees invoices for the lawyers

3

providing services to Northern Trust in this bankruptcy case and the adversary case, in the belief that it is only fair and equitable that a creditor seeking fees to be paid by an estate should provide the interested parties whose recoveries will be lessened by payment of another's creditors' attorneys fees with the raw data upon which the fees are based; i.e, itemized invoices. This Court previously granted Mr. Busbin's request and ordered that redacted invoices be produced.

Just as a matter of fairness and common sense, Northern Trust should again disclose the new invoices from its lawyers, if it wishes to have the Court consider the claim made in its Objection that it incurred $100,000 in fees in July and August of 2020. Otherwise, the claim that $100,000 in fees were incurred is unsupported by any evidence and it is impossible for Mr. Busbin and other interested parties to ascertain the basis for the fee demand.

Even without having seen the invoices of the lawyers representing Northern Trust for the months of July and August, 2020, Mr. Busbin knows that the lead attorney for Northern Trust in the adversary proceeding is the firm of Gerrard Cox Larson. However, Gerrard Cox Larson also represents the Shotgun Entities. It would be inequitable for the estate of Desert Oasis Apartments to be "billed" the entire invoices of Gerrard Cox Larson for the adversary appeal, when that firm is representing the Shotgun Entities as much as Northern Trust. Thus, if Gerrard Cox Larson incurred $25,000 in fees, for example, it is unreasonable for Northern Trust to demand that all of the firms fees be paid by Desert Oasis Apartments' bankruptcy estate. Presumably, the billing from the Gerrad Cox Larson firm is split between its clients, so that the entire invoice is not billed to

4

Northern Trust, but without seeing the invoices, Mr. Busbin cannot ascertain the true circumstances and what amounts are being billed, for what services, to whom.

As to the reserve of $75,000 that Trustee Gupta proposes, Northern Trust and the Shotgun Entities are defending an appeal. Again, if Northern Trust and the Shotgun Entities are splitting the appeal costs, as they should be, this means that Northern Trust's half of the attorneys fees and costs on appeal would be $75,000 or less, and the total fees would be $150,000 or less.

The status of the appeal is that it has been fully briefed to the Hon. James Mahan, District Judge. If Judge Mahan reverses this Court's summary judgment order on Count I, he may either remand the case for trial or decide priority based on the facts presented. Either way, if the ruling is a reversal, Northern Trust is not entitled to claim priority, it is not entitled to retain any of the proceeds of the sale of the apartments, and it may likely be that Northern Trust falls into the category of an undersecured creditor.

In *Matter of Glenn*, 796 F.2d 1144, 1146 (9th Cir. 1986), the court stated: "[A]n undersecured creditor is one who holds an allowed secured claim for an amount which exceeds the value of the property securing it; an oversecured creditor is one who holds an allowed secured claim in an amount less than the value of the property securing it." As an undersecured creditor, under 11 U.S.C. §506(b), Northern Trust also would not be entitled to attorneys fees and post-petition interest. If the appeals were to remand for trial, Northern Trust would need to disgorge the sums it has already received and there would be no reserve necessary. The amount of the "reserve" should take the possibility these matters into account.

Even as an alleged oversecured creditor, however, Northern Trust's fees must be reasonable. In *Kord Enters. II v. Cal. Commerce Bank (In re Kord Enters. II)*, 139 F.3d 684, 687 (9th Cir. 1998), the court set forth four basic requirements for the allowance of post-petition attorney's fees and expenses to a secured creditor: (1) the claim must be an allowed secured claim; (2) the creditor holding the allowed secured claim must be over-secured; (3) the entitlement must be provided for under some agreement or state statute; and (4) the fees and expenses sought must be reasonable. <u>As the applicant for fees, Northern Trust bears the burden of proving each element</u>. *Id.*

Essentially, Northern Trust is liable for part (not the whole amount) of fees incurred by Gerrard Cox Larson for the appeal in the adversary proceeding. If the district court decision were to go against Mr. Busbin on appeal, and if Mr. Busbin were to appeal to the Ninth Circuit, Northern Trust and the Shotgun Entities would have a shared obligation to pay the cost of filing a second appellate brief, presumably tracking the same factual presentation and argument that was filed before Judge Mahan, which tracks the same factual presentation and argument that was filed before this Court. Thus, any subsequent appellate brief to the Ninth Circuit would be the third time that essentially the same brief is filed. Even if Gerrard Cox Larson spends 100 hours re-doing its brief again, which is not even remotely likely under the circumstances, and even if Gerrard Cox Larson were to charge $750 an hour for attorney's time, which also is not likely, it would only amount to $75,000 total time, and that sum must be split between Northern Trust and the Shotgun Entities.

It is therefore reasonable under the circumstances for Trustee Gupta to set aside $75,000 as Northern Trust's portion of fees that may be incurred by Gerrard Cox Larson. The figure of $500,000 is simply beyond the pale, and it is completely unsupported.

It is therefore respectfully request that the Objection to the reserve of $75,000 be overruled and that the Court grant all other appropriate relief.

DATED: March 4, 2021        LAW OFFICES OF MARK WRAY

By ____/s/ *Mark Wray*_____
MARK WRAY
Attorney for Creditor
BRADLEY J. BUSBIN, AS TRUSTEE
OF THE GONZALES CHARITABLE
REMAINDER UNITRUST ONE

# CERTIFICATE OF SERVICE

1. I caused to be served the following document(s):

   BUSBIN'S REPLY TO NORTHERN TRUST'S OBJECTION TO DISCLOSURE STATEMENT AND PLAN

2. I served the above-named document(s) by the following means to the persons as listed below:

- a. **By ECF System (On March 4, 2021):**

ANTHONY W. AUSTIN on behalf of Creditor THE NORTHERN TRUST COMPANY
aaustin@fclaw.com, gkbacon@fclaw.com

CANDACE C CARLYON on behalf of Interested Party CRISTI BULLOCH, SOLELY IN HER CAPACITY AS TRUSTEE OF THE CRISTI BULLOCH SEPARATE PROPERTY TRUST DATED 03/28/2003; on behalf of Interested Party DESERT LAND LOAN ACQUISITION, LLC; on behalf of Interested Party THE BULLOCH HERITAGE TRUST; on behalf of Interested Party THE GULF STREAM IRREVOCABLE TRUST DATED 06/30/2000; on behalf of Interested Party THE HOWARD AND CRISTI BULLOCH FAMILY TRUST DATED 9/14/1995; on behalf of Interested Party THE HOWARD BULLOCH SEPARATE PROPERTY TRUST DATED 03/28/2003; on behalf of Interested Party DAVID GAFFIN; on behalf of Interested Party HOWARD BULLOCH
ccarlyon@carlyoncica.com,
CRobertson@carlyoncica.com;nrodriguez@carlyoncica.com;Dcica@carlyoncica.com

DAWN M. CICA on behalf of Interested Party DESERT LAND LOAN ACQUISITION, LLC
dcica@carlyoncica.com,
nrodriguez@carlyoncica.com;crobertson@carlyoncica.com;dmcica@gmail.com;dcica@carlyoncica.com;tosteen@carlyoncica.com

KEVIN W COLEMAN on behalf of Trustee KAVITA GUPTA
kcoleman@nutihart.com, nwhite@nutihart.com

DAVID M. CROSBY on behalf of Creditor CANAM PRODUCTIONS, INC.
info@crosby.lvcoxmail.com, r48506@notify.bestcase.com
JAMIE P. DREHER on behalf of Petitioning Creditor BRADLEY J. BUSBIN, AS TRUSTEE OF THE GONZALES CHARITABLE REMAINDER UNITRUST ONE

8

jdreher@downeybrand.com, mfrazier@downeybrand.com

KIMBERLY S. FINEMAN on behalf of Trustee KAVITA GUPTA
kfineman@nutihart.com

TROY S. FOX on behalf of Creditor CANAM PRODUCTIONS, INC.
policyking99@gmail.com, tfox@crosby-fox.com

EDMUND GEE on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11, 11
edmund.gee@usdoj.gov

TALITHA B. GRAY KOZLOWSKI on behalf of Trustee KAVITA GUPTA
tgray@gtg.legal, bknotices@gtg.legal

CHRISTOPHER H. HART on behalf of Trustee KAVITA GUPTA
chart@nutihart.com, nwhite@nutihart.com

RICHARD F. HOLLEY on behalf of Creditor ARTHUR J. AND MARGARET L. GILBERT FAMILY TRUST
rholley@nevadafirm.com, apestonit@nevadafirm.com; oswibies@nevadafirm.com; agandara@nevadafirm.com; mlangsner@nevadafirm.com

BART K. LARSEN on behalf of Creditors CITATION FINANCIAL, LLC and COMPASS INVESTMENT, LLC
blarsen@klnevada.com, bankruptcy@klnevada.com;mbarnes@klnevada.com;blarsen@ecf.inforuptcy.com

CHARLES H. MCCREA on behalf of Creditor THE PRINCE FAMILY TRUST DATED 10/06/1997
chm@hmlawlv.com, tlc@hmlawlv.com

EDWARD M. MCDONALD on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11, 11 edward.m.mcdonald@usdoj.gov

ALAN I. NAHMIAS on behalf of Creditor CANAM PRODUCTIONS, INC.
ANAHMIAS@MBNLAWYERS.COM

GREGORY C. NUTI on behalf of Trustee KAVITA GUPTA
gnuti@nutihart.com

TRACY M. O'STEEN on behalf of Interested Party CRISTI BULLOCH, SOLELY IN HER CAPACITY AS TRUSTEE OF THE CRISTI BULLOCH

SEPARATE PROPERTY TRUST DATED 03/28/2003; on behalf of Interested Party DESERT LAND LOAN ACQUISITION, LLC; on behalf of Interested Party THE BULLOCH HERITAGE TRUST; on behalf of Interested Party THE GULF STREAM IRREVOCABLE TRUST DATED 06/30/2000; on behalf of Interested Party THE HOWARD AND CRISTI BULLOCH FAMILY TRUST DATED 9/14/1995; on behalf of Interested Party THE HOWARD BULLOCH SEPARATE PROPERTY TRUST DATED 03/28/2003; on behalf of Interested Party DAVID GAFFIN; on behalf of Interested Party HOWARD BULLOCH
tosteen@carlyoncica.com,
crobertson@carlyoncica.com;nrodriguez@carlyoncica.com;ccarlyon@carlyoncica.com

ERIC R OLSEN on behalf of Interested Party WASH MULTIFAMILY LAUNDRY SYSTEMS, LLC
eolsen@gtg.legal

LENARD E. SCHWARTZER on behalf of Creditor DESERT OASIS APARTMENTS, LLC
bkfilings@s-mlaw.com

LENARD E. SCHWARTZER on behalf of Debtors DESERT LAND, LLC, DESERT OASIS APARTMENTS, LLC, DESERT OASIS INVESTMENTS, LLC and SKYVUE LAS VEGAS, LLC
bkfilings@s-mlaw.com

U.S. TRUSTEE - LV - 7
USTPRegion17.LV.ECF@usdoj.gov

MARK M. WEISENMILLER on behalf of Interested Party WASH MULTIFAMILY LAUNDRY SYSTEMS, LLC
mweisenmiller@gtg.legal, bknotices@gtg.legal

☐ b. **By United States mail, postage fully prepaid:**

☐ c. **By Personal Service**

   ☐ I personally delivered the document(s) to the persons at these addresses:

   ☐ For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

10

☐ For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐    d.   **By direct email (as opposed to through the ECF System)**

Based upon the written agreement to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐    e.   **By fax transmission**

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐    f.   **By messenger**

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on: March 4, 2021

Mark Wray                         /s/ *Mark Wray*
(Name of Declarant)             (Signature of Declarant)