# EXHIBIT C

**From:** Jerrold Bregman [mailto:jbregman@bg.law]
**Sent:** Tuesday, September 29, 2020 4:48 PM
**To:** Kevin Coleman <kcoleman@nutihart.com>
**Cc:** Susan K. Seflin <sseflin@bg.law>; Jason B. Komorsky <jkomorsky@bg.law>
**Subject:** RE: Request for Conflict Waiver and Turn Over of Documents RE: Proof of Claim; Desert Land and Apartments

Thank you Kevin.

All the best,

- Jerry



**Jerrold Bregman**
Of Counsel

(303) 835-1291 Direct

**Woodland Hills, CA**
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911
(818) 827-9000 Main
(818) 827-9090 Fax

**Denver, Colorado**
5445 DTC Parkway, Suite 800
Greenwood Village, CO 80111
(818) 827-9000 Main
(818) 827-9045 Fax

www.bg.law

(818) 827-9101 Direct
(646) 251-9699 Cell

jbregman@bg.law

 Jerrold Bregman

Licensed in California,
Colorado and New York

The preceding e-mail message is subject to Brutzkus Gubner Rozansky Seror Weber LLP's
e-mail policies, which can be found at: https://www.bg.law/web-disclaimer

**From:** Kevin Coleman [mailto:kcoleman@nutihart.com]
**Sent:** Monday, September 28, 2020 12:12 PM
**To:** Jerrold Bregman <jbregman@bg.law>
**Cc:** Susan K. Seflin <sseflin@bg.law>; Jason B. Komorsky <jkomorsky@bg.law>
**Subject:** RE: Request for Conflict Waiver and Turn Over of Documents RE: Proof of Claim; Desert Land and Apartments

CAUTION: This email originated from an external source.

OK/I will start gathering the documents you requested, and I will not communicate with the counsel who will be preparing the objections about the DL claims.

Best regards,

--Kevin

**From:** Jerrold Bregman [mailto:jbregman@bg.law]
**Sent:** Saturday, September 26, 2020 11:15 AM
**To:** Kevin Coleman <kcoleman@nutihart.com>
**Cc:** Susan K. Seflin <sseflin@bg.law>; Jason B. Komorsky <jkomorsky@bg.law>
**Subject:** Request for Conflict Waiver and Turn Over of Documents RE: Proof of Claim; Desert Land and Apartments

Hi Kevin,

Thank you for your email below.

Of course, Trustee Golden's inclination is to agree and be as helpful as possible. Unfortunately, however, it does not seem like this would be an appropriate move under the circumstances given the complexities that appear to be involved based on our review of the facts and the law, some of which is provided below for your reference.

**ACTUAL CONFLICT**

We agree with the premise of your email, that an actual conflict of interest is implicated by the fact that you formerly represented the Desert Land bankruptcy estate in connection with the $4,500,000 claim (the "Subject Claim") that was scheduled as owing to Desert Land by the Apartments debtor, and which you and Trustee Gupta caused to be removed from the schedules in both debtors' cases. Given the Subject Claim is a material component of Desert Land's claim filed in the Apartments case (the "DL POC"), and the contemplated services are to object to that claim, the conflict waiver request concerns services that would be substantially related to your work while counsel for Desert Land's trustee. *See, e.g.*, *Nevada Yellow Cab Corp. v. The Eighth Judicial District Court*, 123 Nev. 44, 52 (2007) (sustaining disqualification of counsel who represented former adversary in "substantially related" matters); *and Waid v. The Eighth Judicial District Court*, 121 Nev. 605, 610 (2005) (upholding disqualification of counsel who formerly represented adversary, and obtained in prior matter "confidential and likely quite sensitive information").

Thus, adversity of interests is present within the meaning of NRS Rule 1.9's prohibition on a lawyer being adverse to a former client where the "lawyer [] has formerly represented a client … in the same or a substantially related matter in which that person's interests are materially adverse …."

**PUBLIC POLICY AGAINST WAIVER**

Trustee Golden's preference to waive the conflict; however, that is tempered and informed by the law indicating that bankruptcy trustees' discretion to waive conflicts is burdened by heightened caution and public policy in light of the duty to act in the best interests of creditors, fiduciary duty and the importance of avoiding the taint of conflict and appearance of impropriety.  *See In re Wheatfield Business Park LLC*, 286 B,R. 412, 423 (Bankr. C.D. Cal. 2002)  ("waiver … of potential conflicting interests is not available … to the same degree as in non-bankruptcy cases."), *and id.* at 424 (creditors are to have input on decision to waive a conflict); *and see In re Count Liberty, LLC.*, 370 B.R. 259, 288 (Bankr. C.D. Cal. 2007) (emphasizing importance that "fiduciary duties are fulfilled" in bankruptcy to avoid "the process appear[ing] to creditors and the public to be tainted by self-interest …."); *and In re Marine Power & Equipment Co., Inc.*, 67 B.R. 643, 647 (Bankr. W.D. Wa. 1986) (conflicts rules in bankruptcy are intended to "'not only avoid conflicts, but [place the process] above suspicion.'") (citation omitted); *and In re Escalera*, 171 B.R. 107, 112 (Bankr. E.D. Wa. 1994) ("'an actual conflict of any degree of seriousness will obviously present a towering obstacle … [even a] perception of one, renders the lawyer's interest materially adverse to the estate or the creditors.'") (citation omitted).

Trustee Golden therefore, reluctantly, feels he is prevented from granting the requested conflict waiver.

**REQUEST FOR TURNOVER OF DOCUMENTS**

We would like to take this opportunity to ask that you please turnover to us the entirety of your file concerning the Subject Claim, including, without limitation, all "documents" (as defined in Rule 34(a), Fed. R. Civ. P.), all work product, all privileged and confidential information, any and all other information, including, without limitation, all communications with third parties concerning the Subject Claim, including, without limitation, communications with the debtors' insiders, their counsel, and all third-parties.

As you know, all of the foregoing documents, information, analyses and communications (collectively, the "Requested File"), are property of the Desert Land bankruptcy estate for which Trustee Golden is the holder of all legal privileges.

<u>Limitation</u>:  For the avoidance of doubt, the Requested File does not include any documents, analyses, or other privileged or confidential information created or obtained by your firm after the date that Trustee Gupta ceased to be the chapter 11 trustee of Desert Land.

<u>Timing</u>:  Given our hope that the Subject Claim may be resolved very quickly, we ask that you please provide us with the documents and information responsive to the foregoing request as soon as possible.  Please let us know your timing, if you would.

**NO DISCLOSURE PLEASE TO THIRD-PARTY COUNSEL**

We also agree with your suggestion to have counsel for the Gonzales Trust or special counsel handle any objection to the DL POC; however, we do request that you not share with any such third-party counsel any privileged or confidential information that is contained within the Requested File.

* * *

Thank you for reaching out about this matter, and please feel free to call me if you have any questions or comments.

Also, please let us know when we should expect to receive the Requested File.

Thank you and all the best,

- Jerry



**Jerrold Bregman**
Of Counsel

| | |
|---|---|
| **Woodland Hills, CA**<br>21650 Oxnard St., Suite 500<br>Woodland Hills, CA 91367-4911<br>(818) 827-9000 Main<br>(818) 827-9090 Fax<br><br>**Denver, Colorado**<br>5445 DTC Parkway, Suite 800<br>Greenwood Village, CO 80111<br>(818) 827-9000 Main<br>(818) 827-9045 Fax<br><br>www.bg.law | (303) 835-1291 Direct<br>(818) 827-9101 Direct<br>(646) 251-9699 Cell<br><br>jbregman@bg.law<br><br>Jerrold Bregman<br><br>Licensed in California,<br>Colorado and New York |

The preceding e-mail message is subject to Brutzkus Gubner Rozansky Seror Weber LLP's e-mail policies, which can be found at: https://www.bg.law/web-disclaimer

**From:** Kevin Coleman [mailto:kcoleman@nutihart.com]
**Sent:** Thursday, September 24, 2020 3:18 PM
**To:** Jerrold Bregman <jbregman@bg.law>
**Subject:** FW: Proof of Claim 18-12456-gs

CAUTION: This email originated from an external source.

Hi Jerry,

Thank you for filing the proofs of claim. Before I take any substantive action with respect to them, I want to ask if your client will agree not to assert and/or waive any conflict of interest associated with objecting to the claims.

As you know, there is authority holding that counsel to a trustee represents the estate. To the extent that applies, I do not want to have a side-show over whether any actions taken with respect to objecting to the claims constitutes a breach of duty owed to a former client (specifically, breach of the duty of loyalty or use of confidential information obtained in a prior representation). If an objection is sustained, that obviously will impact the assets in the Desert Land estate. I do think the claims are baseless, and if your client grants the waiver I will be preparing an objection.

Can you please let me know if Jeff is prepared to waive this arguable conflict? If so, I will prepare a short stipulation and order for submission to the court. If not, we will arrange for counsel for the Gonzales Trust or special counsel to handle the objection. Either way, please let me know as soon as possible what decision he makes.

Best regards,

--Kevin

**From:** USBC_NEVADA@nvb.uscourts.gov [mailto:USBC_NEVADA@nvb.uscourts.gov]
**Sent:** Wednesday, September 23, 2020 4:03 PM
**To:** Courtmail@nvb.uscourts.gov
**Subject:** Proof of Claim 18-12456-gs

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

U.S. Bankruptcy Court

District of Nevada

Notice of Electronic Claims Filing

The following transaction was received from GUBNER, STEVEN on 9/23/2020 at 4:02 PM PDT

| | |
|---|---|
| **Case Name:** | DESERT OASIS APARTMENTS, LLC |
| **Case Number:** | 18-12456-gs |
| **Creditor Name:** | Desert Land, LLC<br>c/o Jeffrey I. Golden, Trustee<br>650 Town Center Dr., Suite 600<br>Costa Mesa, CA 92626 |
| **Claim Number:** | 3    Claims Register |
| **Amount Claimed:** | $78,000,000.00 |
| **Amount Secured:** | |
| **Amount Priority:** | |

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** 9-23-20 Apartments Claim v2.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=989277954 [Date=9/23/2020] [FileNumber=33243432-0
] [c5321da9a6b2bf70ec52627cbf3c8d2bdc6c3e50dafa2f92aa3b8d50de31eb4e316
3cdd570c9b6154d8f309baeb2bfacdee9363ccd1d76c5cf4d0d2decc5189e]]

**18-12456-gs Notice will be electronically mailed to:**

ANTHONY W. AUSTIN on behalf of Creditor THE NORTHERN TRUST COMPANY
aaustin@fclaw.com, gkbacon@fclaw.com

DAWN M. CICA on behalf of Defendant DAVID GAFFIN
dcica@carlyoncica.com,
nrodriguez@carlyoncica.com;crobertson@carlyoncica.com;dmcica@gmail.com;dcica@carlyoncica.com;tosteen@carlyoncica.com;3342887420@filings.docketbird.com

DAWN M. CICA on behalf of Defendant HOWARD BULLOCH
dcica@carlyoncica.com,
nrodriguez@carlyoncica.com;crobertson@carlyoncica.com;dmcica@gmail.com;dcica@carlyoncica.com;tosteen@carlyoncica.com;3342887420@filings.docketbird.com

DAWN M. CICA on behalf of Interested Party DAVID GAFFIN
dcica@carlyoncica.com,
nrodriguez@carlyoncica.com;crobertson@carlyoncica.com;dmcica@gmail.com;dcica@carlyoncica.com;tosteen@carlyoncica.com;3342887420@filings.docketbird.com

DAWN M. CICA on behalf of Interested Party HOWARD BULLOCH
dcica@carlyoncica.com,

nrodriguez@carlyoncica.com;crobertson@carlyoncica.com;dmcica@gmail.com;dcica@carlyoncica.com;tosteen@carlyoncica.com;3342887420@filings.docketbird.com

KEVIN W COLEMAN on behalf of Plaintiff KAVITA GUPTA
kcoleman@nutihart.com, nwhite@nutihart.com

KEVIN W COLEMAN on behalf of Trustee KAVITA GUPTA
kcoleman@nutihart.com, nwhite@nutihart.com

JAMIE P. DREHER on behalf of Petitioning Creditor BRADLEY J. BUSBIN, AS TRUSTEE OF THE GONZALES CHARITABLE REMAINDER UNITRUST ONE
jdreher@downeybrand.com, mfrazier@downeybrand.com

KIMBERLY S. FINEMAN on behalf of Trustee KAVITA GUPTA
kfineman@nutihart.com

EDMUND GEE on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11, 11
edmund.gee@usdoj.gov

TALITHA B. GRAY KOZLOWSKI on behalf of Plaintiff KAVITA GUPTA
tgray@gtg.legal, bknotices@gtg.legal

TALITHA B. GRAY KOZLOWSKI on behalf of Trustee KAVITA GUPTA
tgray@gtg.legal, bknotices@gtg.legal

JUSTIN J. HENDERSON on behalf of Creditor JUNIPER LOAN SERVICING CORPORATION
jhenderson@lrrc.com, cscruggs@lrrc.com,justin-henderson-8499@ecf.pacerpro.com

TRACY M. O'STEEN on behalf of Defendant 10181 PARK RUN LLC
tosteen@carlyoncica.com,
crobertson@carlyoncica.com;nrodriguez@carlyoncica.com;ccarlyon@carlyoncica.com

TRACY M. O'STEEN on behalf of Defendant COMPASS INVESTMENTS LLC
tosteen@carlyoncica.com,
crobertson@carlyoncica.com;nrodriguez@carlyoncica.com;ccarlyon@carlyoncica.com

TRACY M. O'STEEN on behalf of Defendant THE RANCH LLC
tosteen@carlyoncica.com,
crobertson@carlyoncica.com;nrodriguez@carlyoncica.com;ccarlyon@carlyoncica.com

TRACY M. O'STEEN on behalf of Defendant DAVID GAFFIN
tosteen@carlyoncica.com,
crobertson@carlyoncica.com;nrodriguez@carlyoncica.com;ccarlyon@carlyoncica.com

TRACY M. O'STEEN on behalf of Defendant HOWARD BULLOCH
tosteen@carlyoncica.com,
crobertson@carlyoncica.com;nrodriguez@carlyoncica.com;ccarlyon@carlyoncica.com

TRACY M. O'STEEN on behalf of Interested Party CITATION FINANCIAL, LLC,
tosteen@carlyoncica.com,
crobertson@carlyoncica.com;nrodriguez@carlyoncica.com;ccarlyon@carlyoncica.com

TRACY M. O'STEEN on behalf of Interested Party COMPASS INVESTMENTS HOLDINGS, LLC
tosteen@carlyoncica.com,
crobertson@carlyoncica.com;nrodriguez@carlyoncica.com;ccarlyon@carlyoncica.com

TRACY M. O'STEEN on behalf of Interested Party DESERT LAND LOAN ACQUISITION, LLC
tosteen@carlyoncica.com,
crobertson@carlyoncica.com;nrodriguez@carlyoncica.com;ccarlyon@carlyoncica.com

TRACY M. O'STEEN on behalf of Interested Party DAVID GAFFIN
tosteen@carlyoncica.com,
crobertson@carlyoncica.com;nrodriguez@carlyoncica.com;ccarlyon@carlyoncica.com

TRACY M. O'STEEN on behalf of Interested Party HOWARD BULLOCH
tosteen@carlyoncica.com,
crobertson@carlyoncica.com;nrodriguez@carlyoncica.com;ccarlyon@carlyoncica.com

ERIC R OLSEN on behalf of Interested Party WASH MULTIFAMILY LAUNDRY SYSTEMS, LLC
eolsen@gtg.legal

LENARD E. SCHWARTZER on behalf of Debtor DESERT OASIS APARTMENTS, LLC
bkfilings@s-mlaw.com

U.S. TRUSTEE - LV - 11, 11
USTPRegion17.lv.ecf@usdoj.gov

MARK M. WEISENMILLER on behalf of Interested Party WASH MULTIFAMILY LAUNDRY SYSTEMS, LLC
mweisenmiller@gtg.legal, bknotices@gtg.legal

MARK WRAY on behalf of Petitioning Creditor BRADLEY J. BUSBIN, AS TRUSTEE OF THE GONZALES CHARITABLE REMAINDER UNITRUST ONE
mwray@markwraylaw.com, tmoore@markwraylaw.com

**18-12456-gs Notice will not be electronically mailed to:**

KEVIN W. COLEMAN on behalf of Plaintiff KAVITA GUPTA
NUTI HART LLP
411 30TH STREET, STE. 408
OAKLAND, CA 94609

KAVITA GUPTA
1300 BRISTOL ST NO, STE 100
NEWPORT BEACH, CA 92660

ROBERT E LEVINE
3813 SUNSET LANE
OXNARD, CA 93035

TAMARA M LEVINE
3813 SUNSET LANE

OXNARD, CA 93035

CATHY L. REECE on behalf of Creditor THE NORTHERN TRUST COMPANY
2394 EAST CAMELBACK RD STE 600
PHOENIX, AZ 85016