# EXHIBIT G



SAN FRANCISCO, CA
LOS ANGELES, CA
WILMINGTON, DE
NEW YORK, NY

150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

**TELEPHONE:** 415/263-7000

FACSIMILE: 415/263-7010


LOS ANGELES
10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

**TELEPHONE: 310/277 6910**
FACSIMILE: 310/201 0760


DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE: 302/652 4100**
FACSIMILE: 302/652 4200


NEW YORK
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE: 212/561 7700**
FACSIMILE: 212/561 7777


WEB: www.pszjlaw.com

John D. Fiero  November 25, 2020  jfiero@pszjlaw.com

**VIA EMAIL AND U.S. MAIL**

Steven Gubner, Esq.
Brutzkus Gubner
21650 Oxnard Street, Suite 500
Woodland Hills, CA  91367
Email:  sgubner@bg.law

    Re:    **In re Desert Oasis Apartments, LLC,
USBC – NV Case No. bk-s-18-12456-gs**

Dear Mr. Gubner:

This law firm is special litigation counsel to Kavita Gupta, Chapter 11 Trustee of the Desert Oasis Apartments, LLC estate (the "***Desert Oasis Trustee***") in the above-referenced bankruptcy case (the "***Case***").  I have reviewed the *Proof of Claim* (the "***Claim***") filed in the Case by your client, Jeffrey Golden, Chapter 11 Trustee for the estate of Desert Land Apartments, LLC (the "***Desert Land Trustee***").  Please be advised that if the Desert Land Trustee does not promptly withdraw the Claim, the Desert Oasis Trustee will not only object to the Claim, but will seek sanctions against your client under Rule 11 of the Federal Rules of Civil Procedure ("***Rule 11***") as set forth in great detail in the enclosed *Memorandum of Points and Authorities in Support of Trustee's Motion for Monetary Sanctions Against Jeffrey Golden, Chapter 11 Trustee of Desert Land, LLC, Pursuant to Bankruptcy Rule 9011* (the "***Motion***").

    The Motion explains why your client's Claim regarding the correction of the Schedules in each debtor's case is objectively frivolous.  It further explains why Mr. Golden's assertion of entitlement to the benefits of substantive consolidation or alter ego theories lacks both evidentiary and legal support.  Finally, the Motion tracks Rule 11 and explains why Mr. Golden should be held liable for sanctions to be paid to the Desert Oasis estate because the Claim is presented for an improper purpose (Rule 9011(b)(1)), not warranted by existing law (Rule 9011(b)(2)), and lacks evidentiary

DOCS_SF:104578.1 33085/001



Steven Gubner, Esq.
November 25, 2020
Page 2

support (Rule 9011(b)(3)). Accordingly, the Trustee demands that Mr. Golden withdraw the Claim no later than Wednesday, December 16, 2020 at 5:00 p.m. If the Claim is not withdrawn, the Trustee will file the Motion and seek sanctions against Mr. Golden.

Please do not hesitate to contact me if you have any questions.

Very truly yours,

John D. Fiero

Enclosure

cc: Kavita Gupta, Chapter 11 Trustee (via email)
     Jeffrey Golden, Chapter 11 Trustee (via United States Mail)

DOCS_SF:104578.1 33085/001