# EXHIBIT I

John D. Fiero (CA Bar No. 136557)
Gail S. Greenwood (CA Bar No. 169939)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
Telephone: 415/263-7000
E-mail:jfiero@pszjlaw.com
        ggreenwood@pszjlaw.com

Shara L. Larson (NV Bar No. 7786)
GHANDI DEETER BLACKHAM
725 S. 8th St., Suite 100
Las Vegas, Nevada 89101
Tel: (702) 878-1115
Email: shara@ghandilaw.com

[Proposed] Special Litigation Counsel to
Kavita Gupta, Chapter 11 Trustee

Electronically filed:_____, 2020

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>**DESERT OASIS APARTMENTS, LLC,**<br><br>Debtor. | Case No.: bk-s-18-12456-gs<br><br>Chapter 11<br><br>[No Hearing Set] |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF TRUSTEE'S MOTION FOR MONETARY
SANCTIONS AGAINST JEFFREY GOLDEN, CHAPTER 11 TRUSTEE
OF DESERT LAND, LLC, PURSUANT TO BANKRUPTCY RULE 9011**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................................................ 1

II.   FACTUAL AND PROCEDURAL BACKGROUND ............................................... 1

    A.    The Bankruptcy Proceeding ........................................................................... 1

    B.    Substantive Consolidation of the Desert Entities Was Denied. ..................... 2

    C.    The Trustee Is Appointed and Investigates Intercompany Claims. ................ 3

    D.    Trustee Golden Is Appointed and Files the Meritless Proof of Claim. ........... 5

    E.    Trustee Golden's Communications Regarding the Proof of Claim
        Demonstrate an Improper Purpose. .................................................................. 6

III.  LEGAL ARGUMENT ............................................................................................... 8

    A.    Rule 9011 Applies to a Meritless Proof of Claim. ......................................... 8

    B.    The Proof of Claim Is Objectively Frivolous. ............................................... 9

        1.    The Account Stated Lacks Evidentiary and Legal Support. ............... 10

        2.    The Substantive Consolidation Allegation Lacks Evidentiary
            and Legal Support. .............................................................................. 11

        3.    The Alter Ego Allegation Lacks Evidentiary and Legal Support. .................. 13

    C.    Good Reason Exists to Believe the Proof of Claim Was Filed for an
        Improper Purpose. .......................................................................................... 15

    D.    The Trustee Has Complied with Rule 9011 .................................................. 16

    E.    Monetary Sanctions Should Be Imposed Against Trustee Golden ............... 16

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A.E. Rest. Assocs., LLC v. Giampietro*
   *(In re Giampietro),*
   317 B.R. 841 (Bankr. D. Nev. 2004) ...................................................... 14

*Alary Corp. v. Sims*
   *(In re Assoc. Vintage Group, Inc.),*
   283 B.R. 549 (9th Cir. BAP 2002).......................................................... 11

*Anderson v. Ford Ranch LLC,*
   2019 Nev. Dist. LEXIS 222 (D. Nev. March 25, 2019) ........................ 15

*Christian v. Mattel, Inc.,*
   286 F. 3d 1118 (9th Cir. 2002) ............................................................... 15

*Dressler v. Seeley Co.*
   *(In re Silberkraus),*
   336 F. 3d 864 (9th Cir. 2003) ................................................................... 9

*Dye v. Commun. Ventures III, LP*
   *(In re Flashcom, Inc.),*
   503 B.R. 99 (C.D. Cal. 2013) ................................................................. 16

*Hamilton v. United States*
   *(In re Hamilton),*
   104 B.R. 525 (Bankr. M.D. Ga. 1989) ..................................................... 9

*In re Bonham,*
   229 F.3d 750 (9th Cir. 2000) ............................................................. 12, 13

*In re CMR Mortgage Fund, LLC,*
   2016 Bankr. LEXIS 235 (Bankr. N.D. Cal. Jan. 26, 2016) ..................... 9

*In re Dansereau,*
   274 B.R. 686 (Bankr. W.D. Tex. 2002) .................................................... 9

*In re Giordano,*
   212 B.R. 617 (9th Cir. BAP 1997).......................................................... 9

*In re Grantham Bros.,*
   922 F. 2d 1438 (9th Cir. 1991) ............................................................ 8, 15

*In re Khalil,*
   379 B.R. 163 (9th Cir. BAP 2007).......................................................... 10

*In re Martinez,*
   393 B.R. 27 (Bankr. D. Nev. 2008) .......................................................... 9

*In re Martinez,*
   393 B.R. 27 n. 8 (Bankr. D. Nev. 2008) ................................................. 10

*In re McAllister,*
   123 B.R. 393 (Bankr. D. Or. 1991).......................................................... 9

*In re R&S St. Rose Lenders, LLC,*
   553 B.R. 814 (Bankr. D. Nev. 2016) ...................................................... 13

*LFC Mktg. Group, Inc. v. Loomis,*
   116 Nev. 896 (2000) ................................................................................ 14

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

*Magliarditi v. TransFirst Group, Inc.,*
    2019 Nev. Unpub. LEXIS 1156 (Nev. October 21, 2019) .................................................. 14

*Marsch v. Marsch*
    *(In re Marsch),*
    36 F. 3d 825 (9th Cir. 1994) ........................................................................................... 9, 16

*Maxwell v. KPMG LLP,*
    520 F. 3d 713 (7th Cir. 2008) ............................................................................................. 15

*McCleary Cattle Co. v. Sewell,*
    73 Nev. 279 (1957) .............................................................................................................. 14

*Parmaplast SAE v. Zeus Med. Holdings LLC,*
    2017 U.S. Dist. LEXIS 36227 (D. Nev. March 14, 2017) .................................................. 14

*Polaris Indus. Corp. v. Kaplan,*
    103 Nev. 598 (1987) ............................................................................................................ 13

*Truck Ins. Exch. v. Swanson,*
    124 Nev. 629 (2008) ............................................................................................................ 14

**Statutes**

Nev. Rev. Stat. Ann. § 78.747 .................................................................................................... 14

**Rules**

Fed. R. Bankr. P. 1009 ................................................................................................................ 10

Fed. R. Bankr. P. 9011 ............................................................................................................ 9, 16

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# I.

## **INTRODUCTION**

Kavita Gupta, the chapter 11 trustee ("Trustee") for Desert Oasis Apartments LLC seeks monetary sanctions against Jeffrey I. Golden, chapter 11 trustee ("Trustee Golden") appointed in the case of Desert Land LLC, based on blatant misrepresentations submitted to the Court in this case. On September 23, 2020, Trustee Golden filed a proof of claim ("Proof of Claim") under penalty of perjury on behalf of Desert Land for "at least $78,000,000." A copy of the Proof of Claim is attached to the accompanying Declaration of Gail Greenwood as **Exhibit A**.

Specific representations made to the Court in the Proof of Claim lack evidentiary support and are contradicted by available information, are not warranted by existing law, and the Proof of Claim appears to have been submitted for the improper purpose of extracting a settlement in exchange for, among other matters, not attacking the professionalism of the Trustee. Such representations are subject to sanctions under Rule 11 of the Federal Rules of Civil Procedure and Rule 9011 of the Bankruptcy Rules of Procedure (hereafter, "Rule 9011").

# II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

### A.    **The Bankruptcy Proceeding.**

Prior to 2000, Tom Gonzales ("Gonzales") loaned approximately $41.5 million to Desert Land and Desert Oasis Apartments secured by real property on the Las Vegas Strip across from the Mandalay Bay. In 2018, Gonzales[1] obtained a judgment for approximately $13.1 million against Desert Land, Desert Oasis Apartments, and certain other debtors (collectively referred to as the "Desert Entities").

On April 30, 2018, Gonzales filed involuntary petitions against each of the Desert Entities based on the recorded judgment. As of the petition date, Desert Oasis Apartments owned approximately six acres of real property with an apartment complex that generated modest income. Gonzales and Northern Trust Company (owed approximately $4.9M) were the only entities holding secured claims against Desert Oasis Apartments. Northern Trust Company's secured first priority

---

[1] Gonzales assigned the judgment to Bradley J. Busbin, trustee. For simplicity, this Motion refers to Mr. Gonzales.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

claim has been paid. However, the estate of Desert Oasis Apartments has insufficient assets to fully satisfy the Gonzales claim.

As of the petition date, Desert Land owned approximately twenty acres of real property. Desert Land's secured creditors consist primarily of the Clark County Treasurer, Juniper Loan Servicing, Inc. ("Juniper"), creditors referred to as the "Shotgun Creek Entities," the Sher Group/Desert Land Loan Acquisition, David Stroebling (another judgment creditor), and Gonzales. The Shotgun Creek Entities are owed more than $154 million, which the Court estimated was accruing interest in excess of $2 million *per month*. *See Memorandum of Decision* entered April 23, 2020 [DL Docket No. 1075][2] at 6-7, Greenwood Declaration at **Exhibit B**. The Court's public docket currently reflects secured claims filed against Desert Land of more than $215 million. Greenwood Declaration, ¶ 5. Gonzales is the only creditor that has claims against all of the Desert Entities, and he is the only overlapping creditor between Desert Oasis Apartments and Desert Land.

**B.      Substantive Consolidation of the Desert Entities Was Denied.**

Almost immediately following the petition date and prior to the filing of any schedules, the Desert Entities filed motions for substantive consolidation and for conversion of the cases to chapter 11 (collectively referred to as a single motion). The substantive consolidation motion recited basic facts regarding the Desert Entities' varied creditors and ownership and summarily argued that "as a practical matter, pooling of the sales proceeds of all available parcels . . . will most likely result in full payment of all unsecured creditors as well as maximization of distributions to equity." DL Docket Nos. 27-28.

The substantive consolidation motion was opposed by Gonzales, Juniper, and the Shotgun Creek Entities on grounds, among others, that it was premature and failed to meet the Ninth Circuit standards for substantive consolidation. Judge Babero heard the matter on June 26, 2018, but made no findings of fact or conclusions on the record. Instead, following arguments and at the request of the Desert Entities' counsel, the Court denied substantive consolidation without prejudice. *See* June 26, 2018 Hearing, Tr. 17:9-16, Greenwood Declaration at **Exhibit C**. On July 6, 2018, the Court entered its written order [DL Docket No. 89] denying substantive consolidation and granting joint

---

[2] Docket references are to the Desert Land case no. 18-12454-GS ("DL Docket No."), and the Desert Oasis Apartments case no. 18-12456-GS ("DOA Docket No.").

administration of the cases under Desert Land's case number.  No further efforts were ever made to substantively consolidate the Desert Entities.

**C.    The Trustee Is Appointed and Investigates Intercompany Claims.**

In July 2018, Gonzales filed a motion to appoint a chapter 11 trustee for the Desert Entities' cases.  On March 11, 2019, after several days of evidentiary hearings during which the Court heard testimony from the LLC managers of Desert Oasis Apartments and Desert Land (David Gaffin and Howard Bulloch), the Court announced findings of fact and conclusions of law and granted the appointment of a chapter 11 trustee.  *See* March 11, 2019 Hearing Tr., 8:7-9:4, Greenwood Declaration at **Exhibit D**.  The Trustee was appointed on March 27, 2019 [DL Docket No. 522], as chapter 11 trustee of Desert Land, Desert Oasis Apartments, and Desert Investments.

In connection with appointment of the Trustee, the Court made specific findings that Gaffin and Bulloch's testimony was "at odds with" the Desert Entities' prior motion for substantive consolidation:

> Additionally, during his testimony, ***Mr. Bulloch testified that the debtors have separate assets, separate liabilities, and file separate tax returns. At the evidentiary hearing on the trustee's motion, when asked whether the debtors have been treated as a single business enterprise since their inception, Gaffin contradicted his*** [prior] ***declaration by testifying, I don't know that's the case.***
>
> Gaffin dismissed without explanation the statement in his prior declaration, ***testifying that the debtors are four separate entities, that they file their own tax returns, and they are not exactly mirrors of the ownership and have different entities in them—different assets in them.*** However, Gaffin subsequently provided a third characterization of the debtors' separateness or lack thereof, testifying that Desert Investments' books and tax returns are incorporated with Desert Land because Desert Land owns 100 percent of Desert Investments. ***These statements also seem to be at odds with the motion for substantive consolidation.***

Tr. 36:16- 37:8 (emphasis added), Greenwood Declaration at Exhibit D.  In this manner, the Court questioned Gaffin and Bulloch's credibility and cast aspersions upon the notion that substantive consolidation was in any way warranted.

Immediately following her appointment, the Trustee began investigating a $4.5 million claim scheduled by Desert Oasis Apartments in favor of Desert Lands.  Based on analysis by her accountants and their communications with the principals of the Desert Entities, the Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

determined that the intercompany obligation was created by a journal entry at or before the end of 2002 without any documentation. On June 18, 2019 and again on June 27, 2019, Trustee's counsel sought confirmation from the debtors' counsel that no further documentation existed or, if documentation existed, requested that such documents be provided. *See Motion for Order Determining Whether Kavita Gupta Should Continue as Chapter 11 Trustee for Desert Oasis Apartments, LLC Due to the Existence of Inter-Estate Claims, etc.* and supporting declarations [DL Docket Nos. 772-776], excerpts attached to Greenwood Declaration as **Exhibit E**.

In March 2020, the Trustee and her professionals interviewed Gina Shelton of Swecker, Moloney & Moir CPA, a former accountant for the Desert Entities from 1996 through 2010. Thereafter, Ms. Shelton executed a declaration on March 27, 2020 [DOA Docket No. 175, Exh. 5; Greenwood Declaration at **Exhibit F**] stating that an original journal entry in 2000 reflecting an amount owing from Desert Oasis Apartments to Desert Land was a mistake. Ms. Shelton declared that she misunderstood the obligors on the Gonzales loan, which was used, in part, to pay off an obligation of Desert Oasis Apartments to Heller Financial. Ms. Shelton further declared that, had she known that the Gonzales loan was an obligation of both Desert Oasis Apartments and Desert Land, she would not have made general ledger entries reflecting an intercompany liability and would instead have shown the liability as owing to Gonzales. *See* Shelton Declaration, ¶¶ 14-15 [DOA Docket No. 175, Exh. 5; Greenwood Declaration at Exhibit F]. "Accordingly, the amount reflected on DOA and DL's general ledgers and the December 31, 2000 working trial balance as being owed by DOA to DL on December 31, 2000 ***was overstated by $5,008,060.83***." *Id.* at ¶ 15 (emphasis added).

The Shelton Declaration was disclosed to Gaffin, Bulloch, and counsel for the Desert Entities. Thereafter, on April 23, 2020, ***Gaffin voluntarily filed amended bankruptcy schedules on behalf of Desert Land and Desert Oasis Apartments, which eliminated any scheduled debt of Desert Oasis Apartments in favor of Desert Land***. Specifically, Desert Oasis Apartments' Schedule E/F at page 2 was amended to eliminate a scheduled unsecured claim in favor of Desert Land ($4,500,000); and Desert Land's Schedule A/B at page 4 was amended to eliminate alleged money

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

due from Desert Oasis Apartments ($4,499,328).  [DL Docket Nos. 1080-81; Greenwood

Declaration at **Exhibits G and H**, respectively].

Virtually all of the foregoing information is currently reflected in the public record and was

available to Trustee Golden upon his appointment.  In particular, Nuti Hart LLP, the Trustee's

bankruptcy counsel, provided a copy of the Sheldon Declaration and supporting documentation to

Trustee Golden's counsel on June 23, 2020.  [DOA Docket No. 175, Greenwood Declaration at

Exhibit F at p. 18, ¶¶ 22-24].

**D.    Trustee Golden Is Appointed and Files the Meritless Proof of Claim.**

Trustee Golden was appointed as chapter 11 trustee of Desert Land on June 15, 2020.  [DL

Docket No. 1256].  On September 23, 2020, and under penalty of perjury, Trustee Golden filed the

Proof of Claim against Desert Oasis Apartments for "at least $78,000,000."  *See* Greenwood

Declaration, Exhibit A.

The Proof of Claim lists "an account stated, plus the amount of non-insider claims against

Desert Land based on substantive consolidation and alter ego causes of action."  A four-page

addendum to the Claim describes a $4.5 million alleged account stated ("Account Stated") based on

the prior bankruptcy schedules of Desert Oasis Apartments and Desert Lands and based on Desert

Oasis Apartments' 2011 reorganization plan.

Under the heading of "Substantive Consolidation—Alter Ego Claims of Not Less Than $78

Million," the Proof of Claim states:

> ***In light of the compelling evidence adduced to date which indicates that Desert Land and its debtor affiliates (collectively, the "Debtors") were operated as a single unitary entity, Desert Land has a claim against each of the other Debtors*** in the amount required to satisfy the third-party claims (without counting the claims of insiders) against Desert Land, including that: (1) each of the Debtors was influenced and governed by David Gaffin and Howard Bulloch (together, the "Managers"); (2) there was a unity of interest and ownership such that the Debtors such that the Debtors are inseparable from each other; (3) the facts are such that adherence to the corporate fiction of separate entities under the relevant circumstances would sanction a fraud or promote injustice; (4) many if not all of the various factors for determining when the corporate fiction should be disregarded are present, including, without limitation, undercapitalization, commingling of funds, failure to observe corporate formalities, loans to or from or among the Debtors and their insiders that were made without sufficient consideration, and the assets of the Debtors

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

were treated as assets of a common "pot" for the mutual benefit of the Debtors; and (5) recognizing the separate corporate existence of the Debtors as distinguished from each other would bring about an inequitable result relative to the third-party creditors of Desert Land.  **Such evidence was adduced in connection with each of the Debtors' identical motions to substantively consolidate all four bankruptcy cases.** . . .

Exhibit A, ¶ 4 (emphasis added).

These statements made in the Proof of Claim are <u>contrary</u> to all known evidence adduced to date.  Simply put, the Court's own record and all known evidence indicates that the Account Stated in favor of Desert Land was invalid and mistakenly included in the companies' financials beginning in 2000.

## E.  <u>Trustee Golden's Communications Regarding the Proof of Claim Demonstrate an Improper Purpose.</u>

On October 12, 2020, consistent with ongoing and repeated disclosures of potential conflicts, the Trustee filed additional *Supplemental Rule 2014(a) Disclosures* [DOA Docket No. 175; Greenwood Declaration at Exhibit F].  The Trustee's Disclosures describe the following communications between counsel for Desert Oasis Apartments and Desert Land in connection with the Proof of Claim, all of which suggest an improper purpose:

- On September 4, 2020, counsel for Trustee Golden requested a 30-day extension of time to file a proof of claim and ***interim mediation—in advance of filing the claim—due to "sensitivities" surrounding the claim***.

- On September 8, 2020, counsel for the Trustee requested confirmation of when Trustee Golden expected to complete his claim investigation and identification of the alleged sensitivities surrounding the claim requiring a mediation without an actual filed claim.  The Trustee's counsel pointed out that any legitimate claim would require disclosure through the claims allowance process of a 9019 motion.

- On September 9, 2020, counsel confirmed that Trustee Golden's analysis of the claim would be complete in advance of the filing deadline, but ***he wished to defer getting into the substance of the claim until a mediation privilege applied*** because a confidential setting is more conducive to frank and productive settlement discussions.

- The parties did not agree to mediate and Trustee Golden filed the Proof of Claim.

- On September 30, 2020, after the Proof of Claim was filed, counsel for Trustee Golden raised unidentified objections to the Trustee's professional fee applications.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

- On October 1, 2020, ***counsel for Trustee Golden accused the Trustee of alleged conflicts of interest during her representation of Desert Land that caused Desert Land to suffer damages by "de-scheduling" the $4.5 million claim*** in favor of Desert Land.  Trustee Golden purported to remain open to "a dialogue to better explain his position and to understand [that of the Trustee]."

*See* Trustee's Disclosures [DOA Docket No. 175, Greenwood Declaration at Exhibit F] at pp. 2-4 and Exh. 1-2.  In short, Trustee Golden and his counsel accused the Trustee of causing damage to the estate of Desert Lands based on the voluntary amendment of schedules by Desert Land's manager, which was done to correct an undisputed error.

The Trustee has consistently disclosed all facts regarding her representation, her investigation of the intercompany claims between Desert Oasis Apartments and Desert Land, and her concern that she might need to resign from one or more of the three cases if a conflict developed.  The Trustee disclosed potential conflicts on April 8, 2019 [DL Docket No. 538], July 12, 2019 [DL Docket Nos. 772-76], August 12, 2019 [DL Docket No. 824], and October 12, 2020 [DL Docket No. 1521].[3] Neither the U.S. Trustee, nor any creditor, nor the Court, filed a response or objection to the Trustee's continuing services in the cases, including her requests for examinations pursuant to Fed. R. Bankr. P. 2004.  The Trustee promptly resigned as chapter 11 trustee of Desert Land following the results of the sale and auction process when it was clear that Desert Oasis Apartments had insufficient assets to pay its creditors without pursuing avoidance actions and the Trustee's financial advisors had completed their avoidance analysis in early June 2020, which evidenced unexplained transfers made from Desert Oasis Apartments to Desert Land.

Trustee Golden is fully aware of the foregoing facts.  The Proof of Claim in excess of $78 million is contrary to all known relevant facts, contrary to applicable law, and appears to have been presented for the improper purpose of leveraging a quick settlement.

---

[3] DL Docket No. 1521 is the same as DOA Docket No. 175 attached to Greenwood Declaration as Exhibit F.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# III.

# LEGAL ARGUMENT

**A.**    **Rule 9011 Applies to a Meritless Proof of Claim.**

Rule 9011 empowers the Court to impose sanctions upon an attorney, law firm, or party who submits papers that are frivolous or have been presented for an improper purpose. *See generally In re Grantham Bros.,* 922 F. 2d 1438, 1441 (9th Cir. 1991) (sanctions against attorney affirmed based on filing of adversary complaint that contained impermissible claim). Either prong of frivolous or an improper purpose is sufficient to warrant sanctions. *Id.* An award of sanctions against Trustee Golden is appropriate due to the frivolous nature of the Proof of Claim.

Rule 9011 provides, in relevant parts, as follows:

> **(a) Signature.** Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign all papers….

> **(b) Representations to the Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --

>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

>> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law;

>> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation; and

>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

> **(c) Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Fed. R. Bankr. P. 9011. Representations to the court must satisfy *each* of the four prongs and sanctions are available for violation of any one of them.

Sanctions under Rule 9011 are appropriate when a creditor files a meritless proof of claim. *See, e.g., In re Dansereau,* 274 B.R. 686 (Bankr. W.D. Tex. 2002) (creditor sanctioned for filing baseless priority claims); *In re McAllister,* 123 B.R. 393, 397 (Bankr. D. Or. 1991) (sanctions imposed against Department of Revenue for filing precautionary proof of claim without sufficient investigation, notwithstanding subsequent withdrawal of claim); *Hamilton v. United States (In re Hamilton),* 104 B.R. 525, 527 (Bankr. M.D. Ga. 1989) (sanctions imposed against IRS for overstated proof of claim that included additional tax years that were not outstanding); *In re CMR Mortgage Fund, LLC,* 2016 Bankr. LEXIS 235 at *5-6 (Bankr. N.D. Cal. Jan. 26, 2016) (sanctions imposed against creditor for filing meritless claim that was waived by arbitration award).

## B.   The Proof of Claim Is Objectively Frivolous.

In determining whether sanctions are warranted under Rule 9011, courts "must consider both frivolousness and improper purpose on a sliding scale, where the more compelling the showing as to one element the less decisive need be the showing as to the other." *Dressler v. Seeley Co. (In re Silberkraus),* 336 F. 3d 864, 870 (9th Cir. 2003) (quoting *Marsch v. Marsch (In re Marsch),* 36 F. 3d 825, 830 (9th Cir. 1994); sanctions affirmed against counsel for frivolous chapter 11 petition). As the Ninth Circuit Bankruptcy Appellate Panel explained in *In re Giordano*, 212 B.R. 617 (9th Cir. BAP 1997): "Both prongs are measured by an objective standard which requires the Court to consider the reasonableness of the conduct under the circumstances." *Id.* at 634 (internal quotation omitted; Rule 9011 sanctions affirmed). An award of sanctions under Rule 9011 does not require bad faith, only objectively unreasonable conduct. *In re Martinez,* 393 B.R. 27, 37 n. 8 (Bankr. D. Nev. 2008) (distinguishing court's inherent power to sanction for bad faith misconduct; "By

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

contrast, the imposition of sanctions under Rule 9011 requires only a showing of 'objectively unreasonably conduct.'").

Here, the Proof of Claim was and is objectively frivolous. In particular, but without limitation, the Proof of Claim is objectively frivolous in the following respects:

### 1.    The Account Stated Lacks Evidentiary and Legal Support.

First, Trustee Golden's presentation of the Account Stated as due and owing lacks any reasonable evidentiary support as required by Rule 9011(b)(3). Second, the Account Stated could never be found to have evidentiary support after a reasonable opportunity for further investigation. This is because there can no longer be any real dispute that the Account Stated was an unintentional mistake that was carried on the debtors' books until it was recognized and corrected. *See In re Martinez,* 393 B.R. at 32-35 (refusal to stipulate to correction of mistake subject to sanctions under Rule 9011; "One need not be a student of the law of mistake to know that any contract formed under such circumstances can be reformed by either party, or if not reformed, avoided."). As of the filing date of the Proof of Claim, Trustee Golden knew that Desert Land's schedules had been amended to eliminate the Account Stated and knew or should have known that the amendments corrected a mistake. *Compare* Greenwood Declaration, Exhibit A at A001-D001 (superseded schedules attached to claim) and Exhibits G and H (amended schedules); and *see* Exhibit F at Exh. 5 (Shelton Declaration).

Any argument for the validity of the Account Stated is not warranted by existing law or a nonfrivolous argument for an extension of the law as required by Rule 9011(b)(2). Specifically, Trustee Golden seeks to "revive" a mistaken accounting entry on the debtors' books and records based on Desert Oasis Apartment's prior mis-scheduled debt and a plan of reorganization that was confirmed in December 2011 (the "2011 Plan"). Gaffin properly corrected the schedules of both Desert Oasis Apartments and Desert Land upon learning that the Account Stated was an error on the books. He had both a right to do so under Rule 1009(a) (debtor's right to amend schedules any time prior to case closing) and an obligation to do so. *See In re Khalil,* 379 B.R. 163, 177 (9th Cir. BAP 2007) (false statement or omission regarding creditors and debts is just as important as nondisclosure of assets and constitutes grounds for denial of discharge).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Even assuming that the Court could ignore the corrected schedules filed by Gaffin (e.g., as lacking in credibility) in favor of the filed Proof of Claim, the 2011 Plan subordinated the Account Stated until all unsecured creditors were paid in full, including Gonzales.  Gonzales was separately classified as holding an impaired unsecured claim for $10 million.  Attachments to the Proof of Claim demonstrate that Trustee Golden had actual knowledge of the subordination.  Greenwood Declaration, Exhibit A at E004 ("Desert Land LLC, Citation Financial LLC and Compass Investments Holdings LLC **have agreed to subordinate their claims to the claims of other unsecured creditors and will be paid only after all other unsecured creditors are paid in full** and reasonable reserves for maintenance and repair of the Property has been funded;" emphasis added).

To the extent that Trustee Golden asserts res judicata as a basis to "revive" the mistaken accounting entry under a confirmed plan, he bears the burden of demonstrating each of the predicates of res judicata (*Alary Corp. v. Sims (In re Assoc. Vintage Group, Inc.),* 283 B.R. 549, 561-62 (9th Cir. BAP 2002)), and why the 2011 Plan should take precedence over schedules that were properly corrected by a debtor's principals.  Trustee Golden cannot selectively ignore the subordination provision, which renders the Account Stated wholly uncollectable. Under these circumstances, Trustee Golden's assertion of the Account Stated is objectively unreasonable and frivolous.

**2.      The Substantive Consolidation Allegation Lacks Evidentiary and Legal Support.**

Trustee Golden's assertion of a substantive consolidation claim for more than $78,000,000 is likewise frivolous.

There is simply no factual basis for the following statements by Trustee Golden: (1) "In light of the compelling evidence adduced to date which indicates that Desert Land and its debtor affiliates (collectively, the "Debtors") were operated as a single unitary entity, Desert Land has a claim against each of the other Debtors;" and (2) Such evidence was adduced in connection with each of the Debtors' identical motions to substantively consolidate all four bankruptcy cases."

Notably, Trustee Golden does not assert that he is likely to develop evidentiary support after discovery, but that such evidence already exists—which is <u>false</u>.  The initial substantive

consolidation motion and facts developed to date do not satisfy the criteria for combining the assets and liabilities of Desert Oasis Apartments and Desert Land, or any other Desert Entity. Prior to the petition date, Desert Oasis Apartments employed a third party manager to oversee and operate the apartment complex. All available information indicates that Desert Oasis Apartments and Desert Land have separate assets, separate liabilities, and file separate tax returns. *See, e.g.,* June 26, 2018 Hearing Tr. (Greenwood Declaration, Exhibit C) at 17:9-22 (substantive consolidation denied); March 11, 2019 Hearing Tr. (Greenwood Declaration, Exhibit D) at 36:5-15 (apartment complex managed by third party), Hearing Tr. at 36:16- 37:8 (debtors have separate assets, separate liabilities, and separate tax returns, and are not mirrors of one another).

Substantive consolidation is not warranted by applicable law, particularly because the applicable law is undisputed. Substantive consolidation is an extraordinary remedy that is rarely granted. The Ninth Circuit applies a relatively stringent test for substantive consolidation. In this Circuit, substantive consolidation is only appropriate when either:

> (i)   creditors dealt with the debtor entities as a single economic unit and did not rely on their separate identities in extending credit (at times referred to as the "single entity test"); or
>
> (ii)   the affairs of the debtors are so entangled that consolidation will benefit all creditors (at times referred to as the "hopeless entanglement test").

*In re Bonham*, 229 F.3d 750, 766 (9th Cir. 2000).

Desert Land could never satisfy either prong of the test for substantive consolidation. The majority of the Desert Entities' creditors previously opposed substantive consolidation. These creditors did not deal with Desert Oasis Apartments and Desert Land as a single economic unit. Juniper expressly stated that it did not deal with the Desert Entities as a single unit. [DL Docket No. 39, Greenwood Declaration at **Exhibit I** at p 4]. Desert Oasis Apartments and Desert Land have very distinct creditors, as is evident from the public claim registers, each of which extended credit in reliance upon the separate identities of the debtors.

Similarly, Desert Land could never demonstrate that the affairs of Desert Oasis Apartments and Desert Land are so entangled that consolidation will benefit all creditors. There is no evidence

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

of hopeless entanglement. In fact, the Court was critical of Gaffin and Bulloch's testimony as contradictory and at odds with substantive consolidation. March 11, 2019 Tr. (Greenwood Declaration, Exhibit C) at 36:6-15 (Court discounts Gaffin's characterization of extensive management time considering that properties were mostly vacant land and apartment complex was managed by third party, and managers deferred to others for information that should have been in their purview); 36:16-37:8 (quoted above; debtors have separate assets, separate liabilities, and separate tax returns, and Gaffin has no explanation for contrary statements in prior declaration); 54: 21-23 ("Finally, with respect to their conflicts, Bulloch and Gaffin flip-flop between treating the entities as separate or consolidated as may be needed.").

Finally, Trustee Golden will never demonstrate that consolidation will benefit all creditors in this case. "In light of the extreme nature of this equitable remedy, the primary purpose of substantive consolidation 'is to ensure the equitable treatment of all creditors.'" *Bonham,* 229 F. 3d at 764. *See also In re R&S St. Rose Lenders, LLC,* 553 B.R. 814, 866 (Bankr. D. Nev. 2016) (denying substantive consolidation that was in the interest of the proponents and at the expense of certain lenders; "That result would not be equitable to all creditors."). Desert Oasis Apartments' creditors would be severely prejudiced by consolidation of the estate with the extraordinary debts of Desert Land and/or Desert Investments.

That substantive consolidation is a factual question does not relieve Trustee Golden of the obligation to make truthful representations of fact based on solid evidence. Contrary to statements made in the Proof of Claim, there is no compelling evidence to support substantive consolidation.

### 3.    The Alter Ego Allegation Lacks Evidentiary and Legal Support.

Trustee Golden's assertion of an alternative claim for alter ego liability of more than $78,000,000 is equally, if not more, frivolous.

There are three requirements for application of the alter ego doctrine: "(1) the corporation must be influenced and governed by the person asserted to be the alter ego; (2) there must be such unity of interest and ownership that one is inseparable from the other; and (3) the facts must be such that adherence to the corporate fiction of a separate entity would, under the circumstances, sanction fraud or promote injustice." *Polaris Indus. Corp. v. Kaplan,* 103 Nev. 598, 601 (1987) (citing

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

*McCleary Cattle Co. v. Sewell,* 73 Nev. 279 (1957)).  *See also LFC Mktg. Group, Inc. v. Loomis,* 116 Nev. 896, 904 (2000).  These elements are statutorily prescribed for application of traditional alter ego liability for a corporation's debt.  *See* Nev. Rev. Stat. Ann. § 78.747 (Liability of another person for debt or liability of corporation).  Alter ego must be established by a preponderance of the evidence.  *LFC Mktg. Group,* 116 Nev. at 904.

Most cases addressing alter ego liability begin with the premise that "the corporate cloak is not lightly thrown aside."  *See, e.g., Truck Ins. Exch. v. Swanson,* 124 Nev. 629, 635 (2008) (alter ego liability did not bind nonparty to arbitration); *A.E. Rest. Assocs., LLC v. Giampietro (In re Giampietro),* 317 B.R. 841, 851 (Bankr. D. Nev. 2004) (reverse alter ego liability denied); *Parmaplast SAE v. Zeus Med. Holdings LLC,* 2017 U.S. Dist. LEXIS 36227 at *8-11 (D. Nev. March 14, 2017) ("Because 'the alter ego doctrine is an exception to the general rule recognizing corporate independence,' 'the corporate cloak is not lightly thrown aside;'" citations omitted) (claims grounded in alter ego theory dismissed on summary judgment).

Trustee Golden states in the Proof of Claim that each of the Desert Entities "was influenced and governed by David Gaffin and Howard Bulloch (together, the 'Managers')."  Greenwood Declaration, Exhibit A at ¶ 4.  This statement is, at best, support for holding the Managers liable as alter egos of the Desert Entities, <u>not</u> Desert Oasis Apartments.  There is no evidence whatsoever that Desert Oasis Apartments influenced or controlled Desert Land.  For the same reasons discussed regarding substantive consolidation, there is no evidentiary support for a finding that Desert Oasis Apartments is the alter ego of Desert Land and could therefore be held liable for Desert Land's extraordinary debt.

Apart from the fact that Trustee Golden lacks evidentiary support for the allegation of alter ego liability, the claim also lacks legal foundation.  Nevada law recognizes alter ego as a stand alone cause of action only when it is pursued by a judgment creditor.  *See Magliarditi v. TransFirst Group, Inc.,* 2019 Nev. Unpub. LEXIS 1156 at *4 (Nev. October 21, 2019) (certified question to the Supreme Court holding that alter ego doctrine can be a separate cause of action when the claim is filed as a means for a judgment creditor to pursue the execution of a prior judgment).  However, outside of the judgment collection context, alter ego is only an equitable remedy, not a claim.  *See,*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

*e.g., Anderson v. Ford Ranch LLC,* 2019 Nev. Dist. LEXIS 222 at *5 (D. Nev. March 25, 2019) ("Alter Ego is not an independent cause of action, but rather a theory of liability;" claim for breach of contract and alter ego dismissed). The significance is that Desert Land does not have an underlying claim against Desert Oasis Apartments, such as an alleged fraudulent transfer, and Desert Land is not a judgment creditor with the ability to assert alter ego as an independent claim. Under these circumstances, the alter ego claim is not warranted by existing law.

The fact that Trustee Golden has asserted extraordinary damages of over $78 million based on <u>all</u> of Desert Land's debts, without regard to any specific actions, conduct, or bookkeeping by Desert Oasis Apartments, highlights the frivolous nature of the Proof of Claim. *See, e.g., Maxwell v. KPMG LLP,* 520 F. 3d 713, 718-19 (7th Cir. 2008) ("We are particularly disturbed by the damages claim. It is not only groundless, as we have seen; it is intimidating, because of its size . . . [F]rivolousness must depend not on the net expected value of a suit in relation to the cost of suing, but on the probability of the suit's succeeding. If that probability is very low, the suit is frivolous.") (Posner invites Rule 9011 motion based on chapter 7 trustee's frivolous lawsuit). Here, Trustee Golden launched an extraordinary and inflated Proof of Claim that is neither grounded in fact nor warranted by existing law or a good faith argument for an extension of the law.

**C.    <u>Good Reason Exists to Believe the Proof of Claim Was Filed for an Improper Purpose.</u>**

One of the fundamental purposes of Rule 9011 and its civil counterpart is to "reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers." *Christian v. Mattel, Inc.,* 286 F. 3d 1118, 1127 (9th Cir. 2002). *See also In re Grantham Bros.,* 922 F. 2d at 1441 (Rule is applied "vigorously 'to curb widely acknowledged abuse from the filing of frivolous pleadings;" internal citations omitted). The Ninth Circuit explains that evidence bearing on frivolousness is often "highly probative of purpose." *Id.* at 1443 (collateral attack on bankruptcy order was improper attempt to harass and intimidate and increase the cost of litigation; sanctions affirmed). Improper purpose is, however, an independent basis for sanctions under Rule 9011(b)(1).

The Court may infer an improper purpose from the total lack of merit to the Proof of Claim. In addition, circumstantial evidence supports that Trustee Golden filed the Proof of Claim in an effort to obtain a quick settlement on behalf of Desert Land notwithstanding the absence of

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

supporting facts or law and the existence of clearly contradictory facts.  Trustee Golden initially sought "closed door" mediation prior to filing the Proof of Claim and later raised the issue of alleged trustee malfeasance in an effort to intimidate the Trustee.  The Trustee believes that the Proof of Claim was filed for an improper purpose and is frivolous under any objective view.

**D.    The Trustee Has Complied with Rule 9011.**

Bankruptcy Rule 9011 requires that a party seeking sanctions must: (1) make the motion for sanctions separate from other motions or requests; (2) describe the specific conduct alleged to violate subdivision (b); (3) be served as provided in Rule 7004; and (4) not be filed prior to 21 days after service of the motion.  Fed. R. Bankr. P. 9011(c)(1)(A).  No other requests are contained in this Motion and the Trustee has set forth above the specific conduct that violates Rule 9011.

Trustee Golden was served a copy of the Motion on November 25, 2020, in accordance with Rule 7004.  Greenwood Declaration, ¶ 13.  Counsel for Trustee Golden was also served at the same time.  Twenty-one days have passed since the Motion was served on Trustee Golden, and the Proof of Claim has not been withdrawn or amended.  *Id*.

**E.    Monetary Sanctions Should Be Imposed Against Trustee Golden**

In *Marsch, supra*, the Ninth Circuit held that "[a] restitutionary award compensating the opposing party for unnecessary litigation expenses—as opposed to a punitive fine paid to the court— is a particularly appropriate sanction in cases involving manipulative petitions filed principally for purposes of delay and harassment."  *In re Marsch*, 36 F.3d at 831.  The Trustee submits that the same rationale applies here with respect to the propriety of a restitutionary award to the Trustee for those unnecessary litigation expenses incurred in having to file the Claim Objection and this Motion.  *See, e.g., Dye v. Commun. Ventures III, LP (In re Flashcom, Inc.),* 503 B.R. 99, 133-35 and n. 23 (C.D. Cal. 2013) (Rule 9011 sanctions of $60,000 affirmed based on reasonable attorneys fees and expenses incurred as a result of violation; collecting cases in support of arguable error in reducing the lodestar).

The Trustee anticipates that litigation fees and expenses incurred to object to the Proof of Claim and bring this Motion will exceed $25,000 and can be evidenced in such manner as the Court directs.

## III.

## <u>CONCLUSION</u>

There is no credible basis for the $78 million Proof of Claim.  The Proof of Claim is objectively frivolous on its face and appears to have been filed for improper purposes.  The Trustee requests that the Court grant this Motion in its entirety and set such further proceedings as are required to quantify the amount of sanctions to be awarded.

Dated:  November 25, 2020

PACHULSKI STANG ZIEHL & JONES LLP
 */s/ John D. Fiero*
John D. Fiero
Gail S. Greenwood
150 California Street, 15th Floor
San Francisco, CA  94111-4500

and

GHANDI DEETER BLACKHAM
Shara L. Larson
725 S. 8th St., Suite 100
Las Vegas, Nevada 89101

[Proposed] Special Litigation Counsel to
Kavita Gupta, Chapter 11 Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA