**EXHIBIT 1**

## Kevin Coleman

| | |
|---|---|
| **From:** | Susan K. Seflin <sseflin@bg.law> |
| **Sent:** | Thursday, October 1, 2020 11:15 AM |
| **To:** | Kevin Coleman |
| **Cc:** | Jerrold Bregman; Jason B. Komorsky |
| **Subject:** | RE: Desert Land - Request to Trustee Gupta's Professionals Re Final Fee Applications |

Hi Kevin – As you know, Jeff and our firm have a fiduciary duty to the estate and creditors. Given the facts before us, we are required to object to the fee application. Kavita's resignation confirmed an actual conflict existed, which conflict appears to have arisen prior to actions which harmed the Desert Land estate (i.e. de-scheduling of $4.5MM A/R, $1MM credit for DLLA, etc)  Jeff would really like to complete his investigation and have a dialogue to better explain his position and to understand yours.  We are trying to work with you.

Are either of these options acceptable with Kavita:

1. Go forward as scheduled with the hearing but the professionals agree the Desert Land fee applications are interim (not final - like you got for Schwartzer when he filed a final fee app), and we will support interim payment of $140k for surcharge?

2. In the alternative, will you all agree to a 30 day continuance of the hearing and time for Jeff to respond?

If not, then we plan on filing a motion to continue with the Court seeking a continuance.   Given that the professionals are collectively seeking approval of over $1.6 million in fees and expenses, we think a request for a continuance is reasonable.

Best regards, Susie



**Susan K. Seflin**
Of Counsel

21650 Oxnard St., Suite 500
Woodland Hills, CA 91367

(818) 827-9000 Main
(818) 827-9210 Direct
(310) 429-8255 Cell
(818) 827-9053 Fax

www.bg.law

sseflin@bg.law

 Susan K. Seflin

The preceding e-mail message is subject to Brutzkus Gubner Rozansky Seror Weber LLP's
e-mail policies, which can be found at: https://www.bg.law/web-disclaimer

**From:** Kevin Coleman [mailto:kcoleman@nutihart.com]
**Sent:** Wednesday, September 30, 2020 5:11 PM
**To:** Susan K. Seflin <sseflin@bg.law>
**Cc:** Jerrold Bregman <jbregman@bg.law>; Jason B. Komorsky <jkomorsky@bg.law>
**Subject:** Re: Desert Land - Request to Trustee Gupta's Professionals Re Final Fee Applications

CAUTION: This email originated from an external source.

OK/I look forward to responding to your objections.

—Kevin

Sent from my iPhone

> On Sep 30, 2020, at 4:58 PM, Susan K. Seflin <sseflin@bg.law> wrote:

> Kevin –

> That's not true – the Judge's request that we keep administrative hourly fees down does justify you agreeing to a continuance.  Often in bankruptcy cases circumstances change and it may not make sense to do an objection that one would otherwise have to do as an estate fiduciary.  For example, if the case converts and there is no money for chapter 11 administrative expenses, then the only funds available for Trustee Gupta's professionals would be the $140,000 and it would not make sense to object to fee applications.  Right now, you have forced us into a position of having to object to three separate fee applications before we even know if there will be funds for any distribution(s) and before we have finished our investigation of post bankruptcy transactions.  We are still investigating certain transactions that appear inappropriate right now but may turn out to have been reasonable courses of action.  Because you chose to file final fee applications and you refused to agree to a continuance or to have them be considered interim at this point in time, we have no choice but to object and to set forth all of the reasons for the objections.

> Best regards, Susie



**Susan K. Seflin**
Of Counsel

21650 Oxnard St., Suite 500
Woodland Hills, CA 91367

www.bg.law

(818) 827-9000 Main
(818) 827-9210 Direct
(310) 429-8255 Cell
(818) 827-9053 Fax

sseflin@bg.law

Susan K. Seflin

The preceding e-mail message is subject to Brutzkus Gubner Rozansky Seror Weber LLP's
e-mail policies, which can be found at: https://www.bg.law/web-disclaimer

**From:** Kevin Coleman [mailto:kcoleman@nutihart.com]
**Sent:** Wednesday, September 30, 2020 4:21 PM
**To:** Susan K. Seflin <sseflin@bg.law>
**Cc:** Jerrold Bregman <jbregman@bg.law>; Jason B. Komorsky <jkomorsky@bg.law>
**Subject:** Re: Desert Land - Request to Trustee Gupta's Professionals Re Final Fee Applications

CAUTION: This email originated from an external source.

Susie,

If you are planning on objecting to my firm's fee application, the cost of that objection is not going to be less in the future than now, so your stated concern about minimizing administrative costs makes no sense and does not justify continuing the hearing.

If you want to do this cheaply, why don't you outline in an email what objections you have and/or mark up the bill indicating which services you object to?

I am happy to discuss a voluntary reduction if your objections have merit.

Best regards,

—Kevin


Sent from my iPhone


On Sep 30, 2020, at 2:12 PM, Susan K. Seflin <sseflin@bg.law> wrote:


Dear Kevin,

This email confirms our telephone conversation today in which I asked if your firm and Trustee Gupta's other professionals (whose final fee applications also are pending) would agree to a continuance of the final fee applications filed in the Desert Land, LLC bankruptcy case, and on the spot you said that you would not agree to a continuance. I also explained to you that due to the Court's repeated statements that we keep administrative hourly fees down, and because this estate currently does not have sufficient funds to pay professional fees at this time, a continuance would also be helpful to address the Court's concerns. In addition, I told you that Trustee Golden would be willing to stipulate to the interim allowance and payment of the $140,000 currently reserved (from the Shotgun surcharge settlement) for Trustee Gupta's professionals to be paid on an interim basis. You again refused to agree to any continuance of the pending final fee applications. You also refused my request that the applications on file be considered interim instead of final requests for compensation.

This also confirms that in this same call I requested that you send me your time entries in excel format which would allow us to spend significantly less time preparing our objection, and you immediately refused that request as well.

Best regards, Susie




21650 Oxnard St., Suite 500
Woodland Hills, CA 91367

www.bg.law

**Susan K. Seflin**
Of Counsel

(818) 827-9000 Main
(818) 827-9210 Direct
(310) 429-8255 Cell
(818) 827-9053 Fax

sseflin@bg.law

3

Susan K. Seflin

The preceding e-mail message is subject to Brutzkus Gubner Rozansky Seror Weber LLP's
e-mail policies, which can be found at: https://www.bg.law/web-disclaimer

**EXHIBIT 2**

**Kevin Coleman**

| | |
|---|---|
| **From:** | Kevin Coleman |
| **Sent:** | Tuesday, September 8, 2020 11:41 AM |
| **To:** | Jerrold Bregman |
| **Cc:** | Kavita Gupta; Kim Fineman |
| **Subject:** | Desert Land Cases *** Your V/M Friday |

Hi Jerry,

I hope you had a nice Labor Day Weekend.

I got your v/m, and if I understand it correctly, you want the Trustee to extend the period for the Desert Land estate to file a claim in Desert Oasis Apartments, and to pursue a mediation process after you share your analysis with us owing to "sensitivities" surrounding that claim.  (In other words, you would prefer not to just file a proof of claim that we could review and decide whether it should be objected to.)

In order to assist us in considering this request, can you tell me when you expect to complete your investigation/analysis?

Can you also please explain what "sensitivities" would be associated with the Desert Land estate asserting a claim against the Desert Oasis Apartments estate?  If there is a legitimate basis for Desert Land to be allowed a claim in Desert Oasis Apartments, the facts and circumstances surrounding that claim are going to have to be disclosed either through the claims allowance process or a 9019 motion, so I don't understand how anything can be done confidentially.

Best regards,

--Kevin

PS: As I have previously stated, I do not see any basis for Desert Land to assert a claim against Desert Oasis Apartments.  And even if one does exist, ███████████████████████████████████████████ ███████████████████████████

Kevin W. Coleman
**Nuti Hart LLP**
411 30th Street, Suite 408
Oakland, CA 94609
Cell: 415 533-2920
Office: 510 506-7155
kcoleman@nutihart.com



## Kevin Coleman

| | |
|---|---|
| **From:** | Jerrold Bregman <jbregman@bg.law> |
| **Sent:** | Wednesday, September 9, 2020 8:51 PM |
| **To:** | Kevin Coleman |
| **Cc:** | Kim Fineman; Steven T. Gubner; Susan K. Seflin; Jason B. Komorsky |
| **Subject:** | Desert Land Cases *** Your V/M Friday |

Hi Kevin,

Thanks for your note. Yes, we are asking for an extension of time from the September 23 current end of the tolling period (30 days to October 23?) for Trustee Golden to file claims in Trustee Gupta's other cases, and the opportunity for our respective clients to meet in the context of a mediation to discuss the claims.

While we anticipate completing our analysis of claims before the end of the tolling period as hopefully will be extended, our intention is to defer getting into any of the substance of the claims until mediation, at which point the mediation privilege will apply. We think this confidential setting is far more conducive to frank and productive settlement discussions.

Of course in the event a settlement reached then all required and appropriate disclosure would be made in connection with any approval.

We don't think this is a big ask in the sense that it may save costs and expedite a resolution while not adding any appreciable delay (in terms of timing context, our settlement conference with DLLA that the Court arranged is October 26). We are thinking we would have the mediation in person in California or by Zoom (as you and Trustee Gupta think best) in early or mid-October.

Please let us know if Trustee Gupta is amenable. Thanks for considering.

All the best,

- Jerry




**Woodland Hills, CA**
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911
(818) 827-9000 Main
(818) 827-9090 Fax

**Denver, Colorado**
5445 DTC Parkway, Suite 800
Greenwood Village, CO 80111
(818) 827-9000 Main
(818) 827-9045 Fax

www.bg.law

**Jerrold Bregman**
Of Counsel

(303) 835-1291 Direct
(818) 827-9101 Direct
(646) 251-9699 Cell

jbregman@bg.law

 Jerrold Bregman

Licensed in California,
Colorado and New York

The preceding e-mail message is subject to Brutzkus Gubner Rozansky Seror Weber LLP's
e-mail policies, which can be found at: https://www.bg.law/web-disclaimer

**From:** Kevin Coleman [mailto:kcoleman@nutihart.com]
**Sent:** Tuesday, September 8, 2020 11:41 AM
**To:** Jerrold Bregman <jbregman@bg.law>
**Cc:** Kavita Gupta <kgupta@guptaferrer.com>; Kim Fineman <kfineman@nutihart.com>
**Subject:** Desert Land Cases *** Your V/M Friday


CAUTION: This email originated from an external source.

Hi Jerry,

I hope you had a nice Labor Day Weekend.

I got your v/m, and if I understand it correctly, you want the Trustee to extend the period for the Desert Land estate to file a claim in Desert Oasis Apartments, and to pursue a mediation process after you share your analysis with us owing to "sensitivities" surrounding that claim. (In other words, you would prefer not to just file a proof of claim that we could review and decide whether it should be objected to.)

In order to assist us in considering this request, can you tell me when you expect to complete your investigation/analysis?

Can you also please explain what "sensitivities" would be associated with the Desert Land estate asserting a claim against the Desert Oasis Apartments estate? If there is a legitimate basis for Desert Land to be allowed a claim in Desert Oasis Apartments, the facts and circumstances surrounding that claim are going to have to be disclosed either through the claims allowance process or a 9019 motion, so I don't understand how anything can be done confidentially.

Best regards,

--Kevin

PS: As I have previously stated, I do not see any basis for Desert Land to assert a claim against Desert Oasis Apartments. And even if one does exist, ███████████████████████████████
████████████████████████████████████████

Kevin W. Coleman
**Nuti Hart LLP**
411 30th Street, Suite 408
Oakland, CA 94609
Cell: 415 533-2920
Office: 510 506-7155
kcoleman@nutihart.com



**EXHIBIT 3**

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Desert Oasis Apartments, LLC |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | District of Nevada |
| Case number | 18-12456-gs |

Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1:   Identify the Claim

| | |
|---|---|
| 1. **Who is the current creditor?** | Desert Land, LLC |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |
| 2. **Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes. From whom? |

| 3. **Where should notices and payments to the creditor be sent?** | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|---|
| Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Jeffrey I. Golden, Trustee for Desert Land, LLC<br>Name | Name |
| | 650 Town Center Dr., Suite 600<br>Number          Street | Number          Street |
| | Costa Mesa          CA          92626<br>City                State          ZIP Code | City                State          ZIP Code |
| | Contact phone  714-966-1000 | Contact phone |
| | Contact email  jgolden@wgllp.com | Contact email |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __ | |

| | |
|---|---|
| 4. **Does this claim amend one already filed?** | ☑ No<br>☐ Yes.  Claim number on court claims registry (if known) _____          Filed on _____<br>MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes.  Who made the earlier filing? |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---------|-------------------------------------------------------------------|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$_____ At Least 78,000,000.00 .

[$4.5 mm related to account stated and $78 mm related to causes of action. See addendum.]

**Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

<u>Account stated, plus the amount of non-insider claims against Desert Land based on substantive consolidation and alter ego causes of action. See addendum for details.</u>

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Official Form 410 **Proof of Claim** page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | | |
|---|---|---|---|
| | ☐ Yes. *Check one:* | | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | | |

---

## Part 3:  Sign Below

| The person completing this proof of claim must sign and date it. FRBP 9011(b). | *Check the appropriate box:* |
|---|---|
| | ☐ I am the creditor. |
| If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. | ☐ I am the creditor's attorney or authorized agent. |
| | ☑ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. |
| | ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. |

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
**18 U.S.C. §§ 152, 157, and 3571.**

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  09/23/2020
            MM / DD / YYYY

Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Jeffrey | I. | Golden |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Chapter 11 Trustee for the bankruptcy estate of Desert Land, LLC | | |
| Company | Desert Land, LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 650 Town Center Dr., Suite 600 | | |
| | Number    Street | | |
| | Costa Mesa | CA | 92626 |
| | City | State | ZIP Code |
| Contact phone | 714-966-1000 | Email | jgolden@wgllp.com |

# ADDENDUM TO PROOF OF CLAIM

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

```
-------------------------------------------------------------x
                                          :
In re:                                    :        Chapter 11
                                          :
DESERT OASIS APARTMENTS, LLC,             :        Case No. BK-S-18-12456-GS
                                          :
                    Debtor.               :
                                          :
-------------------------------------------------------------x
```

## ADDENDUM TO PROOF OF CLAIM OF DESERT LAND, LLC

Jeffrey I. Golden, solely in his capacity as the duly appointed and serving chapter 11 trustee (the "Trustee") for the bankruptcy estate of Desert Land, LLC ("Desert Land"), asserts the proof of claim (the "Proof of Claim") to which this Addendum is annexed, on behalf of the estate of Desert Land against Desert Oasis Apartments, LLC ("Apartments"), the chapter 11 debtor herein. The Trustee, on behalf of the estate of Desert Land, asserts the following claims against Apartments upon personal knowledge as to himself and his own acts, and as to all other matters upon information and believe, based upon the investigation made by and through his attorneys.

## I. Account Stated of Not Less than $4.5 Million.

1. As of the date the order for relief was entered, Apartments owed its related entity Desert Land, LLC ("Desert Land") $4.5 million. This liability is reflected on the following documents: (a) Schedule F of Apartments' Schedules and Statement of Financial Affairs [Doc. #96] filed in In re Desert Oasis Apartments, LLC, Case No. 18-12456-gs (the "Apartments' Bankruptcy Case"), on July 13, 2018, page 18, which page is attached hereto as **Exhibit A**; (b) Schedule F of Apartments' Schedules and Statement of Financial Affairs' [Doc. #104] filed in In

re Desert Land, LLC, Case No. 18-12454-gs (the "Desert Land Bankruptcy case"), on July 13, 2018, page 19, which is attached hereto as **Exhibit B**; and (c) Schedule F of the Amended Schedules [Doc. #104] filed in the Apartments' Bankruptcy Case on August 28, 2018, page 4, which page is attached hereto as **Exhibit C**.

2.    In the first Desert Oasis Apartments, LLC bankruptcy case, Case No. 11-17208 (the "First Apartments' Bankruptcy Case"), Apartments scheduled $5,468,103.96 as due and owing to Desert Land. *See*, Schedule F, Doc. #35 filed on May 24, 2011, page 20, which page is attached hereto as **Exhibit D**.

3.    Furthermore, Apartments' Chapter 11 Plan of Reorganization [Doc. #89 in the First Apartments' Bankruptcy Case] (the "Apartments' 2011 Plan") provided for the allowance and treatment of the $5,468,103.96 owed by Apartments to Desert Land. *See*, page 4 of the Apartments' 2011 Plan. The Apartments' 2011 Plan is attached hereto as **Exhibit E**. In the Apartments' 2011 Plan, the "Desert Land, LLC" unsecured claim is provided for under Class 4 treatment. The claim was subordinated to the claims of non-insider general unsecured creditors but was otherwise allowed with treatment to be paid in full. *See*, page 4 of the Apartments' 2011 Plan. The Apartments' 2011 Plan was confirmed pursuant to Court order entered on December 30, 2011 [Doc. #203 in the First Apartments' Bankruptcy Case]. Thus, the Trustee is informed and believes that Apartments owes Desert Land at least $4.5 million and that the entered confirmation order in the First Apartments' Bankruptcy Case is controlling.

**II.    Substantive Consolidation – Alter Ego Claims of Not Less Than $78 Million.**

4.    In light of the compelling evidence adduced to date which indicates that Desert Land and its debtor affiliates (collectively, the "Debtors") were operated as a single unitary entity, Desert Land has a claim against each of the other Debtors in the amount required to satisfy the third-party claims (without counting the claims of insiders) against Desert Land,

-2-

including that: (1) each of the Debtors was influenced and governed by David Gaffin and Howard Bulloch (together, the "Managers"); (2) there was a unity of interest and ownership such that the Debtors are inseparable from each other; (3) the facts are such that adherence to the corporate fiction of separate entities under the relevant circumstances would sanction a fraud or promote injustice; (4) many if not all of the various factors for determining when the corporate fiction should be disregarded are present, including, without limitation, undercapitalization, commingling of funds, failure to observe corporate formalities, loans to or from or among the Debtors and their insiders that were made without sufficient consideration, and the assets of the Debtors were treated as assets of a common "pot" for the mutual benefit of the Debtors; and (5) recognizing the separate corporate existence of the Debtors as distinguished from each other would bring about an inequitable result relative to the third-party creditors of Desert Land. Such evidence was adduced in connection with each of the Debtors' identical motions to substantively consolidate all four bankruptcy cases. *See*, *e.g.,* Doc. #27 in the Desert Land Bankruptcy Case. As the Court noted at the March 11, 2019 hearing in these cases:

> In a declaration filed in support of the motion for substantive consolidation, Gaffin stated in pertinent part, quote:
>
> "The managers of the debtors used the funds available from each entity to pay all the expenses of all entities. The debtors have always been treated as single business (sic) – as a single business since 2004 or from the creation of such member entity." The Desert Land docket, ECF Number 28, Paragraph 11.

March 11, 2019 Transcript of Oral Ruling Re: Motion to Appoint Trustee, 20:13-22.

## III.  **Reservation of Rights.**

5.  <u>Right to Amend</u>.  The Trustee expressly reserves the right to amend or supplement this Proof of Claim to correct, clarify, explain, expand, supplement or add to any portion of the claim asserted herein, or otherwise to increase the dollar amount of such claim and/or provide additional information and documentation in connection with the claim, including

-3-

as it may be amended, and including in response to any objection.  Moreover, the Trustee specifically reserves the right to conduct discovery with respect to this matter in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

6.      No Admission.  Nothing contained in this Proof of Claim shall be deemed an admission by the Trustee.  The Trustee expressly reserves the right to withdraw this Proof of Claim in his sole discretion with the effect to be as if this Proof of Claim had never been filed.

2395414

| Debtor | **Desert Oasis Apartments, LLC** | | Case number (if known) | **18-12456-LEB** |
|---|---|---|---|---|
| | Name | | | |

| 3.3 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $1,150,000.00 |
|---|---|---|---|
| | **Citation Financial, LLC**<br>**10181 Park Run Drive**<br>**#200**<br>**Las Vegas, NV 89145** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred __ | Basis for the claim: __ | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.4 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $114.34 |
|---|---|---|---|
| | **Classic Design Group**<br>**600 Cervantes Drive**<br>**Henderson, NV 89014** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred __ | Basis for the claim: __ | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $350,000.00 |
|---|---|---|---|
| | **Compass Investments Holdings, LLC**<br>**10181 Park Run Drive**<br>**#200**<br>**Las Vegas, NV 89145** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred __ | Basis for the claim: __ | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.6 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $4,500,000.00 |
|---|---|---|---|
| | **Desert Land, LLC**<br>**10181 Park Run Drive**<br>**#200**<br>**Las Vegas, NV 89145** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred __ | Basis for the claim: __ | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.7 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $595.80 |
|---|---|---|---|
| | **HD Supply**<br>**4825 E Cheyenne Avenue**<br>**Las Vegas, NV 89115** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred __ | Basis for the claim: __ | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.8 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $50.14 |
|---|---|---|---|
| | **LeaseStar LLC**<br>**2201 Lakeside Blvd**<br>**Richardson, TX 75082** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred __ | Basis for the claim: __ | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.9 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $671.77 |
|---|---|---|---|
| | **RealPage, Inc.**<br>**2201 Lakeside Blvd**<br>**Richardson, TX 75082** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred __ | Basis for the claim: __ | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

**Exhibit A_001**

| Debtor | **Desert Oasis Apartments, LLC** | Case number (if known) | 18-12456-LEB |
|---|---|---|---|
| | Name | | |

| 3.3 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $1,150,000.00 |
|---|---|---|---|

**Citation Financial, LLC**
**10181 Park Run Drive**
**#200**
**Las Vegas, NV 89145**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim: __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.4 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $114.34 |
|---|---|---|---|

**Classic Design Group**
**600 Cervantes Drive**
**Henderson, NV 89014**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim: __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $350,000.00 |
|---|---|---|---|

**Compass Investments Holdings, LLC**
**10181 Park Run Drive**
**#200**
**Las Vegas, NV 89145**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim: __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.6 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $4,500,000.00 |
|---|---|---|---|

**Desert Land, LLC**
**10181 Park Run Drive**
**#200**
**Las Vegas, NV 89145**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim: __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.7 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $595.80 |
|---|---|---|---|

**HD Supply**
**4825 E Cheyenne Avenue**
**Las Vegas, NV 89115**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim: __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.8 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $50.14 |
|---|---|---|---|

**LeaseStar LLC**
**2201 Lakeside Blvd**
**Richardson, TX 75082**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim: __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.9 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $671.77 |
|---|---|---|---|

**RealPage, Inc.**
**2201 Lakeside Blvd**
**Richardson, TX 75082**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim: __

Is the claim subject to offset? ■ No ☐ Yes

---

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor | **Desert Oasis Apartments, LLC** | | Case number (if known) | **18-12456-LEB** |
|---|---|---|---|---|
| | Name | | | |

| 3.3 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $1,150,000.00 |
|---|---|---|---|
| | **Citation Financial, LLC** | ☐ Contingent | |
| | **10181 Park Run Drive** | ☐ Unliquidated | |
| | **#200** | ☐ Disputed | |
| | **Las Vegas, NV 89145** | | |
| | Date(s) debt was incurred __ | **Basis for the claim:** __ | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.4 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $114.34 |
|---|---|---|---|
| | **Classic Design Group** | ☐ Contingent | |
| | **600 Cervantes Drive** | ☐ Unliquidated | |
| | **Henderson, NV 89014** | ☐ Disputed | |
| | Date(s) debt was incurred __ | **Basis for the claim:** __ | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $350,000.00 |
|---|---|---|---|
| | **Compass Investments Holdings, LLC** | ☐ Contingent | |
| | **10181 Park Run Drive** | ☐ Unliquidated | |
| | **#200** | ☐ Disputed | |
| | **Las Vegas, NV 89145** | | |
| | Date(s) debt was incurred __ | **Basis for the claim:** __ | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.6 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $4,500,000.00 |
|---|---|---|---|
| | **Desert Land, LLC** | ☐ Contingent | |
| | **10181 Park Run Drive** | ☐ Unliquidated | |
| | **#200** | ☐ Disputed | |
| | **Las Vegas, NV 89145** | | |
| | Date(s) debt was incurred __ | **Basis for the claim:** __ | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.7 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $595.80 |
|---|---|---|---|
| | **HD Supply** | ☐ Contingent | |
| | **4825 E Cheyenne Avenue** | ☐ Unliquidated | |
| | **Las Vegas, NV 89115** | ☐ Disputed | |
| | Date(s) debt was incurred __ | **Basis for the claim:** __ | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.8 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $50.14 |
|---|---|---|---|
| | **LeaseStar LLC** | ☐ Contingent | |
| | **2201 Lakeside Blvd** | ☐ Unliquidated | |
| | **Richardson, TX 75082** | ☐ Disputed | |
| | Date(s) debt was incurred __ | **Basis for the claim:** __ | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.9 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $671.77 |
|---|---|---|---|
| | **RealPage, Inc.** | ☐ Contingent | |
| | **2201 Lakeside Blvd** | ☐ Unliquidated | |
| | **Richardson, TX 75082** | ☐ Disputed | |
| | Date(s) debt was incurred __ | **Basis for the claim:** __ | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re  **Desert Oasis Apartments, LLC**                                        Case No.  **11-17208-BAM**
                                                                                                                          (If known)
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **Criterion Brock** PO Box 22107 Milwaukie, OR 97269 | | | Trade debt | | | | 600.05 |
| ACCOUNT NO.  **De Lage Landen Financial Services** PO Box 41602 Philadelphia, PA 19101 | | | Trade debt | | | | 176.27 |
| ACCOUNT NO.  **Desert Land, LLC** 10181 Park Run Drive #200 Las Vegas, NV 89145 | | | | | | | 5,468,103.96 |
| ACCOUNT NO.  **Ellipse Communications, Inc.** PO Box 801814 Dallas, TX 75380 | | | Trade debt | | | | 211.00 |
| ACCOUNT NO.  **0304**  **For Rent Magazine** 75 Remittance Drive #1705 Chicago, IL 60675-1705 | | | Trade debt | | | | 3,494.70 |

Sheet no.  1  of  4  continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal  ➤  $  **5,472,585.98**

Total  ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

**Exhibit D_001**

1   LENARD E. SCHWARTZER (NV Bar No. 0399)
    JEANETTE E. MCPHERSON (NV Bar No. 5423)
2   SCHWARTZER & MCPHERSON LAW FIRM
    2850 South Jones Boulevard, Suite 1
3   Las Vegas, Nevada 89146-5308
    Telephone:    (702) 228-7590
4   Facsimile:    (702) 892-0122
    Email:        bkfilings@s-mlaw.com
5

6   Counsel for Debtor and Debtor in Possession

7                    **UNITED STATES BANKRUPTCY COURT**

8                             **DISTRICT OF NEVADA**

9   In re                                    Case No. BK-S-11-17208-BAM
                                             Chapter 11
10  **DESERT OASIS APARTMENTS, LLC,**

11                  Debtor.

12                                           Hearing Date:
                                             Hearing Time:
13                                           Place:        Courtroom #3

14      **DESERT OASIS APARTMENT, LLC'S AMENDED PLAN OF REORGANIZATION**

15

16                                **ARTICLE I**

17                                 **SUMMARY**

18          This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the

19  "Code") proposes to pay creditors of DESERT OASIS APARTMENT, LLC (the "Debtor"). The

20  Debtor owns the real property and improvements located in Las Vegas, NV described as Assessor's

21  Parcel Number 162-28-310-001 (the "Property"). The Property consists of approximately 6.4 acres

22  located on the south side of Mandalay Bay Road approximately 800 feet east of Las Vegas Boulevard.

23  On the Property is an apartment complex consisting of 128 one- and two-bedroom units.

24  Approximately, 92%-95% of the apartment units are occupied by tenants ("Tenants"). The Property is

25  worth approximately $6,500,000 and is subject to a loan in the approximate amount of $3,076,000

26  now held by Wells Fargo Bank, N.A., as trustee for the Registered Holders of JPMorgan Chase

27  Commercial Mortgage Pass-Through Certificates, Series 2004-FL1 (the "Bank") which has matured.

28          The current owner obtained title to the Property in August of 1999.

---

*SCHWARTZER & MCPHERSON LAW FIRM*
*2850 South Jones Boulevard, Suite 1*
*Las Vegas, Nevada 89146-5308*
*Tel: (702) 228-7590 · Fax: (702) 892-0122*

**Exhibit E_001**

1   This Plan provides for one class of priority claims; one class of secured claims; one class of

2   unsecured claims; and one class of equity security holders. **Under the Plan, the rights of Tenants**

3   **are unimpaired.** The Bank will receive distributions which the proponent of this Plan has valued at

4   100 cents on the dollar. The Plan proposes to pay the Bank in full over a period of 10 years using the

5   rental income from the Tenants to pay market rate interest of 4.5% per annum and principal amortized

6   over 25 years and a balloon payment at the end of 10 years obtained through sale or refinancing when

7   the mortgage markets become more normal. Tenants with priority claims for deposits will be paid

8   100% in the normal course of operation of the apartment complex. Under the Plan, the unsecured

9   claim of Tom Gonzales is unimpaired. Under the Plan, the unsecured creditors, except insiders, will

10  be paid over eleven months without interest. Under the Plan, insiders will agree to subordinate their

11  claims to the claims of other unsecured creditors. This Plan also provides for the 100% payment of all

12  other administrative, including fees payable to the Office of the United States Trustee, and priority

13  claims upon confirmation.

14  All creditors and equity security holders should refer to Articles III through V of this Plan for

15  information regarding the precise treatment of their claim. A disclosure statement that provides more

16  detailed information regarding this Plan and the rights of creditors and equity security holders has

17  been circulated with this Plan. **Your rights may be affected. You should read these papers**

18  **carefully and discuss them with your attorney, if you have one. (If you do not have an attorney,**

19  **you may wish to consult one.)**

20

21                                  **ARTICLE II**

22                  **CLASSIFICATION OF CLAIMS AND INTERESTS**

23  2.01  Class 1.   All allowed claims entitled to priority under § 507 of the Code.

24  2.02  Class 2.   The claim of the Bank, to the extent allowed as a secured claim under §

25             506 of the Code.

26  2.03  Class 3.   The claim of Tom Gonzales.

27  2.04  Class 4.   All unsecured claims allowed under § 502 of the Code.

28  2.05  Class 5.   Equity interests in the Debtor.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**Exhibit E_002**

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

# ARTICLE III

## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,

## U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims.  Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02    Administrative Expense Claims.  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the Effective Date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    Priority Tax Claims.  Each holder of a priority tax claim will be paid on the Effective Date of this Plan, in cash.

3.04    United States Trustee Fees.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

# ARTICLE IV

## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|-------|-----------|-----------|
| Class 1 - Priority Claims | unimpaired | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan as defined in Article VIII, or the date on which such claim is allowed by a final non-appealable order. |

**Exhibit E_003**

| Class 2 – Secured Claim of Bank (approximately $3,100,000) | impaired | Class 2 is impaired by this Plan. The Bank will be paid its claim in full, including principal, accrued interest and costs and reasonable attorneys' fees. This amount shall be paid with interest at the rate of 4.5% per annum from the Effective Date. Beginning on 1st day of the 1st month following the Effective Date, the Bank shall be paid an amount necessary to amortize its claim over 25 years together with interest. In addition payments for insurance and real estate taxes will be escrowed. The balance of the Claim shall be all due and payable in 10 years from the Effective Date. There will be no pre-payment penalty. The loan will be assumable. The Bank shall retain its lien on the Property with the same priority it held of the date of the Debtor's Petition. |
| Class 3 – Tom Gonzales ($10,000,000) | unimpaired | Class 3 is unimpaired by this Plan. Tom Gonzales will be paid the Parcel A Transfer Fee pursuant to the terms of the Desert Land Plan of Reorganization. That payment is due when, and only when, there is a Parcel A Transfer as defined in that plan. This claim is unsecured. This claim is subject to setoffs and counterclaims by the Debtor. |
| Class 4 - General Unsecured Creditors | impaired | Class 4 is impaired by this Plan. Non-Insider General Unsecured Creditors will be paid in full, without interest from the rent collected from the Tenant. Beginning on 1st day of the 1st month following the Effective Date, Class 4 will be paid $3,000 per month pro rata for approximately 9 months. Desert Land, LLC, Citation Financial, LLC and Compass Investments Holdings, LLC have agreed to subordinate their claims to the claims of other unsecured creditors and will be paid only after all other unsecured creditors are paid in full and reasonable reserves for maintenance and repair of the Property have been funded. |
| Class 5- Equity Security Holders of the Debtor | unimpaired | Class 5 is unimpaired by this Plan. Equity Security Holders (the members of the Debtor) will retain their equity interest in the Debtor. |

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

## ARTICLE V

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed

**Exhibit E_004**

1  filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has

2  been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

3      5.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account

4  of a disputed claim unless such claim is allowed by a final non-appealable order.

5      5.03    Settlement of Disputed Claims. The Debtor will have the power and authority to settle

6  and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal

7  Rules of Bankruptcy Procedure.

8                              **ARTICLE VI**

9          **PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

10     6.01    Assumed Executory Contracts and Unexpired Leases.

11         (a)    The Debtor assumes the following executory contracts and/or unexpired leases

12  effective upon the:

13             ▪  Leases with Tenants.

14             ▪  Westcorp Management Group - property management

15         (b)    The Debtor will be conclusively deemed to have rejected all executory

16  contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the

17  date of the order confirming this Plan, upon the effective date of this Plan. A proof of a claim arising

18  from the rejection of an executory contract or unexpired lease under this section must be filed no later

19  than thirty (30) days after the date of the order confirming this Plan.

20

21                             **ARTICLE VII**

22               **MEANS FOR IMPLEMENTATION OF THE PLAN**

23     The means for implementation of this Plan is the rents paid by Debtor's existing and future

24  Tenants. The Debtor will sell or refinance the Property within 120 months following the Effective

25  Date. The proceeds from such sale or refinance shall be used to fund the balloon payment to the Bank

26  as set forth in the Plan. If the Property is sold, the Debtor and its affiliates which own the adjacent

27  land will pay the Parcel A Transfer fee to Gonzales from the sales proceeds.

28

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 • Fax: (702) 892-0122

**ARTICLE VIII**

**GENERAL PROVISIONS**

8.01   Definitions and Rules of Construction.   The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan. Additionally, the following definitions apply:

a.      The "Bank" shall mean Wells Fargo Bank, N.A., as trustee for the Registered Holders of JPMorgan Chase Commercial Mortgage Pass-Through Certificates, Series 2004-FL1.

b.      The "Property" shall mean the real property and improvements thereon located in Las Vegas, NV described as Assessor's Parcel Number 162-28-310-001 (the "Property") consisting of approximately 6.4 acres  located on the south side of Mandalay Bay Road and approximately 800 feet east of Las Vegas Boulevard.

c.      The "Tenants" shall mean the tenants who rent apartment units on the Property.

d.      The "Effective Date" of this Plan is the fifteenth business day following the date of the entry of the order of confirmation.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

e.      The "Desert Land Plan of Reorganization" is that plan of reorganization that was confirmed in the case of *In re Desert Land, LLC*, Case No. BK-S-02-16202-RCJ by an order entered April 13, 2003 as amended by decisions of the Bankruptcy Appellate Panel for 9th Circuit and the Court of Appeals for the 9th Circuit.

f.      The "Parcel A Transfer Fee" is the fee provided to be paid to Tom Gonzales in the Desert Land Plan of Reorganization when, and only when, there is a Parcel A Transfer as defined in the Desert Land Plan of Reorganization.

8.02   Severability.   If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.03   Binding Effect.   The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**Exhibit E_006**

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

8.04 <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.05 <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Nevada govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.06 <u>Governance</u>. The Debtor will maintain its current form of governance and its current managers until such managers are replaced as provided in its existing Operating Agreement.

8.07 <u>Revesting of Assets in the Debtor</u>. Upon confirmation of the Plan, all property of the estate of the Debtor shall be revested in the Debtor, pursuant to 11 U.S.C. § 1141(c), which shall retain such property as the Reorganized Debtor free and clear of all claims and interests of the creditors, except as set forth in the Plan.

8.08 <u>Disbursing Agent</u>. The Debtor will serve as disbursing agent and shall make all payments required under the Plan. The disbursing agent may employ or contract with other entities to assist in or to perform the distribution of the property and shall serve without bond.

8.09 <u>Request for Application of 11 U.S.C. § 1129(b)</u>. The Debtor, as Plan proponent, will request the Court to find that the provisions for dissenting classes provide for fair and equitable treatment of said creditors, and to confirm its Plan notwithstanding the requirements of § 1129(a)(8) as to such classes.

8.10 <u>Post-Confirmation Management of the Debtor</u>. The Debtor shall be managed post-confirmation by its current manager, David Gaffin.

8.11 <u>Post-Confirmation Litigation</u>. The Debtor anticipates post-confirmation litigation with Tom Gonzales over the enforcement of the terms of the Plan of Reorganization entered in the Desert Land, LLC Chapter 11 case, as amended by the decisions of the Bankruptcy Appellate Panel for the 9th Circuit and the Court of Appeals for the 9th Circuit, and except for collection matters that may occur in the normal course of the Debtor's business, and the determination of certain claims. The Debtor reserves the right to prosecute any objections to claims.

7

**Exhibit E_007**

8.12   Post-Confirmation Default.   In the event the Debtor becomes delinquent in duty or obligation under the Plan, the affected creditor or creditors may provide written notice of such default to the Debtor and its counsel at the following addresses:

Lenard E. Schwartzer, Esq.
Schwartzer & McPherson Law Firm
2850 S. Jones Blvd, Ste. 1
Las Vegas, NV 89146-5308

Desert Oasis Apartments, LLC
10181 Park Run Drive, Ste. 200
Las Vegas, NV 89145

The Debtor shall thereafter have fifteen (15) business days from receipt of said notice in which to cure the default. In the event such default remains uncured, the affected creditor or creditors may bring the matter before the Bankruptcy Court. At any hearing, the Bankruptcy Court may consider the reason for the default and the ability of the Debtor to bring the payment(s) current in a reasonable period of time. The Bankruptcy Court may also consider conversion of the case to a Chapter 7 of the Code or dismissal if the same is in the best interests of creditors.

8.13   Federal Income Tax Consequences of the Plan.   The Plan will have limited tax consequences. The Debtor, as a limited liability company, has elected to be treated as a partnership for federal income tax purposes and, therefore, does not pay federal income tax. The Plan does not call for forgiveness of any debt. Creditors are advised to discuss with their own tax advisor any tax effect to the creditor of such payments.

8.14   Injunction.   From and after the Effective Date, and except as provided in the Plan and the Confirmation Order, all entities that have held, currently hold, or may hold a Claim, are permanently enjoined from taking any of the following actions on account of any such Claims: (i) commencing or continuing in any manner any action or other proceeding against the Debtor, or its Property; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order against the Debtor or the Reorganized Debtor, or their respective property; (iii) creating, perfecting or enforcing any lien or encumbrance against the Debtor or the Reorganized Debtor, or their respective property; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability, or obligation due to the Debtor or the Reorganized Debtor, or their

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**Exhibit E_008**

1  respective property; or (v) commencing or continuing any action, in any manner or any place, that

2  does not comply with or is inconsistent with the provisions of the Plan or the Bankruptcy Code.

3      8.15  Exculpation. From the Petition Date through the Effective Date, the Debtor and its

4  managers, attorneys, agents and employees shall not have any liability to the Debtor or any other

5  claimants or creditors, or other parties in interest in the Bankruptcy Case for any act or omission in

6  connection with or arising out of the Bankruptcy Case, including, without limitation, prosecuting

7  confirmation of the Plan, confirmation of the Plan, and the administration of the estate, the Plan or the

8  property to be distributed under the Plan, except for gross negligence or willful misconduct, and in all

9  respects, such persons will be entitled to rely on the advice of counsel with respect to their duties and

10  responsibilities with respect to the Chapter 11 Case and the Plan.

11      8.16  Post-petition Employment of Counsel. Following the Effective Date, the Debtor may

12  continue to employ counsel for necessary legal services. Counsel may be paid from the Debtor

13  without further order of the Court.

14      8.17  Closing Case. The estate shall be deemed to be fully administered upon the

15  commencing of distributions to the Class 1 creditor and the case may be closed.

16                              **ARTICLE IX**

17                              **DISCHARGE**

18      Discharge. The Debtor shall be discharged from any debt that arose before confirmation of the

19  Plan, subject to the occurrence of the effective date.

20                              Respectfully submitted,

21                              Desert Oasis Apartments, LLC

22                              By___*/s/David Gaffin*___
                                    David Gaffin, Manager

23                                  The Plan Proponent

     Prepared by:

24

     SCHWARTZER & McPHERSON LAW FIRM

25

26   By: _____

     Lenard E. Schwartzer, Esq.

27   *Counsel for the Debtor and Debtor in Possession*
     *And Plan Proponent*

28

*SCHWARTZER & McPHERSON LAW FIRM*
*2850 South Jones Boulevard, Suite 1*
*Las Vegas, Nevada 89146-5308*
*Tel: (702) 228-7590 · Fax: (702) 892-0122*

**Exhibit E_009**

**EXHIBIT 4**

**Fill in this information to identify the case:**

Debtor 1    Desert Oasis Investments, LLC

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: District of Nevada

Case number   18-12457-gs

---

Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

---

## Part 1:   Identify the Claim

**1. Who is the current creditor?**

Desert Land, LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Jeffrey I. Golden, Trustee for Desert Land, LLC
Name

650 Town Center Dr., Suite 600
Number   Street

Costa Mesa     CA     92626
City     State     ZIP Code

Contact phone   714-966-1000

Contact email   jgolden@wgllp.com

**Where should payments to the creditor be sent?** (if different)

Name

Number   Street

City     State     ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
    MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

---

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

**7. How much is the claim?**

$_____ At Least 78,000,000.00 . **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

<u>Damages related to substantive consolidation / alter ego claims. See addendum.</u>

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | |
|---|---|---|
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

## Part 3: Sign Below

| | |
|---|---|
| The person completing this proof of claim must sign and date it. FRBP 9011(b). | *Check the appropriate box:* |
| | ☐ I am the creditor. |
| If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. | ☐ I am the creditor's attorney or authorized agent. |
| | ☑ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. |
| | ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. |

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 09/23/2020
MM / DD / YYYY

Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Jeffrey | I. | Golden |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Chapter 11 Trustee for the bankruptcy estate of Desert Land, LLC | | |
| Company | Desert Land, LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 650 Town Center Dr., Suite 600 | | |
| | Number     Street | | |
| | Costa Mesa | CA | 92626 |
| | City | State | ZIP Code |
| Contact phone | 714-966-1000 | Email | jgolden@wgllp.com |

## <u>ADDENDUM TO PROOF OF CLAIM</u>

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

```
----------------------------------------------------------------x
                                           :
In re:                                     :        Chapter 11
                                           :
DESERT OASIS INVESTMENTS, LLC,             :        Case No. BK-S-18-12457-GS
                                           :
                    Debtor.                :
                                           :
----------------------------------------------------------------x
```

### <u>ADDENDUM TO PROOF OF CLAIM OF DESERT LAND, LLC</u>

Jeffrey I. Golden, solely in his capacity as the duly appointed and serving chapter 11 trustee (the "Trustee") for the bankruptcy estate of Desert Land, LLC ("Desert Land"), asserts the proof of claim (the "Proof of Claim") to which this Addendum is annexed, on behalf of the estate of Desert Land against Desert Oasis Investments, LLC ("Investments"), the chapter 11 debtor herein. The Trustee, on behalf of the estate of Desert Land, asserts the following claims against Investments upon personal knowledge as to himself and his own acts, and as to all other matters upon information and believe, based upon the investigation made by and through his attorneys.

**I. Substantive Consolidation – Alter Ego Claims of Not Less Than $78 Million.**

1. In light of the compelling evidence adduced to date which indicates that Desert Land and its debtor affiliates (collectively, the "Debtors") were operated as a single unitary entity, Desert Land has a claim against each of the other Debtors in the amount required to satisfy the third-party claims (without counting the claims of insiders) against Desert Land, including that: (1) each of the Debtors was influenced and governed by David Gaffin and Howard Bulloch (together, the "Managers"); (2) there was a unity of interest and ownership such

that the Debtors are inseparable from each other; (3) the facts are such that adherence to the

corporate fiction of separate entities under the relevant circumstances would sanction a fraud or

promote injustice; (4) many if not all of the various factors for determining when the corporate

fiction should be disregarded are present, including, without limitation, undercapitalization,

commingling of funds, failure to observe corporate formalities, loans to or from or among the

Debtors and their insiders that were made without sufficient consideration, and the assets of the

Debtors were treated as assets of a common "pot" for the mutual benefit of the Debtors; and (5)

recognizing the separate corporate existence of the Debtors as distinguished from each other

would bring about an inequitable result relative to the third-party creditors of Desert Land.  Such

evidence was adduced in connection with each of the Debtors' identical motions to substantively

consolidate all four bankruptcy cases.  *See, e.g.,* Doc. #27 in the Desert Land Bankruptcy Case.

As the Court noted at the March 11, 2019 hearing in these cases:

> In a declaration filed in support of the motion for substantive consolidation, Gaffin stated in pertinent part, quote:
>
> "The managers of the debtors used the funds available from each entity to pay all the expenses of all entities.  The debtors have always been treated as single business (sic) – as a single business since 2004 or from the creation of such member entity."  The Desert Land docket, ECF Number 28, Paragraph 11.

March 11, 2019 Transcript of Oral Ruling Re: Motion to Appoint Trustee, 20:13-22.

## II.  <u>Reservation of Rights.</u>

2.  <u>Right to Amend</u>.  The Trustee expressly reserves the right to amend or

supplement this Proof of Claim to correct, clarify, explain, expand, supplement or add to any

portion of the claim asserted herein, or otherwise to increase the dollar amount of such claim

and/or provide additional information and documentation in connection with the claim, including

as it may be amended, and including in response to any objection.  Moreover, the Trustee

-2-

2395502

specifically reserves the right to conduct discovery with respect to this matter in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

      3.    <u>No Admission</u>.  Nothing contained in this Proof of Claim shall be deemed an admission by the Trustee.  The Trustee expressly reserves the right to withdraw this Proof of Claim in his sole discretion with the effect to be as if this Proof of Claim had never been filed.

**EXHIBIT 5**

Kevin W. Coleman (CA SBN 168538)
Christopher H. Hart (CA SBN 184117)
NUTI HART LLP
411 30TH Street, Suite 408
Oakland, CA 94609-3311
Telephone: 510-506-7152
Email: kcoleman@nutihart.com
          chart@nutihart.com

Talitha Gray Kozlowski (NV SBN 9040)
GARMAN TURNER GORDON LLP
650 White Drive, Suite 100
Las Vegas, NV 89119
Telephone: 725-777-3000
Email: tgray@gtg.legal

Counsel for Kavita Gupta,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: BK-S-18-12454-GS |
| DESERT LAND, LLC | Chapter 11 |
| Debtor. | |
| In re: | Case No.: BK-S-18-12456-GS |
| DESERT OASIS APARTMENTS, LLC, | Chapter 11 |
| Debtor. | |
| In re: | Case No.: BK-S-18-12457-GS |
| DESERT OASIS INVESTMENTS, LLC, | Chapter 11 |
| Debtor. | **DECLARATION OF GINA SHELTON RE INTERCOMPANY CLAIM** |

I, Gina Shelton, declare as follows:

1.      I am a senior staff accountant and bookkeeper with Swecker, Moloney & Moir CPA's ("SMM"), and have held this position continuously for approximately 30 years.  My business address is 2451 S. Buffalo Drive Ste. 105, Las Vegas, Nevada 89117.  Except as otherwise noted, all statements in this declaration are based on my own personal knowledge and if called to testify on this matter, I could and would competently testify thereto.

1
SHELTON DECL. RE INTERCOMPANY CLAIM

2.      From approximately 1996-97 through approximately 2010-2011, SMM provided bookkeeping and tax preparation services to Desert Land LLC ("DL") and Desert Oasis Apartments LLC ("DOA").  I was the person at SMM who was primarily responsible for inputting entries into the general ledgers maintained for DL and DOA and producing the other accounting documentation referenced below.  All of the accounting records discussed (excluding Exhibits B and C) herein were prepared by me or others working under my direction in the ordinary course of providing bookkeeping and tax preparation services to DL and DOA.

3.      With limited exceptions not relevant here, journal entries made in DL and DOA's general ledgers were based on source documentation such as checks and escrow statements provided to SMM by David Gaffin.  After SMM's bookkeeping and tax preparation services for a given period were completed, the source documentation would be returned to DL and DOA.

4.      Counsel for Kavita Gupta, Chapter 11 trustee for the DL and DOA bankruptcy estates served a subpoena on SMM for the production of documents relating to the origins and basis for an $4.5 million debt DOA stated that it owed to DL in the schedule of liabilities filed in this bankruptcy case.  SMM thereafter conducted a diligent search of its records, and to the best of its knowledge, produced all documents in SMM's possession, custody, and control sought in the subpoena.   The documents produced totaled 107 pages.  Attached hereto as **Exhibit A** is a true and correct copy of all of the documents produced in response to the Trustee's subpoena.

5.      A working trial balance I prepared for DOA for the period ending December 31, 2000 is included in Exhibit A [at bates page SW0004].  The December 31, 2000 working trial balance indicates that as of December 31, 1999, DOA was obligated on a note payable to Heller Financial in the amount of $5,000,000.00.  The amounts reflected as owing by DOA Heller Financial on the December 31, 2000 working trial balance was based on journal entries that I had previously made on DOA's general ledger.

6.      DOA's December 31, 2000 working trial balance [SW0004] further indicates that as of December 31, 2000:

        a.      the amount owed by DOA to Heller Financial had been paid; and

        b.      a note payable to DL by DOA had increased by $5,008,060.83.

NUTI HART LLP
411 30TH STREET, SUITE 408
OAKLAND, CA 94609-3311
TELEPHONE: 510-506-7152

2
SHELTON DECL. RE INTERCOMPANY CLAIM

7.    DOA's payment to Heller Financial and the increased liability to DL referenced in paragraph 6 were also reflected in journal entries entered on DOA's general ledger.

8.    My hand written notation on the DOA December 31, 2000 working trial balance indicates that the $5,008,060.83 credit to the note payable to DL related to "DL escrow #684232."

9.    I made the general ledger entries and prepared DOA's December 31, 2000 working trial balance after reviewing an escrow closing statement provided to SMM by Mr. Gaffin.  Counsel for the Trustee has recently provided me with a copy of the Estimated Borrower's Closing Statement that is attached hereto as **Exhibit B**.  I am advised by the Trustee's counsel that Exhibit B was among documents produced by Mr. Gaffin in response to a subpoena served by the Trustee.

10.    To the best of my recollection, the closing statement I relied on at the time I made the journal entries and prepared DOA's December 31, 2000 working trial balance [SW0004] was either the same or substantially similar to the Estimated Borrower's Closing Statement attached hereto as Exhibit B.  (My understanding is that a final closing statement for an escrow can differ in some respects from an estimated closing statement.)

11.    DL is identified in Exhibit B as the borrower of the $41.5 million loaned by Tom Gonzales.  DOA is not identified as a borrower on the Gonzales loan.  Exhibit B also indicates that $5,028,400.56 of the Gonzales loan proceeds would be disbursed to Heller Financial, which as noted at that time held a $5 million loan secured by DOA's real property.

12.    I interpreted the closing statement I relied on when entering the Heller Financial mortgage refinance transactions into DOA's general ledger to mean that DL, but not DOA, borrowed the $41.5 million from Tom Gonzales.  I also interpreted the closing statement to mean that DOA borrowed the funds used to pay off the Heller Financial mortgage from DL.  It was for that reason that I reflected an amount owing by DOA to DL on the general ledger relating to the payoff of the Heller Financial mortgage.

13.    I recently have seen the petition, and schedules of assets and liabilities filed by DOA in its Chapter 11 bankruptcy case filed on May 31, 2002, Case No. 02-16204, which

NUTI HART LLP
411 30TH STREET, SUITE 408
OAKLAND, CA 94609-3311
TELEPHONE: 510-506-7152

1   indicate that DOA at that time owed Tom Gonzales $41.5 million. A true and correct copy of

2   DOA's May 31, 2002 petition and schedules supplied to me by counsel for the Trustee are

3   attached hereto as **Exhibit C**. I have also reviewed other documentation provided by counsel for

4   the Trustee indicating that DOA was a co-borrower on the Gonzales loan.

5       14.    Had I known when I made the general ledger entries referenced in paragraphs 5

6   through 7 above that DOA had borrowed the $5,008,060.83 used to pay off the Heller Financial

7   mortgage from Tom Gonzales instead of DL, I would have reflected that liability as owing to

8   Tom Gonzales. I would not have made a journal entry indicating that DOA owed that amount to

9   DL.

10       15.    Accordingly, the amount reflected on DOA and DL's general ledgers and the

11   December 31, 2000 working trial balance as being owed by DOA to DL on December 31, 2000

12   was overstated by $5,008,060.83.

13       I declare under penalty of perjury of the laws of the United States and the State of

14   Nevada that the foregoing is true and correct, and that this Declaration is executed this 27th day

15   of March 2020.

/s/ Gina Shelton

Gina Shelton

NUTI HART LLP
411 30TH STREET, SUITE 408
OAKLAND, CA 94609-3311
TELEPHONE: 510-506-7152

16

17

18

19

20

21

22

23

24

25

26

27

28

**Shelton Declaration**

**Exhibit A**

**(Swecker Moloney & Moir CPAs Document Production)**

| DESERT OASIS APARTMENTS<br>SCHEDULE OF LOAN PAYABLE TO DESERT LAND<br>1999 - 2010 | Due to<br>Desert Land | |
|---|---|---|
| Original purchase of property - 1999 | 1,865,562 | |
| Refinance Heller Finance Mortgage - 2000 | 5,008,061 | Desert Land Escrow #684232 |
| Related party transactions - 2000 | (52,721) | |
| Related party transactions - 2001 | (4,000) | |
| Related party transactions - 2002 | 409,067 | |
| Related party transactions - 2003 | (1,441,125) | Transfers + Escrow #5106000041 + Escrow #5106000159 |
| Related party transactions - 2004 | (150,000) | Lease payments to FLT Trust on behalf of Desert Land |
| Reclassify Due to Desert Ranch - 2005 | 61,188 | Desert Ranch |
| Related party transactions - 2005 | (797,812) | |
| Related party transactions - 2007 | 349,588 | Midland Loan Service paid by Desert Land |
| Related party transactions - 2009 | 192,998 | |
| Related party transactions - 2010 | (36,033) | |
| | 5,404,771 | |

SW0001

**Desert Oasis Apartments**
**Working Trial Balance**
**12-31-99**

1999 *(handwritten)*

*Purchase (handwritten)*

| | Begining % | Ending % | WTB 12/31/98 DR | CR | ADJUSTMENTS DR | CR | WTB 12/31/99 DR | CR | 1999 Allocations | 1999 Ending Capital |
|---|---|---|---|---|---|---|---|---|---|---|
| Cash | | | | | 30,069.97 | 22,056.67 | 8,003.30 | | | |
| Land | | | | | 1,306,727.71 | | 1,306,727.71 | | | |
| Building | | | | | 5,584,241.26 | | 5,584,241.26 | | | |
| Accumulated Depreciation | | | | | (101,531.66) | | (101,531.66) | | | |
| Note Payable Desert Land LLC | | | | | | 1,865,561.88 | | 1,865,561.88 | | |
| Note Payable Heller Financial | | | | | | 5,000,000.00 | | 5,000,000.00 | | |
| Clearing | | | | | 4,884,438.12 | 4,884,438.12 | | 0.00 | | |
| | | | | | | | | | | |
| Limited Partners | | | | | | | | | | |
| Bulloch Family Trust | 0.9000 | 0.9000 | | | 19,860.00 | 22,500.00 | | 2,640.00 | (63,949.14) | (61,309.14) |
| D&M Gatlin Living Trust | 0.1000 | 0.1000 | | | 2,206.67 | 2,500.00 | | 293.33 | (7,105.46) | (6,812.13) |
| | 1.00 | 1.00 | | | | | | | (71,054.60) | (68,121.27) |
| | | | 0.00 | 0.00 | 11,726,012.07 | 11,797,066.67 | 6,797,440.61 | 6,868,495.21 | | |
| | | | | | | 71,054.60 | | 71,054.60 | | |
| | | | | | | | | | | |
| **Income** | | | | | | | | | | |
| Rental Income | | | | | | 30,004.00 | | | | |
| Interest Income | | | | | | 473.06 | | | | |
| | | | | | | | | | | |
| **Expenses** | | | | | | | | | | |
| Accounting | | | | | | | | | | |
| Bank Fees | | | | | | | | | | |
| Depreciation | | | | | 101,531.66 | | | | | |
| Interest | | | | | | | | | | |
| _ase Expense | | | | | | | | | | |
| _ense and Filing Fees | | | | | | | | | | |
| Office | | | | | | | | | | |
| Property Taxes | | | | | | | | | | |
| Repair & Maintenance | | | | | | | | | | |
| Utilities | | | | | | | | | | |
| | | | 0.00 | 0.00 | 101,531.66 | 30,477.06 | | | | |
| | | | | | (71,054.60) | | | | | |

Prepared By: Lori Lane
File C:\DesertOasis\Apt.wb3

27-Aug-2001
12:15 PM

SW0002

Desert Oasis Apartments
Working Trial Balance
12-31-00

*2000* (handwritten)

*Net = 6,830,901.57* (handwritten)

| | WTB 12/31/99 | | ADJUSTMENTS | | WTB 12/31/00 | |
| --- | --- | --- | --- | --- | --- | --- |
| | DR | CR | DR | CR | DR | CR |
| Cash | 8,003.30 | | 97,557.99 | 92,586.13 | 12,975.16 | |
| Land | 1,306,727.71 | | 69,248.75 | 12,357.70 | 1,363,618.76 | |
| Building | 5,584,241.26 | | | | 5,584,241.26 | |
| Accumulated Depreciation | (101,531.66) | | (203,063.31) | | (304,594.97) | |
| Due from Desert Land | | | 15,521.19 | | 15,521.19 | |
| Note Payable Desert Land LLC | | 1,865,691.88 | 37,200.00 | 5,008,060.83 | | 6,836,422.71 |
| Note Payable Heller Financial | | 5,000,000.00 | 5,000,000.00 | | | 0.00 |
| Due to Desert Ranch | | | | 61,187.92 | | 61,187.92 |
| Line of Credit - First Security Bank | | | 0.00 | | 0.00 | |

*DL Escrow #684232* (handwritten)

| | Begining % | Ending % | | | | | 2000 Allocations | 2000 Ending Capital |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Limited Partners | | | | | | | | |
| Bulloch Family Trust | 0.9000 | 0.9000 | | (61,309.14) | | | (61,309.14) (141,955.16) | (203,264.30) |
| D&M Gaffin Living Trust | 0.1000 | 0.1000 | | (6,812.13) | | | (6,812.13) (15,772.60) | (22,584.93) |
| | 1.00 | 1.00 | | | | | | |
| | | | 6,797,440.61 | 6,797,440.61 | 5,016,464.62 | 5,174,192.58  157,727.96 | 6,671,761.40  6,829,489.36  157,727.96 | (157,727.96)  (225,849.23) |

| Income | | | | |
| --- | --- | --- | --- | --- |
| Rental Income | | | | 84,753.00 |
| Interest Income | | | | 447.29 |

| Expenses | | | | |
| --- | --- | --- | --- | --- |
| Accounting | | | 71.50 | |
| Bank Fees | | | | |
| Depreciation | | | 203,063.31 | |
| Interest | | | 32,187.00 | |
| Lease Expense | | | | |
| Legal & Professional | | | 5,148.51 | |
| Office | | | | |
| Property Taxes | | | 2,457.93 | |
| Repair & Maintenance | | | | |
| Utilities | | | | |
| | 0.00 | 0.00 | 242,928.25  (157,727.96) | 85,200.29 |

Prepared By: Lori Lane   8-Oct-2001
File\C:DesertOasisApt.wb3   03:16 PM

Desert Oasis Apartments
Working Trial Balance
12-31-01

| | WTB 12/31/00 | | ADJUSTMENTS | | WTB 12/31/01 | |
|---|---|---|---|---|---|---|
| | DR | CR | DR | CR | DR | CR |
| Cash - Bank of the West | 12,975.16 | | 341,654.46 | 354,629.62 | 0.00 | |
| Cash - B of A General Acct | 0.00 | | 61,417.69 | 56,000.00 | 5,417.69 | |
| Cash - B of A Money Mkt | 0.00 | | 71,662.12 | 27,000.00 | 44,662.12 | |
| Land | 1,383,618.76 | | | | 1,383,618.76 | |
| Building | 5,584,241.26 | | | | 5,584,241.26 | |
| Accumulated Depreciation | (304,594.97) | | (203,063.31) | | (507,658.28) | |
| Due from Desert Land | 15,521.19 | | | | 15,521.19 | |
| Due from Casa Malaga | 0.00 | | 76,500.00 | | 76,500.00 | |
| Note Payable Desert Land LLC | | 6,836,422.71 | 4,000.00 | | | 6,832,422.71 |
| Note Payable Heller Financial | | 0.00 | | | | 0.00 |
| Due to Desert Ranch | | 61,187.92 | | | | 61,187.92 |
| Line of Credit - First Security Bank | | | | | 0.00 | |

6,816,901.57

| | Beginning % | Ending % | | | | | 2001 Allocations | 2001 Ending Capital |
|---|---|---|---|---|---|---|---|---|
| Limited Partners | | | | | | | | |
| Bulloch Family Trust | 0.9000 | 0.9000 | | (203,284.30) | 26,048.80 | | (229,213.10) (50,963.99) | (280,177.09) |
| Gulf Stream Irrevocable Trust | 0.1000 | 0.1000 | | (22,584.93) | 2,883.20 | | (25,468.13) (5,662.67) | (31,130.80) |
| | 1.00 | 1.00 | 6,671,761.40 | 6,671,761.40 | 381,002.96 | 437,629.62 56,626.66 | 6,582,302.74 | 6,638,929.40 (56,626.66) 56,626.66 | (311,307.89) |

| Income | | | | |
|---|---|---|---|---|
| Rental Income | | | | 441,651.00 |
| Interest Income | | | | 497.58 |

| Expenses | | | | |
|---|---|---|---|---|
| Accounting | | | 1,600.00 | |
| Bank Fees | | | | |
| Depreciation | | | 203,063.31 | |
| Interest | | | 6,000.00 | |
| License & Fees | | | 85.00 | |
| Legal & Professional | | | 284,171.93 | |
| Office | | | | |
| Property Taxes | | | | |
| Repair & Maintenance | | | 3,855.00 | |
| Utilities | | | | |
| | | 0.00 | 0.00 | 498,775.24 | 442,148.58 |
| | | | | (56,626.66) | |

Prepared By: Lori Lane        2-Jul-2002
File\C:DesertOasisApt.wb3      03:03 PM

Happi Olympus - 5,475.24

```
8/5/02                      Desert Oasis Apartments              Company: DOA
14:22             General Ledger - Period Ending 12/31/01        Page:    1


  Date   Mt  Ref #  Account      Description          Current      Year-To-Date
--------  --  -----  ---------  --------------------  -----------  -------------
Beginning Balance         104 Cash in Bank-BofA General                   0.00*
  1/1/01 12    JE1      104 Beginning Balances        0.00
12/31/01 12    JE3      104 2001 Transfers        27,000.00
12/31/01 12    CD1      104 2001 Disbursements     34,417.69
12/31/01 12    CD2      104 2001 Disbursements    -56,000.00
                           Ending Balances =       5,417.69*      5,417.69**

Beginning Balance         105 Cash in Bank-BofA Money Mkt                 0.00*
12/31/01 12    CR2      105 2001 Cash Receipts     71,662.12
  1/1/01 12    JE1      105 Beginning Balances         0.00
12/31/01 12    JE3      105 2001 Transfers       -27,000.00
                           Ending Balances =      44,662.12*     44,662.12**

Beginning Balance         106 Cash in Bank-Bank West                      0.00*
12/31/01 12    CR1      106 2001 Cash Receipts    341,654.46
  1/1/01 12    JE1      106 Beginning Balances     12,975.16
12/31/01 12    CD1      106 2001 Disbursements   -354,629.62
                           Ending Balances =           0.00*          0.00**

Beginning Balance         121 Due From Casa Malaga                        0.00*
12/31/01 12    CD1      121 2001 Disbursements     57,500.00
12/31/01 12    CD2      121 2001 Disbursements     19,000.00
                           Ending Balances =      76,500.00*     76,500.00**

Beginning Balance         125 Due from Desert Land LLC                    0.00*
  1/1/01 12    JE1      125 Beginning Balances     15,521.19
                           Ending Balances =      15,521.19*     15,521.19**

Beginning Balance         171 Land                                        0.00*
  1/1/01 12    JE1      171 Beginning Balances  1,363,618.76
                           Ending Balances =   1,363,618.76*  1,363,618.76**

Beginning Balance         172 Building                                    0.00*
  1/1/01 12    JE1      172 Beginning Balances  5,584,241.26
                           Ending Balances =   5,584,241.26*  5,584,241.26**

Beginning Balance         181 Accumulated Depreciation                    0.00*
  1/1/01 12    JE1      181 Beginning Balances   -304,594.97
12/31/01 12    JE4      181 2001 Depreciation    -203,063.31
                           Ending Balances =    -507,658.28*   -507,658.28**

Beginning Balance         220 Due to Desert Land, LLC                     0.00*
  1/1/01 12    JE1      220 Beginning Balances -6,836,422.71
12/31/01 12    CD1      220 2001 Disbursements      4,000.00
                           Ending Balances =  -6,832,422.71* -6,832,422.71**

Beginning Balance         221 Due to Desert Ranch                         0.00*
  1/1/01 12    JE1      221 Beginning Balances    -61,187.92
                           Ending Balances =     -61,187.92*    -61,187.92**
```

SW0008