```
8/5/02                        Desert Oasis Apartments                    Company: DOA
14:22                  General Ledger - Period Ending 12/31/01               Page:    2


   Date   Mt  Ref #  Account      Description            Current       Year-To-Date
 --------  -- ------ ---------  --------------------  -------------   -------------
Beginning Balance         301 Capital-H & C Bulloch Trust                    0.00*
  1/1/01 12    JE1        301 Beginning Balances        203,264.30
                             Ending Balances =          203,264.30*    203,264.30**

Beginning Balance         302 Capital-Gulf Stream Irr Tr                     0.00*
  1/1/01 12    JE1        302 Beginning Balances         22,584.93
                             Ending Balances =           22,584.93*     22,584.93**

Beginning Balance         320 Distributions-H & C Bullock Tr                 0.00*
12/31/01 12    JE2        320 Bal Rental Income          25,948.80
                             Ending Balances =           25,948.80*     25,948.80**

Beginning Balance         321 Distributions-Gulf Stream Irr                  0.00*
12/31/01 12    JE2        321 Bal Rental Income           2,883.20
                             Ending Balances =            2,883.20*      2,883.20**

Beginning Balance         401 Rental Income                                  0.00*
12/31/01 12    CR1        401 2001 Cash Receipts       -341,187.00
12/31/01 12    CR2        401 2001 Cash Receipts        -71,632.00
12/31/01 12    JE2        401 Bal Rental Income         -28,832.00
                             Ending Balances =         -441,651.00*   -441,651.00**

Beginning Balance         407 Interest Income                                0.00*
12/31/01 12    CR1        407 2001 Cash Receipts           -467.46
12/31/01 12    CR2        407 2001 Cash Receipts            -30.12
                             Ending Balances =             -497.58*       -497.58**

Beginning Balance         702 Accounting Fees                                0.00*
12/31/01 12    CD1        702 2001 Disbursements         1,600.00
                             Ending Balances =            1,600.00*      1,600.00**

Beginning Balance         740 Depreciation Exprense                          0.00*
12/31/01 12    JE4        740 2001 Depreciation        203,063.31
                             Ending Balances =          203,063.31*    203,063.31**

Beginning Balance         770 Interest                                       0.00*
12/31/01 12    CD1        770 2001 Disbursements         6,000.00
                             Ending Balances =            6,000.00*      6,000.00**

Beginning Balance         788 Legal Fees                                     0.00*
12/31/01 12    CD1        788 2001 Disbursements       247,171.93
12/31/01 12    CD2        788 2001 Disbursements        37,000.00
                             Ending Balances =          284,171.93*    284,171.93**

Beginning Balance         794 License & Filing Fees                          0.00*
12/31/01 12    CD1        794 2001 Disbursements            85.00
                             Ending Balances =               85.00*         85.00**
```

SW0009

```
8/5/02                          Desert Oasis Apartments                  Company: DOA
14:22                   General Ledger - Period Ending 12/31/01               Page:    3


   Date    Mt   Ref #   Account      Description          Current      Year-To-Date
 --------  --  ------  ---------  --------------------  -------------  -------------
Beginning Balance                 796 Maintenace & Repairs                     0.00*
12/31/01 12      CD1              796 2001 Disbursements      3,855.00
                                      Ending Balances =       3,855.00*     3,855.00**


                                  General Ledger is in balance.                0.00**
 36 Transactions

Current Loss            (56,626.66)      Y-T-D Loss           (56,626.66)
```

SW0010

**DESERT OASIS APARTMENTS, LLC**
Statement of Assets, Liabilities,
and Capital - Cash Basis
December 31, 2002

## ASSETS

| | | | |
|---|---|---|---|
| **CURRENT ASSETS** | | | |
| Cash In Bank-Debtor in Possess | | $ | 274.43 |
| Due from Casa Malaga | | | 76,500.00 |
| TOTAL CURRENT ASSETS | | | 76,774.43 |
| | | | |
| **FIXED ASSETS** | | | |
| Land | $ | 1,363,618.76 | |
| Building | | 5,584,241.26 | |
| Accumulated Depreciation | | (710,721.58) | |
| TOTAL FIXED ASSETS | | | 6,237,138.44 |
| | | | |
| **OTHER ASSETS** | | | |
| TOTAL ASSETS | | $ | 6,313,912.87 |

## LIABILITIES & MEMBERS' CAPITAL

| | | | |
|---|---|---|---|
| **CURRENT LIABILITIES** | | | |
| Due to Desert Land, LLC | | $ | 7,225,968.42 |
| Due to Desert Ranch | | | 61,187.92 |
| TOTAL CURRENT LIABILITIES | | | 7,287,156.34 |
| | | | |
| **MEMBERS' CAPITAL** | | | |
| Capital | | (311,307.89) | |
| Net Income (Loss) | | (661,935.58) | |
| TOTAL MEMBERS' CAPITAL | | | (973,243.47) |
| | | | |
| TOTAL LIABILITIES & CAPITAL | | $ | 6,313,912.87 |

DESERT OASIS APARTMENTS, LLC
Statement of Revenue and Expenses - Cash Basis
For the Period Ended December 31, 2002

|  | 12 Months Ended Dec. 31, 2002 |
|---|---|
| **REVENUE** | |
| Rental Income | $ 492,457.00 |
| Interest Income | 658.49 |
| **TOTAL REVENUE** | 493,115.49 |
| | |
| **EXPENSES** | |
| Accounting Fees | 950.00 |
| Bank Charges | 91.50 |
| Depreciation Expense | 203,063.30 |
| Interest | 525,016.82 |
| Lease Expense | 40,000.00 |
| Legal & Professional | 284,203.40 |
| License & Filing Fees | 85.00 |
| Management Fees | 3,000.00 |
| Office Expense | 11,465.80 |
| Option Fees Expired | 36,000.00 |
| Taxes-Property | 37,907.25 |
| Travel | 11,518.00 |
| Trustee Fees | 1,750.00 |
| **TOTAL ADMIN EXPENSES** | 1,155,051.07 |
| **NET INCOME (LOSS)** | $ (661,935.58) |

SW0012

**Shelton Declaration**

**Exhibit B**

**(Estimated Borrower's Closing Statement)**

First American Title Company of Nevada
3760 Pecos McLeod Interconnect, Suite 7 * Las Vegas, NV  09121-4253
(702) 731-4131

ESCROW NUMBER:  884232
PROPERTY: Vacant Land
        026 and 162-28-302-001

TODAY'S DATE: 12/06/2000
CLOSING DATE: 12/06/2000

BORROWERS:
    Desert Land LLC

### ESTIMATED BORROWER'S CLOSING STATEMENT

| DESCRIPTION | | DEBITS | CREDITS |
|---|---|---|---|
| Loan from | Tom Gonzales | | 41,500,000.00 |
| Funds previously received from Tom Gonzalez on 11/22/00 | | 500,000.00 | |
| 190-99218 | Gonzo Financial | 1,867,994.03 | |
| #99-133/Oasis Apartments | Heller Financial | 5,028,400.56 | |
| Pay off to New World, LLC | | 5,000,000.00 | |
| Origination Fee   2.000% | Tom Gonzales | 830,000.00 | |
| Origination fee   1.000% | Barry Fieldman | 415,000.00 | |
| Interest - 1 yr in advance | Tom Gonzales | 5,397,493.26 | |
| Sammie Armstrong     to | #889231 | 1,358,616.67 | |
| Interest from 11/22/2000 to 12/06/2000 @ $178.09000/day | | 2,493.26 | |
| To # 86015 Tivoli | | 5,219,472.00 | |
| TO 833089 FLT Trust | | 15,852,120.22 | |
| Title Premium - Owners | First American Title Co/Nevada | 200.00 | |
| Alta Premium  - Lenders | First American Title Co/Nevada | 16,340.00 | |
| County tax/stamps: | Deed $  6,750.00 Mtg $ | 6,750.00 | |
| Recording fees: Deed$ | Mtg$  250.00 Releases$ | 250.00 | |
| Recon Tracking Fee | First American Title | 400.00 | |
| Overnight Del/Handling Fee | First American Title | 95.00 | |
| Inspection Fee | First American Title | 1,120.00 | |
| Fax/Phone Charges | First American Title | 105.00 | |
| Escrow Fee | First American Title Co/Nevada | 2,650.00 | |
| Held For Misc | | 500.00 | |
| Subtotals | | 41,500,000.00 | 41,500,000.00 |
| Balance Due From Borrower | | | |
| TOTALS | | 41,500,000.00 | 41,500,000.00 |

Borrower understands the Closing or Escrow Agent has assembled this information representing the transaction  from  the best information  available from  other sources and cannot guarantee the accuracy thereof.  The Lender involved may be furnished a copy of this Statement.

The undersigned hereby authorizes FIRST AMERICAN TITLE COMPANY to make expenditures and disbursements as shown and approves same for payment.  The undersigned also acknowleges receipt of Loan Funds in the amount shown above and receipt of a copy of this Statement.

APPROVED AND ACCEPTED THIS ___ Day of _____, 20__.

First American Title Company of Nevada

By: Sharon G. Silverberg

Desert Land LLC

By: Howard Bulloch, Manager

SGS

**Shelton Declaration**

**Exhibit C**

**(Desert Oasis Apartments LLC's Petition and Schedules filed May 31, 2002)**

# ORIGINAL

## FORM 1.  VOLUNTARY PETITION

| United States Bankruptcy Court | | VOLUNTARY PETITION |
|---|---|---|
| Southern     District   of     N evada | | |

| NAME OF DEBTOR - (If Individual, enter Last, First, Middle)<br>Desert Oasis Apartments, LLC | NAME OF JOINT DEBTOR (Spouse) (Last, First, Middle) |
|---|---|
| ALL OTHER NAMES used by the debtor in the last 6 years<br>(Include married, birth, and trade names)<br>none | ALL OTHER NAMES used by the joint debtor in the last 6 years<br>(Include married, birth, and trade names) |
| SOC SEC/TAX I.D. NO (If more than one, state all)<br>88-0433777 | SOC SEC/TAX I.D. NO (If more than one, state all) |
| STREET ADDRESS OF DEBTOR (No. and street, city, state and zip code)<br>7475 W. Sahara Avenue, Suite 100<br><br>Las Vegas, NV 89117 | STREET ADDRESS OF JOINT DEBTOR (No. and street, city, state and zip code) |
| COUNTY of residence or principal place of business   Clark | PHONE NUMBER<br>702-948-3344 | COUNTY of residence or principal place of business | PHONE NUMBER |
| MAILING ADDRESS OF DEBTOR (If different from Street Address)<br>same | MAILING ADDRESS OF JOINT DEBTOR (If different from Street Address) |
| LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR<br>(If different from address listed above)<br>n/a | |

| INFORMATION REGARDING DEBTOR (Check applicable boxes) |
|---|
| VENUE (Check any applicable box) |
| ☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in the District for 180 days immediately preceding the date of the petition or for a longer part of such 180 days than in any other District. |
| ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in the District. |

| TYPE OF DEBTOR<br>☐ Individual   ☐ Stockbroker<br>☐ Partnership  ☐ Community Broker<br>☐ Corporation  ☒ Other _____<br>☐ Railroad | CHAPTER OR SECTION OF BANKRUPTCY CODE UNDER WHICH THE PETITION IS FILED (Check one box)<br>☐ Chapter 7   ☐ Chapter 9<br>☒ Chapter 11  ☐ Chapter 12<br>☐ Chapter 13  ☐ Sec 304 - Case ancillary to foreign proceeding |
|---|---|
| NATURE OF DEBT<br>☐ Consumer/Non-Business<br>☒ Business | FILING FEE (Check one box)<br>☒ Filing fee attached<br>☐ Filing fee to be paid in installments |
| CHAPTER 11 SMALL BUSINESS (Check all boxes that apply)<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101<br>☐ Debtor is and elects to be considered as a small business under<br>11 U.S.C. § 1121(e) (Optional) | Installment payments applicable to individuals only.  Must attach signed application for the courts consideration certifying that the debtor is unable to pay fee except in installments.  Rule 1006(b).  See Official Form No. 3. |

| STATISTICAL/ADMINISTRATIVE INFORMATION (28 U.S.C. § 604)<br>(Estimates only - Check applicable boxes) | THIS SPACE FOR COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | UNITED STATES<br>BANKRUPTCY COURT<br>PATRICIA GRAY, CLERK<br>2002 MAY 31 PM 4:22<br>RECEIVED<br>AND FILED |
| ESTIMATED NUMBER OF CREDITORS<br>☐ 1-15  ☒ 16-49  ☐ 50-99  ☐ 100-199  ☐ 200-999  ☐ 1000-over | |
| ESTIMATED ASSETS (in thousands of dollars)<br>☐ $0 to $50,000       ☐ $100,001 to $500,000   ☐ $1,000,001 to $10 million   ☐ $50,000,001 to $100 million<br>☐ $50,001 to $100,000   ☐ $500,001 to $1 million   ☒ $10,000,001 to $50 million   ☐ More than $100 million | |
| ESTIMATED LIABILITIES (in thousands of dollars)<br>☐ $0 to $50,000       ☐ $100,001 to $500,000   ☐ $1,000,001 to $10 million   ☐ $50,000,001 to $100 million<br>☐ $50,001 to $100,000   ☐ $500,001 to $1 million   ☒ $10,000,001 to $50 million   ☐ More than $100 million | |

© 12002 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.

| VOLUNTARY PETITION    PAGE 2 | | Name of Debtor(s): | FORM B1 |
| (This page must be completed and filed in every case) | | Desert Oasis Apartments, LLC | |

| PRIOR BANKRUPTCY CASE FILED WITHIN LAST 6 YEARS (If more than one, attach additional sheet) | | |
| Location where filed | Case Number | Date Filed |
| none | | |

| PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER, OR AFFILIATE OF THE DEBTOR (If more than one, attach additional sheet) | | |
| Name of Debtor | Case Number | Date Filed |
| ~~none~~    See attached | | |
| Relationship | District | Judge |

## SIGNATURES

### SIGNATURE(S) OF DEBTOR(S) (INDIVIDUAL/JOINT)

I declare under penalty of perjury that the information provided in this petition is true and correct. (If Petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7) I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _Howard Bulloch_
Signature of Debtor

X _____
Signature of Joint Debtor

.................................................702-948-3344
PHONE NUMBER (If not represented by attorney)

_May 30, 2002_
Date

### SIGNATURE OF ATTORNEY

X _____
Signature of Attorney for Debtor(s)

Leonard Schwartzer
PRINTED NAME OF ATTORNEY FOR DEBTOR(S)

Schwartzer & McPherson Law Firm
FIRM NAME

3800 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89109

ADDRESS
702-693-4230
TELEPHONE NUMBER

_5 - 31 - 02_
Date

### SIGNATURE OF DEBTOR (CORPORATION/PARTNERSHIP)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that the filing of this petition on behalf of the debtor has been authorized.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _Howard Bulloch_
Signature of Authorized Individual

_Howard Bulloch_
Print or Type Name of Authorized Individual

_Manager_
Title of Individual Authorized by Debtor to File this Petition

_May 30, 2002_
Date

### EXHIBIT A

(To be completed if debtor is required to file periodic reports (e. g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities and Exchange Act of 1934 and is requesting relief under Chapter 11)

☒ Exhibit "A" is attached and made a part of this petition.

### EXHIBIT B

(To be completed by attorney for individual chapter 7 debtor(s) with primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that (he, she, or they) may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
Signature of Attorney for Debtors          Date

### EXHIBIT C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☒ No

### SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. §110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed or Typed Name of Bankruptcy petition Preparer

_____
Social Security Number

_____

_____
Address                          Tel. No.

................................................................

Names and Social Security number of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provision of Title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. § 156.

© 2002 cpo law. All rights reserved. Printed in the United States of America. cpo law is a trademark of Clayton P. Osting.

# United States Bankruptcy Court

Southern          **District of**          N evada

IN RE _____ Desert Oasis Apartments, LLC _____          **Case No.** _____

name of debtor          **chapter** _____ Chapter 11 _____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A,B, D, E, F, I, and J in the boxes provided.  Add the amount from Schedules A and B to determine the total amount of the debtor's assets.  Add the amount from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A — Real Property | | | $41,040,000.00 | | |
| B — Personal Property | | | $2,150.00 | | |
| C — Property Claimed as Exempt | | | | | |
| D — Creditors Holding Secured Claims | | | | $41,500,000.00 | |
| E — Creditors Holding Unsecured Priority Claims | | | | $0.00 | |
| F — Creditors Holding Unsecured Nonpriority Claims | | | | | |
| G — Executory Contracts and Unexpired Leases | | | | | |
| H — Codebtors | | | | | |
| I — Current Income of Individual Debtor(s) | | | | | |
| J — Current Expenditures of Individual Debtor(s) | | | | | |
| Total Number of Sheets of ALL Schedules ▶ | | | | | |
| Total Assets ▶ | | | $41,042,150.00 | | |
| Total Liabilities ▶ | | | | $41,500,000.00 | |

© 2002 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.

Desert Oasis Apartments, LLC
NAME OF DEBTOR
CASE NO.

## SCHEDULE A — REAL PROPERTY

Except as listed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor;s own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interest in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claim in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Desert Oasis Apartments 5316 Danville Lane Las Vegas, NV | Fee Simple 94.5% | | $41,040,000.00 | $41,500,000.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | Total ▶ | | $41,040,000.00 | |

(Report also on Summary of Schedules)

© 2002 cpo law. All rights reserved. Printed in the United States of America. cpo law is a trademark of Clayton P. Osting.

NAME OF DEBTOR Desert Oasis Apartments, LLC                    CASE NO.

## SCHEDULE D — CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C", in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT, UNLIQUIDATED, DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY |
|---|---|---|---|---|---|---|
| Tom Gonzales<br>PO Box 8786<br>Incline Village, NV 89452 | ☐ | | 12/15/2000<br>First Deed of Trust<br><br>VALUE $41,500,000.00<br>acct # | ☐ contingent<br>☐ unliquidated<br>☐ disputed | $41,500,000.00 | |
| | ☐ | | VALUE<br>acct # | ☐ contingent<br>☐ unliquidated<br>☐ disputed | | |
| | ☐ | | VALUE<br>acct # | ☐ contingent<br>☐ unliquidated<br>☐ disputed | | |
| | ☐ | | VALUE<br>acct # | ☐ contingent<br>☐ unliquidated<br>☐ disputed | | |
| | ☐ | | VALUE<br>acct # | ☐ contingent<br>☐ unliquidated<br>☐ disputed | | |

|  | Subtotal (Total of this page) ➡ | $41,500,000.00 |
|---|---|---|
| (Report also on Summary of Schedules) | Total (Use only on last page) ➡ | $41,500,000.00 |

© 2002 cpc law. All rights reserved. Printed in the United States of America. cpc law is a trademark of Clayton P. Osting.

# EXHIBIT G

**Fill in this information to identify the case:**

Debtor name   **Desert Oasis Apartments, LLC**

United States Bankruptcy Court for the:   DISTRICT OF NEVADA

Case number (if known)   **18-12456-LEB**

☐ Check if this is an amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   22 APR 2020         x  _David Gaffin_

Signature of individual signing on behalf of debtor

**David Gaffin**
Printed name

**Co-Manager**
Position or relationship to debtor

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                                       Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name __Desert Oasis Apartments, LLC__

United States Bankruptcy Court for the: DISTRICT OF NEVADA

Case number (if known) __18-12456-LEB__

☐ Check if this is an amended filing

# Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:     Cash and cash equivalents**

1. Does the debtor have any cash or cash equivalents?

☐ No.  Go to Part 2.
■ Yes Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor**

Current value of debtor's interest

3.   **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*
     Name of institution (bank or brokerage firm)          Type of account          Last 4 digits of account number

| | | | | |
|---|---|---|---|---|
| 3.1. | US Bank Checking Account | Checking | 9447 | $102,536.27 |

4.   **Other cash equivalents** *(Identify all)*

5.   **Total of Part 1.**
     Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

$102,536.27

**Part 2:     Deposits and Prepayments**

6. Does the debtor have any deposits or prepayments?

■ No.  Go to Part 3.
☐ Yes Fill in the information below.

**Part 3:     Accounts receivable**

10. Does the debtor have any accounts receivable?

☐ No.  Go to Part 4.
■ Yes Fill in the information below.

11.   **Accounts receivable**

| | face amount | | doubtful or uncollectible accounts | |
|---|---|---|---|---|
| 11a. 90 days old or less: | 0.00 | - | 0.00 | = .... Unknown |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Debtor | **Desert Oasis Apartments, LLC** | Case number *(If known)* | 18-12456-LEB |
|---|---|---|---|
| | Name | | |

| 12. | **Total of Part 3.** | | $0.00 |
|---|---|---|---|
| | Current value on lines 11a + 11b = line 12. Copy the total to line 82. | | |

## Part 4: Investments

**13. Does the debtor own any investments?**

■ No. Go to Part 5.
☐ Yes Fill in the information below.

## Part 5: Inventory, excluding agriculture assets

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No. Go to Part 6.
☐ Yes Fill in the information below.

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No. Go to Part 7.
☐ Yes Fill in the information below.

## Part 7: Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No. Go to Part 8.
☐ Yes Fill in the information below.

## Part 8: Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No. Go to Part 9.
☐ Yes Fill in the information below.

## Part 9: Real property

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.
■ Yes Fill in the information below.

**55.** **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1. **5333 Bethel Lane, Las Vegas, NV 89119** **128 Unit Apartments** APN 162-28-310-001 | Fee simple | $0.00 | | $76,800,000.00 |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor | **Desert Oasis Apartments, LLC** | Case number *(If known)* 18-12456-LEB |
|---|---|---|
| | Name | |

**56.** **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
Copy the total to line 88.

$76,800,000.00

**57.** **Is a depreciation schedule available for any of the property listed in Part 9?**
☐ No
☑ Yes

**58.** **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☐ No
☑ Yes

**Part 10:** **Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.
☐ Yes Fill in the information below.

**Part 11:** **All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
☑ Yes Fill in the information below.

| | | Current value of debtor's interest |
|---|---|---|
| 71. | **Notes receivable**<br>Description (include name of obligor) | |
| 72. | **Tax refunds and unused net operating losses (NOLs)**<br>Description (for example, federal, state, local) | |
| 73. | **Interests in insurance policies or annuities** | |
| 74. | **Causes of action against third parties (whether or not a lawsuit has been filed)** | |
| 75. | **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims** | |
| 76. | **Trusts, equitable or future interests in property** | |
| 77. | **Other property of any kind not already listed** *Examples:* Season tickets, country club membership<br>**Money Due from Insiders:**<br>**10181 Park Run LLC - $67,737 - subject to defenses**<br>**Compass Investments - $10,250 - subject to defenses**<br>**David Gaffin - $29,277 - subject to defenses**<br>**Howard Bulloch - $947,492 - subject to defenses**<br>**SkyVue Las Vegas, LLC - $2,193,376 - subject to defenses, uncollectible**<br>**The Ranch, LLC - $195,678 - subject to defenses, uncollectible** | $0.00 |

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

$0.00

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com

Debtor   **Desert Oasis Apartments, LLC**                              Case number *(If known)*  **18-12456-LEB**
_____
Name

79.   **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
      ■ No
      ☐ Yes

Debtor   **Desert Oasis Apartments, LLC**               Case number *(if known)*  **18-12456-LEB**
         Name

**Part 12:**   Summary

In Part 12 copy all of the totals from the earlier parts of the form

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $102,536.27 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9* ....................................................................> | | $76,800,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $102,536.27  + 91b. | $76,800,000.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $76,902,536.27 |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Desert Oasis Apartments, LLC** |
| United States Bankruptcy Court for the: | DISTRICT OF NEVADA |
| Case number (if known) | **18-12456-LEB** |

■ Check if this is an
amended filing

## Official Form 206E/F
# Schedule E/F: Creditors Who Have Unsecured Claims         12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:   List All Creditors with PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☐ No. Go to Part 2.

■ Yes. Go to line 2.

2.  **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors
with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | | Total claim | Priority amount |
|---|---|---|---|---|
| **2.1** | Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$25,100.00** | **$25,100.00** |
| | **Tenant Deposits**<br>**SEE EXHIBIT A** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |
| | Date or dates debt was incurred | Basis for the claim: | | |
| | Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (7) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |

### Part 2:   List All Creditors with NONPRIORITY Unsecured Claims

3.  **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
out and attach the Additional Page of Part 2.

|  |  | | Amount of claim |
|---|---|---|---|
| | | | |
| **3.1** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$285.00** |
| | **ABC Shine Cleaning**<br>**3355 Highland Drive**<br>**Las Vegas, NV 89103** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred | Basis for the claim: | |
| | Last 4 digits of account number | Is the claim subject to offset? ■ No ☐ Yes | |
| **3.2** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$2,938.10** |
| | **AZ Partsmaster, Inc.**<br>**3326 Ponderosa Way**<br>**Las Vegas, NV 89118** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred | Basis for the claim: | |
| | Last 4 digits of account number | Is the claim subject to offset? ■ No ☐ Yes | |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                    50028                    Best Case Bankruptcy

| Debtor | **Desert Oasis Apartments, LLC** | Case number (if known) | **18-12456-LEB** |
|---|---|---|---|
| | Name | | |

| 3.3 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $1,150,000.00 |
|---|---|---|---|
| | **Citation Financial, LLC**<br>**10181 Park Run Drive**<br>**#200**<br>**Las Vegas, NV 89145** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred __ | Basis for the claim: __ | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.4 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $114.34 |
|---|---|---|---|
| | **Classic Design Group**<br>**600 Cervantes Drive**<br>**Henderson, NV 89014** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred __ | Basis for the claim: __ | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $350,000.00 |
|---|---|---|---|
| | **Compass Investments Holdings, LLC**<br>**10181 Park Run Drive**<br>**#200**<br>**Las Vegas, NV 89145** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred __ | Basis for the claim: __ | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.6 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $595.80 |
|---|---|---|---|
| | **HD Supply**<br>**4825 E Cheyenne Avenue**<br>**Las Vegas, NV 89115** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred __ | Basis for the claim: __ | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.7 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $50.14 |
|---|---|---|---|
| | **LeaseStar LLC**<br>**2201 Lakeside Blvd**<br>**Richardson, TX 75082** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred __ | Basis for the claim: __ | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.8 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $671.77 |
|---|---|---|---|
| | **RealPage, Inc.**<br>**2201 Lakeside Blvd**<br>**Richardson, TX 75082** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred __ | Basis for the claim: __ | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.9 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $38.00 |
|---|---|---|---|
| | **Silver Springs Water**<br>**480 Minor Court**<br>**Henderson, NV 89011** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred __ | Basis for the claim: __ | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com    

| Debtor | Desert Oasis Apartments, LLC | Case number (if known) | 18-12456-LEB |
|---|---|---|---|
| | Name | | |

| 3.10 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $390.00 |
|---|---|---|---|

**Supreme Carpet Cleaning**
1730 Primrose Path
Las Vegas, NV 89108

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim: __

Is the claim subject to offset? ■ No ☐ Yes

| 3.11 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $200.00 |
|---|---|---|---|

**Surface Specialists of Nevada, Inc.**
3325 W Ali Baba Lane
Suite 619
Las Vegas, NV 89118

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim: __

Is the claim subject to offset? ■ No ☐ Yes

| 3.12 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $172,000.00 |
|---|---|---|---|

**Tivoli Motel, Inc.**
1018 Park Run Drive
#200
Las Vegas, NV 89145

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim: __

Is the claim subject to offset? ■ No ☐ Yes

| 3.13 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $3,000.00 |
|---|---|---|---|

**WestCorp Management Group**
6655 S Eastern Ave #200
Las Vegas, NV 89119

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim: __

Is the claim subject to offset? ■ No ☐ Yes

| 3.14 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $50.00 |
|---|---|---|---|

**Zumper Inc**
49 Geary St
San Francisco, CA 94108

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim: __

Is the claim subject to offset? ■ No ☐ Yes

---

**Part 3:** List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

**Part 4:** Total Amounts of the Priority and Nonpriority Unsecured Claims

5. Add the amounts of priority and nonpriority unsecured claims.

| | | Total of claim amounts | |
|---|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ | 25,100.00 |
| 5b. Total claims from Part 2 | 5b. + | $ | 1,680,333.15 |
| 5c. Total of Parts 1 and 2 Lines 5a + 5b = 5c. | 5c. | $ | 1,705,433.15 |

**Fill in this information to identify the case:**

Debtor name   **Desert Oasis Apartments, LLC**

United States Bankruptcy Court for the:   DISTRICT OF NEVADA

Case number (if known)   **18-12456-LEB**

☐ Check if this is an amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals    12/15

### Part 1:   Summary of Assets

1. *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

   **1a. Real property:**
   Copy line 88 from *Schedule A/B*................................................................................   $   **76,800,000.00**

   **1b. Total personal property:**
   Copy line 91A from *Schedule A/B*.............................................................................   $   **102,536.27**

   **1c. Total of all property:**
   Copy line 92 from *Schedule A/B*................................................................................   $   **76,902,536.27**

### Part 2:   Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*...................   $   **18,525,000.00**

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*...................................................   $   **25,100.00**

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*...............................   +$   **1,680,333.15**

4. **Total liabilities** ...............................................................................................
   Lines 2 + 3a + 3b   $   **20,230,433.15**

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

# EXHIBIT H

**Fill in this information to identify the case:**

Debtor name **Desert Land, LLC**

United States Bankruptcy Court for the: DISTRICT OF NEVADA

Case number (if known) **18-12454-LEB**

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended Schedule
☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 22 APR 2020    x David Gaffin
Signature of individual signing on behalf of debtor

David Gaffin
Printed name

Manager
Position or relationship to debtor

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Fill in this information to identify the case: |
|---|

Debtor name  **Desert Land, LLC**

United States Bankruptcy Court for the:  DISTRICT OF NEVADA

Case number (if known)  **18-12454-LEB**

■ Check if this is an amended filing

# Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

**1. Does the debtor have any cash or cash equivalents?**

☐ No.  Go to Part 2.
■ Yes Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor**

Current value of debtor's interest

3.  **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*
Name of institution (bank or brokerage firm)          Type of account          Last 4 digits of account number

| | | | |
|---|---|---|---|
| 3.1. | **Wells Fargo** | | | $7,500.00 |
| 3.2. | **Bank of America** | | | $10,000.00 |

4.  **Other cash equivalents** *(Identify all)*

5.  **Total of Part 1.**                                                                    $17,500.00
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and Prepayments |
|---|---|

**6. Does the debtor have any deposits or prepayments?**

■ No.  Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
|---|---|

**10. Does the debtor have any accounts receivable?**

■ No.  Go to Part 4.
☐ Yes Fill in the information below.

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com

| Debtor | **Desert Land, LLC** | Case number *(If known)* **18-12454-LEB** |
|---|---|---|
| | Name | |

---

**Investments**

**13. Does the debtor own any investments?**

☐ No. Go to Part 5.
■ Yes Fill in the information below.

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**14.** Mutual funds or publicly traded stocks not included in Part 1
Name of fund or stock:

**15.** Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture
Name of entity:       % of ownership

| 15.1. | **Desert Oasis Investments, LLC** | 100 % | Appraisal | $90,000,000.00 |
|---|---|---|---|---|

**16.** Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1
Describe:

**17.** Total of Part 4.
Add lines 14 through 16. Copy the total to line 83.       **$90,000,000.00**

**Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No. Go to Part 6.
☐ Yes Fill in the information below.

**Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No. Go to Part 7.
☐ Yes Fill in the information below.

**Office furniture, fixtures, and equipment; and collectibles**

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No. Go to Part 8.
☐ Yes Fill in the information below.

**Machinery, equipment, and vehicles**

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.
■ Yes Fill in the information below.

| General description<br>Include year, make, model, and identification numbers<br>(i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**47.** Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles

| 47.1. | **2007 Yukon** | $0.00 | | $6,000.00 |
|---|---|---|---|---|

---

| Debtor | Desert Land, LLC | Case number *(if known)* 18-12454-LEB |
|---|---|---|
| | Name | |

48. **Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

49. **Aircraft and accessories**

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

51. **Total of Part 8.**

    Add lines 47 through 50. Copy the total to line 87.

    $6,000.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
    - ■ No
    - ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
    - ■ No
    - ☐ Yes

## Part 9:   Real property

54. **Does the debtor own or lease any real property?**

    ☐ No. Go to Part 10.

    ■ Yes Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1. **Hacienda / Mandalay Bay Site Approximately 20 acres at the southeast corner of Las Vegas Blvd. S. and E. Mandalay Bay Road, including 3951 & 3953 Las Vegas Blvd. S.** | Fee Title | $227,192,000.00 | Appraisal | $230,000,000.00 |
| 55.2. **Desert Oasis Motel (Aspen Property) 3965 Las Vegas Blvd. S.** | Fee Title | $35,258,000.00 | Appraisal | $13,500,000.00 |

56. **Total of Part 9.**

    Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

    $243,500,000.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
    - ■ No
    - ☐ Yes

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com

| Debtor | **Desert Land, LLC** | Case number *(If known)* **18-12454-LEB** |
| | Name | |

58.  Has any of the property listed in Part 9 been appraised by a professional within the last year?
- ☐ No
- ■ Yes

**Part 10:**   Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

- ■ No.  Go to Part 11.
- ☐ Yes Fill in the information below.

**Part 11:**   All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
   Include all interests in executory contracts and unexpired leases not previously reported on this form.

- ☐ No.  Go to Part 12.
- ■ Yes Fill in the information below.

|  |  | Current value of debtor's interest |
|---|---|---|
| 71. | **Notes receivable**<br>Description (include name of obligor) | |
| 72. | **Tax refunds and unused net operating losses (NOLs)**<br>Description (for example, federal, state, local) | |
| 73. | **Interests in insurance policies or annuities** | |
| 74. | **Causes of action against third parties (whether or not a lawsuit has been filed)** | |
| 75. | **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims** | |
| 76. | **Trusts, equitable or future interests in property** | |
| 77. | **Other property of any kind not already listed** *Examples:* Season tickets, country club membership<br>**Money due from Compass Investments, LLC (AMOUNT $5,294,213.20)**<br>**Subject to defenses** | $0.00 |
| | **Money due from Citation Financial, LLC (AMOUNT $24,880,129.28)**<br>**Subject to defenses** | $0.00 |
| | **Money due from Tivoli Motel, Inc. (AMOUNT $75,000.00)**<br>**Subject to defenses, uncollectible** | $0.00 |
| | **Money due from SkyVue Las Vegas, LLC (AMOUNT $10,926,466.91)**<br>**Subject to defenses, uncollectible** | $0.00 |
| | **Money due from Howard Bulloch (AMOUNT $2,539,583.69)**<br>**Subject to defenses** | $0.00 |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com

| Debtor | **Desert Land, LLC** | Case number *(If known)* **18-12454-LEB** |
|---|---|---|
| | Name | |

| | | |
|---|---|---|
| | **Money due from David Gaffin (AMOUNT $584,474.48)**<br>**Subject to defenses** | $0.00 |
| | **Money due from Bruce Bulloch (AMOUNT $144,030.00)**<br>**Subject to defenses** | $0.00 |

| 78. | **Total of Part 11.** | $0.00 |
|---|---|---|
| | Add lines 71 through 77. Copy the total to line 90. | |

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
■ No
☐ Yes

---

| Debtor | **Desert Land, LLC** | Case number *(If known)* | 18-12454-LEB |
| | Name | | |

| Part 12: | Summary |

In Part 12 copy all of the totals from the earlier parts of the form

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $17,500.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $90,000,000.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $6,000.00 | |
| 88. **Real property.** *Copy line 56, Part 9* .........................................................................> | | $243,500,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $90,023,500.00 + 91b. | $243,500,000.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $333,523,500.00 |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

| Fill in this information to identify the case: |
| --- |

Debtor name    **Desert Land, LLC**

United States Bankruptcy Court for the:   DISTRICT OF NEVADA

Case number (if known)    **18-12454-LEB**

◼ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals     12/15

### Part 1:   Summary of Assets

1.   *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

   **1a. Real property:**
   Copy line 88 from *Schedule A/B*....................................................................   $    243,500,000.00

   **1b. Total personal property:**
   Copy line 91A from *Schedule A/B*.................................................................   $    90,023,500.00

   **1c. Total of all property:**
   Copy line 92 from *Schedule A/B*..................................................................   $    333,523,500.00

### Part 2:   Summary of Liabilities

2.   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D*.......................   $    152,038,963.66

3.   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*.....................................   $    0.00

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*..........................   +$    414,735.00

4.   **Total liabilities** ....................................................................................
   Lines 2 + 3a + 3b     $    152,453,698.66

# EXHIBIT I

**Lewis Roca Rothgerber Christie LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

Justin J. Henderson (NVB #13349)
Telephone: 602.262.5738
Facsimile: 602.734.3937
Email: jhenderson@lrrc.com

*Attorneys for Juniper Loan Servicing Corporation*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | Case No. 18-12454-leb |
| DESERT LAND, LLC, | Chapter 7 |
| Debtor. | **OBJECTION TO AMENDED MOTION TO SUBSTANTIVELY CONSOLIDATE CASES** |
| | Hearing Date: June 26, 2018<br>Hearing Time: 2:30 p.m. |

Juniper Loan Servicing Corporation ("Juniper") objects to the substantive consolidation of the bankruptcy estate of Desert Oasis Investments, LLC ("Desert Investments") with the estates of Desert Land, LLC ("Desert Land"), Desert Oasis Apartments, LLC ("Desert Apartments"), and Skyvue Las Vegas, LLC ("Skyvue"). Juniper does not necessarily object to the consolidation of the Desert Land, Desert Apartments, and Skyvue estates, but the Desert Investments estate should remain separate from the other Debtors' estates.

Juniper would be substantially prejudiced if the Debtors are substantively consolidated so that all of the various parcels of real property the Debtors own can be sold as a single unit because the market for such a large sale of property (approaching a half billion dollars) is very small. It will take a lot longer to sell the properties as a single unit than it would for Juniper's collateral to be sold separately. In fact, a sale of all of the
. . .

parcels together might never happen. The inevitable delay in selling the property will not benefit any creditor. It can only benefit equityholders, whose interests are irrelevant.

Moreover, Desert Investments has not provided sufficient evidence to support the conclusion that its estate should be substantively consolidated with any other bankruptcy estate. There has been no showing that creditors dealt with Desert Investments and the other Debtors as a single economic unit. Juniper certainly has not. Juniper is entitled to look to the assets of its sole debtor for repayment.

And there has been no showing that Desert Investments' affairs are so entangled with the other Debtors that they cannot be separated without significant expense. Even if the Debtors viewed *themselves* as a single company (which seems unlikely), that is irrelevant under Ninth Circuit law. Substantive consolidation is analyzed from the perspective of creditors.

The current record does not support substantive consolidation. And the Debtors have not even filed their schedules and statements of financial affairs yet. The Court should not even consider ordering substantive consolidation before they are filed.

## BACKGROUND

Olympic Coast Investments, Inc. ("OCI") extended a loan to Desert Investments in the principal amount of $10,000,000 on October 22, 2008. *See* Promissory Note, attached hereto as **Exhibit A**. Interest accrues on the loan at the rate of 15% per annum. The current balance of the loan is no less than $17,276,177.49. The loan is secured by eight contiguous parcels of real property located at 95 East Ali Baba Lane, Las Vegas, NV 89119 (the "Property"). *See* Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing, attached hereto as **Exhibit B**. The Property is owned by Desert Investments.

After the loan was made, OCI sold interests in the loan to certain investors. Juniper is the contractual servicer for and on behalf of the investors and is a real party in interest. Juniper and its predecessors-in-interest previously entered into several forbearance agreements with Desert Investments and its predecessors-in-interest. Desert

201 East Washington Street, Suite 1200
Phoenix, Arizona 85004-2595

Lewis Roca
ROTHGERBER CHRISTIE

105184724_1

201 East Washington Street, Suite 1200
Phoenix, Arizona 85004-2595

Lewis Roca
ROTHGERBER CHRISTIE

1   Investments defaulted on the most recent forbearance agreement and Juniper was about to

2   commence a trustee's sale of the Property before these bankruptcy cases were filed.

3          The Debtors want to substantively consolidate the estates so that they can sell all

4   of their real properties as a single unit.  [DE 24 in Case No. 18-12457 at 2.]  They

5   candidly admit that their goal is "maximization of distributions to equity."  [*Id.* at 4.]

6   The Debtors contend that the contiguous properties could sell for as much as

7   $460,000,000.  [*Id.* at 2.]  But the Debtors have not provided the Court with a copy of the

8   appraisal that purportedly valued the unified parcels at $460,000,000.  And they have not

9   provided an estimate of the time it will take to consummate such a large real property

10  sale.

11         The evidence supporting the motion for substantive consolidation is scant to

12  nonexistent.  The Debtors contend that most of the creditors in the four bankruptcy cases

13  are creditors of more than one of the Debtors and that this means that creditors treated the

14  Debtors as a single unit.  [*Id.* at 2.]  The evidence (which, at this point, consists only of an

15  affidavit from Mr. Gaffin) does not demonstrate this.[1]

16  - Juniper only has a claim against Desert Investments.  *See* Ex. A.

17  - David Stroebling has a judgment only against Desert Land.
    [DE 25 in Case No. 18-12457 at 2.]
18
19  - Northern Trust's lien is secured only by the property of Desert
      Apartments.  [*Id.*]

20  - The so-called "Shotgun Entities" have claims against only Desert
      Land and Desert Investments.  [*Id.*]   And "most" of those claims
21    are apparently guaranteed by SkyVue.  [*Id.*]  The existence of a
      guaranty shows that the Shotgun Entities *did not* treat all of the
22    entities as a single unit.
23
    - Mr. Gonzales has claims against all four Debtors.  [*Id.*]
24

25         So three creditors have claims against only one Debtor.  And Mr. Gonzales

26  appears to be the only creditor who has claims against all of the Debtors.

27  ────────────────────

28  [1] And, again, the Debtors have not filed their schedules or statements of financial affairs yet, so creditors are operating at an informational disadvantage.

3

105184724_1

1    The only other evidence before the Court is Mr. Gaffin's conclusory statements

2    that the managers of the debtors "used the funds available from each entity to pay the

3    expenses of all entities" and that the Debtors "have always been treated as a single

4    business since 2004 or from the creation of each member entity." [*Id.* at 2.]

5    **DISCUSSION**

6    "Orders of substantive consolidation combine the assets and liabilities of separate

7    and distinct – but related – legal entities into a single pool and treat them as though they

8    belong to a single entity." *In re Bonham*, 229 F.3d 750, 764 (9th Cir. 2000).  Substantive

9    consolidation is a drastic remedy and "should be used 'sparingly.'"  *Id.* at 767 (quoting *In*

10   *re Flora Mir Candy Corp.*, 432 F.2d 1060, 1062-63 (2d Cir. 1970)).  "Substantive

11   consolidation is premised on a sole aim:  fairness to **all creditors**."  *In re Mihranian*,

12   2017 WL 6003345 (9th Cir. BAP Dec. 4, 2017) (second emphasis added); *see also In re*

13   *Augie/Restivo Baking Co.*, 860 F.2d 515, 518 (2d Cir. 1988) (noting that the "sole

14   purpose" of consolidation "is to ensure the equitable treatment of all creditors").

15   The Ninth Circuit has adopted the test for determining whether to order

16   substantive consolidation that was established by the Second Circuit in *Augie/Restivo*.

17   *See Bonham*, 229 F.3d at 766.  The test has two prongs.  Bankruptcy courts consider "'(1)

18   whether creditors dealt with the entities as a single economic unit and did not rely on

19   their separate identity in extending credit; or (2) whether the affairs of the debtor are so

20   entangled that consolidation will benefit all creditors.'"  *Id.* (quoting *In re Reider*, 31 F.3d

21   1102 (11th Cir. 1994)).

22   **I.    JUNIPER DID NOT DEAL WITH THE DEBTORS AS A SINGLE**
     **ECONOMIC UNIT**
23

24   Juniper did not deal with the Debtors as a single unit.  Desert Investments is its

25   only debtor.  It "expect[ed] to look to the assets of [that] particular borrower for

26   satisfaction of that loan."  *Augie/Restivo*, 860 F.2d at 518.

27   Even if other creditors believed that the Debtors were as a single unit, that does

28   not justify substantive consolidation to the detriment of Juniper.  *See id.* ("Given these

201 East Washington Street, Suite 1200
Phoenix, Arizona 85004-2595

Lewis Roca
ROTHGERBER CHRISTIE

4

201 East Washington Street, Suite 1200
Phoenix, Arizona 85004-2595

Lewis Roca
ROTHGERBER CHRISTIE

1   circumstances, the fact that the trade creditors may have believed that they were dealing

2   with a single entity does not justify consolidation."); *In re R & S St. Rose Lenders, LLC*,

3   2017 WL 937721, at *7 (D. Nev. Mar. 8, 2017) (noting that *Augie/Restivo* "found

4   substantive consolidation was inappropriate even though, numerically speaking, more

5   creditors treated the subject entities as a single economic unit").

6   **II.     THERE IS NO EVIDENCE THAT ANY OTHER CREDITOR DEALT**

7   **WITH THE DEBTORS AS A SINGLE ECONOMIC UNIT**

8           Even assuming that most other creditors have claims against more than one Debtor

9   (which doesn't appear to be true), that doesn't establish that creditors *dealt* with the

10  Debtors as a single economic unit.[2]  Likewise, there is no evidence whatsoever about

11  which Debtor's "identity" other creditors relied on when they extended credit.  The Court

12  doesn't even have information regarding the nature of the creditors' claims.  *See*

13  *Mihranian*, 2017 WL 6003345, at *5 (substantive consolidation not proper when trustee

14  could not identify the creditors of the entities for which he was seeking consolidation or

15  the nature of their debt).  If overlapping creditors were the standard, substantive

16  consolidation would be warranted in an enormous number of cases.  It isn't.

17  **III.    THERE IS NO EVIDENCE THAT THE DEBTORS' AFFAIRS ARE SO**
    **ENTANGLED THAT IT IS COST-PROHIBITIVE TO SEPARATE THEM**

18  **FROM ONE ANOTHER**

19          "The second factor supports consolidation 'only where the time and expense

20  necessary even to attempt to unscramble the[] [debtors is] so substantial as to threaten the

21  realization of any net assets for all the creditors or where no accurate identification and

22  allocation of assets is possible.'"  *R & S St. Rose Lenders*, 2017 WL 937721, at *6.  The

23  Debtors have not satisfied this requirement because they haven't shown that the Debtors

24  need to be "unscrambled" or that identification and allocation of assets is impossible.

25  ─────────────────

26  [2] The original motion for substantive consolidation and affidavit submitted by Mr. Gaffin stated that "[t]he creditors in these cases all considered themselves creditors of all the Desert Entities." [DE 9 at 3; DE 10 at 2.]  The amended

27  motion and declaration contain no such statement, perhaps because Mr. Gaffin lacks personal knowledge of facts that would support such a conclusion.  Mr. Gaffin has not stated "facts sufficient to establish the basis for his . . . personal

28  knowledge" of how creditors dealt with the debtors.  *See In re McAllister*, 2014 WL 3955008, at *12 (9th Cir. BAP Aug. 13, 2014).

105184724_1

201 East Washington Street, Suite 1200
Phoenix, Arizona 85004-2595

Lewis Roca
ROTHGERBER CHRISTIE

1     Even if, as Debtors contend, expenses were paid without regard to which Debtor

2 actually incurred them, that is not enough to satisfy the second factor. *See Augie/Restivo*,

3 860 F.2d at 519 (commingling, alone, does not justify substantive consolidation in the

4 absence of a showing that the time an expense to unscramble debtors would threaten

5 realization of net assets). It doesn't even establish that the affairs of the debtors are

6 entangled. Presumably there are books and records that can be used to trace any

7 payments. *See id.* (substantive consolidation not warranted, even where "[b]usiness

8 functions may have been commingled" because transactions could be traced). The

9 Debtors have not explained why it is even necessary to "unscramble" the Debtors, much

10 less how much time and expense would be necessary to do so.

11     This is not a case where the payment of expenses would even appear to matter.

12 Upon information and belief, Desert Investments' primary assets (and probably the assets

13 of other Debtors) are parcels of real estate.[3] Those parcels cannot have been entangled

14 with one another. They are not fungible like money. It also seems likely that Desert

15 Apartments ran its business separately from the other entities (i.e., as an apartment

16 complex), despite Mr. Gaffin's statements to the contrary.

17 **IV.  MAXIMIZING VALUE TO EQUITYHOLDERS IS AN IMPROPER BASIS
        FOR SUBSTANTIVE CONSOLIDATION BECAUSE IT COMES AT THE
18       EXPENSE OF CREDITORS**

19     Substantive consolidation should *not* be used to facilitate what will probably be a

20 years-long sale process in the hope of maximizing value for equityholders at the expense

21 of creditors. Creditors will be paid much quicker if parcels are sold in smaller units.

22     *Augie/Restivo* itself denied substantive consolidation under facts similar to those

23 before the Court. The *Augie/Restivo* court refused to allow consolidation merely "upon a

24 finding that the creditors would be better off under some proposed plan involving the

25 joint sale of their assets" if the interests of one creditor would be impermissibly

26 subordinated to those of other creditors. *Id.* at 520. Here, the justification is even more

27 ───────────────

28 [3] Juniper has to make these statements based upon information and belief because the Debtors have not filed their
schedules or statements of financial affairs.

105184724_1

201 East Washington Street, Suite 1200
Phoenix, Arizona 85004-2595

Lewis Roca
ROTHGERBER CHRISTIE

1   flimsy because substantive consolidation is sought to elevate the interests of

2   equityholders in maximizing value over creditors' interest in being paid in a reasonable

3   amount of time. Only the interests of creditors matter. The interests of equityholders are

4   irrelevant. *See In re Murray Indus., Inc.*, 119 B.R. 820, 832 (Bankr. M.D. Fla. 1990)

5   ("While equity interest security holders are parties of interest, it is a generally accepted

6   proposition that equitable sharing for the purpose of the Bankruptcy Code means an

7   equitable sharing among creditors, not stockholders." (citing *Augie/Restivo*)).

8           Stated somewhat differently, granting substantive consolidation in this case would

9   be contrary its very purpose of avoiding delay in distribution to creditors. *Compare In re*

10  *Coleman*, 417 B.R. 712, 726 (Bankr. S.D. Miss. 2009) (substantive consolidation should

11  be granted when "the time and expense necessary to identify and allocate their assets and

12  liabilities would likely erode the recovery of those assets and create substantial delays in

13  effecting a distribution to creditors" (citing *Augie/Restivo*, 860 F.2d at 518)), *with In re*

14  *Archdiocese of Milwaukee*, 483 B.R. 693 (Bankr. E.D. Wis. 2012) ("[T]he Court cannot

15  ignore the outrageous expense and extreme delay that would no doubt accompany

16  substantive consolidation in this case.").

17  **V.      THE DEBTORS' PERSPECTIVE IS IRRELEVANT**

18          Mr. Gaffin's statement that the Debtors treated themselves as a single business,

19  even if true, is irrelevant. "Creditor reliance, not whether the debtors viewed themselves

20  as a single entity, is the critical factor under the *Augie/Restivo* test." 2 *Collier on*

21  *Bankruptcy* ¶ 105.09[2][a], at 105-104 n.62 (16th ed. 2018).

22  **VI.     SUBSTANTIVE CONSOLIDATION IS PREMATURE**

23          The Debtors certainly should not be substantively consolidated when they haven't

24  even filed schedules or statements of financial affairs yet. *See Mihranian*, 2017 WL

25  6003345, at *5 (creditors and nature of debt must be identified before substantive

26  consolidation may be considered). The Court cannot make a reasoned decision without

27  having the schedules and statements before it. *See In re Searles*, 317 B.R. 368, 378 (9th

28  . . .

7

Cir. BAP 2004) (noting that accurate schedules are fundamental to the viability of the bankruptcy system).

### <u>CONCLUSION</u>

The Amended Motion for Substantive Consolidation should be denied because the Debtors have not met their burden of proof.

DATED this 12th day of June, 2018.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By  /s/  Justin J. Henderson (NVB #13349)
            Justin J. Henderson
*Attorneys for Juniper Loan Servicing Corporation*

201 East Washington Street, Suite 1200
Phoenix, Arizona 85004-2595

Lewis Roca
ROTHGERBER CHRISTIE

8

105184724_1

**CERTIFICATE OF SERVICE**

1. On June 12, 2018, I served the following document(s):

   **OBJECTION TO AMENDED MOTION TO SUBSTANTIVELY CONSOLIDATE CASES**

2. I served the above-named document(s) by the following means to the persons as listed below: *(Check all that apply)*

☒ **a.** **ECF System** *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

JAMIE P. DREHER, on behalf of Petitioning Creditor BRADLEY J. BUSBIN, AS TRUSTEE OF THE GONZALES CHARITABLE REMAINDER UNITRUST ONE
jdreher@downeybrand.com

MARK WRAY, on behalf of Petitioning Creditor BRADLEY J. BUSBIN, AS TRUSTEE OF THE GONZALES CHARITABLE REMAINDER UNITRUST ONE
mwray@markwraylaw.com

LENARD E. SCHWARTZER, on behalf of Alleged Debtor DESERT LAND, LLC
bkfilings@s-mlaw.com

U.S. TRUSTEE – LV-7
USTPRegion17.LV.ECF@usdoj.gov

BRIGID M. HIGGINS, on behalf of SHOTGUN CREEK LAS VEGAS, LLC, SHOTGUN CREEK INVESTMENTS NEVADA, LLC, and SHOTGUN CREEK INVESTMENTS, LLC
bhiggins@blacklobellolaw.com

_____

☐ **b.** **United States mail, postage fully prepaid**
*(List persons and addresses. Attach additional paper if necessary)*

_____

☐ **c.** **Personal Service** *(List persons and addresses. Attach additional paper if necessary)*
I personally delivered the document(s) to the persons at these addresses:

☐ For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place or abode with someone of suitable age and discretion residing there.

_____

201 East Washington Street, Suite 1200
Phoenix, Arizona 85004-2595

Lewis Roca
ROTHGERBER CHRISTIE

105184724_1

☐ **d.** **By direct email (as opposed to through the ECF System)**
*(List persons and email addresses. Attach additional paper if necessary)*
Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **e.** **By fax transmission** *(List persons and fax numbers. Attach additional paper if necessary)*
Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ **f.** **By messenger** *(List persons and addresses. Attach additional paper if necessary)*
I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service. *(A declaration by the messenger must be attached to this Certificate of Service).*

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 12, 2018, at Phoenix, Arizona.

 C.J. Scruggs                                             /s/  C.J. Scruggs
(NAME OF DECLARANT)                          (SIGNATURE OF DECLARANT)