# EXHIBIT M

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | Desert Oasis Apartments, LLC |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | District of Nevada |
| Case number | 18-12456-gs |

Official Form 410

# Proof of Claim   04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Desert Land, LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Jeffrey I. Golden, Trustee for Desert Land, LLC
Name
650 Town Center Dr., Suite 600
Number    Street
Costa Mesa         CA        92626
City               State     ZIP Code

Contact phone  714-966-1000
Contact email  jgolden@wgllp.com

Where should payments to the creditor be sent? (if different)

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**
☐ No
☑ Yes. Claim number on court claims registry (if known) 3-1

Filed on 09/23/2020
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                    Proof of Claim                    page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**  $_____4,500,000.00_____.  **Does this amount include interest or other charges?**
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Account stated. See attached addendum for details.

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property**: $_____
**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

Official Form 410           **Proof of Claim**           page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☑ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  12/14/2020
                  MM / DD / YYYY

*Signature*

Print the name of the person who is completing and signing this claim:

| Name | Jeffrey | I. | Golden |
|---|---|---|---|
| | First name | Middle name | Last name |

Title: Chapter 11 Trustee for the bankruptcy estate of Desert Land, LLC

Company: Desert Land, LLC
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 650 Town Center Dr., Suite 600
Number  Street
Costa Mesa                CA     92626
City                      State  ZIP Code

Contact phone  714-966-1000         Email  jgolden@wgllp.com

Official Form 410          Proof of Claim          page 3

## ADDENDUM TO AMENDED PROOF OF CLAIM

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

---------------------------------------------------------------x
:
In re: : Chapter 11
:
DESERT OASIS APARTMENTS, LLC, : Case No. BK-S-18-12456-GS
:
Debtor. :
:
---------------------------------------------------------------x

## ADDENDUM TO AMENDED PROOF OF CLAIM OF DESERT LAND, LLC

Jeffrey I. Golden, solely in his capacity as the duly appointed and serving chapter 11 trustee (the "Trustee") for the bankruptcy estate of Desert Land, LLC ("Desert Land"), asserts the amended proof of claim (the "Amended Claim") to which this Addendum is annexed, on behalf of the estate of Desert Land against Desert Oasis Apartments, LLC ("Apartments"), the chapter 11 debtor herein. The Trustee, on behalf of the estate of Desert Land, asserts the following claims against Apartments upon personal knowledge as to himself and his own acts, and as to all other matters upon information and believe, based upon the investigation, analysis and advice made by and through his attorneys.

**I.      Account Stated of Not Less than $4.5 Million.**

1. As of the date the order for relief was entered, Apartments owed its related entity Desert Land, LLC ("Desert Land") $4.5 million. This liability is reflected on the following documents: (a) Schedule F of Apartments' Schedules and Statement of Financial Affairs [Doc. #96] filed in In re Desert Oasis Apartments, LLC, Case No. 18-12456-gs (the "Apartments' Bankruptcy Case"), on July 13, 2018, page 18, which page is attached hereto as **Exhibit A**; (b) Schedule F of Apartments' Schedules and Statement of Financial Affairs' [Doc. #104] filed in In

2547507

re Desert Land, LLC, Case No. 18-12454-gs (the "Desert Land Bankruptcy case"), on July 13, 2018, page 19, which is attached hereto as **Exhibit B**; and (c) Schedule F of the Amended Schedules [Doc. #104] filed in the Apartments' Bankruptcy Case on August 28, 2018, page 4, which page is attached hereto as **Exhibit C**. This liability is also reflected on Desert Land's tax returns for the years 2005 through and including 2019.

2. In the first Desert Oasis Apartments, LLC bankruptcy case, Case No. 11-17208 (the "First Apartments' Bankruptcy Case"), Apartments scheduled $5,468,103.96 as due and owing to Desert Land. *See*, Schedule F, Doc. #35 filed on May 24, 2011, page 20, which page is attached hereto as **Exhibit D**.

3. Furthermore, Apartments' Chapter 11 Plan of Reorganization [Doc. #89 in the First Apartments' Bankruptcy Case] (the "Apartments' 2011 Plan") provided for the allowance and treatment of the $5,468,103.96 owed by Apartments to Desert Land. *See*, page 4 of the Apartments' 2011 Plan. The Apartments' 2011 Plan is attached hereto as **Exhibit E**. In the Apartments' 2011 Plan, the "Desert Land, LLC" unsecured claim is provided for under Class 4 treatment. The claim was subordinated to the claims of non-insider general unsecured creditors but was otherwise allowed with treatment to be paid in full. *See*, page 4 of the Apartments' 2011 Plan. The Apartments' 2011 Plan was confirmed pursuant to Court order entered on December 30, 2011 [Doc. #203 in the First Apartments' Bankruptcy Case]. Thus, the Trustee is informed and believes that Apartments owes Desert Land at least $4.5 million and that the entered confirmation order in the First Apartments' Bankruptcy Case is controlling.

II. **Reservation of Rights.**

4. <u>Right to Amend</u>. The Trustee expressly reserves the right to further amend or supplement this Amended Claim to correct, clarify, explain, expand, supplement or add to any portion of the claim asserted herein, or otherwise to increase the dollar amount of such claim

-2-

2547507

and/or provide additional information and documentation in connection with the claim, including as it may be amended, and including in response to any objection. Moreover, the Trustee specifically reserves the right to conduct discovery with respect to this matter in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

     5.     <u>No Admission</u>. Nothing contained in this Amended Claim shall be deemed an admission by the Trustee. The Trustee expressly reserves the right to withdraw this Amended Claim in his sole discretion with the effect to be as if this Amended Claim had never been filed.

-3-

| Debtor | Desert Oasis Apartments, LLC | Case number (if known) | 18-12456-LEB |
|---|---|---|---|

| 3.3 | Nonpriority creditor's name and mailing address<br>Citation Financial, LLC<br>10181 Park Run Drive<br>#200<br>Las Vegas, NV 89145<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: __<br>Is the claim subject to offset?  ■ No  ☐ Yes | $1,150,000.00 |
|---|---|---|---|
| 3.4 | Nonpriority creditor's name and mailing address<br>Classic Design Group<br>600 Cervantes Drive<br>Henderson, NV 89014<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: __<br>Is the claim subject to offset?  ■ No  ☐ Yes | $114.34 |
| 3.5 | Nonpriority creditor's name and mailing address<br>Compass Investments Holdings, LLC<br>10181 Park Run Drive<br>#200<br>Las Vegas, NV 89145<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: __<br>Is the claim subject to offset?  ■ No  ☐ Yes | $350,000.00 |
| 3.6 | Nonpriority creditor's name and mailing address<br>Desert Land, LLC<br>10181 Park Run Drive<br>#200<br>Las Vegas, NV 89145<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: __<br>Is the claim subject to offset?  ■ No  ☐ Yes | $4,500,000.00 |
| 3.7 | Nonpriority creditor's name and mailing address<br>HD Supply<br>4825 E Cheyenne Avenue<br>Las Vegas, NV 89115<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: __<br>Is the claim subject to offset?  ■ No  ☐ Yes | $595.80 |
| 3.8 | Nonpriority creditor's name and mailing address<br>LeaseStar LLC<br>2201 Lakeside Blvd<br>Richardson, TX 75082<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: __<br>Is the claim subject to offset?  ■ No  ☐ Yes | $50.14 |
| 3.9 | Nonpriority creditor's name and mailing address<br>RealPage, Inc.<br>2201 Lakeside Blvd<br>Richardson, TX 75082<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: __<br>Is the claim subject to offset?  ■ No  ☐ Yes | $671.77 |

| Debtor | Desert Oasis Apartments, LLC | Case number (if known) | 18-12456-LEB |
|---|---|---|---|

| | | | |
|---|---|---|---|
| 3.3 | Nonpriority creditor's name and mailing address<br>**Citation Financial, LLC**<br>10181 Park Run Drive<br>#200<br>Las Vegas, NV 89145<br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>Basis for the claim: __<br>Is the claim subject to offset? ■ No ☐ Yes | $1,150,000.00 |
| 3.4 | Nonpriority creditor's name and mailing address<br>**Classic Design Group**<br>600 Cervantes Drive<br>Henderson, NV 89014<br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>Basis for the claim: __<br>Is the claim subject to offset? ■ No ☐ Yes | $114.34 |
| 3.5 | Nonpriority creditor's name and mailing address<br>**Compass Investments Holdings, LLC**<br>10181 Park Run Drive<br>#200<br>Las Vegas, NV 89145<br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>Basis for the claim: __<br>Is the claim subject to offset? ■ No ☐ Yes | $350,000.00 |
| 3.6 | Nonpriority creditor's name and mailing address<br>**Desert Land, LLC**<br>10181 Park Run Drive<br>#200<br>Las Vegas, NV 89145<br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>Basis for the claim: __<br>Is the claim subject to offset? ■ No ☐ Yes | $4,500,000.00 |
| 3.7 | Nonpriority creditor's name and mailing address<br>**HD Supply**<br>4825 E Cheyenne Avenue<br>Las Vegas, NV 89115<br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>Basis for the claim: __<br>Is the claim subject to offset? ■ No ☐ Yes | $595.80 |
| 3.8 | Nonpriority creditor's name and mailing address<br>**LeaseStar LLC**<br>2201 Lakeside Blvd<br>Richardson, TX 75082<br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>Basis for the claim: __<br>Is the claim subject to offset? ■ No ☐ Yes | $50.14 |
| 3.9 | Nonpriority creditor's name and mailing address<br>**RealPage, Inc.**<br>2201 Lakeside Blvd<br>Richardson, TX 75082<br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>Basis for the claim: __<br>Is the claim subject to offset? ■ No ☐ Yes | $671.77 |

Exhibit B_001

| Debtor | **Desert Oasis Apartments, LLC** | Case number (if known) | 18-12456-LEB |
|---|---|---|---|
| | Name | | |

| 3.3 | **Nonpriority creditor's name and mailing address**<br>**Citation Financial, LLC**<br>**10181 Park Run Drive**<br>**#200**<br>**Las Vegas, NV 89145**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | **As of the petition filing date, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** __<br><br>Is the claim subject to offset?  ■ No  ☐ Yes | $1,150,000.00 |
|---|---|---|---|
| 3.4 | **Nonpriority creditor's name and mailing address**<br>**Classic Design Group**<br>**600 Cervantes Drive**<br>**Henderson, NV 89014**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | **As of the petition filing date, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** __<br><br>Is the claim subject to offset?  ■ No  ☐ Yes | $114.34 |
| 3.5 | **Nonpriority creditor's name and mailing address**<br>**Compass Investments Holdings, LLC**<br>**10181 Park Run Drive**<br>**#200**<br>**Las Vegas, NV 89145**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | **As of the petition filing date, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** __<br><br>Is the claim subject to offset?  ■ No  ☐ Yes | $350,000.00 |
| 3.6 | **Nonpriority creditor's name and mailing address**<br>**Desert Land, LLC**<br>**10181 Park Run Drive**<br>**#200**<br>**Las Vegas, NV 89145**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | **As of the petition filing date, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** __<br><br>Is the claim subject to offset?  ■ No  ☐ Yes | $4,500,000.00 |
| 3.7 | **Nonpriority creditor's name and mailing address**<br>**HD Supply**<br>**4825 E Cheyenne Avenue**<br>**Las Vegas, NV 89115**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | **As of the petition filing date, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** __<br><br>Is the claim subject to offset?  ■ No  ☐ Yes | $595.80 |
| 3.8 | **Nonpriority creditor's name and mailing address**<br>**LeaseStar LLC**<br>**2201 Lakeside Blvd**<br>**Richardson, TX 75082**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | **As of the petition filing date, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** __<br><br>Is the claim subject to offset?  ■ No  ☐ Yes | $50.14 |
| 3.9 | **Nonpriority creditor's name and mailing address**<br>**RealPage, Inc.**<br>**2201 Lakeside Blvd**<br>**Richardson, TX 75082**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | **As of the petition filing date, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** __<br><br>Is the claim subject to offset?  ■ No  ☐ Yes | $671.77 |

Exhibit C_001

B6F (Official Form 6F) (12/07) - Cont.

In re **Desert Oasis Apartments, LLC** , Case No. **11-17208-BAM**
        **Debtor**          **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> **Criterion Brock** <br> **PO Box 22107** <br> **Milwaukie, OR 97269** | | | Trade debt | | | | 600.05 |
| ACCOUNT NO. <br> **De Lage Landen Financial Services** <br> **PO Box 41602** <br> **Philadelphia, PA 19101** | | | Trade debt | | | | 176.27 |
| ACCOUNT NO. <br> **Desert Land, LLC** <br> **10181 Park Run Drive** <br> **#200** <br> **Las Vegas, NV 89145** | | | | | | | 5,468,103.96 |
| ACCOUNT NO. <br> **Ellipse Communications, Inc.** <br> **PO Box 801814** <br> **Dallas, TX 75380** | | | Trade debt | | | | 211.00 |
| ACCOUNT NO. **0304** <br> **For Rent Magazine** <br> **75 Remittance Drive** <br> **#1705** <br> **Chicago, IL 60675-1705** | | | Trade debt | | | | 3,494.70 |

Sheet no. <u>1</u> of <u>4</u> continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ $ **5,472,585.98**

Total ▶ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

**Exhibit D_001**

LENARD E. SCHWARTZER (NV Bar No. 0399)
JEANETTE E. MCPHERSON (NV Bar No. 5423)
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone:   (702) 228-7590
Facsimile:   (702) 892-0122
Email:       bkfilings@s-mlaw.com

Counsel for Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re | Case No. BK-S-11-17208-BAM |
|---|---|
| DESERT OASIS APARTMENTS, LLC, | Chapter 11 |
| Debtor. | |
| | Hearing Date: |
| | Hearing Time: |
| | Place:   Courtroom #3 |

**DESERT OASIS APARTMENT, LLC'S AMENDED PLAN OF REORGANIZATION**

ARTICLE I

SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of DESERT OASIS APARTMENT, LLC (the "Debtor"). The Debtor owns the real property and improvements located in Las Vegas, NV described as Assessor's Parcel Number 162-28-310-001 (the "Property"). The Property consists of approximately 6.4 acres located on the south side of Mandalay Bay Road approximately 800 feet east of Las Vegas Boulevard. On the Property is an apartment complex consisting of 128 one- and two-bedroom units. Approximately, 92%-95% of the apartment units are occupied by tenants ("Tenants"). The Property is worth approximately $6,500,000 and is subject to a loan in the approximate amount of $3,076,000 now held by Wells Fargo Bank, N.A., as trustee for the Registered Holders of JPMorgan Chase Commercial Mortgage Pass-Through Certificates, Series 2004-FL1 (the "Bank") which has matured.

The current owner obtained title to the Property in August of 1999.

This Plan provides for one class of priority claims; one class of secured claims; one class of unsecured claims; and one class of equity security holders. **Under the Plan, the rights of Tenants are unimpaired.** The Bank will receive distributions which the proponent of this Plan has valued at 100 cents on the dollar. The Plan proposes to pay the Bank in full over a period of 10 years using the rental income from the Tenants to pay market rate interest of 4.5% per annum and principal amortized over 25 years and a balloon payment at the end of 10 years obtained through sale or refinancing when the mortgage markets become more normal. Tenants with priority claims for deposits will be paid 100% in the normal course of operation of the apartment complex. Under the Plan, the unsecured claim of Tom Gonzales is unimpaired. Under the Plan, the unsecured creditors, except insiders, will be paid over eleven months without interest. Under the Plan, insiders will agree to subordinate their claims to the claims of other unsecured creditors. This Plan also provides for the 100% payment of all other administrative, including fees payable to the Office of the United States Trustee, and priority claims upon confirmation.

All creditors and equity security holders should refer to Articles III through V of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II

### CLASSIFICATION OF CLAIMS AND INTERESTS

| | | | |
|---|---|---|---|
| 2.01 | Class 1. | All allowed claims entitled to priority under § 507 of the Code. |
| 2.02 | Class 2. | The claim of the Bank, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.03 | Class 3. | The claim of Tom Gonzales. |
| 2.04 | Class 4. | All unsecured claims allowed under § 502 of the Code. |
| 2.05 | Class 5. | Equity interests in the Debtor. |

# ARTICLE III

## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
## U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01 <u>Unclassified Claims</u>. Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02 <u>Administrative Expense Claims</u>. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the Effective Date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 <u>Priority Tax Claims</u>. Each holder of a priority tax claim will be paid on the Effective Date of this Plan, in cash.

3.04 <u>United States Trustee Fees</u>. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

# ARTICLE IV

## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority Claims | unimpaired | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan as defined in Article VIII, or the date on which such claim is allowed by a final non-appealable order. |

| | | |
|---|---|---|
| Class 2 – Secured Claim of Bank (approximately $3,100,000) | impaired | Class 2 is impaired by this Plan. The Bank will be paid its claim in full, including principal, accrued interest and costs and reasonable attorneys' fees. This amount shall be paid with interest at the rate of 4.5% per annum from the Effective Date. Beginning on 1st day of the 1st month following the Effective Date, the Bank shall be paid an amount necessary to amortize its claim over 25 years together with interest. In addition payments for insurance and real estate taxes will be escrowed. The balance of the Claim shall be all due and payable in 10 years from the Effective Date. There will be no pre-payment penalty. The loan will be assumable. The Bank shall retain its lien on the Property with the same priority it held of the date of the Debtor's Petition. |
| Class 3 – Tom Gonzales ($10,000,000) | unimpaired | Class 3 is unimpaired by this Plan. Tom Gonzales will be paid the Parcel A Transfer Fee pursuant to the terms of the Desert Land Plan of Reorganization. That payment is due when, and only when, there is a Parcel A Transfer as defined in that plan. This claim is unsecured. This claim is subject to setoffs and counterclaims by the Debtor. |
| Class 4 - General Unsecured Creditors | impaired | Class 4 is impaired by this Plan. Non-Insider General Unsecured Creditors will be paid in full, without interest from the rent collected from the Tenant. Beginning on 1st day of the 1st month following the Effective Date, Class 4 will be paid $3,000 per month pro rata for approximately 9 months. Desert Land, LLC, Citation Financial, LLC and Compass Investments Holdings, LLC have agreed to subordinate their claims to the claims of other unsecured creditors and will be paid only after all other unsecured creditors are paid in full and reasonable reserves for maintenance and repair of the Property have been funded. |
| Class 5- Equity Security Holders of the Debtor | unimpaired | Class 5 is unimpaired by this Plan. Equity Security Holders (the members of the Debtor) will retain their equity interest in the Debtor. |

# ARTICLE V

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01  Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed

filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 <u>Delay of Distribution on a Disputed Claim</u>. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03 <u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 <u>Assumed Executory Contracts and Unexpired Leases</u>.

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the:

- Leases with Tenants.
- Westcorp Management Group - property management

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the effective date of this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII

## MEANS FOR IMPLEMENTATION OF THE PLAN

The means for implementation of this Plan is the rents paid by Debtor's existing and future Tenants. The Debtor will sell or refinance the Property within 120 months following the Effective Date. The proceeds from such sale or refinance shall be used to fund the balloon payment to the Bank as set forth in the Plan. If the Property is sold, the Debtor and its affiliates which own the adjacent land will pay the Parcel A Transfer fee to Gonzales from the sales proceeds.

## ARTICLE VIII

## GENERAL PROVISIONS

8.01 <u>Definitions and Rules of Construction</u>. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan. Additionally, the following definitions apply:

    a. The "Bank" shall mean Wells Fargo Bank, N.A., as trustee for the Registered Holders of JPMorgan Chase Commercial Mortgage Pass-Through Certificates, Series 2004-FL1.

    b. The "Property" shall mean the real property and improvements thereon located in Las Vegas, NV described as Assessor's Parcel Number 162-28-310-001 (the "Property") consisting of approximately 6.4 acres located on the south side of Mandalay Bay Road and approximately 800 feet east of Las Vegas Boulevard.

    c. The "Tenants" shall mean the tenants who rent apartment units on the Property.

    d. The "Effective Date" of this Plan is the fifteenth business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

    e. The "Desert Land Plan of Reorganization" is that plan of reorganization that was confirmed in the case of *In re Desert Land, LLC*, Case No. BK-S-02-16202-RCJ by an order entered April 13, 2003 as amended by decisions of the Bankruptcy Appellate Panel for 9th Circuit and the Court of Appeals for the 9th Circuit.

    f. The "Parcel A Transfer Fee" is the fee provided to be paid to Tom Gonzales in the Desert Land Plan of Reorganization when, and only when, there is a Parcel A Transfer as defined in the Desert Land Plan of Reorganization.

8.02 <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.03 <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.04 <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.05 <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Nevada govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.06 <u>Governance</u>. The Debtor will maintain its current form of governance and its current managers until such managers are replaced as provided in its existing Operating Agreement.

8.07 <u>Revesting of Assets in the Debtor</u>. Upon confirmation of the Plan, all property of the estate of the Debtor shall be revested in the Debtor, pursuant to 11 U.S.C. § 1141(c), which shall retain such property as the Reorganized Debtor free and clear of all claims and interests of the creditors, except as set forth in the Plan.

8.08 <u>Disbursing Agent</u>. The Debtor will serve as disbursing agent and shall make all payments required under the Plan. The disbursing agent may employ or contract with other entities to assist in or to perform the distribution of the property and shall serve without bond.

8.09 <u>Request for Application of 11 U.S.C. § 1129(b)</u>. The Debtor, as Plan proponent, will request the Court to find that the provisions for dissenting classes provide for fair and equitable treatment of said creditors, and to confirm its Plan notwithstanding the requirements of § 1129(a)(8) as to such classes.

8.10 <u>Post-Confirmation Management of the Debtor</u>. The Debtor shall be managed post-confirmation by its current manager, David Gaffin.

8.11 <u>Post-Confirmation Litigation</u>. The Debtor anticipates post-confirmation litigation with Tom Gonzales over the enforcement of the terms of the Plan of Reorganization entered in the Desert Land, LLC Chapter 11 case, as amended by the decisions of the Bankruptcy Appellate Panel for the 9th Circuit and the Court of Appeals for the 9th Circuit, and except for collection matters that may occur in the normal course of the Debtor's business, and the determination of certain claims. The Debtor reserves the right to prosecute any objections to claims.

8.12 <u>Post-Confirmation Default</u>. In the event the Debtor becomes delinquent in duty or obligation under the Plan, the affected creditor or creditors may provide written notice of such default to the Debtor and its counsel at the following addresses:

Lenard E. Schwartzer, Esq.  
Schwartzer & McPherson Law Firm  
2850 S. Jones Blvd, Ste. 1  
Las Vegas, NV 89146-5308

Desert Oasis Apartments, LLC  
10181 Park Run Drive, Ste. 200  
Las Vegas, NV 89145

The Debtor shall thereafter have fifteen (15) business days from receipt of said notice in which to cure the default. In the event such default remains uncured, the affected creditor or creditors may bring the matter before the Bankruptcy Court. At any hearing, the Bankruptcy Court may consider the reason for the default and the ability of the Debtor to bring the payment(s) current in a reasonable period of time. The Bankruptcy Court may also consider conversion of the case to a Chapter 7 of the Code or dismissal if the same is in the best interests of creditors.

8.13 <u>Federal Income Tax Consequences of the Plan</u>. The Plan will have limited tax consequences. The Debtor, as a limited liability company, has elected to be treated as a partnership for federal income tax purposes and, therefore, does not pay federal income tax. The Plan does not call for forgiveness of any debt. Creditors are advised to discuss with their own tax advisor any tax effect to the creditor of such payments.

8.14 <u>Injunction</u>. From and after the Effective Date, and except as provided in the Plan and the Confirmation Order, all entities that have held, currently hold, or may hold a Claim, are permanently enjoined from taking any of the following actions on account of any such Claims: (i) commencing or continuing in any manner any action or other proceeding against the Debtor, or its Property; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order against the Debtor or the Reorganized Debtor, or their respective property; (iii) creating, perfecting or enforcing any lien or encumbrance against the Debtor or the Reorganized Debtor, or their respective property; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability, or obligation due to the Debtor or the Reorganized Debtor, or their

respective property; or (v) commencing or continuing any action, in any manner or any place, that does not comply with or is inconsistent with the provisions of the Plan or the Bankruptcy Code.

8.15  Exculpation. From the Petition Date through the Effective Date, the Debtor and its managers, attorneys, agents and employees shall not have any liability to the Debtor or any other claimants or creditors, or other parties in interest in the Bankruptcy Case for any act or omission in connection with or arising out of the Bankruptcy Case, including, without limitation, prosecuting confirmation of the Plan, confirmation of the Plan, and the administration of the estate, the Plan or the property to be distributed under the Plan, except for gross negligence or willful misconduct, and in all respects, such persons will be entitled to rely on the advice of counsel with respect to their duties and responsibilities with respect to the Chapter 11 Case and the Plan.

8.16  Post-petition Employment of Counsel. Following the Effective Date, the Debtor may continue to employ counsel for necessary legal services. Counsel may be paid from the Debtor without further order of the Court.

8.17  Closing Case. The estate shall be deemed to be fully administered upon the commencing of distributions to the Class 1 creditor and the case may be closed.

## ARTICLE IX

## DISCHARGE

Discharge. The Debtor shall be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the effective date.

Respectfully submitted,

Desert Oasis Apartments, LLC
By___/s/David Gaffin____
    David Gaffin, Manager
    The Plan Proponent

Prepared by:

SCHWARTZER & McPHERSON LAW FIRM

By:_____
Lenard E. Schwartzer, Esq.
*Counsel for the Debtor and Debtor in Possession*
*And Plan Proponent*