B6F (Official Form 6F) (12/07) - Cont.

In re  **Desert Oasis Apartments, LLC**                              Case No.  **11-17208-BAM**
_____                                   _____
                          Debtor                                                      (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | 600.05 |
| **Criterion Brock** <br> **PO Box 22107** <br> **Milwaukie, OR 97269** | | | **Trade debt** | | | | |
| ACCOUNT NO. | | | | | | | 176.27 |
| **De Lage Landen Financial Services** <br> **PO Box 41602** <br> **Philadelphia, PA 19101** | | | **Trade debt** | | | | |
| ACCOUNT NO. | | | | | | | 5,468,103.96 |
| **Desert Land, LLC** <br> **10181 Park Run Drive** <br> **#200** <br> **Las Vegas, NV 89145** | | | | | | | |
| ACCOUNT NO. | | | | | | | 211.00 |
| **Ellipse Communications, Inc.** <br> **PO Box 801814** <br> **Dallas, TX 75380** | | | **Trade debt** | | | | |
| ACCOUNT NO.  **0304** | | | | | | | 3,494.70 |
| **For Rent Magazine** <br> **75 Remittance Drive** <br> **#1705** <br> **Chicago, IL 60675-1705** | | | **Trade debt** | | | | |

Sheet no. <u>1</u> of <u>4</u> continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ➢  $     **5,472,585.98**

Total  ➢  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

1  LENARD E. SCHWARTZER (NV Bar No. 0399)
JEANETTE E. MCPHERSON (NV Bar No. 5423)
2  SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
3  Las Vegas, Nevada 89146-5308
Telephone:      (702) 228-7590
4  Facsimile:      (702) 892-0122
Email:            bkfilings@s-mlaw.com
5
6  Counsel for Debtor and Debtor in Possession

7                    **UNITED STATES BANKRUPTCY COURT**

8                              **DISTRICT OF NEVADA**

9  In re                                            Case No. BK-S-11-17208-BAM
                                                    Chapter 11
10  **DESERT OASIS APARTMENTS, LLC,**

11                    Debtor.

12                                                   Hearing Date:
                                                    Hearing Time:
13                                                   Place:            Courtroom #3

14        **DESERT OASIS APARTMENT, LLC'S AMENDED PLAN OF REORGANIZATION**

15

16                              **ARTICLE I**

17                              **SUMMARY**

18        This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the

19  "Code") proposes to pay creditors of DESERT OASIS APARTMENT, LLC (the "Debtor").  The

20  Debtor owns the real property and improvements located in Las Vegas, NV described as Assessor's

21  Parcel Number 162-28-310-001 (the "Property"). The Property consists of approximately 6.4 acres

22  located on the south side of Mandalay Bay Road approximately 800 feet east of Las Vegas Boulevard.

23  On the Property is an apartment complex consisting of 128 one- and two-bedroom units.

24  Approximately, 92%-95% of the apartment units are occupied by tenants ("Tenants"). The Property is

25  worth approximately $6,500,000 and is subject to a loan in the approximate amount of $3,076,000

26  now held by Wells Fargo Bank, N.A., as trustee for the Registered Holders of JPMorgan Chase

27  Commercial Mortgage Pass-Through Certificates, Series 2004-FL1 (the "Bank") which has matured.

28        The current owner obtained title to the Property in August of 1999.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    This Plan provides for one class of priority claims; one class of secured claims; one class of

2    unsecured claims; and one class of equity security holders. **Under the Plan, the rights of Tenants**

3    **are unimpaired.** The Bank will receive distributions which the proponent of this Plan has valued at

4    100 cents on the dollar.  The Plan proposes to pay the Bank in full over a period of 10 years using the

5    rental income from the Tenants to pay market rate interest of 4.5% per annum and principal amortized

6    over 25 years and a balloon payment at the end of 10 years obtained through sale or refinancing when

7    the mortgage markets become more normal. Tenants with priority claims for deposits will be paid

8    100% in the normal course of operation of the apartment complex. Under the Plan, the unsecured

9    claim of Tom Gonzales is unimpaired. Under the Plan, the unsecured creditors, except insiders, will

10    be paid over eleven months without interest. Under the Plan, insiders will agree to subordinate their

11    claims to the claims of other unsecured creditors. This Plan also provides for the 100% payment of all

12    other administrative, including fees payable to the Office of the United States Trustee, and priority

13    claims upon confirmation.

14    All creditors and equity security holders should refer to Articles III through V of this Plan for

15    information regarding the precise treatment of their claim.  A disclosure statement that provides more

16    detailed information regarding this Plan and the rights of creditors and equity security holders has

17    been circulated with this Plan.  **Your rights may be affected.  You should read these papers**

18    **carefully and discuss them with your attorney, if you have one. (If you do not have an attorney,**

19    **you may wish to consult one.)**

20

21    **ARTICLE II**

22    **CLASSIFICATION OF CLAIMS AND INTERESTS**

23    2.01    <u>Class 1</u>.        All allowed claims entitled to priority under § 507 of the Code.

24    2.02    <u>Class 2</u>.        The claim of the Bank, to the extent allowed as a secured claim under §

25            506 of the Code.

26    2.03    <u>Class 3</u>.        The claim of Tom Gonzales.

27    2.04    <u>Class 4</u>.        All unsecured claims allowed under § 502 of the Code.

28    2.05    <u>Class 5</u>.        Equity interests in the Debtor.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**ARTICLE III**

**TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,**

**U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS**

3.01    <u>Unclassified Claims</u>.  Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02    <u>Administrative Expense Claims</u>.  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the Effective Date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    <u>Priority Tax Claims</u>.  Each holder of a priority tax claim will be paid on the Effective Date of this Plan, in cash.

3.04    <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

**ARTICLE IV**

**TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN**

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|-------|-----------|-----------|
| Class 1 – Priority Claims | unimpaired | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan as defined in Article VIII, or the date on which such claim is allowed by a final non-appealable order. |

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

| Class 2 – Secured Claim of Bank (approximately $3,100,000) | impaired | Class 2 is impaired by this Plan. The Bank will be paid its claim in full, including principal, accrued interest and costs and reasonable attorneys' fees. This amount shall be paid with interest at the rate of 4.5% per annum from the Effective Date. Beginning on 1st day of the 1st month following the Effective Date, the Bank shall be paid an amount necessary to amortize its claim over 25 years together with interest. In addition payments for insurance and real estate taxes will be escrowed. The balance of the Claim shall be all due and payable in 10 years from the Effective Date. There will be no pre-payment penalty. The loan will be assumable. The Bank shall retain its lien on the Property with the same priority it held of the date of the Debtor's Petition. |
|---|---|---|
| Class 3 – Tom Gonzales ($10,000,000) | unimpaired | Class 3 is unimpaired by this Plan. Tom Gonzales will be paid the Parcel A Transfer Fee pursuant to the terms of the Desert Land Plan of Reorganization. That payment is due when, and only when, there is a Parcel A Transfer as defined in that plan. This claim is unsecured. This claim is subject to setoffs and counterclaims by the Debtor. |
| Class 4 - General Unsecured Creditors | impaired | Class 4 is impaired by this Plan. Non-Insider General Unsecured Creditors will be paid in full, without interest from the rent collected from the Tenant. Beginning on 1st day of the 1st month following the Effective Date, Class 4 will be paid $3,000 per month pro rata for approximately 9 months. Desert Land, LLC, Citation Financial, LLC and Compass Investments Holdings, LLC have agreed to subordinate their claims to the claims of other unsecured creditors and will be paid only after all other unsecured creditors are paid in full and reasonable reserves for maintenance and repair of the Property have been funded. |
| Class 5- Equity Security Holders of the Debtor | unimpaired | Class 5 is unimpaired by this Plan. Equity Security Holders (the members of the Debtor) will retain their equity interest in the Debtor. |

## ARTICLE V

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed

by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed

1  filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has

2  been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

3      5.02    Delay of Distribution on a Disputed Claim.  No distribution will be made on account

4  of a disputed claim unless such claim is allowed by a final non-appealable order.

5      5.03    Settlement of Disputed Claims.  The Debtor will have the power and authority to settle

6  and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal

7  Rules of Bankruptcy Procedure.

8                                  **ARTICLE VI**

9          **PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

10     6.01    Assumed Executory Contracts and Unexpired Leases.

11         (a)    The Debtor assumes the following executory contracts and/or unexpired leases

12  effective upon the:

13         ▪  Leases with Tenants.

14         ▪  Westcorp Management Group - property management

15         (b)    The Debtor will be conclusively deemed to have rejected all executory

16  contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the

17  date of the order confirming this Plan, upon the effective date of this Plan. A proof of a claim arising

18  from the rejection of an executory contract or unexpired lease under this section must be filed no later

19  than thirty (30) days after the date of the order confirming this Plan.

20

21                                  **ARTICLE VII**

22                **MEANS FOR IMPLEMENTATION OF THE PLAN**

23          The means for implementation of this Plan is the rents paid by Debtor's existing and future

24  Tenants. The Debtor will sell or refinance the Property within 120 months following the Effective

25  Date. The proceeds from such sale or refinance shall be used to fund the balloon payment to the Bank

26  as set forth in the Plan. If the Property is sold, the Debtor and its affiliates which own the adjacent

27  land will pay the Parcel A Transfer fee to Gonzales from the sales proceeds.

28

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**ARTICLE VIII**

**GENERAL PROVISIONS**

8.01    Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan. Additionally, the following definitions apply:

a.    The "Bank" shall mean Wells Fargo Bank, N.A., as trustee for the Registered Holders of JPMorgan Chase Commercial Mortgage Pass-Through Certificates, Series 2004-FL1.

b.    The "Property" shall mean the real property and improvements thereon located in Las Vegas, NV described as Assessor's Parcel Number 162-28-310-001 (the "Property") consisting of approximately 6.4 acres  located on the south side of Mandalay Bay Road and approximately 800 feet east of Las Vegas Boulevard.

c.    The "Tenants" shall mean the tenants who rent apartment units on the Property.

d.    The "Effective Date" of this Plan is the fifteenth business day following the date of the entry of the order of confirmation.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

e.    The "Desert Land Plan of Reorganization" is that plan of reorganization that was confirmed in the case of *In re Desert Land, LLC*, Case No. BK-S-02-16202-RCJ by an order entered April 13, 2003 as amended by decisions of the Bankruptcy Appellate Panel for 9th Circuit and the Court of Appeals for the 9th Circuit.

f.    The "Parcel A Transfer Fee" is the fee provided to be paid to Tom Gonzales in the Desert Land Plan of Reorganization when, and only when, there is a Parcel A Transfer as defined in the Desert Land Plan of Reorganization.

8.02    Severability.    If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.03    Binding Effect.    The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

8.04    <u>Captions</u>.   The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.05    <u>Controlling Effect</u>.    Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Nevada govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.06    <u>Governance</u>.    The Debtor will maintain its current form of governance and its current managers until such managers are replaced as provided in its existing Operating Agreement.

8.07    <u>Revesting of Assets in the Debtor</u>. Upon confirmation of the Plan, all property of the estate of the Debtor shall be revested in the Debtor, pursuant to 11 U.S.C. § 1141(c), which shall retain such property as the Reorganized Debtor free and clear of all claims and interests of the creditors, except as set forth in the Plan.

8.08    <u>Disbursing Agent</u>. The Debtor will serve as disbursing agent and shall make all payments required under the Plan.  The disbursing agent may employ or contract with other entities to assist in or to perform the distribution of the property and shall serve without bond.

8.09    <u>Request for Application of 11 U.S.C. § 1129(b)</u>. The Debtor, as Plan proponent, will request the Court to find that the provisions for dissenting classes provide for fair and equitable treatment of said creditors, and to confirm its Plan notwithstanding the requirements of § 1129(a)(8) as to such classes.

8.10    <u>Post-Confirmation Management of the Debtor</u>. The Debtor shall be managed post-confirmation by its current manager, David Gaffin.

8.11    <u>Post-Confirmation Litigation</u>. The Debtor anticipates post-confirmation litigation with Tom Gonzales over the enforcement of the terms of the Plan of Reorganization entered in the Desert Land, LLC Chapter 11 case, as amended by the decisions of the Bankruptcy Appellate Panel for the 9th Circuit and the Court of Appeals for the 9th Circuit, and except for collection matters that may occur in the normal course of the Debtor's business, and the determination of certain claims.  The Debtor reserves the right to prosecute any objections to claims.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

8.12   <u>Post-Confirmation Default</u>.  In the event the Debtor becomes delinquent in duty or obligation under the Plan, the affected creditor or creditors may provide written notice of such default to the Debtor and its counsel at the following addresses:

<div style="margin-left:2em">

Lenard E. Schwartzer, Esq.        Desert Oasis Apartments, LLC
Schwartzer & McPherson Law Firm   10181 Park Run Drive, Ste. 200
2850 S. Jones Blvd, Ste. 1         Las Vegas, NV 89145
Las Vegas, NV 89146-5308

</div>

The Debtor shall thereafter have fifteen (15) business days from receipt of said notice in which to cure the default.  In the event such default remains uncured, the affected creditor or creditors may bring the matter before the Bankruptcy Court.  At any hearing, the Bankruptcy Court may consider the reason for the default and the ability of the Debtor to bring the payment(s) current in a reasonable period of time.  The Bankruptcy Court may also consider conversion of the case to a Chapter 7 of the Code or dismissal if the same is in the best interests of creditors.

8.13   <u>Federal Income Tax Consequences of the Plan</u>.  The Plan will have limited tax consequences.  The Debtor, as a limited liability company, has elected to be treated as a partnership for federal income tax purposes and, therefore, does not pay federal income tax.  The Plan does not call for forgiveness of any debt.  Creditors are advised to discuss with their own tax advisor any tax effect to the creditor of such payments.

8.14   <u>Injunction</u>.  From and after the Effective Date, and except as provided in the Plan and the Confirmation Order, all entities that have held, currently hold, or may hold a Claim, are permanently enjoined from taking any of the following actions on account of any such Claims: (i) commencing or continuing in any manner any action or other proceeding against the Debtor, or its Property; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order against the Debtor or the Reorganized Debtor, or their respective property; (iii) creating, perfecting or enforcing any lien or encumbrance against the Debtor or the Reorganized Debtor, or their respective property; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability, or obligation due to the Debtor or the Reorganized Debtor, or their

1  respective property; or (v) commencing or continuing any action, in any manner or any place, that

2  does not comply with or is inconsistent with the provisions of the Plan or the Bankruptcy Code.

3       8.15   <u>Exculpation</u>.  From the Petition Date through the Effective Date, the Debtor and its

4  managers, attorneys, agents and employees shall not have any liability to the Debtor or any other

5  claimants or creditors, or other parties in interest in the Bankruptcy Case for any act or omission in

6  connection with or arising out of the Bankruptcy Case, including, without limitation, prosecuting

7  confirmation of the Plan, confirmation of the Plan, and the administration of the estate, the Plan or the

8  property to be distributed under the Plan, except for gross negligence or willful misconduct, and in all

9  respects, such persons will be entitled to rely on the advice of counsel with respect to their duties and

10  responsibilities with respect to the Chapter 11 Case and the Plan.

11       8.16   <u>Post-petition Employment of Counsel</u>.  Following the Effective Date, the Debtor may

12  continue to employ counsel for necessary legal services.  Counsel may be paid from the Debtor

13  without further order of the Court.

14       8.17   <u>Closing Case</u>.  The estate shall be deemed to be fully administered upon the

15  commencing of distributions to the Class 1 creditor and the case may be closed.

16                              **ARTICLE IX**

17                              **DISCHARGE**

18      <u>Discharge.</u>  The Debtor shall be discharged from any debt that arose before confirmation of the

19  Plan, subject to the occurrence of the effective date.

20                          Respectfully submitted,

21                          Desert Oasis Apartments, LLC

22                          By___ */s/David Gaffin*____

23                              David Gaffin, Manager

                            The Plan Proponent

24  Prepared by:

25  SCHWARTZER & McPHERSON LAW FIRM

26  By:_____

   Lenard E. Schwartzer, Esq.

27  *Counsel for the Debtor and Debtor in Possession*

*And Plan Proponent*

28

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

# EXHIBIT B

Kevin W. Coleman (CA SBN 168538)
Christopher H. Hart (CA SBN 184117)
NUTI HART LLP
411 30TH Street, Suite 408
Oakland, CA 94609-3311
Telephone: 510-506-7152
Email: kcoleman@nutihart.com
       chart@nutihart.com

Talitha Gray Kozlowski (NV SBN 9040)
GARMAN TURNER GORDON LLP
650 White Drive, Suite 100
Las Vegas, NV 89119
Telephone: 725-777-3000
Email: tgray@gtg.legal

Counsel for Kavita Gupta,
Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re: | Case No.: BK-S-18-12454-GS |
|---|---|
| DESERT LAND, LLC | Chapter 11 |
| Debtor. | |
| In re: | Case No.: BK-S-18-12456-GS |
| DESERT OASIS APARTMENTS, LLC, | Chapter 11 |
| Debtor. | |
| In re: | Case No.: BK-S-18-12457-GS |
| DESERT OASIS INVESTMENTS, LLC, | Chapter 11 |
| Debtor. | **DECLARATION OF GINA SHELTON RE INTERCOMPANY CLAIM** |

I, Gina Shelton, declare as follows:

    1.     I am a senior staff accountant and bookkeeper with Swecker, Moloney & Moir CPA's ("SMM"), and have held this position continuously for approximately 30 years. My business address is 2451 S. Buffalo Drive Ste. 105, Las Vegas, Nevada 89117. Except as otherwise noted, all statements in this declaration are based on my own personal knowledge and if called to testify on this matter, I could and would competently testify thereto.

NUTI HART LLP
411 30TH STREET, SUITE 408
OAKLAND, CA 94609-3311
TELEPHONE: 510-506-7152

NUTI HART LLP
411 30TH STREET, SUITE 408
OAKLAND, CA 94609-3311
TELEPHONE: 510-506-7152

2.     From approximately 1996-97 through approximately 2010-2011, SMM provided bookkeeping and tax preparation services to Desert Land LLC ("DL") and Desert Oasis Apartments LLC ("DOA"). I was the person at SMM who was primarily responsible for inputting entries into the general ledgers maintained for DL and DOA and producing the other accounting documentation referenced below. All of the accounting records discussed (excluding Exhibits B and C) herein were prepared by me or others working under my direction in the ordinary course of providing bookkeeping and tax preparation services to DL and DOA.

3.     With limited exceptions not relevant here, journal entries made in DL and DOA's general ledgers were based on source documentation such as checks and escrow statements provided to SMM by David Gaffin. After SMM's bookkeeping and tax preparation services for a given period were completed, the source documentation would be returned to DL and DOA.

4.     Counsel for Kavita Gupta, Chapter 11 trustee for the DL and DOA bankruptcy estates served a subpoena on SMM for the production of documents relating to the origins and basis for an $4.5 million debt DOA stated that it owed to DL in the schedule of liabilities filed in this bankruptcy case. SMM thereafter conducted a diligent search of its records, and to the best of its knowledge, produced all documents in SMM's possession, custody, and control sought in the subpoena. The documents produced totaled 107 pages. Attached hereto as **Exhibit A** is a true and correct copy of all of the documents produced in response to the Trustee's subpoena.

5.     A working trial balance I prepared for DOA for the period ending December 31, 2000 is included in Exhibit A [at bates page SW0004]. The December 31, 2000 working trial balance indicates that as of December 31, 1999, DOA was obligated on a note payable to Heller Financial in the amount of $5,000,000.00. The amounts reflected as owing by DOA Heller Financial on the December 31, 2000 working trial balance was based on journal entries that I had previously made on DOA's general ledger.

6.     DOA's December 31, 2000 working trial balance [SW0004] further indicates that as of December 31, 2000:

      a.     the amount owed by DOA to Heller Financial had been paid; and

      b.     a note payable to DL by DOA had increased by $5,008,060.83.

NUTI HART LLP
411 30TH STREET, SUITE 408
OAKLAND, CA 94609-3311
TELEPHONE: 510-506-7152

7.      DOA's payment to Heller Financial and the increased liability to DL referenced in paragraph 6 were also reflected in journal entries entered on DOA's general ledger.

8.      My hand written notation on the DOA December 31, 2000 working trial balance indicates that the $5,008,060.83 credit to the note payable to DL related to "DL escrow #684232."

9.      I made the general ledger entries and prepared DOA's December 31, 2000 working trial balance after reviewing an escrow closing statement provided to SMM by Mr. Gaffin.  Counsel for the Trustee has recently provided me with a copy of the Estimated Borrower's Closing Statement that is attached hereto as **Exhibit B**.  I am advised by the Trustee's counsel that Exhibit B was among documents produced by Mr. Gaffin in response to a subpoena served by the Trustee.

10.     To the best of my recollection, the closing statement I relied on at the time I made the journal entries and prepared DOA's December 31, 2000 working trial balance [SW0004] was either the same or substantially similar to the Estimated Borrower's Closing Statement attached hereto as Exhibit B.  (My understanding is that a final closing statement for an escrow can differ in some respects from an estimated closing statement.)

11.     DL is identified in Exhibit B as the borrower of the $41.5 million loaned by Tom Gonzales.  DOA is not identified as a borrower on the Gonzales loan.  Exhibit B also indicates that $5,028,400.56 of the Gonzales loan proceeds would be disbursed to Heller Financial, which as noted at that time held a $5 million loan secured by DOA's real property.

12.     I interpreted the closing statement I relied on when entering the Heller Financial mortgage refinance transactions into DOA's general ledger to mean that DL, but not DOA, borrowed the $41.5 million from Tom Gonzales.  I also interpreted the closing statement to mean that DOA borrowed the funds used to pay off the Heller Financial mortgage from DL.  It was for that reason that I reflected an amount owing by DOA to DL on the general ledger relating to the payoff of the Heller Financial mortgage.

13.     I recently have seen the petition, and schedules of assets and liabilities filed by DOA in its Chapter 11 bankruptcy case filed on May 31, 2002, Case No. 02-16204, which

1 | indicate that DOA at that time owed Tom Gonzales $41.5 million.  A true and correct copy of
2 | DOA's May 31, 2002 petition and schedules supplied to me by counsel for the Trustee are
3 | attached hereto as **Exhibit C**.  I have also reviewed other documentation provided by counsel for
4 | the Trustee indicating that DOA was a co-borrower on the Gonzales loan.

5 |      14.    Had I known when I made the general ledger entries referenced in paragraphs 5
6 | through 7 above that DOA had borrowed the $5,008,060.83 used to pay off the Heller Financial
7 | mortgage from Tom Gonzales instead of DL, I would have reflected that liability as owing to
8 | Tom Gonzales.  I would not have made a journal entry indicating that DOA owed that amount to
9 | DL.

10 |      15.    Accordingly, the amount reflected on DOA and DL's general ledgers and the
11 | December 31, 2000 working trial balance as being owed by DOA to DL on December 31, 2000
12 | was overstated by $5,008,060.83.

13 |      I declare under penalty of perjury of the laws of the United States and the State of
14 | Nevada that the foregoing is true and correct, and that this Declaration is executed this 27th day
15 | of March 2020.

16 |
17 | /s/ Gina Shelton
   |         Gina Shelton
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

NUTI HART LLP
411 30TH STREET, SUITE 408
OAKLAND, CA 94609-3311
TELEPHONE: 510-506-7152

SHELTON DECL. RE INTERCOMPANY CLAIM

**Shelton Declaration**

**Exhibit A**

**(Swecker Moloney & Moir CPAs Document Production)**

| DESERT OASIS APARTMENTS | | |
|---|---|---|
| SCHEDULE OF LOAN PAYABLE TO DESERT LAND | | |
| 1999 - 2010 | | |
| | Due to Desert Land | |
| Original purchase of property - 1999 | 1,865,562 | |
| Refinance Heller Finance Mortgage - 2000 | 5,008,061 | Desert Land Escrow #684232 |
| Related party transactions - 2000 | (52,721) | |
| Related party transactions - 2001 | (4,000) | |
| Related party transactions - 2002 | 409,067 | |
| Related party transactions - 2003 | (1,441,125) | Transfers + Escrow #5106000041 + Escrow #5106000159 |
| Related party transactions - 2004 | (150,000) | Lease payments to FLT Trust on behalf of Desert Land |
| Reclassify Due to Desert Ranch - 2005 | 61,188 | Desert Ranch final tax return 2003 |
| Related party transactions - 2005 | (797,812) | |
| Related party transactions - 2007 | 349,588 | Midland Loan Service paid by Desert Land |
| Related party transactions - 2009 | 192,998 | |
| Related party transactions - 2010 | (36,033) | |
| | 5,404,771 | |

SW0001

Desert Oasis Apartments
Working Trial Balance
12-31-99

*(handwritten: 91091)*
*(handwritten: Purchase)*

| | WTB 12/31/98 DR | CR | ADJUSTMENTS DR | CR | WTB 12/31/99 DR | CR | 1999 Allocations | 1999 Ending Capital |
|---|---|---|---|---|---|---|---|---|
| Cash | | | 30,069.97 | 22,056.67 | 8,003.30 | | | |
| Land | | | 1,306,727.71 | | 1,306,727.71 | | | |
| Building | | | 5,584,241.26 | | 5,584,241.26 | | | |
| Accumulated Depreciation | | | (101,531.66) | | (101,531.66) | | | |
| Note Payable Desert Land LLC | | | | 1,865,561.88 | | 1,865,561.88 | | |
| Note Payable Heller Financial | | | | 5,000,000.00 | | 5,000,000.00 | | |
| Clearing | | | 4,884,438.12 | 4,884,438.12 | | 0.00 | | |

| | Begining % | Ending % | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Limited Partners | | | | | | | | |
| Bulloch Family Trust | 0.9000 | 0.9000 | 19,860.00 | 22,500.00 | | 2,640.00 | (63,949.14) | (61,309.14) |
| D&M Gaffin Living Trust | 0.1000 | 0.1000 | 2,206.67 | 2,500.00 | | 293.33 | (7,105.46) | (6,812.13) |
| | 1.00 | 1.00 | | | | | | |

| | DR | CR | DR | CR | DR | CR | Allocations | Ending Capital |
|---|---|---|---|---|---|---|---|---|
| | 0.00 | 0.00 | 11,726,012.07 | 11,797,066.67 | 6,797,440.61 | 6,868,495.21 | (71,054.60) | (68,121.27) |
| | | | | 71,054.60 | | 71,054.60 | | |

Income
Rental Income       30,004.00
Interest Income       473.06

Expenses
Accounting
Bank Fees
Depreciation       101,531.66
Interest
Lease Expense
License and Filing Fees
Office
Property Taxes
Repair & Maintenance
Utilities

| | 0.00 | 0.00 | 101,531.66 | 30,477.06 | | | | |
| | | | (71,054.60) | | | | | |

Prepared By: Lori Lane
File\C:\DesertOasis\Apt.wb3

27-Aug-2001
12:15 PM

SW0002

Desert Oasis Apartments
Working Trial Balance
12-31-00

*2000* (handwritten)

Net = 6,830,901.5+ (handwritten)



| | | | WTB 12/31/99 | | ADJUSTMENTS | | WTB 12/31/00 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | DR | CR | DR | CR | DR | CR | | | |
| Cash | | | 8,003.30 | | 97,557.99 | 92,586.13 | 12,975.16 | | | | |
| Land | | | 1,306,727.71 | | 69,248.75 | 12,357.70 | 1,363,618.76 | | | | |
| Building | | | 5,584,241.26 | | | | 5,584,241.26 | | | | |
| Accumulated Depreciation | | | (101,531.66) | | (203,063.31) | | (304,594.97) | | | | |
| Due from Desert Land | | | | | 15,521.19 | | 15,521.19 | | | | |
| Note Payable Desert Land LLC | | | | 1,865,581.88 | 37,200.00 | 5,008,060.83 | | 6,836,422.71 | | | |
| Note Payable Heller Financial | | | | 5,000,000.00 | 5,000,000.00 | | | 0.00 | | | |
| Due to Desert Ranch | | | | | | 61,187.92 | | 61,187.92 | | | |
| Line of Credit - First Security Bank | | | | | 0.00 | | 0.00 | | | | |

DL Escrow (handwritten)
#684232 (handwritten)

| | Begining % | Ending % | | | | | | | | 2000 Allocations | 2000 Ending Capital |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Limited Partners | | | | | | | | | | | |
| Bulloch Family Trust | 0.9000 | 0.9000 | | (61,309.14) | | | | | | (61,309.14) (141,955.16) | (203,264.30) |
| D&M Gaffin Living Trust | 0.1000 | 0.1000 | | (6,812.13) | | | | | | (6,812.13) (15,772.60) | (22,584.93) |
| | 1.00 | 1.00 | | | | | | | | | |
| | | | 6,797,440.61 | 6,797,440.61 | 5,016,464.62 | 5,174,192.58 | 6,671,781.40 | 6,829,489.36 | (157,727.98) | (225,849.23) |
| | | | | | | 157,727.96 | | 157,727.96 | | |

| Income | | | | | | |
|---|---|---|---|---|---|---|
| Rental Income | | | | | 84,753.00 | |
| Interest Income | | | | | 447.29 | |

| Expenses | | | |
|---|---|---|---|
| Accounting | | 71.50 | |
| Bank Fees | | | |
| Depreciation | | 203,063.31 | |
| Interest | | 32,187.00 | |
| Lease Expense | | | |
| Legal & Professional | | 5,148.51 | |
| Office | | | |
| Property Taxes | | 2,457.93 | |
| Repair & Maintenance | | | |
| Utilities | | | |
| | 0.00 | 0.00 | 242,928.25 | 85,200.29 |
| | | | (157,727.96) | |

Prepared By: Lori Lane    8-Oct-2001
File\C:DesertOaslsApt.wb3    03:16 PM

Desert Oasis Apartments
Working Trial Balance
12-31-01

2001



| | WTB 12/31/00 | | ADJUSTMENTS | | WTB 12/31/01 | |
|---|---|---|---|---|---|---|
| | DR | CR | DR | CR | DR | CR |
| Cash - Bank of the West | 12,975.16 | | 341,854.46 | 354,829.62 | 0.00 | |
| Cash - B of A General Acct | 0.00 | | 61,417.69 | 56,000.00 | 5,417.69 | |
| Cash - B of A Money Mkt | 0.00 | | 71,682.12 | 27,000.00 | 44,682.12 | |
| Land | 1,383,618.76 | | | | 1,383,618.76 | |
| Building | 5,584,241.26 | | | | 5,584,241.26 | |
| Accumulated Depreciation | (304,594.97) | | (203,063.31) | | (507,958.28) | |
| Due from Desert Land | 15,521.19 | | | | 15,521.19 | |
| Due from Casa Malaga | 0.00 | | 76,500.00 | | 76,500.00 | |
| Note Payable Desert Land LLC | | 6,836,422.71 | 4,000.00 | | | 6,832,422.71 |
| Note Payable Heller Financial | | 0.00 | | | | 0.00 |
| Due to Desert Ranch | | 61,187.92 | | | | 61,187.92 |
| Line of Credit - First Security Bank | | | | | 0.00 | |

61,816,901.52

| | Begining % | Ending % | | | | | 2001 Allocations | 2001 Ending Capital |
|---|---|---|---|---|---|---|---|---|
| Limited Partners | | | | | | | | |
| Bulloch Family Trust | 0.9000 | 0.9000 | (203,284.30) | 25,948.80 | | (229,213.10) | (50,963.99) | (280,177.09) |
| Gulf Stream Irrovacable Trust | 0.1000 | 0.1000 | (22,584.93) | 2,883.20 | | (25,468.13) | (5,662.67) | (31,130.80) |
| | 1.00 | 1.00 | | | | | | |
| | 8,671,781.40 | 8,671,781.40 | 381,002.96 | 437,629.62 | 6,582,302.74 | 6,838,929.40 | (56,626.66) | (311,307.89) |
| | | | | 56,626.66 | | 56,626.66 | | |

| Income | | | | | | |
|---|---|---|---|---|---|---|
| Rental Income | | | | 441,651.00 | | |
| Interest Income | | | | 497.58 | | |

| Expenses | | | | | | |
|---|---|---|---|---|---|---|
| Accounting | | | 1,600.00 | | | |
| Bank Fees | | | | | | |
| Depreciation | | | 203,063.31 | | | |
| Interest | | | 6,000.00 | | | |
| License & Fees | | | 85.00 | | | |
| Legal & Professional | | | 284,171.93 | | | |
| Office | | | | | | |
| Property Taxes | | | | | | |
| Repair & Maintenance | | | 3,855.00 | | | |
| Utilities | | | | | | |
| | 0.00 | 0.00 | 498,775.24 | 442,148.58 | | |
| | | | (56,626.66) | | | |

Prepared By: Lori Lane        2-Jul-2002
File\C:DesertOasisApt.wb3     03:03 PM

Happi Olympus - 5,475.24

```
8/5/02                        Desert Oasis Apartments              Company: DOA
14:22              General Ledger - Period Ending 12/31/01             Page:    1


   Date   Mt   Ref #  Account      Description            Current       Year-To-Date
 --------  --  ------  ---------  ----------------------  -----------    ------------
Beginning Balance          104 Cash in Bank-BofA General                       0.00*
   1/1/01 12    JE1        104 Beginning Balances          0.00
 12/31/01 12    JE3        104 2001 Transfers          27,000.00
 12/31/01 12    CD1        104 2001 Disbursements      34,417.69
 12/31/01 12    CD2        104 2001 Disbursements     -56,000.00
                            Ending Balances =           5,417.69*        5,417.69**

Beginning Balance          105 Cash in Bank-BofA Money Mkt                     0.00*
 12/31/01 12    CR2        105 2001 Cash Receipts      71,662.12
   1/1/01 12    JE1        105 Beginning Balances          0.00
 12/31/01 12    JE3        105 2001 Transfers         -27,000.00
                            Ending Balances =          44,662.12*       44,662.12**

Beginning Balance          106 Cash in Bank-Bank West                          0.00*
 12/31/01 12    CR1        106 2001 Cash Receipts     341,654.46
   1/1/01 12    JE1        106 Beginning Balances      12,975.16
 12/31/01 12    CD1        106 2001 Disbursements    -354,629.62
                            Ending Balances =               0.00*           0.00**

Beginning Balance          121 Due From Casa Malaga                            0.00*
 12/31/01 12    CD1        121 2001 Disbursements      57,500.00
 12/31/01 12    CD2        121 2001 Disbursements      19,000.00
                            Ending Balances =          76,500.00*       76,500.00**

Beginning Balance          125 Due from Desert Land LLC                        0.00*
   1/1/01 12    JE1        125 Beginning Balances      15,521.19
                            Ending Balances =          15,521.19*       15,521.19**

Beginning Balance          171 Land                                            0.00*
   1/1/01 12    JE1        171 Beginning Balances   1,363,618.76
                            Ending Balances =       1,363,618.76*    1,363,618.76**

Beginning Balance          172 Building                                        0.00*
   1/1/01 12    JE1        172 Beginning Balances   5,584,241.26
                            Ending Balances =       5,584,241.26*    5,584,241.26**

Beginning Balance          181 Accumulated Depreciation                        0.00*
   1/1/01 12    JE1        181 Beginning Balances    -304,594.97
 12/31/01 12    JE4        181 2001 Depreciation     -203,063.31
                            Ending Balances =        -507,658.28*     -507,658.28**

Beginning Balance          220 Due to Desert Land, LLC                         0.00*
   1/1/01 12    JE1        220 Beginning Balances  -6,836,422.71
 12/31/01 12    CD1        220 2001 Disbursements       4,000.00
                            Ending Balances =      -6,832,422.71*   -6,832,422.71**

Beginning Balance          221 Due to Desert Ranch                             0.00*
   1/1/01 12    JE1        221 Beginning Balances     -61,187.92
                            Ending Balances =         -61,187.92*     -61,187.92**
```

SW0008

```
8/5/02                      Desert Oasis Apartments                    Company: DOA
14:22               General Ledger - Period Ending 12/31/01                 Page:   2


   Date   Mt  Ref #  Account      Description           Current      Year-To-Date
 -------- -- ------ --------- -------------------- -------------    -------------
Beginning Balance            301 Capital-H & C Bulloch Trust                   0.00*
  1/1/01 12    JE1           301 Beginning Balances      203,264.30
                                  Ending Balances =      203,264.30*   203,264.30**

Beginning Balance            302 Capital-Gulf Stream Irr Tr                     0.00*
  1/1/01 12    JE1           302 Beginning Balances       22,584.93
                                  Ending Balances =       22,584.93*    22,584.93**

Beginning Balance            320 Distributions-H & C Bullock Tr                 0.00*
12/31/01 12    JE2           320 Bal Rental Income        25,948.80
                                  Ending Balances =       25,948.80*    25,948.80**

Beginning Balance            321 Distributions-Gulf Stream Irr                  0.00*
12/31/01 12    JE2           321 Bal Rental Income         2,883.20
                                  Ending Balances =        2,883.20*     2,883.20**

Beginning Balance            401 Rental Income                                  0.00*
12/31/01 12    CR1           401 2001 Cash Receipts     -341,187.00
12/31/01 12    CR2           401 2001 Cash Receipts      -71,632.00
12/31/01 12    JE2           401 Bal Rental Income       -28,832.00
                                  Ending Balances =     -441,651.00*  -441,651.00**

Beginning Balance            407 Interest Income                                0.00*
12/31/01 12    CR1           407 2001 Cash Receipts         -467.46
12/31/01 12    CR2           407 2001 Cash Receipts          -30.12
                                  Ending Balances =         -497.58*     -497.58**

Beginning Balance            702 Accounting Fees                                0.00*
12/31/01 12    CD1           702 2001 Disbursements        1,600.00
                                  Ending Balances =        1,600.00*     1,600.00**

Beginning Balance            740 Depreciation Exprense                          0.00*
12/31/01 12    JE4           740 2001 Depreciation       203,063.31
                                  Ending Balances =      203,063.31*   203,063.31**

Beginning Balance            770 Interest                                       0.00*
12/31/01 12    CD1           770 2001 Disbursements        6,000.00
                                  Ending Balances =        6,000.00*     6,000.00**

Beginning Balance            788 Legal Fees                                     0.00*
12/31/01 12    CD1           788 2001 Disbursements      247,171.93
12/31/01 12    CD2           788 2001 Disbursements       37,000.00
                                  Ending Balances =      284,171.93*   284,171.93**

Beginning Balance            794 License & Filing Fees                          0.00*
12/31/01 12    CD1           794 2001 Disbursements           85.00
                                  Ending Balances =           85.00*       85.00**
```

SW0009

```
8/5/02                          Desert Oasis Apartments              Company: DOA
14:22                  General Ledger - Period Ending 12/31/01            Page:    3


   Date    Mt   Ref #   Account      Description           Current      Year-To-Date
 --------  --  ------  ---------  --------------------  -------------   -------------
Beginning Balance               796 Maintenace & Repairs                       0.00*
12/31/01 12    CD1              796 2001 Disbursements      3,855.00
                                    Ending Balances =       3,855.00*      3,855.00**


                                 General Ledger is in balance.                 0.00**
  36 Transactions

Current Loss           (56,626.66)     Y-T-D Loss           (56,626.66)
```

SW0010

**DESERT OASIS APARTMENTS, LLC**
Statement of Assets, Liabilities,
and Capital - Cash Basis
December 31, 2002

## ASSETS

| | | | |
|---|---|---|---|
| CURRENT ASSETS | | | |
| Cash In Bank-Debtor in Possess | | $ | 274.43 |
| Due from Casa Malaga | | | 76,500.00 |
| | | | |
| TOTAL CURRENT ASSETS | | | 76,774.43 |
| | | | |
| FIXED ASSETS | | | |
| Land | $ | 1,363,618.76 | |
| Building | | 5,584,241.26 | |
| Accumulated Depreciation | | (710,721.58) | |
| | | | |
| TOTAL FIXED ASSETS | | | 6,237,138.44 |
| | | | |
| OTHER ASSETS | | | |
| | | | |
| TOTAL ASSETS | | $ | 6,313,912.87 |

## LIABILITIES & MEMBERS' CAPITAL

| | | | |
|---|---|---|---|
| CURRENT LIABILITIES | | | |
| Due to Desert Land, LLC | | $ | 7,225,968.42 |
| Due to Desert Ranch | | | 61,187.92 |
| | | | |
| TOTAL CURRENT LIABILITIES | | | 7,287,156.34 |
| | | | |
| MEMBERS' CAPITAL | | | |
| Capital | | (311,307.89) | |
| Net Income (Loss) | | (661,935.58) | |
| | | | |
| TOTAL MEMBERS' CAPITAL | | | (973,243.47) |
| | | | |
| TOTAL LIABILITIES & CAPITAL | | $ | 6,313,912.87 |

See Accompanying Accountants' Compilation Report

SW0011

## DESERT OASIS APARTMENTS, LLC
### Statement of Revenue and Expenses - Cash Basis
### For the Period Ended December 31, 2002

|  | 12 Months Ended Dec. 31, 2002 |
|---|---|
| **REVENUE** |  |
| Rental Income | $   492,457.00 |
| Interest Income | 658.49 |
| TOTAL REVENUE | 493,115.49 |
|  |  |
| **EXPENSES** |  |
| Accounting Fees | 950.00 |
| Bank Charges | 91.50 |
| Depreciation Expense | 203,063.30 |
| Interest | 525,016.82 |
| Lease Expense | 40,000.00 |
| Legal & Professional | 284,203.40 |
| License & Filing Fees | 85.00 |
| Management Fees | 3,000.00 |
| Office Expense | 11,465.80 |
| Option Fees Expired | 36,000.00 |
| Taxes-Property | 37,907.25 |
| Travel | 11,518.00 |
| Trustee Fees | 1,750.00 |
| TOTAL ADMIN EXPENSES | 1,155,051.07 |
| NET INCOME (LOSS) | $   (661,935.58) |

See Accompanying Accountants' Compilation Report

SW0012

**Shelton Declaration**

**Exhibit B**

**(Estimated Borrower's Closing Statement)**

First American Title Company of Nevada
3760 Pecos McLeod Interconnect, Suite 7 * Las Vegas, NV  89121-4253
(702) 731-4131

ESCROW NUMBER:  884232
PROPERTY: Vacant Land
      026 and 162-28-302-001

TODAY'S DATE: 12/06/2000
CLOSING DATE: 12/06/2000

BORROWERS:
    Desert Land LLC

### ESTIMATED BORROWER'S CLOSING STATEMENT

| DESCRIPTION | | DEBITS | CREDITS |
|---|---|---|---|
| Loan from | Tom Gonzales | | 41,500,000.00 |
| Funds previously received from Tom Gonzalez on 11/22/00 | | 500,000.00 | |
| 190-99218 | Gonzo Financial | 1,867,994.03 | |
| #99-133/Oasis Apartments | Heller Financial | 5,028,400.56 | |
| Pay off to New World, LLC | | 5,000,000.00 | |
| Origination Fee      2.000% | Tom Gonzales | 830,000.00 | |
| Origination fee      1.000% | Barry Fieldman | 415,000.00 | |
| Interest - 1 yr in advance | Tom Gonzales | 5,397,493.26 | |
| Sammie Armstrong    to | #889231 | 1,358,616.67 | |
| Interest from 11/22/2000 to 12/06/2000 @ $178.09000/day | | 2,493.26 | |
| To # 86015 Tivoli | | 5,219,472.00 | |
| To 833089 FLT Trust | | 15,852,120.22 | |
| Title Premium - Owners | First American Title Co/Nevada | 200.00 | |
| Alta Premium  - Lenders | First American Title Co/Nevada | 16,340.00 | |
| County tax/stamps·    Deed $  6,750.00 Mtg $ | | 6,750.00 | |
| Recording fees: Deed$    Mtg$  250.00 Releases$ | | 250.00 | |
| Recon Tracking Fee | First American Title | 400.00 | |
| Overnight Del/Handling Fee | First American Title | 95.00 | |
| Inspection Fee | First American Title | 1,120.00 | |
| Fax/Phone Charges | First American Title | 105.00 | |
| Escrow Fee | First American Title Co/Nevada | 2,650.00 | |
| Held For Misc | | 500.00 | |
| Subtotals | | 41,500,000.00 | 41,500,000.00 |
| Balance Due From Borrower | | | |
| TOTALS | | 41,500,000.00 | 41,500,000.00 |

Borrower understands the Closing or Escrow Agent has assembled this information
representing the transaction from the best information available from other sources and
cannot guarantee the accurancy thereof.  The Lender involved may be furnished a copy of this
Statement.

The undersigned hereby authorizes FIRST AMERICAN TITLE COMPANY to make expenditures and
disbursements as shown and approves same for payment.  The undersigned also  acknowledges
receipt of Loan Funds in the amount shown above and receipt of a copy of this Statement.

APPROVED AND ACCEPTED THIS _____ Day of _____ , 20__ .

First American Title Company of Nevada

By: Sharon G. Silverberg

Desert Land LLC

By: Howard Bulloch, Manager

SGS

**Shelton Declaration**

**Exhibit C**

**(Desert Oasis Apartments LLC's Petition and Schedules filed May 31, 2002)**

Case 02-16204-bam    Doc 1    Entered 05/31/02 16:28:50    Page 1 of 19

ORIGINAL

## FORM 1.  VOLUNTARY PETITION

| United States Bankruptcy Court | VOLUNTARY PETITION |
|---|---|
| _____Southern_____ District of _____Nevada_____ | |

| NAME OF DEBTOR - (If Individual, enter Last, First, Middle)<br>Desert Oasis Apartments, LLC | NAME OF JOINT DEBTOR (Spouse) (Last, First, Middle) |
|---|---|
| ALL OTHER NAMES used by the debtor in the last 6 years<br>(Include married, birth, and trade names)<br>none | ALL OTHER NAMES used by the joint debtor in the last 6 years<br>(Include married, birth, and trade names) |
| SOC SEC/TAX I.D. NO (If more than one, state all)<br>88-0433777 | SOC SEC/TAX I.D. NO (If more than one, state all) |
| STREET ADDRESS OF DEBTOR (No. and street, city, state and zip code<br>7475 W. Sahara Avenue, Suite 100<br><br>Las Vegas, NV 89117 | STREET ADDRESS OF JOINT DEBTOR (No. and street, city, state and zip code |
| COUNTY of residence or principal place of business<br>Clark | PHONE NUMBER<br>702-948-3344 | COUNTY of residence or principal place of business | PHONE NUMBER |
| MAILING ADDRESS OF DEBTOR (If different from Street Address)<br>same | | MAILING ADDRESS OF JOINT DEBTOR (If different from Street Address) | |
| LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR<br>(If different from address listed above)<br>n/a | | | |

| INFORMATION REGARDING DEBTOR (Check applicable boxes) |
|---|

VENUE (Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in the District for 180 days immediately preceding the date of the petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in the District.

| TYPE OF DEBTOR | CHAPTER OR SECTION OF BANKRUPTCY CODE UNDER WHICH THE PETITION IS FILED (Check one box) |
|---|---|
| ☐ Individual  ☐ Stockbroker<br>☐ Partnership  ☐ Community Broker<br>☐ Corporation  ☒ Other _____<br>☐ Railroad | ☐ Chapter 7  ☐ Chapter 9<br>☒ Chapter 11  ☐ Chapter 12<br>☐ Chapter 13  ☐ Sec 304 - Case ancillary to foreign proceeding |

| NATURE OF DEBT | FILING FEE (Check one box) |
|---|---|
| ☐ Consumer/Non-Business<br>☒ Business | ☒ Filing fee attached<br>☐ Filing fee to be paid in installments |
| CHAPTER 11 SMALL BUSINESS (Check all boxes that apply)<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101<br>☐ Debtor is and elects to be considered as a small business under<br> 11 U.S.C. § 1121(e) (Optional) | Installment payments applicable to individuals only.  Must attach signed application for the courts consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3. |

| STATISTICAL/ADMINISTRATIVE INFORMATION (28 U.S. C. § 604)<br>(Estimates only - Check applicable boxes) | THIS SPACE FOR COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | *[court stamp]* UNITED STATES BANKRUPTCY COURT PATRICIA GRAY, CLERK  2002 MAY 31 PM 4:22  RECEIVED AND FILED |
| ESTIMATED NUMBER OF CREDITORS<br>☐ 1-15  ☒ 16-49  ☐ 50-99  ☐ 100-199  ☐ 200-999  ☐ 1000-over | |
| ESTIMATED ASSETS (in thousands of dollars)<br>☐ $0 to $50,000   ☐ $100,001 to $500,000   ☐ $1,000,001 to $10 million   ☐ $50,000,001 to $100 million<br>☐ $50,001 to $100,000  ☐ $500,001 to $1 million  ☒ $10,000,001 to $50 million  ☐ More than $100 million | |
| ESTIMATED LIABILITIES (in thousands of dollars)<br>☐ $0 to $50,000   ☐ $100,001 to $500,000   ☐ $1,000,001 to $10 million   ☐ $50,000,001 to $100 million<br>☐ $50,001 to $100,000  ☐ $500,001 to $1 million  ☒ $10,000,001 to $50 million  ☐ More than $100 million | |

© 12002 epo law.  All rights reserved.  Printed in the United States of America.  epo law is a trademark of Clayton P. Osting.

Case 02-16204-bam    Doc 1    Entered 05/31/02 16:28:50    Page 2 of 19

| VOLUNTARY PETITION    PAGE 2 | | Name of Debtor(s):    FORM B1 |
|---|---|---|
| (This page must be completed and filed in every case) | | Desert Oasis Apartments, LLC |

| PRIOR BANKRUPTCY CASE FILED WITHIN LAST 6 YEARS (If more than one, attach additional sheet) | | |
|---|---|---|
| Location where filed<br>none | Case Number | Date Filed |

| PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER, OR AFFILIATE OF THE DEBTOR (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor<br>~~none~~    See attached | Case Number | Date Filed |
| Relationship | District | Judge |

## SIGNATURES

### SIGNATURE(S) OF DEBTOR(S) (INDIVIDUAL/JOINT)

I declare under penalty of perjury that the information provided in this petition is true and correct. (If Petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7) I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

702-948-3344
PHONE NUMBER (If not represented by attorney)

MAY 30, 2002
Date

SIGNATURE OF ATTORNEY

X _____
Signature of Attorney for Debtor(s)

Lennard Schwartzer
PRINTED NAME OF ATTORNEY FOR DEBTOR(S)

Schwartzer & McPherson Law Firm
FIRM NAME

3800 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89109

ADDRESS
702-693-4230
TELEPHONE NUMBER

5 - 31 - 02
Date

### SIGNATURE OF DEBTOR (CORPORATION/PARTNERSHIP)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that the filing of this petition on behalf of the debtor has been authorized.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

Howard Bullock
Print or Type Name of Authorized Individual

MANAGER
Title of Individual Authorized by Debtor to File this Petition

MAY 30, 2002
Date

### EXHIBIT A

(To be completed if debtor is required to file periodic reports (e. g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities and Exchange Act of 1934 and is requesting relief under Chapter 11)

☒ Exhibit "A" is attached and made a part of this petition.

### EXHIBIT B

(To be completed by attorney for individual chapter 7 debtor(s) with primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that (he, she, or they) may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
Signature of Attorney for Debtors                Date

### EXHIBIT C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☒ No

### SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. §110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed or Typed Name of Bankruptcy petition Preparer

_____
Social Security Number

_____
Address                                Tel. No.

Names and Social Security number of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provision of Title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. § 156.

© 2002 cpo law. All rights reserved. Printed in the United States of America. cpo law is a trademark of Clayton P. Osting.