2000-1215
933

nature mentioned in this Section 14 and such costs, expenses and fees as may be incurred or as may be owing by Lender in the protection of the Property and the maintenance of the lien of this Deed of Trust, including the reasonable fees, costs and expenses of any attorneys employed by Lender in any litigation or proceeding affecting this Deed of Trust, the Note, the other Loan Documents or the Property, including probate, appellate and bankruptcy proceedings, or in preparations for the commencement or defense of any action or proceeding or threatened action or proceeding shall be immediately due and payable to Lender, with interest thereon at the Default Rate, and shall be secured by this Deed of Trust. In addition to the foregoing award of attorney's fees and costs, Lender shall be entitled to its attorneys' fees and costs incurred in any post-judgment proceedings to collect or enforce any judgment or order relating to this Deed of Trust, the Note secured hereby or the other Loan Documents. This provision is separate and several and shall survive the merger of this provision into any judgment.

## 15. Application of Proceeds of Foreclosure Sale.

After deducting all costs, fees and expenses of Trustee and of this Deed of Trust, including, without limitation, costs of evidence of title and actual and customary attorneys' fees of Trustee and Lender in connection with a sale as provided in Section 13(c)(i) above the, proceeds of any foreclosure sale of the Property shall be distributed and applied in the order of priority set forth in the Note with the remainder, if any, to be distributed to the person or persons legally entitled thereto.

## 16. Appointment of Receiver.

If an Event of Default is continuing or if Lender shall have accelerated the Indebtedness, Lender, upon application to a court of competent jurisdiction, whether in conjunction with Lender's commencement of judicial proceedings to foreclose the lien hereof, or pursuant to other proceedings, shall be entitled as a matter of strict right, without notice, and without regard to the occupancy or value of the Property or any other security for the Indebtedness or the insolvency of any party bound for its payment, to the appointment, of a receiver to take possession of and to operate the Property or any portion thereof, and to collect and apply the Rents, and Trustor hereby irrevocably consents to such appointment and waives notice of any application therefor. In addition, Lender shall have the right to appoint a receiver to the fullest extent permitted by applicable law. The receiver shall have all of the rights and powers to the fullest extent permitted by law. The receiver shall have the right to apply Rents to cleanup, remediation or other response action concerning the release or threatened release of Hazardous Materials, whether or not such actions are pursuant to an order of any federal, state or local governmental agency.

## 17. Future Advances.

This Deed of Trust is given to secure not only the existing Indebtedness, but also future advances (whether such advances are obligatory or are made at the option of Lender, or otherwise) made by Lender under the Note or this Deed of Trust, to the same extent as if such future advances were made on the date of the execution of this Deed of Trust. The total amount of indebtedness that

Long Form Deed of Trust 3.wpd

-15-

Description: Clark,NV Document - Year.Date.DocID 2000.1215.933 Page: 15 of 23
Order: 2 Docs Comment:

200012 '5
00933

may be so secured may decrease or increase from time to time, but all Indebtedness secured hereby shall in no event exceed five (5) times the aggregate face amount of the Note.

It is the intention of Trustor and Lender that this Deed of Trust is an "instrument" (as defined in Section 106.330 of the Nevada Revised Statutes ("NRS"), as amended and recodified from time to time) which secures "future advances" (as defined in NRS Section 106.320) and which is governed pursuant to NRS Section 106.300 through 106.400. It is the intention of the parties that the Indebtedness include that obligation of the Trustor to repay future advances of "principal" (as defined in NRS Section 106.345) in an amount up to the amount set forth above, and that the lien of this Deed of Trust secures the obligation of Trustor to repay all such future advances with the priority set forth in NRS Section 106.370(1).

## 18. Trustee Provisions.

(a)     From time to time upon written request of Lender and presentation of this Deed of Trust for endorsement and without affecting the personal liability of any person for payment of the Indebtedness or performance of the Obligations, Trustee may, without liability therefor and without notice reconvey all or any part of the Property; consent to the making of any map or plat thereof; join in granting any easement thereon; join in any declaration of covenants and restrictions; or join in any extension agreement or any agreement subordinating the lien or charge hereof. Trustee or Lender may from time to time apply in any court of competent jurisdiction for aid and direction in the execution of the trusts hereunder and the enforcement of the rights and remedies available hereunder, and Trustee or Lender may obtain orders or decrees directing or confirming or approving acts in the execution of such trusts and the enforcement of such remedies. Trustee has no obligation to notify any party of any pending sale or any action or proceeding unless held or commenced and maintained by Trustee under this Deed of Trust. Trustor shall pay to Trustee reasonable compensation and reimbursement for services and expenses in the enforcement of the trusts created hereunder, including reasonable attorney's fees. Trustor shall indemnify Trustee and Lender against all losses, claims, demands and liabilities which either may incur, suffer or sustain in the execution of the trusts created hereunder or in the performance of any act required or permitted hereunder or by law.

(b) From time to time, by a writing signed by Lender, Lender may appoint another trustee to act in the place and stead of Trustee or any successor, with the same effect as if originally named Trustee herein

## 19. Waiver of Homestead and Redemption.

Trustor hereby waives all right of homestead exemption in the Property. Trustor hereby waives all right of redemption on behalf of Trustor and on behalf of all other persons acquiring any interest or title in the Property subsequent to the date of this Deed of Trust, except decree or judgment creditors of Trustor

## 20. Governing Law; Severability.

Long Form Deed of Trust 3 wpd                    -16-

Description: Clark,NV Document - Year.Date.DocID 2000.1215.933 Page: 16 of 23
Order: 2 Docs Comment:

20091215
.C0933

This Deed of Trust shall be governed by and construed in accordance with the laws of the State of Nevada   The invalidity, illegality or unenforceability of any provision of this Deed of Trust shall not affect or impair the validity, legality or enforceability of the remainder of this Deed of Trust, and to this end, the provisions of this Deed of Trust are declared to be severable.

21.  **Notice.**

Notices shall be given under this Deed of Trust in conformity with the terms and conditions of the Loan Agreement and in conformity with applicable law.

22.  **Successors and Assigns Bound; Joint and Several Liability; Agents; Captions.**

The covenants and agreements contained in the Loan Documents shall bind, and the rights thereunder shall inure to, the respective successors and assigns of Lender and Trustor, subject to the restriction on transfer provisions of Section 11 hereof. All covenants and agreements of Trustor shall be joint and several   In exercising any rights under the Loan Documents or taking any actions provided for therein, Lender may act through its employees, agents or independent contractors as authorized by Lender   The captions and headings of the paragraphs of this Deed of Trust are for convenience only and are not to be used to interpret or define the provisions hereof.

23.  **Release.**

Upon payment of all sums secured by this Deed of Trust, Lender shall release this Deed of Trust   Trustor shall pay Lender's reasonable costs incurred in releasing this Deed of Trust and any financing statements related hereto

[signatures on following pages]

Long Form Deed of Trust 3 wpd                           -17-

200012 15
.00933

Trustor has executed this Deed of Trust or has caused the same to be executed by its duly authorized representatives as of the date first above written.

Trustor:

**DESERT LAND, LLC,**
a Nevada limited liability company

By: _Howard Bulloch_
Howard Bulloch, Manager

By: _David B. Gaffin_
David B. Gaffin, Manger

**DESERT OASIS APARTMENTS, LLC**
a Nevada limited liability company

By: _Howard Bulloch_
Howard Bulloch, Manager

By: _David B. Gaffin_
David B. Gaffin, Manager

STATE OF NEVADA

COUNTY OF CLARK

This instrument was acknowledged before me on _December 6_, 2000 by Howard Bulloch, as Manager of Desert Land, LLC a Nevada limited liability company.

Signature of Notary _____



(Seal if any)

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
Sharon G. Silverberg
Appt No 97-2983-1
Appt Expires Sept 1, 2001

Long Form Deed of Trust 3 wpd                    -18-

20001215
.00933

STATE OF NEVADA

COUNTY OF CLARK

This instrument was acknowledged before me on _____, 2000 by David Gaffin, as Manager of Desert Land, LLC a Nevada limited liability company.

Signature of Notary _____

(Seal if any)



STATE OF NEVADA

COUNTY OF CLARK

This instrument was acknowledged before me on _____, 2000 by Howard Bulloch, as Manager of Desert Oasis Apartments, LLC a Nevada limited liability company.



Signature of Notary _____

(Seal if any)

STATE OF NEVADA

COUNTY OF CLARK

This instrument was acknowledged before me on _____, 2000 by David Gaffin, as Manager of Desert Oasis Apartments, LLC a Nevada limited liability company.

Signature of Notary _____

(Seal if any)

Long Form Deed of Trust 3.wpd

-19-



## EXHIBIT "A"

PARCEL I:

GOVERNMENT LOT 114 IN SECTION 28, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.B. & M., BLM.

EXCEPTING THEREFROM THAT PORTION OF LAND CONVEYED TO THE COUNTY OF CLARK BY DEED RECORDED APRIL 8, 1974 IN BOOK 415 OF OFFICIAL RECORDS, CLARK COUNTY NEVADA RECORDS, AS DOCUMENT NO. 374308.

PARCEL II:

GOVERNMENT LOT 115 IN SECTION 28, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.B. & M., BLM.

EXCEPTING THEREFROM THAT PORTION OF LAND CONVEYED TO THE COUNTY OF CLARK BY DEED RECORDED MARCH 22, 1974 IN BOOK 411 OF OFFICIAL RECORDS, CLARK COUNTY NEVADA RECORDS, AS DOCUMENT NO. 370076 AND BY DEED RECORDED JUNE 23, 1964 IN BOOK 549 OF OFFICIAL RECORDS, CLARK COUNTY NEVADA RECORDS, AS DOCUMENT NO. 441952 AND BY DEED RECORDED JUNE 23, 1964 IN BOOK 549 OF OFFICIAL RECORDS, CLARK COUNTY NEVADA RECORDS, AS DOCUMENT NO. 441951.

PARCEL III:

GOVERNMENT LOT 118 IN SECTION 28, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.B. & M., BLM.

PARCEL IV:

GOVERNMENT LOT 119 IN SECTION 28, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.B. & M., BLM

EXCEPTING THEREFROM THE WESTERLY 12.26 FEET.

ALSO EXCEPTING THEREFROM THAT PORTION OF LAND CONVEYED TO THE COUNTY OF CLARK BY DEED RECORDED APRIL 23, 1974 IN BOOK 419 OF OFFICIAL RECORDS, CLARK COUNTY NEVADA RECORDS, AS DOCUMENT NO. 378541.

PARCEL V:

GOVERNMENT LOT 111 IN SECTION 28, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.B. & M., BLM

EXCEPTING THEREFROM THAT PORTION OF LAND CONVEYED TO THE COUNTY OF CLARK BY DEED RECORDED APRIL 23, 1974 IN BOOK 419 OF OFFICIAL RECORDS, CLARK COUNTY NEVADA RECORDS, AS DOCUMENT NO. 378542 AND DEED RECORDED JANUARY 30, 1989 IN BOOK 890130 OF OFFICIAL RECORDS, CLARK COUNTY NEVADA RECORDS, AS DOCUMENT NO. 00449.



2000.12.15
.00933

PARCEL VI:

GOVERNMENT LOT 11 IN SECTION 26, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.B. & M., BLM.

EXCEPTING THEREFROM THAT PORTION OF LAND CONVEYED TO THE COUNTY OF CLARK BY DEED RECORDED MAY 7, 1964 IN BOOK 535 OF OFFICIAL RECORDS, CLARK COUNTY NEVADA RECORDS, AS DOCUMENT NO. 431059.

PARCEL VII:

GOVERNMENT LOT 35 IN SECTION 26, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.B. & M., BLM.

EXCEPTING THEREFROM THAT PORTION OF LAND CONVEYED TO THE COUNTY OF CLARK FOR ROAD PURPOSES BY DEED RECORDED JULY 13, 1988 IN BOOK 880713 OF OFFICIAL RECORDS, CLARK COUNTY NEVADA RECORDS, AS DOCUMENT NO. 00715.

PARCEL VIII:

GOVERNMENT LOT 114 IN SECTION 26, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.B. & M., BLM

PARCEL IX:

GOVERNMENT LOT 44 IN SECTION 26, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.B. & M., BLM.

PARCEL X:

GOVERNMENT LOT 34 IN SECTION 26, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.B. & M., BLM.

EXCEPTING THEREFROM THAT PORTION OF LAND CONVEYED TO CLARK COUNTY BY DEED RECORDED NOVEMBER 5, 1981 IN BOOK 1484 OF OFFICIAL RECORDS, CLARK COUNTY NEVADA RECORDS, AS DOCUMENT NO. 1443019 AND BY DEED RECORDED AUGUST 11, 1969 IN BOOK 890831 OF OFFICIAL RECORDS, CLARK COUNTY NEVADA RECORDS, AS DOCUMENT NO. 01307 AND RECORDED NOVEMBER 5, 1981 IN BOOK 1484 OF OFFICIAL RECORDS, CLARK COUNTY NEVADA RECORDS, AS DOCUMENT NO. 1443020.

PARCEL XI:

PARCEL XIA:

ALL OF THAT REAL PROPERTY SITUATED IN THE NORTHWEST QUARTER (NW 1 4 OF THE SOUTHWEST QUARTER SW 1/4) OF SECTION 26, TOWNSHIP 21 SOUTH, RANGE 61 EAST, MOUNT DIABLO BASE AND MERIDIAN, DESCRIBED AS FOLLOWS:

20001215
.00933

COMMENCING AT THE NORTHWEST CORNER OF GOVERNMENT LOT 126 AND GOING
SOUTH 00°00'00" WEST A DISTANCE OF 60.00 FEET TO A POINT ON THE
EASTERLY RIGHT OF WAY LINE OF LAS VEGAS BOULEVARD SOUTH WHICH IS
THE TRUE POINT OF BEGINNING OF THE HEREIN DESCRIBED PARCEL; THENCE
CONTINUING SOUTH 89°55'10" EAST ON THE NORTH LINE OF GOVERNMENT
LOT 126 AND A DISTANCE OF 644.84 FEET TO THE NORTHEAST CORNER
OF GOVERNMENT LOT 126 MARKED BY A 2 1/2" IRON PIPE, THENCE SOUTH
00°00' EAST ALONG THE EAST LINE OF GOVERNMENT LOT 32, A DISTANCE
OF 1/2 15" FEET TO THE SOUTHEAST CORNER OF GOVERNMENT LOT 32 MARKED
BY A 2 1/2" IRON PIPE, THENCE NORTH 89°55'10" WEST ON THE SOUTH
LINE OF GOVERNMENT LOT 32, A DISTANCE OF 229.54 FEET TO A POINT
MARKED WITH A 1/2" REBAR WITH CAP NO. 2002, THENCE NORTH 0°22'07"
WEST A DISTANCE OF 6,148 FEET TO A POINT MARKED WITH A 1/2" REBAR
WITH CAP NO. 2002, THENCE NORTH 89°55'16" WEST A DISTANCE OF 119.00
FEET TO A POINT ON THE EASTERLY RIGHT OF WAY LINE OF LAS VEGAS
BOULEVARD SOUTH MARKED WITH A 1/2" REBAR WITH CAP NO. 2002, THENCE
NORTH 00°00' WEST A DISTANCE OF 62.67 FEET TO THE TRUE POINT OF
BEGINNING.

PARCEL XIB:

BEING A PORTION OF THE NORTH HALF (N 1/2) OF THE SOUTHWEST QUARTER
(SW 1/4) OF SECTION 28, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.B.
BEING THE NORTH 60.00 FEET OF GOVERNMENT LOT 126 WHICH LIES
EASTERLY OF AND OUTSIDE OF A LINE 37 FEET RIGHT OF AND PARALLEL
WITH THE CENTERLINE OF US 91 STATE ROUTE 604, SAID CENTERLINE
MORE FULLY DESCRIBED AS FOLLOWS, TO WIT:

BEGINNING AT A POINT ON THE CENTERLINE OF US 91 (STATE ROUTE 604),
AT HIGHWAY ENGINEERS STATION "A" 829+59.50 P.O.T.; THENCE NORTH
00°00'00" WEST, ALONG SAID CENTERLINE, A DISTANCE OF 4,140.50 FEET
TO HIGHWAY ENGINEER STATION "A" 871+00.00 P.O.T. SAID CENTERLINE IS
PERTINENT TO BUT NOT LIMITED TO THE ABOVE DESCRIBED PARCEL.

PARCEL XII:

PARCEL XIIA:

GOVERNMENT LOTS THIRTY (30), THIRTY-ONE (31), THIRTY-THREE (33),
AND ONE HUNDRED TWENTY-FIVE (125), IN SECTION 28, TOWNSHIP 21 SOUTH,
RANGE 61 EAST M.D.B.& M.

EXCEPTING THEREFROM THE WEST EIGHTY (80) FEET OF GOVERNMENT LOT ONE
HUNDRED TWENTY FIVE (125) AS CONVEYED TO THE COUNTY OF CLARK BY
DEEDS RECORDED SEPTEMBER 7, 1962, IN BOOK 385 OF OFFICIAL RECORDS,
CLARK COUNTY, NEVADA, AS DOCUMENT NO. 316410, AND RECORDED
SEPTEMBER 7, 1962, IN BOOK 385 OF OFFICIAL RECORDS, CLARK COUNTY,
NEVADA, AS DOCUMENT NO. 31.411, AND RECORDED OCTOBER 22, 1962, IN
BOOK 404 OF OFFICIAL RECORDS, CLARK COUNTY, NEVADA, AS DOCUMENT NO.
319410.



PARCEL XIIB:

TOGETHER WITH THAT PORTION OF U.S. 91 (STATE ROUTE 604) ADJOINING
SAID LOT 125 AS VACATED BY STATE OF NEVADA IN A QUITCLAIM DEED
RECORDED FEBRUARY 13, 1986, IN BOOK 860213 OF OFFICIAL RECORDS,
CLARK COUNTY, NEVADA RECORDS AS DOCUMENT NO. 00972.

PARCEL XIII:

ALL OF THAT PROPERTY AS SHOWN ON THE RECORDED AMENDED PLAT OF THE
OASIS, A CONDOMINIUM SUBDIVISION, ON FILE IN BOOK 31 OF PLATS, PAGE
72, IN OFFICE OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA.

**CLARK COUNTY, NEVADA**
**JUDITH A. VANDEVER, RECORDER**
**RECORDED AT REQUEST OF:**
FIRST AMERICAN TITLE COMPANY OF

12-15-2000 10:41    JSB         23
OFFICIAL RECORDS
BOOK: 20001215   INST: 00933

FEE:    29.00   RPTT:        .00

20001220
.00922

Recordation Requested by:
First American Title Company
Ref: # 860154 SGS

After recordation, return to:

Jones Vargas
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, Nevada 89109
Attention: Michael E. Buckley, Esq.

APN#'s 162-28-301-001 +002



---

## AMENDMENT TO DEED OF TRUST

This AMENDMENT TO DEED OF TRUST (this **"Amendment"**) is made as of the 18 day of December, 2000, by DESERT LAND LLC, a Nevada limited liability company ("**Desert Land**") and DESERT OASIS APARTMENTS, LLC, a Nevada limited liability company (individually and collectively, **"Trustor"**), whose address is 7475 West Sahara Avenue, Suite 100, Las Vegas, Nevada 89117, and TOM GONZALES, an unmarried man (**"Lender"**), whose address is c/o Allison, MacKenzie, Hartman, Soumbeniotis & Russell, Ltd., P.O. Box 646/402 North Division Street, Carson City, Nevada 89703, Attention: Joan C. Wright, Esq.

### RECITALS

A.    Trustor is indebted to Lender in the principal amount of $41,500,000 (the "**Loan**"), pursuant to the terms and conditions of that certain Loan Agreement dated December 7, 2000 (the **"Loan Agreement"**), between Trustor and Lender. The Loan is evidenced by that certain Promissory Note Secured by Deed of Trust dated December 7, 2000 executed by Trustor in the original principal amount of $41,500,000 (the **"Note"**) and secured by that certain Deed of Trust, Security Agreement, Assignment of Lease and Rents and Fixture Filing dated as of December 6, 2000 (the **"Deed of Trust"**) and recorded in the Official records of the Clark County, Nevada Recorder in Book 20001215, as Instrument No. 00935.

B.    Pursuant to the terms of the Loan Agreement, Trustor agreed to encumber certain additional real property (herein the **"Additional Land"**), more particularly described in **Exhibit A** attached hereto and incorporated herein by this reference, upon acquisition of such property by Desert Land. Desert Land has acquired the Additional Land and the parties desire to amend the Deed of Trust for the purpose of making the Additional Land and related fixtures, personal property, rents and leases subject to the Deed of Trust.

Tivoli Deed of Trust Amend.wpd

20001220
.00922

## Agreement

Trustor and Beneficiary hereby agree as follows:

1.    Amendment.  The definition of the term "Land" in Paragraph A. of the description of the "Property" on page 2 of the Deed of Trust is amended to include the Additional Land.

2.    Confirmation of Deed of Trust.  Except as specifically modified herein, each and every term, covenant and condition of the Deed of Trust as amended is hereby ratified and shall remain in full force and effect.

3.    Successors and Assigns.  This Amendment shall be binding upon and inure to the benefit of the parties hereto, their legal representatives, successors and permitted assigns.

4.    Further Assurances.  Trustor shall execute and deliver such additional documents as may reasonably be required by Beneficiary to fully effectuate the intent of this Amendment.

5.    Counterparts.  This Amendment may be executed in any number of counterparts, each of which shall be deemed to be an original, and all of such counterparts shall constitute one Amendment.   Delivery of this Amendment may be accomplished by facsimile transmission of this Amendment.  In such event, the parties hereto shall promptly thereafter deliver to each other executed counterpart originals of this Amendment.

6.    Entire Agreement.  This Amendment and the documents executed and delivered pursuant hereto and pursuant to the Loan Agreement in connection with the Additional Land constitute the entire agreement between the parties and may be amended only by signing in writing on behalf of each party.

7.    Interpretation.   The headings of the articles, sections, paragraphs and subdivisions of this Amendment are for convenience and reference only, are not to be considered a part hereof and shall not limit or expand or otherwise affect any of the terms hereof.

Tivoli Deed of Trust Amend.wpd                          -2-

Description: Clark,NV Document - Year.Date.DocID 2000.1220.922 Page: 2 of 8
Order: 2 Docs Comment:

20001220
.00922

IN WITNESS WHEREOF, Trustor and Beneficiary have executed this Amendment the day and year first above written.

Trustor:

**DESERT LAND, LLC,**
a Nevada limited liability company

By: _____
Howard Bulloch, Manager

By: _____
David B. Gaffin, Manger

**DESERT OASIS APARTMENTS, LLC**
a Nevada limited liability company

By: _____
Howard Bulloch, Manager

By: _____
David B. Gaffin, Manger

Beneficiary:

_____
Tom Gonzales

Tivoli Deed of Trust Amend.wpd                    -3-

20001220
00922

IN WITNESS WHEREOF, Trustor and Beneficiary have executed this Amendment the day and year first above written.

Trustor:

**DESERT LAND, LLC,**
a Nevada limited liability company

By: _____
     Howard Bulloch, Manager

By: _____
     David B. Gaffin, Manger


**DESERT OASIS APARTMENTS, LLC**
a Nevada limited liability company

By: _____
     Howard Bulloch, Manager

By: _____
     David B. Gaffin, Manger


Beneficiary:

_____
     Tom Gonzales

Tivoli Deed of Trust Amend.wpd                     -3-

Description: Clark,NV Document - Year.Date.DocID 2000.1220.922 Page: 4 of 8
Order: 2 Docs Comment:

20001220
.00922

STATE OF NEVADA

COUNTY OF CLARK

This instrument was acknowledged before me on _December 6_, 2000 by Howard Bulloch, as Manager of Desert Land, LLC a Nevada limited liability company.

Signature of Notary _____

(Seal if any)



STATE OF NEVADA

COUNTY OF CLARK

This instrument was acknowledged before me on _December 6_, 2000 by David Gaffin, as Manager of Desert Land, LLC a Nevada limited liability company.

Signature of Notary _____

(Seal if any)



STATE OF NEVADA

COUNTY OF CLARK

This instrument was acknowledged before me on _December 6_, 2000 by Howard Bulloch, as Manager of Desert Oasis Apartments, LLC a Nevada limited liability company.

Signature of Notary _____

(Seal if any)

-4-

2000 12 20
.00922

STATE OF NEVADA

COUNTY OF CLARK

This instrument was acknowledged before me on _December 6_, 2000 by David Gaffin, as Manager of Desert Oasis Apartments, LLC a Nevada limited liability company.

Signature of Notary _____

(Seal if any)

STATE OF NEVADA

COUNTY OF CLARK

This instrument was acknowledged before me on _____,2000 by Tom Gonzales.

Signature of Notary _____

(Seal if any)

Tivoli Deed of Trust Amend.wpd                     -5-

Description: Clark,NV Document - Year.Date.DocID 2000.1220.922 Page: 6 of 8
Order: 2 Docs Comment:



STATE OF NEVADA

COUNTY OF CLARK

This instrument was acknowledged before me on _____, 2000 by David Gaffin, as Manager of Desert Oasis Apartments, LLC a Nevada limited liability company.

Signature of Notary _____

(Seal if any)

STATE OF *California*

COUNTY OF *Contra Costa*

This instrument was acknowledged before me on ___13 DEC___, 2000 by Tom Gonzales.



Signature of Notary _____

(Seal if any)

CHRISTINE ANN JORDANOV
Commission # 1265279
Notary Public - California
Contra Costa County
My Comm. Expires Jun 23, 2004

Tivoli Deed of Trust Amend.wpd                    -5-

Description: Clark,NV Document - Year.Date.DocID 2000.1220.922 Page: 7 of 8
Order: 2 Docs Comment:

# EXHIBIT "A"



20001220
.00922

LV-860159-SGS

<u>DESCRIPTION</u>

ALL THAT REAL PROPERTY SITUATED IN THE COUNTY OF CLARK, STATE OF NEVADA, BOUNDED AND DESCRIBED AS FOLLOWS:

PARCEL I A:

GOVERNMENT LOT TWENTY-FOUR (24) AND LOT ONE HUNDRED TWENTY-TWO (122) IN SECTION 28, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.M.

EXCEPTING FROM SAID LOT 122 THE WEST 80 FEET, AS CONVEYED TO THE STATE OF NEVADA, DEPARTMENT OF HIGHWAYS BY DEED RECORDED NOVEMBER 28, 1962 IN BOOK 402 OF OFFICIAL RECORDS, CLARK COUNTY NEVADA, AS DOCUMENT NO. 324194.

FURTHER EXCEPTING THE INTEREST IN AND TO THE NORTH FORTY (40) FEET OF SAID LAND CONVEYED TO CLARK COUNTY FOR ROADS, UTILITIES, OTHER PUBLIC AND INCIDENTAL PURPOSES BY DEED RECORDED SEPTEMBER 19, 1972 AS DOCUMENT NO. 223960, CLARK COUNTY, NEVADA RECORDS.

PARCEL I B:

THAT PORTION OF U.S. HIGHWAY 91 AS VACATED BY NEVADA DEPARTMENT OF TRANSPORTATION IN AN ORDER OF VACATION RECORDED JANUARY 21, 1982, IN BOOK 1513 OF OFFICIAL RECORDS, CLARK COUNTY, NEVADA RECORDS AS DOCUMENT NO. 1472121.

FURTHER EXCEPTING THE INTEREST IN AND TO THE NORTH FORTY (40) FEET OF SAID LAND CONVEYED TO CLARK COUNTY FOR ROADS, UTILITIES, OTHER PUBLIC AND INCIDENTAL PURPOSES BY DEED RECORDED SEPTEMBER 19, 1972 AS DOCUMENT NO. 223960, CLARK COUNTY, NEVADA RECORDS.

PARCEL II:

GOVERNMENT LOT TWENTY-FIVE (25) IN SECTION 28, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.M.

EXCEPTING THEREFROM THE INTEREST IN AND TO THE NORTHERLY FORTY (40.00) FEET AND THE EASTERLY THIRTY (30.00) FEET THEREOF AS CONVEYED TO THE COUNTY OF CLARK, STATE OF NEVADA FOR ROADS, UTILITIES AND INCIDENTAL PURPOSES BY DEED RECORDED DECEMBER 22, 1972, AS DOCUMENT NO. 247802, OFFICIAL RECORDS.

* * * * * * * * * *

LJH

CLARK COUNTY, NEVADA
JUDITH A. VANDEVER, RECORDER
RECORDED AT REQUEST OF:
FIRST AMERICAN TITLE COMPANY OF
12-20-2000 10:06    STX        8
OFFICIAL RECORDS
BOOK: 20001220 INST:    00922
FEE:    14.00 RPTT:        .00

- 6 -

Description: Clark,NV Document - Year.Date.DocID 2000.1220.922 Page: 8 of 8
Order: 2 Docs Comment:

# EXHIBIT E

LENARD E. SCHWARTZER (NV Bar No. 0399)
JEANETTE E. MCPHERSON (NV Bar No. 5423)
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone:    (702) 228-7590
Facsimile:    (702) 892-0122
Email:    bkfilings@s-mlaw.com

Counsel for Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-S-11-17208-BAM |
| **DESERT OASIS APARTMENTS, LLC,** | Chapter 11 |
| Debtor. | |
| | Hearing Date: |
| | Hearing Time: |
| | Place:    Courtroom #3 |

## DESERT OASIS APARTMENT, LLC'S AMENDED PLAN OF REORGANIZATION

## ARTICLE I

## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of DESERT OASIS APARTMENT, LLC (the "Debtor"). The Debtor owns the real property and improvements located in Las Vegas, NV described as Assessor's Parcel Number 162-28-310-001 (the "Property"). The Property consists of approximately 6.4 acres located on the south side of Mandalay Bay Road approximately 800 feet east of Las Vegas Boulevard. On the Property is an apartment complex consisting of 128 one- and two-bedroom units. Approximately, 92%-95% of the apartment units are occupied by tenants ("Tenants"). The Property is worth approximately $6,500,000 and is subject to a loan in the approximate amount of $3,076,000 now held by Wells Fargo Bank, N.A., as trustee for the Registered Holders of JPMorgan Chase Commercial Mortgage Pass-Through Certificates, Series 2004-FL1 (the "Bank") which has matured.

The current owner obtained title to the Property in August of 1999.

**Exhibit E_001**

This Plan provides for one class of priority claims; one class of secured claims; one class of unsecured claims; and one class of equity security holders. **Under the Plan, the rights of Tenants are unimpaired.** The Bank will receive distributions which the proponent of this Plan has valued at 100 cents on the dollar. The Plan proposes to pay the Bank in full over a period of 10 years using the rental income from the Tenants to pay market rate interest of 4.5% per annum and principal amortized over 25 years and a balloon payment at the end of 10 years obtained through sale or refinancing when the mortgage markets become more normal. Tenants with priority claims for deposits will be paid 100% in the normal course of operation of the apartment complex. Under the Plan, the unsecured claim of Tom Gonzales is unimpaired. Under the Plan, the unsecured creditors, except insiders, will be paid over eleven months without interest. Under the Plan, insiders will agree to subordinate their claims to the claims of other unsecured creditors. This Plan also provides for the 100% payment of all other administrative, including fees payable to the Office of the United States Trustee, and priority claims upon confirmation.

All creditors and equity security holders should refer to Articles III through V of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II

### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    Class 1.    All allowed claims entitled to priority under § 507 of the Code.

2.02    Class 2.    The claim of the Bank, to the extent allowed as a secured claim under § 506 of the Code.

2.03    Class 3.    The claim of Tom Gonzales.

2.04    Class 4.    All unsecured claims allowed under § 502 of the Code.

2.05    Class 5.    Equity interests in the Debtor.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

P:\Desert Land\Desert Oasis Chapter 11 Pleadings\Plan DS\Plan of Reorganization 081011.doc

2

**Exhibit E_002**

1

### ARTICLE III

2

### TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,

3

### U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

4      3.01    Unclassified Claims.  Under section §1123(a)(1), administrative expense claims, and

5  priority tax claims are not in classes.

6      3.02    Administrative Expense Claims.  Each holder of an administrative expense claim

7  allowed under § 503 of the Code will be paid in full on the Effective Date of this Plan, in cash, or

8  upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

9      3.03    Priority Tax Claims.  Each holder of a priority tax claim will be paid on the Effective

10  Date of this Plan, in cash.

11      3.04    United States Trustee Fees.  All fees required to be paid by 28 U.S.C. §1930(a)(6)

12  (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to

13  another chapter of the Code.  Any U.S. Trustee Fees owed on or before the Effective Date of this Plan

14  will be paid on the Effective Date.

15

### ARTICLE IV

16

### TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

17      4.01    Claims and interests shall be treated as follows under this Plan:

18

| Class | Impairment | Treatment |
|-------|-----------|-----------|
| Class 1 – Priority Claims | unimpaired | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan as defined in Article VIII, or the date on which such claim is allowed by a final non-appealable order. |

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

| Class 2 – Secured Claim of Bank (approximately $3,100,000) | impaired | Class 2 is impaired by this Plan. The Bank will be paid its claim in full, including principal, accrued interest and costs and reasonable attorneys' fees. This amount shall be paid with interest at the rate of 4.5% per annum from the Effective Date. Beginning on 1st day of the 1st month following the Effective Date, the Bank shall be paid an amount necessary to amortize its claim over 25 years together with interest. In addition payments for insurance and real estate taxes will be escrowed. The balance of the Claim shall be all due and payable in 10 years from the Effective Date. There will be no pre-payment penalty. The loan will be assumable. The Bank shall retain its lien on the Property with the same priority it held of the date of the Debtor's Petition. |
|---|---|---|
| Class 3 – Tom Gonzales ($10,000,000) | unimpaired | Class 3 is unimpaired by this Plan. Tom Gonzales will be paid the Parcel A Transfer Fee pursuant to the terms of the Desert Land Plan of Reorganization. That payment is due when, and only when, there is a Parcel A Transfer as defined in that plan. This claim is unsecured. This claim is subject to setoffs and counterclaims by the Debtor. |
| Class 4 - General Unsecured Creditors | impaired | Class 4 is impaired by this Plan. Non-Insider General Unsecured Creditors will be paid in full, without interest from the rent collected from the Tenant. Beginning on 1st day of the 1st month following the Effective Date, Class 4 will be paid $3,000 per month pro rata for approximately 9 months.<br>Desert Land, LLC, Citation Financial, LLC and Compass Investments Holdings, LLC have agreed to subordinate their claims to the claims of other unsecured creditors and will be paid only after all other unsecured creditors are paid in full and reasonable reserves for maintenance and repair of the Property have been funded. |
| Class 5- Equity Security Holders of the Debtor | unimpaired | Class 5 is unimpaired by this Plan. Equity Security Holders (the members of the Debtor) will retain their equity interest in the Debtor. |

## ARTICLE V

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed

by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed

**Exhibit E_004**

filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    <u>Delay of Distribution on a Disputed Claim</u>.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    <u>Settlement of Disputed Claims</u>.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    <u>Assumed Executory Contracts and Unexpired Leases</u>.

(a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the:

- Leases with Tenants.
- Westcorp Management Group - property management

(b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the effective date of this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII

## MEANS FOR IMPLEMENTATION OF THE PLAN

The means for implementation of this Plan is the rents paid by Debtor's existing and future Tenants. The Debtor will sell or refinance the Property within 120 months following the Effective Date. The proceeds from such sale or refinance shall be used to fund the balloon payment to the Bank as set forth in the Plan. If the Property is sold, the Debtor and its affiliates which own the adjacent land will pay the Parcel A Transfer fee to Gonzales from the sales proceeds.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 • Fax: (702) 892-0122

**ARTICLE VIII**

**GENERAL PROVISIONS**

8.01    Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan. Additionally, the following definitions apply:

a.    The "Bank" shall mean Wells Fargo Bank, N.A., as trustee for the Registered Holders of JPMorgan Chase Commercial Mortgage Pass-Through Certificates, Series 2004-FL1.

b.    The "Property" shall mean the real property and improvements thereon located in Las Vegas, NV described as Assessor's Parcel Number 162-28-310-001 (the "Property") consisting of approximately 6.4 acres located on the south side of Mandalay Bay Road and approximately 800 feet east of Las Vegas Boulevard.

c.    The "Tenants" shall mean the tenants who rent apartment units on the Property.

d.    The "Effective Date" of this Plan is the fifteenth business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

e.    The "Desert Land Plan of Reorganization" is that plan of reorganization that was confirmed in the case of *In re Desert Land, LLC*, Case No. BK-S-02-16202-RCJ by an order entered April 13, 2003 as amended by decisions of the Bankruptcy Appellate Panel for 9th Circuit and the Court of Appeals for the 9th Circuit.

f.    The "Parcel A Transfer Fee" is the fee provided to be paid to Tom Gonzales in the Desert Land Plan of Reorganization when, and only when, there is a Parcel A Transfer as defined in the Desert Land Plan of Reorganization.

8.02    Severability.    If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.03    Binding Effect.    The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

8.04    Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.05    Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Nevada govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.06    Governance. The Debtor will maintain its current form of governance and its current managers until such managers are replaced as provided in its existing Operating Agreement.

8.07    Revesting of Assets in the Debtor. Upon confirmation of the Plan, all property of the estate of the Debtor shall be revested in the Debtor, pursuant to 11 U.S.C. § 1141(c), which shall retain such property as the Reorganized Debtor free and clear of all claims and interests of the creditors, except as set forth in the Plan.

8.08    Disbursing Agent. The Debtor will serve as disbursing agent and shall make all payments required under the Plan. The disbursing agent may employ or contract with other entities to assist in or to perform the distribution of the property and shall serve without bond.

8.09    Request for Application of 11 U.S.C. § 1129(b). The Debtor, as Plan proponent, will request the Court to find that the provisions for dissenting classes provide for fair and equitable treatment of said creditors, and to confirm its Plan notwithstanding the requirements of § 1129(a)(8) as to such classes.

8.10    Post-Confirmation Management of the Debtor. The Debtor shall be managed post-confirmation by its current manager, David Gaffin.

8.11    Post-Confirmation Litigation. The Debtor anticipates post-confirmation litigation with Tom Gonzales over the enforcement of the terms of the Plan of Reorganization entered in the Desert Land, LLC Chapter 11 case, as amended by the decisions of the Bankruptcy Appellate Panel for the 9th Circuit and the Court of Appeals for the 9th Circuit, and except for collection matters that may occur in the normal course of the Debtor's business, and the determination of certain claims. The Debtor reserves the right to prosecute any objections to claims.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

8.12    <u>Post-Confirmation Default</u>.  In the event the Debtor becomes delinquent in duty or obligation under the Plan, the affected creditor or creditors may provide written notice of such default to the Debtor and its counsel at the following addresses:

Lenard E. Schwartzer, Esq.                      Desert Oasis Apartments, LLC
Schwartzer & McPherson Law Firm     10181 Park Run Drive, Ste. 200
2850 S. Jones Blvd, Ste. 1                       Las Vegas, NV 89145
Las Vegas, NV 89146-5308

The Debtor shall thereafter have fifteen (15) business days from receipt of said notice in which to cure the default.  In the event such default remains uncured, the affected creditor or creditors may bring the matter before the Bankruptcy Court.  At any hearing, the Bankruptcy Court may consider the reason for the default and the ability of the Debtor to bring the payment(s) current in a reasonable period of time.  The Bankruptcy Court may also consider conversion of the case to a Chapter 7 of the Code or dismissal if the same is in the best interests of creditors.

8.13    <u>Federal Income Tax Consequences of the Plan</u>.  The Plan will have limited tax consequences.  The Debtor, as a limited liability company, has elected to be treated as a partnership for federal income tax purposes and, therefore, does not pay federal income tax.  The Plan does not call for forgiveness of any debt.  Creditors are advised to discuss with their own tax advisor any tax effect to the creditor of such payments.

8.14    <u>Injunction</u>.  From and after the Effective Date, and except as provided in the Plan and the Confirmation Order, all entities that have held, currently hold, or may hold a Claim, are permanently enjoined from taking any of the following actions on account of any such Claims: (i) commencing or continuing in any manner any action or other proceeding against the Debtor, or its Property; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order against the Debtor or the Reorganized Debtor, or their respective property; (iii) creating, perfecting or enforcing any lien or encumbrance against the Debtor or the Reorganized Debtor, or their respective property; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability, or obligation due to the Debtor or the Reorganized Debtor, or their

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 • Fax: (702) 892-0122

1  respective property; or (v) commencing or continuing any action, in any manner or any place, that

2  does not comply with or is inconsistent with the provisions of the Plan or the Bankruptcy Code.

3      8.15    Exculpation.  From the Petition Date through the Effective Date, the Debtor and its

4  managers, attorneys, agents and employees shall not have any liability to the Debtor or any other

5  claimants or creditors, or other parties in interest in the Bankruptcy Case for any act or omission in

6  connection with or arising out of the Bankruptcy Case, including, without limitation, prosecuting

7  confirmation of the Plan, confirmation of the Plan, and the administration of the estate, the Plan or the

8  property to be distributed under the Plan, except for gross negligence or willful misconduct, and in all

9  respects, such persons will be entitled to rely on the advice of counsel with respect to their duties and

10  responsibilities with respect to the Chapter 11 Case and the Plan.

11      8.16    Post-petition Employment of Counsel.  Following the Effective Date, the Debtor may

12  continue to employ counsel for necessary legal services.  Counsel may be paid from the Debtor

13  without further order of the Court.

14      8.17    Closing Case.  The estate shall be deemed to be fully administered upon the

15  commencing of distributions to the Class 1 creditor and the case may be closed.

**ARTICLE IX**

**DISCHARGE**

18  Discharge.  The Debtor shall be discharged from any debt that arose before confirmation of the

19  Plan, subject to the occurrence of the effective date.

Respectfully submitted,

Desert Oasis Apartments, LLC
By___/s/David Gaffin_____
David Gaffin, Manager
The Plan Proponent

Prepared by:

SCHWARTZER & McPHERSON LAW FIRM

By:_____
Lenard E. Schwartzer, Esq.
*Counsel for the Debtor and Debtor in Possession*
*And Plan Proponent*

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122